**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of New Jersey**
(State)

Case number *(if known)*: _____    Chapter ___11___

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Invitae Corporation** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **2  7 – 1  7  0  1  8  9  8** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **1400 16th Street** | |
| Number          Street | Number          Street |
| | P.O. Box |
| **San Francisco, CA 94103** | |
| City          State     Zip Code | City          State     Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **San Francisco County** | |
| County | Number          Street |
| | |
| | City          State     Zip Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **https://www.invitae.com/** |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

Debtor    **Invitae Corporation**                                                Case number *(if known)*
     Name

---

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**6215 (Medical and Diagnostic Laboratories)**

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| | | | | MM/DD/YYYY | | |
| | District | | When | | Case number | |
| | | | | MM/DD/YYYY | | |

---

| Debtor | **Invitae Corporation** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

| Debtor | **See Rider 1** | Relationship | **Affiliate** |
|---|---|---|---|
| District | **District of New Jersey** | When | **02/13/2024** |
| Case number, if known | _____ | | MM / DD / YYYY |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☐ No
☒ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☒ Other     **The property includes medical specimens and chemical reagents, which must be stored according to certain specifications.**

| Where is the property? | **1400 16th Street** | | |
|---|---|---|---|
| | Number     Street | | |
| | **San Francisco** | **CA** | **94103** |
| | City | State | Zip Code |
| **Second Address:** | **1001 Airport Boulevard** **Morrisville, NC 27560** | | |

**Is the property insured?**

☐ No
☒ Yes.

| Insurance agency | **Federal Insurance Company – Part of Chubb Group of Insurance Companies** |
|---|---|
| Contact name | |
| Phone | **1-800-682-4822** |

| **Statistical and administrative information** |
|---|

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | | |
|---|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 | |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 | |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 | |
| ☐ 200-999 | | | |

| Debtor | **Invitae Corporation** | Case number *(if known)* | |
|--------|-------------------------|--------------------------|--|
| | Name | | |

| **15. Estimated assets (on a consolidated basis)** | ☐ $0–$50,000 | ☐ $1,000,001–$10 million | ☒ $500,000,001–$1 billion |
|---|---|---|---|
| | ☐ $50,001–$100,000 | ☐ $10,000,001–$50 million | ☐ $1,000,000,001–$10 billion |
| | ☐ $100,001–$500,000 | ☐ $50,000,001–$100 million | ☐ $10,000,000,001–$50 billion |
| | ☐ $500,001–$1 million | ☐ $100,000,001–$500 million | ☐ More than $50 billion |

| **16. Estimated liabilities (on a consolidated basis)** | ☐ $0–$50,000 | ☐ $1,000,001–$10 million | ☐ $500,000,001–$1 billion |
|---|---|---|---|
| | ☐ $50,001–$100,000 | ☐ $10,000,001–$50 million | ☒ $1,000,000,001–$10 billion |
| | ☐ $100,001–$500,000 | ☐ $50,000,001–$100 million | ☐ $10,000,000,001–$50 billion |
| | ☐ $500,001–$1 million | ☐ $100,000,001–$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **02/13/2024**
                MM/ DD / YYYY

✗    **/s/  Ana Schrank**                                **Ana Schrank**
     Signature of authorized representative of debtor        Printed name

     Title    **Chief Financial Officer**

**18. Signature of attorney**

✗    **/s/  Michael D. Sirota**              Date    **02/13/2024**
     Signature of attorney for debtor                MM/DD/YYYY

     **Michael D. Sirota**
     Printed name

     **Cole Schotz P.C.**
     Firm name

     **Court Plaza North, 25 Main Street**
     Number            Street

     **Hackensack**                              **New Jersey**    **07601**
     City                                        State            ZIP Code

     **(201) 489-3000**                          **msirota@coleschotz.com**
     Contact phone                               Email address

     **014321986**                               **New Jersey**
     Bar number                                  State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of New Jersey**

(State)

Case number *(if known)*: _____    Chapter ___11___

☐ Check if this is an
amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of New Jersey for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Invitae Corporation.

- Invitae Corporation

- ArcherDX Clinical Services, Inc.

- ArcherDX, LLC

- Genetic Solutions LLC

- Genosity, LLC

- Ommdom Inc.

Official Form 201A (12/15)

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INVITAE CORPORATION, | ) | Case No. 24-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

### Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1.  If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is   **001-36847**

2.  The following financial data is the latest available information and refers to the debtor's condition on **September 30, 2023**

(a)  Total assets                                                            $   **535,115,000**

(b)  Total debts (including debts listed in 2.c., below)    $   **1,618,519,000**

(c)  Debt securities held by more than 500 holders              **N/A**

Approximate number of holders:

| | | | | | $ | |
|---|---|---|---|---|---|---|
| secured | ☐ | unsecured ☐ | subordinated | ☐ | $ | |
| secured | ☐ | unsecured ☐ | subordinated | ☐ | $ | |
| secured | ☐ | unsecured ☐ | subordinated | ☐ | $ | |
| secured | ☐ | unsecured ☐ | subordinated | ☐ | $ | |
| secured | ☐ | unsecured ☐ | subordinated | ☐ | $ | |

(d)  Number of shares of preferred stock                        **0 shares outstanding**

(e)  Number of shares of common stock                          **286,492,840[1] outstanding**

Comments, if any:

3.  Brief description of debtor's business:   **Genetic research and testing company that provides healthcare industry professionals with comprehensive reports of patients' genetic composition to improve the monitoring and prevention of numerous diseases.**

4.  List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
**ARK Investment Management LLC; BlackRock, Inc.; Sumitomo Mitsui Trust Holdings, Inc.; Nikko Asset Management Co., Ltd.; The Vanguard Group**

---

[1]  As of November 6, 2023

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INVITAE CORPORATION, | ) | Case No. 24-_____(___) |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |
| | ) | |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| ARK Investment Management LLC | 200 Central Avenue Street Petersburg, FL 33701 | 11.36% |

---

[1]  This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| INVITAE CORPORATION, | ) | Case No. 24-_____(___) |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |
| | ) | |

<u>**CORPORATE OWNERSHIP STATEMENT**</u>

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Type of Interest | Approximate Percentage of Shares Held |
|---|---|---|
| ARK Investment Management LLC | Common Shares | 11.36% |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor name: <u>Invitae Corporation, <em>et al.</em></u></td></tr>
<tr><td>United States Bankruptcy Court for the District of New Jersey</td></tr>
<tr><td>Case number (If known):</td></tr>
</table>

☐ Check if this is an amended filing

<u>Official Form 204</u>

**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders**

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION ANDREW BLOM 800 NICOLLET MALL MINNEAPOLIS, MN 55402 | ANDREW BLOM EMAIL: ANDREW.BLOM@USBANK.COM | 2028 UNSECURED LOAN | | | | $  1,150,000,000.00 |
| 2 | U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION ANDREW BLOM 800 NICOLLET MALL MINNEAPOLIS, MN 55402 | ANDREW BLOM EMAIL: ANDREW.BLOM@USBANK.COM | 2024 UNSECURED LOAN | | | | $   27,058,000.00 |
| 3 | SALESFORCE.COM INC. MILENE EVANGELISTA PO BOX 203141 DALLAS, TX 75320 | MILENE EVANGELISTA EMAIL: MILENE.EVANGELISTA@SALES-FORCE.COM; PAYMENT@SALESFORCE.COM | TRADE DEBT | | | | $    2,098,430.50 |
| 4 | ILLUMINA, INC. GOLI SHARIAT 5200 ILLUMINA WAY SAN DIEGO, CA 92122 | GOLI SHARIAT PHONE: 925-451-7233 EMAIL: GSHARIAT@ILLUMINA.COM; REMITTANCES@ILLUMINA.COM | TRADE DEBT | | | | $    2,086,882.51 |
| 5 | AMAZON WEB SERVICES INC. RINA KOLOTINSKY, SR. ACCOUNT MANAGER, DNB P.O. BOX 84023 SEATTLE, WA 98124 | RINA KOLOTINSKY, SR. ACCOUNT MANAGER, DNB PHONE: 415-845-8513 EMAIL: RLESMES@AMAZON.COM; AWS-RECEIVABLES-SUPPORT@EMAIL.AMAZON.COM | TRADE DEBT | | | | $    1,707,437.93 |
| 6 | FEDERAL EXPRESS CORPORATION DBA FEDEX MICHAEL FITZHUGH P.O. BOX 7221 PASADENA, CA 91109 | MICHAEL FITZHUGH PHONE: 916-799-8399 EMAIL: MHFITZHUGH@FEDEX.COM; USEFT@FEDEX.COM | TRADE DEBT | | | | $    1,227,181.53 |
| 7 | AGILENT TECHNOLOGIES MICHAEL A MACAU 4187 CONNECTIONS CENTER DRIVE CHICAGO, IL 60693 | MICHAEL A MACAU PHONE: 760-846-5418 EMAIL: MICHAEL.MACAU@AGILENT.COM; USAR_AGILENT@AGILENT.COM | TRADE DEBT | | | | $    1,103,445.03 |
| 8 | WORKDAY, INC. CARLOS GARCIA 6110 STONERIDGE MALL ROAD PLEASANTON, CA 94588 | CARLOS GARCIA PHONE: 365-258-2619 EMAIL: CARLOS.GARCIA@WORKDAY.COM; ACCOUNTS.RECEIVABLE@WORKDAY.COM | TRADE DEBT | | | | $      986,668.00 |
| 9 | REDOX INC. ALEXIS BLACKWELL PO BOX 75047 CHICAGO, IL 60675 | ALEXIS BLACKWELL PHONE: 217-920-8945 EMAIL: ABLACKWELL@REDOXENGINE.COM | TRADE DEBT | | | | $      889,800.00 |
| 10 | ACCO ENGINEERED SYSTEMS INC. GENERAL COUNSEL 888 EAST WALNUT STREET PASADENA, CA 91101 | GENERAL COUNSEL PHONE: 818-244-6571 EMAIL: ACCOREMITTANCE@ACCOES.COM | TRADE DEBT | | | | $      811,193.00 |
| 11 | KLICK USA INC. LORI GRANT 240 W. 40TH ST. NEW YORK, NY 10018 | LORI GRANT EMAIL: AR@KLICK.COM | TRADE DEBT | | | | $      762,300.00 |
| 12 | DNA GENOTEK MEGHAN FRENCH 3000 - 500 PALLADIUM DR. OTTAWA, ON K2V 1C2 CANADA | MEGHAN FRENCH PHONE: 613-293-5559 EMAIL: MEGHAN.FRENCH@DNAGENOTEK.COM; ACCOUNTS.RECEIVABLE@DNAGENOTEK.COM | TRADE DEBT | | | | $      701,919.07 |
| 13 | EPAM SYSTEMS, INC. VITALY ROZENMAN 41 UNIVERSITY DRIVE SUITE 202 NEWTOWN, PA 18940 | VITALY ROZENMAN PHONE: 267-759-9000 X32863 EMAIL: VITALY_ROZENMAN@EPAM.COM | TRADE DEBT | | | | $      543,804.00 |
| 14 | GENEMATTERS LLC JILL DAVIES 1015 GLENWOOD AVENUE MINNEAPOLIS, MN 55405 | JILL DAVIES EMAIL: ANNIEMCSHANE@GENE-MATTERS.COM | TRADE DEBT | | | | $      524,846.50 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15  STRECK LLC<br>KEVIN BILLINGS<br>7002 S 109TH ST<br>LAVISTA, NE 68128 | KEVIN BILLINGS<br>PHONE: 402-691-7440<br>EMAIL: KBILLINGS@STRECK.COM;<br>ACCOUNTSRECEIVABLE@STRECK.COM | TRADE DEBT | | | | $        496,189.49 |
| 16  REEF FLATIRON LLC<br>JENNIFER RECORDS<br>1200 6TH AVE<br>SUITE 700<br>SEATTLE, WA 98101 | JENNIFER RECORDS<br>PHONE: 303-628-0200<br>EMAIL: JENNIFER@CENTRALMGT.COM;<br>KIMBERLY@CENTRALMGT.COM | TRADE DEBT / LEASE REJECTION DAMAGE | Contingent, Unliquidated | | | $        446,135.67 |
| 17  GBF INC.<br>JASON BOWMAN<br>PO BOX 16128<br>HIGH POINT, NC 27261 | JASON BOWMAN<br>PHONE: 800-338-4168 X 301<br>EMAIL: JBOWMAN@GBF-INC.COM; AHUNTER@GBF-INC.COM | TRADE DEBT | | | | $        423,927.47 |
| 18  PROSEGUR SERVICES GROUP, INC.<br>KELLY MURCRAY<br>512 HERNDON PKWAY<br>SUITE A<br>HERNDON, VA 20170 | KELLY MURCRAY<br>PHONE: 925-390-8526<br>EMAIL: KELLY.MURCRAY@PROSEGUR.COM;<br>ACCOUNTSRECEIVABLE.US@PROSEGUR.COM | TRADE DEBT | | | | $        412,987.30 |
| 19  ASB DE HARO PLACE, LLC<br>LEAH RAMIREZ<br>744 COWPER STREET<br>PALO ALTO, CA 94301 | LEAH RAMIREZ<br>PHONE: 650-319-3221<br>EMAIL: CROBINSON@ASBREALESTATE.COM | TRADE DEBT / LEASE REJECTION DAMAGE | Contingent, Unliquidated | | | $        403,304.24 |
| 20  QUANTUMSOFT, INC<br>KOBYLKIN ALEX<br>1309 BEACON ST<br>SUITE 325<br>BROOKLINE, MA 02446 | KOBYLKIN ALEX<br>EMAIL: ALEX.KOBYLKIN@QUANTUMSOFT.PRO | TRADE DEBT | | | | $        371,304.00 |
| 21  RREEF AMERICA REIT II CORP, PPP<br>JOE DIFRAIA<br>ONE MAIN STREET<br>CAMBRIDGE, MA 02142 | JOE DIFRAIA<br>EMAIL: JOE.DIFRAIA@CBRE.COM;<br>IDIL.INCEKESKIN@CBRE.COM | TRADE DEBT / LEASE REJECTION DAMAGE | Contingent, Unliquidated | | | $        254,059.53 |
| 22  UNITEDHEALTHCARE<br>RASHONDA WINFIELD<br>3585 ATLANTA AVENUE<br>LOCKBOX 945931<br>HAPEVILLE, GA 30354 | RASHONDA WINFIELD<br>PHONE: 952-885-7609<br>EMAIL: RASHONDA.WINFIELD@UHC.COM | TRADE DEBT | Unliquidated, Disputed | | | Unknown |
| 23  TECAN GENOMICS, INC.<br>VICKEY LEHMAN<br>9401 GLOBE CENTER DRIVE<br>SUITE 140<br>MORRISVILLE, NC 27560 | VICKEY LEHMAN<br>PHONE: 919-572-5446<br>EMAIL: VICKEY.LEHMAN@TECAN.COM;<br>ARWIRES@TECAN.COM | LITIGATION CLAIM | Contingent, Unliquidated, Disputed | | | Unknown |
| 24  AMACON WESPARK INVESTMENT CORP<br>NAOMI CAUGHEY<br>36 SOUTH 18TH AVE<br>STE D<br>BRIGHTON, CO 80601 | NAOMI CAUGHEY<br>PHONE: 303-291-1337<br>EMAIL: MMCINERNEY@AMACON.COM;<br>NCAUGHEY@AMACON.COM | LEASE REJECTION DAMAGE | Contingent, Unliquidated | | | Unknown |
| 25  ALTON TECH ADA LLC<br>JIMMY KIM<br>550 NEWPORT CENTER DRIVE<br>NEWPORT BEACH, CA 92660 | JIMMY KIM<br>PHONE: 949-720-4410<br>EMAIL: JIMMYKIM@IRVINECOMPANY.COM | LEASE REJECTION DAMAGE | Contingent, Unliquidated | | | Unknown |
| 26  CENTENNIAL OWNER LLC<br>WENDI MALONE, JESSICA BREEN<br>7800 E. UNION AVENUE<br>SUITE 800<br>DENVER, CO 80237 | WENDI MALONE, JESSICA BREEN<br>PHONE: 303-296-1646<br>EMAIL: JESSICA.BREEN@HINES.COM | LEASE REJECTION DAMAGE | Contingent, Unliquidated | | | Unknown |
| 27  APB OWNER LLC<br>TARA GALLAGHER<br>1251 AVENUE OF THE AMERICAS 34TH FLOOR<br>NEW YORK, NY 10020 | TARA GALLAGHER<br>PHONE: 919-831-8222<br>EMAIL: TARA.GALLAGHER@CBRE-RALEIGH.COM | LEASE REJECTION DAMAGE | Contingent, Unliquidated | | | Unknown |
| 28  449 BROADWAY LLC<br>MARCEL KAVIAN<br>73 SPRING STREET<br>6TH FLOOR<br>NEW YORK, NY 10012 | MARCEL KAVIAN<br>PHONE: 212-431-7500<br>EMAIL: MARCEL@UALNY.COM | LEASE REJECTION DAMAGE | Contingent, Unliquidated | | | Unknown |
| 29  SELIG HOLDINGS COMPANY, LLC<br>MARTIN SELIG<br>1000 2ND AVE<br>STE 1800<br>SEATTLE, WA 98104 | MARTIN SELIG<br>PHONE: 206-467-7600<br>EMAIL: SDAWKINS@MARTINSELIG.COM;<br>KLITT@MARTINSELIG.COM | LEASE REJECTION DAMAGE | Contingent, Unliquidated | | | Unknown |
| 30  HOHBACH REALTY COMPANY LP<br>MARCUS WOOD<br>29 LOWERY DRIVE<br>ATHERTON, CA 94027 | MARCUS WOOD<br>PHONE: 650-328-2300<br>EMAIL: MARCUS@KYLIXUS.COM | LEASE REJECTION DAMAGE | Contingent, Unliquidated | | | Unknown |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | **Invitae Corporation** |
| United States Bankruptcy Court for the: | **District of New Jersey** |
| | (State) |
| Case number (If known): | |

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors       12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐ *Schedule H: Codebtors (Official Form 206H)*
- ☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐ Amended Schedule
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☒ Other document that requires a declaration **List of Equity Security Holders, Corporate Ownership Statement, and Certification of Creditor Matrix**

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on | 02/13/2024 | ☒ /s/ *Ana Schrank* |
|---|---|---|
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Ana Schrank** |
| | | Printed name |
| | | **Chief Financial Officer** |
| | | Position or relationship to debtor |

**Official Form 202**          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

DocuSign Envelope ID: 1EF42593-7543-4269-85B8-BC8385238B78

**OMNIBUS ACTION BY
UNANIMOUS WRITTEN CONSENT OF THE BOARD OF
DIRECTORS, THE SOLE MEMBER, AND THE SOLE DIRECTOR**

**Dated as of February 13, 2024**

**WHERAS**, the undersigned, being (i) all of the members of the Board of Directors, (ii) the sole member, or (iii) the sole director (each a "Governing Body"), as applicable, of each of the entities listed on **Schedule I** hereof (each, a "Company" and collectively, the "Companies"), as Governing Body of such Company by unanimous written consent in lieu of a special meeting in accordance with the bylaws, operating agreements, or limited liability company agreements of each Company (collectively, the "Governing Documents"), as applicable, and the applicable laws of the jurisdiction in which each Company is organized, do hereby approve, consent to, and adopt the following recitals and resolutions, with the same force and effect as if they had been adopted at a duly convened special meeting of each Governing Body;

**WHEREAS**, the Governing Body of each Company has reviewed and considered: (i) that certain transaction support agreement (as may be amended, modified, or supplemented from time to time, the "Transaction Support Agreement"); (ii) the filing of voluntary petitions for relief (the "Bankruptcy Petitions") for each Company under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") pursuant to the Governing Documents, as applicable, of each Company and the applicable laws of the jurisdiction in which each Company is organized (together with the transactions contemplated by the Transaction Support Agreement executed February 13, 2024, the "Restructuring Matters"); (iii) the use of Cash Collateral and the incurrence of Adequate Protection Obligations (each as defined herein); (iv) the retention of professionals by each Company; and (v) the reaffirmation of the appointment of Jill Frizzley to the Special Committee of Invitae Corporation; and

**WHEREAS**, each Governing Body has reviewed and considered the materials presented by the management of each Company and each Company's financial and legal advisors, and has had adequate opportunity to consult with such persons regarding the materials presented, obtain additional information, and to fully consider each of the strategic alternatives available to the Companies.

**NOW, THEREFORE, IT IS HEREBY RESOLVED**, that, pursuant to the Governing Documents, the Companies hereby adopt the following resolutions:

1. **TRANSACTION SUPPORT AGREEMENT**

**WHEREAS**, the Governing Bodies have reviewed and considered entry into the Transaction Support Agreement, including all other exhibits, schedules, attachments, and ancillary documents or agreements related thereto;

DocuSign Envelope ID: 1FF42593-7543-4269-85B8-BC8385238B78

**WHEREAS**, the Governing Bodies have been advised of the ongoing negotiations between each Company and the Consenting Stakeholders (as defined in the Transaction Support Agreement) related to the Transaction Support Agreement; and

**WHEREAS**, the Transaction Support Agreement provides that it can be terminated if the Governing Bodies determine, upon advice of counsel, that proceeding with the transactions contemplated thereby would be inconsistent with the exercise of their fiduciary duties or applicable law.

**RESOLVED**, that in the business judgment of the Governing Bodies, it is desirable and in the best interest of each Company, their stakeholders, their creditors, and other parties in interest, that each Company finalizes, executes, and delivers the Transaction Support Agreement, subject to any necessary modifications and final negotiations consistent with these resolutions and, in accordance with the Governing Documents, as applicable, of each Company and the applicable laws of the jurisdiction in which each Company is organized, hereby consents to, authorizes and approves, the entry into the Transaction Support Agreement; and be it

**FURTHER RESOLVED**, that in the business judgment of the Governing Bodies, the form, terms, and provisions of the Transaction Support Agreement, and the agreements and transactions contemplated by the Transaction Support Agreement be, and hereby are, in all respects, authorized and approved; and be it

**FURTHER RESOLVED**, that any director or any other duly appointed officer of each Company as deemed necessary and appropriate (each an "Authorized Signatory" and collectively, the "Authorized Signatories") shall be, and each hereby is, authorized to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to enter into the Transaction Support Agreement and to consummate the transactions contemplated thereby in connection with the Bankruptcy Petitions, and that such Company's performance of its obligations under the Transaction Support Agreement hereby is, in all respects, authorized and approved.

## 2. CHAPTER 11 FILING

**FURTHER RESOLVED**, that in the business judgment of each Governing Body, it is desirable and in the best interest of each Company, their stakeholders, their creditors, and other parties in interest, that each Company files or causes to be filed the Bankruptcy Petitions under the Bankruptcy Code in the Bankruptcy Court, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States, and, in accordance with the Governing Documents, as applicable, of each Company and the applicable laws of the jurisdiction in which each Company is organized, hereby consents to, authorizes, and approves the filing of the Bankruptcy Petitions; and be it

**FURTHER RESOLVED**, that any Authorized Signatory, with the power of delegation, is hereby authorized and directed for and on behalf of each Company to take all actions (including, without limitation, to negotiate and execute any documents, certificates, supplemental agreements, and instruments) to act as signatory and attorney on behalf of each Company in respect of the Restructuring Matters and/or any persons to whom such Authorized Signatories delegate certain

responsibilities, be, and hereby are, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary or proper to maintain the ordinary course operations of each Company's business.

### 3. <u>USE OF CASH COLLATERAL AND INCURRENCE OF ADEQUATE PROTECTION OBLIGATIONS</u>

**WHEREAS**, reference is made to that certain Indenture, dated as of March 7, 2023, among Invitae Corporation, as issuer, the Companies, as guarantors from time to time party thereto, U.S. Bank Trust Company, National Association (as successor in interest to U.S. Bank National Association, "<u>U.S. Bank</u>"), as trustee and collateral agent (as amended by the First Supplemental Indenture, dated as of August 22, 2023 and as amended by the Second Supplemental Indenture, dated as of December 8, 2023, and as further amended, restated, or modified from time to time, the "<u>Senior Secured Indenture</u>");

**WHEREAS**, reference is made to that certain Indenture, dated as of September 10, 2019, between Invitae Corporation, as issuer, and U.S. Bank, as trustee (as amended, restated, or modified from time to time, the "<u>2024 Unsecured Notes Indenture</u>"); and

**WHEREAS**, reference is made to that certain Indenture, dated as of April 8, 2021, between Invitae Corporation, as issuer, and U.S. Bank, as trustee (as amended, restated, or modified from time to time, the "<u>2028 Unsecured Notes Indenture</u>" and together with the Senior Secured Indenture and the 2024 Unsecured Notes Indenture, the "<u>Prepetition Financing Documents</u>").

**RESOLVED**, that in the business judgment of each Governing Body, it is desirable and in the best interest of each Company, their stakeholders, their creditors, and other parties in interest to obtain the benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code ("<u>Cash Collateral</u>"), that is security for the holders of Company obligations (such holders, the "<u>Prepetition Secured Parties</u>") under the 2028 Senior Secured Notes; and be it

**FURTHER RESOLVED**, that for each Company to use and benefit from using the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company that is an obligor under the Prepetition Financing Documents will provide certain liens, claims, and other entitlements to the Prepetition Secured Parties (collectively, the "<u>Adequate Protection Obligations</u>"), as documented in proposed interim and final orders (collectively, the "<u>Cash Collateral Orders</u>") to be submitted to the Bankruptcy Court for approval; and be it

**FURTHER RESOLVED**, that the form, terms, and provisions of the Cash Collateral Orders to which each Company shall be subject, and the actions and transactions contemplated thereby, are authorized and approved in all respects; and each Authorized Signatory is authorized and empowered, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Cash Collateral Orders; and be it

**FURTHER RESOLVED**, that each Company, as a debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized, empowered, and directed to incur the Adequate Protection Obligations, including granting liens on its assets to secure claims that constitute Adequate Protection Obligations.

### 4.  RETENTION OF PROFESSIONALS

**FURTHER RESOLVED**, that each of the Authorized Signatories be, and hereby are, authorized, empowered, and directed to employ on behalf of each Company: (i) the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as general bankruptcy counsel; (ii) the law firm of Cole Schotz P.C. as co-bankruptcy counsel; (iii) Moelis & Company LLC as investment banker; (iv) FTI Consulting, Inc as restructuring advisor; (v) Kurtzman Carson Consultants LLC as noticing and claims agent; (vi) Deloitte Touche Tohmatsu Limited as tax advisor; and (vii) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals the Authorized Signatories deem necessary, appropriate, or advisable; each to represent and assist each Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any motions, objections, replies, applications, pleadings, or responses); and in connection therewith, each of the Authorized Signatories, with the power of delegation, be, and hereby are authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services; and be it

**FURTHER RESOLVED**, that each of the Authorized Signatories be, and hereby are, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and to perform such further actions and execute such further documentation that the Authorized Signatories in their absolute discretion deem necessary, proper, appropriate, or desirable in connection with chapter 11 cases of each Company and in accordance with the foregoing resolutions.

### 5.  REAFFIRMATION OF THE APPOINTMENT OF JILL FRIZZLEY TO THE SPECIAL COMMITTEE

**WHEREAS,** on September 23, 2023, the Board of Directors of Invitae Corporation (the "Board") formed the Special Committee of the Board (the "Special Committee") consisting of William Osborne, Randy Scott, Eric Aguiar, and Christine Gorjanc as its inaugural members;

**WHEREAS**, on December 7, 2023, the Board determined in the exercise of its business judgment that it is advisable and in the best interests of Invitae Corporation and its stakeholders to appoint Jill Frizzley as a member of the Special Committee; and

**WHEREAS**, on December 7, 2023, the Board appointed Jill Frizzley an additional member of the Special Committee.

**RESOLVED**, for the avoidance of doubt, the Board hereby reaffirms that Jill Frizzley was appointed as a member of the Special Committee, effective as of December 7, 2023, and until her successor has been duly elected or until her earlier resignation, removal from office or death and

DocuSign Envelope ID: 1FF42593-7543-4259-85B8-BC8385238B78

any and all actions heretofore taken are hereby ratified, affirmed, approved and confirmed in all respects.

6. **GENERAL**

FURTHER RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates), either individually or as otherwise required by the Governing Documents, as applicable, of each Company and the applicable laws of the jurisdiction in which each Company is organized, be, and each of them hereby is, authorized to execute, acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents on behalf of each Company relating to the foregoing resolutions; and be it

FURTHER RESOLVED, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company to take or cause to be taken any all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's absolute discretion, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and be it

FURTHER RESOLVED, that each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Governing Documents, as applicable, of each Company, or hereby waives any right to have received such notice; and be it

FURTHER RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of each Company; and be it

FURTHER RESOLVED, that any Authorized Signatory (and their designees and delegates) be, and each of them hereby is, authorized to do all such other acts, deeds and other things as each Company itself may lawfully do, in accordance with the Governing Documents, as applicable, of each Company and the applicable laws of the jurisdiction in which each Company is organized, howsoever arising in connection with the matters above, or in furtherance of the intentions expressed in the foregoing resolutions, including, but not limited to, the negotiation, finalization, execution, and delivery of any other agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents whatsoever as the individual acting may in his/her absolute and unfettered discretion approve, deem or determine necessary, appropriate or advisable, such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof.

**IN WITNESS WHEREOF**, the undersigned, constituting the Board of Invitae Corporation, do hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

_____
Eric Aguiar, M.D.


_____
Geoffrey S. Crouse

_____
Jill Frizzley

_____
Christine M. Gorjanc

_____
Kenneth D. Knight

_____
Kimber Lockhart

_____
Chitra Nayak

_____
William H. Osborne

_____
Randy Scott, Ph.D. (Chairperson)


**BEING ALL THE DIRECTORS OF
INVITAE CORPORATION**

*[Unanimous Written Consent - Joint Filing Resolutions Signature Page]*

**IN WITNESS WHEREOF**, the undersigned, constituting the Board of Invitae Corporation, do hereby consent to the foregoing actions and resolutions effective as of the date first written above. This unanimous written consent may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument. This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

Eric Aguiar, M.D.

Geoffrey S. Crouse

Jill Frizzley

Christine M. Gorjanc

Kenneth D. Knight

Kimber Lockhart

Chitra Nayak

William H. Osborne

Randy Scott, Ph.D. (Chairperson)

**BEING ALL THE DIRECTORS OF INVITAE CORPORATION**

*[Unanimous Written Consent - Joint Filing Resolutions Signature Page]*

      **IN WITNESS WHEREOF**, the undersigned, constituting the sole director of ArcherDX Clinical Services, Inc., does hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

      **THOMAS R. BRIDA**, as the sole director of **ARCHERDX CLINICAL SERVICES, INC.**

DocuSigned by:

*Tom Brida*

30A43334CA434C4...

Thomas R. Brida

*[Unanimous Written Consent - Joint Filing Resolutions Signature Page]*

       **IN WITNESS WHEREOF**, the undersigned, constituting the sole member of ArcherDX, LLC, does hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

**INVITAE CORPORATION**, as sole member, of **ARCHERDX, LLC**

DocuSigned by:

*Tom Brida*

3DA4333AC4A34C4...

Invitae Corporation
Its: Authorized Signatory

[*Unanimous Written Consent – Joint Filing Resolutions Signature Page*]

**IN WITNESS WHEREOF**, the undersigned, constituting sole member of Genetic Solutions LLC, d/b/a Genelex, does hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

**INVITAE CORPORATION,** as sole member of **GENETIC  SOLUTIONS  LLC,  D/B/A GENELEX**

DocuSigned by:

*Tom Brida*

30A43336CA434C4...

Invitae Corporation
Its: Authorized Signatory

[*Unanimous Written Consent - Joint Filing Resolutions Signature Page*]

**IN WITNESS WHEREOF**, the undersigned, constituting the sole member of Genosity, LLC, does hereby consent to the foregoing actions and resolutions effective as of the date first written above. This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

**INVITAE CORPORATION,** as sole member
of **GENOSITY, LLC**

DocuSigned by:

Tom Brida

Invitae Corporation
Its: Authorized Signatory

*[Unanimous Written Consent - Joint Filing Resolutions Signature Page]*

     **IN WITNESS WHEREOF**, the undersigned, constituting the sole director of Ommdom Inc., does hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument. This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

 

**THOMAS R. BRIDA**, as the sole director of **OMMDOM INC.**

DocuSigned by:

*Tom Brida*

30A4933404343C4

Thomas R. Brida

.

*[Unanimous Written Consent - Joint Filing Resolutions Signature Page]*

DocuSign Envelope ID: 4FF42F93-7F43-4250-85B8-BC8385238D78

## Schedule I

| Entity | Jurisdiction of Formation |
|---|---|
| ArcherDX Clinical Services, Inc. | Colorado |
| ArcherDX, LLC | Delaware |
| Genetic Solutions LLC, d/b/a Genelex | Pennsylvania |
| Genosity, LLC | Delaware |
| Invitae Corporation | Delaware |
| Ommdom Inc. | Delaware |