Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| In re:<br>INVITAE CORPORATION, *et al.*,<br>                   Debtors.[1] | Chapter 11<br><br>Case No. 24-11362 (MBK)<br><br>(Joint Administration Requested) |

**Order Filed on February 16, 2024**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

## ORDER (I) APPROVING BIDDING PROCEDURES AND BID PROTECTIONS, (II) SCHEDULING CERTAIN DATES AND DEADLINES WITH RESPECT THERETO, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (IV) ESTABLISHING NOTICE AND PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, (V) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF ASSUMED CONTRACTS, AND (VI) AUTHORIZING THE SALE OF ASSETS

The relief set forth on the following pages, numbered three (3) through and including twenty-one (21), is **ORDERED**.

**DATED: February 16, 2024**

*Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of Debtor Invitae Corporation's tax identification number are 1898. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/invitae. The Debtors' service address in these chapter 11 cases is 1400 16th Street, San Francisco, California 94103.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Nicole L. Greenblatt, P.C. (*pro hac vice* pending)
Francis Petrie (*pro hac vice* pending)
Jeffrey Goldfine (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
nicole.greenblatt@kirkland.com
francis.petrie@kirkland.com
jeffrey.goldfine@kirkland.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Spencer A. Winters, P.C. (*pro hac vice* pending)
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
spencer.winters@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Daniel J. Harris, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

(Page | 3)

| Debtors: | INVITAE CORPORATION, *et al.* |
|---|---|
| Case No. | 24-11362 (MBK) |
| Caption: | ORDER (I) APPROVING BIDDING PROCEDURES AND BID PROTECTIONS, (II) SCHEDULING CERTAIN DATES AND DEADLINES WITH RESPECT THERETO, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (IV) ESTABLISHING NOTICE AND PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, (V) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF ASSUMED CONTRACTS, AND (VI) AUTHORIZING THE SALE OF ASSETS |

Upon the *Debtors' Motion for Entry of an Order (I) Approving Bidding Procedures and Bid Protections, (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, and (VI) Authorizing the Sale of Assets*,[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) approving the proposed bidding procedures attached hereto as **Exhibit 1** (the "Bidding Procedures"), by which the Debtors will solicit and select the highest or otherwise best offer(s) for the sale or sales (the "Sale Transaction(s)") of all, substantially all, or any portion of the Debtors' assets (the "Assets"); (b) approving the break-up fee and expense reimbursements relating to certain stalking horse bidders (the "Bid Protections"); (c) scheduling certain dates with respect thereto; (d) approving the manner of notice of an auction or auctions, if any, for the Sale Transaction(s), if any (the "Auction"); (e) scheduling dates and deadlines in connection with approval of the Sale Transaction(s); and (f) approving procedures for the assumption and assignment of certain executory contracts (the "Executory Contracts") and unexpired leases (the "Unexpired Leases") in connection with the Sale Transaction(s), if any, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Swift Declaration filed in support

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the Bidding Procedures, as applicable.

(Page | 4)

| | |
|---|---|
| Debtors: | INVITAE CORPORATION, *et al.* |
| Case No. | 24-11362 (MBK) |
| Caption: | ORDER (I) APPROVING BIDDING PROCEDURES AND BID PROTECTIONS, (II) SCHEDULING CERTAIN DATES AND DEADLINES WITH RESPECT THERETO, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (IV) ESTABLISHING NOTICE AND PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, (V) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF ASSUMED CONTRACTS, AND (VI) AUTHORIZING THE SALE OF ASSETS |

of the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore **IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

2.      The Debtors have articulated good and sufficient reasons for authorizing and approving the Bidding Procedures, which are fair, reasonable, and appropriate under the circumstances and designed to maximize the recovery on, and realizable value of the Debtors' enterprise, including with respect to the proposed procedures for providing Bid Protections as determined by the Debtors in an exercise of their business judgment in accordance with the Bidding Procedures, which Bid Protections the Court has not yet approved.

| Debtors: | INVITAE CORPORATION, *et al*. |
|---|---|
| Case No. | 24-11362 (MBK) |
| Caption: | ORDER (I) APPROVING BIDDING PROCEDURES AND BID PROTECTIONS, (II) SCHEDULING CERTAIN DATES AND DEADLINES WITH RESPECT THERETO, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (IV) ESTABLISHING NOTICE AND PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, (V) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF ASSUMED CONTRACTS, AND (VI) AUTHORIZING THE SALE OF ASSETS |

3.      The Debtors' proposed notice of the Motion and the Hearing was (i) appropriate and reasonably calculated to provide all interested parties with timely and proper notice, (ii) in compliance with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and (iii) adequate and sufficient under the circumstances of these chapter 11 cases, and no other or further notice is required. A reasonable opportunity to object or be heard regarding the relief granted by this Order has been afforded to all interested persons and entities.

4.      All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled prior to or at the Hearing are overruled.

**I.      Important Dates and Deadlines**.

5.      **Final Bid Deadline**. April 10, 2024, at 4:00 p.m., prevailing Eastern Time, is the deadline by which all Qualified Bids must be **actually received** by the parties specified in the Bidding Procedures.

6.      **Stalking Horse Bidders and Bid Protections**. The Debtors, upon entry of this Order, shall be authorized, but are not obligated or directed, in an exercise of their business judgment, with the consent of the Required Holders (not to be unreasonably withheld, delayed, or conditioned) and in consultation with any statutory committees appointed in these cases, to select one or more Stalking Horse Bidders with respect to some or all of the Debtors' Assets and enter into a Stalking Horse APA by no later than March 29, 2024, at 4:00 p.m. (prevailing Eastern time).

(Page | 6)

| | |
|---|---|
| Debtors: | INVITAE CORPORATION, *et al.* |
| Case No. | 24-11362 (MBK) |
| Caption: | ORDER (I) APPROVING BIDDING PROCEDURES AND BID PROTECTIONS, (II) SCHEDULING CERTAIN DATES AND DEADLINES WITH RESPECT THERETO, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (IV) ESTABLISHING NOTICE AND PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, (V) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF ASSUMED CONTRACTS, AND (VI) AUTHORIZING THE SALE OF ASSETS |

7.     In the event that the Debtors, with the consent of the Required Holders (not to be unreasonably withheld, delayed, or conditioned) and in consultation with any statutory committees appointed in these cases, enter into a Stalking Horse APA with one or more Stalking Horse Bidders, within two (2) business days of entry, the Debtors shall file a notice and proposed form of order with the Court (the "Stalking Horse Notice") and serve the Stalking Horse Notice on the Stalking Horse Bidder, the Consultation Parties,[3] and the U.S. Trustee.  The Stalking Horse Notice shall: (i) set forth the identity of the Stalking Horse Bidder (and if the Stalking Horse Bidder is a newly formed entity, then the Stalking Horse Bidder's parent company or sponsor); (ii) set forth the amount of the Stalking Horse Bid and what portion (if any) is cash; (iii) state whether the Stalking Horse Bidder has any connection to the Debtors other than those that arise from the Stalking Horse Bid; (iv) specify any proposed Bid Protections (including the amount and calculation thereof); (v) attach the Stalking Horse APA, including all exhibits, schedules and

---

[3]   "Consultation Parties" means the Required Holders and any statutory committee appointed in these cases; *provided, however*, that to the extent the Required Holders submit any Bid (including a Credit Bid that is either revocable or subject to amendment) for any Assets, such Required Holders shall not be a Consultation Party with respect to the evaluation and qualification of competing Bids for the Assets included in the Required Holders' Bid, or with respect to seeking and/or obtaining information about other Bids, but shall remain a Consultation Party for other purposes set forth in the Bidding Procedures and the Bidding Procedures Order.  Notwithstanding the forgoing, to the extent the Required Holders submit a Credit Bid that is both (i) irrevocable and (ii) not subject to amendment after the Bid Deadline or during the Auction, the Required Holders will remain a Consultation Party with respect to the evaluation and qualification of competing Bids for such Assets included in the Required Holders' Credit Bid.

(Page | 7)

| | |
|---|---|
| Debtors: | INVITAE CORPORATION, *et al.* |
| Case No. | 24-11362 (MBK) |
| Caption: | ORDER (I) APPROVING BIDDING PROCEDURES AND BID PROTECTIONS, (II) SCHEDULING CERTAIN DATES AND DEADLINES WITH RESPECT THERETO, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (IV) ESTABLISHING NOTICE AND PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, (V) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF ASSUMED CONTRACTS, AND (VI) AUTHORIZING THE SALE OF ASSETS |

attachments thereto; (vi) specify the Assets included in the Stalking Horse Bid; and (vii) sets forth the deadline to object to the Stalking Horse Bidder designation and any Bid Protections.  If there are no objections to the Stalking Horse Notice within five (5) days of filing with the Court, (the "Notice Period"), the Debtors may submit an order to the Court that incorporates any comments received during the Notice Period that authorizes the Debtors to designate a Stalking Horse Bidder and to enter into a Stalking Horse APA, without the need for further hearing.  If a party timely files an objection to the Stalking Horse Notice, the Court shall hold a hearing after the expiration of the Notice Period and as soon thereafter as the Court is available.

8.      Upon entry of the order that authorizes the Debtors to designate a Stalking Horse Bidder and to enter into a Stalking Horse APA, the Debtors, with the consent of the Required Holders (not to be unreasonably withheld, delayed, or conditioned) and in consultation with any statutory committees appointed in these cases, are authorized to incur and pay (a) the Breakup Fee and (b) the Expense Reimbursement to each Stalking Horse Bidder that has not submitted a Credit Bid (as defined in the Bidding Procedures) in an aggregate amount not to exceed three (3) percent of the proposed Purchase Price.

9.      No person or entity, other than the Stalking Horse Bidder, shall be entitled to any expense reimbursement, breakup fees, "topping," termination, or other similar fee or payment, and by submitting a bid, such person or entity is deemed to have waived their right to request or to file

(Page | 8)

| | |
|---|---|
| Debtors: | INVITAE CORPORATION, *et al.* |
| Case No. | 24-11362 (MBK) |
| Caption: | ORDER (I) APPROVING BIDDING PROCEDURES AND BID PROTECTIONS, (II) SCHEDULING CERTAIN DATES AND DEADLINES WITH RESPECT THERETO, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (IV) ESTABLISHING NOTICE AND PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, (V) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF ASSUMED CONTRACTS, AND (VI) AUTHORIZING THE SALE OF ASSETS |

with this Court any request for expense reimbursement or any fee of any nature, whether by virtue of section 503(b) of the Bankruptcy Code or otherwise.

10. **Auction**.  The date and time of the Auction is Wednesday, April 17, 2024, at 10:00 a.m., prevailing Eastern Time, which time may be extended by the Debtors, in consultation with the Consultation Parties, upon written notice to the Court.  The Auction will be held at the offices of the proposed co-counsel to the Debtors:  Kirkland & Ellis LLP, 601 Lexington Ave., New York, NY 10022.  Only the Debtors, Qualified Bidders, the Consultation Parties, the U.S. Trustee, and such parties' representatives and advisors, shall be entitled to participate in the Auction (*provided* that Qualified Bidders may appear through a duly authorized representative (other than their counsel) bearing a valid and enforceable power of attorney or other written proof evidencing their ability to bind the applicable Qualified Bidder, which document(s) shall be delivered to the Debtors prior to the commencement of the Auction), and only Qualified Bidders will be entitled to participate in or make Overbids (as defined in the Bidding Procedures) at the Auction.  The Debtors shall send written notice of the date, time, and place of the Auction to the Qualified Bidders, the Consultation Parties, and the U.S. Trustee no later than two (2) business days before such Auction, and will post notice of the date, time, and place of the Auction no later than two (2) business days before such Auction on the website of the Debtors' notice, claims, and solicitation agent, Kurtzman Carson Consultants LLC (the "Notice and Claims Agent"), at

(Page | 9)

| | |
|---|---|
| Debtors: | INVITAE CORPORATION, *et al.* |
| Case No. | 24-11362 (MBK) |
| Caption: | ORDER (I) APPROVING BIDDING PROCEDURES AND BID PROTECTIONS, (II) SCHEDULING CERTAIN DATES AND DEADLINES WITH RESPECT THERETO, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (IV) ESTABLISHING NOTICE AND PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, (V) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF ASSUMED CONTRACTS, AND (VI) AUTHORIZING THE SALE OF ASSETS |

www.kccllc.net/invitae.  For the avoidance of doubt, the Debtors may also conduct more than one Auction with respect to non-overlapping material portions of the Debtors' Assets.

11.   **Notice of Successful Bidder**.  Within two (2) business days upon conclusion of the Auction, the Debtors shall file a Notice of Successful Bidder.

12.   **Sale Objection Deadline**.  Objections to the Sale Transaction and the Notice of Successful Bidder ("Sale Objection Deadline"), if any, must be made on or before April 29, 2024, at 4:00 p.m., prevailing Eastern Time.

13.   **Failure to Object**.  If any party fails to timely file with the Court and serve an objection by the Sale Objection Deadline or otherwise abide by the procedures set forth in the Bidding Procedures regarding an objection to the Sale Transaction(s), such party shall be barred from asserting, at the Sale Hearing or otherwise, any objection to the relief requested in the Motion or to the consummation and performance of the Sale Transaction(s), including the transfer of the Assets to the Successful Bidder, free and clear of all liens, claims, interests, and encumbrances pursuant to section 363(f) of the Bankruptcy Code, and shall be deemed to "consent" for the purposes of section 363(f) of the Bankruptcy Code.

14.   **Sale Hearing.**  May 6, 2024, at 10:00 a.m., prevailing Eastern Time, or as soon thereafter as the Debtors may be heard, is the date and time for the hearing for the Court to consider the Successful Bid or Successful Bids, if needed (the "Sale Hearing").  The Sale Hearing may be

| Debtors: | INVITAE CORPORATION, *et al.* |
|---|---|
| Case No. | 24-11362 (MBK) |
| Caption: | ORDER (I) APPROVING BIDDING PROCEDURES AND BID PROTECTIONS, (II) SCHEDULING CERTAIN DATES AND DEADLINES WITH RESPECT THERETO, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (IV) ESTABLISHING NOTICE AND PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, (V) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF ASSUMED CONTRACTS, AND (VI) AUTHORIZING THE SALE OF ASSETS |

adjourned by announcement in open Court or on the Court's calendar without any further notice required.

**II.     Auction, Bidding Procedures, Auction Notice, and Related Relief**.

15.     The Bidding Procedures, including the Auction Notice, attached to the Bidding Procedures as Schedule 1, substantially in the form attached hereto as **Exhibit 1**, are incorporated herein and are hereby approved in their entirety, and the Bidding Procedures shall govern the submission, receipt, and analysis of all Bids relating to any proposed Sale Transaction(s).  Any party desiring to submit a Bid shall comply with the Bidding Procedures and this Order.  The Debtors are authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.  Subject to the terms of the Bidding Procedures, the Debtors, with the consent of the Required Holders (not to be unreasonably withheld, delayed, or conditioned) and in consultation with any statutory committees appointed in these cases, may modify the Bidding Procedures as necessary or appropriate to maximize value for their estates.

16.     Pursuant to the Bidding Procedures, the Debtors, in their business judgment, with the consent of the Required Holders (not to be unreasonably withheld, delayed, or conditioned) and in consultation with any statutory committees appointed in these cases, may (a) determine which Qualified Bid is the highest or otherwise best offer, (b) reject, at any time before entry of an order of the Court approving a Successful Bid, any Bid that the Debtors determine is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code,

(Page | 11)

| | |
|---|---|
| Debtors: | INVITAE CORPORATION, *et al*. |
| Case No. | 24-11362 (MBK) |
| Caption: | ORDER (I) APPROVING BIDDING PROCEDURES AND BID PROTECTIONS, (II) SCHEDULING CERTAIN DATES AND DEADLINES WITH RESPECT THERETO, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (IV) ESTABLISHING NOTICE AND PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, (V) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF ASSUMED CONTRACTS, AND (VI) AUTHORIZING THE SALE OF ASSETS |

the Bidding Procedures, or the terms and conditions of the Sale Transaction(s), or (iii) contrary to the best interests of the Debtors, their estates, their creditors, and other stakeholders, and (c) impose such other terms and conditions upon Qualified Bidders as the Debtors determine to be in the best interests of the Debtors' estates in these chapter 11 cases.

17.     If the Debtors determine not to conduct an Auction, then the Debtors shall file a notice with the Court of such determination within one (1) business day of the making of such determination by the Debtors.

18.     Any deposit (including any Good Faith Deposit) provided by a Qualified Bidder shall be held in escrow by the Debtors or their agent and shall not become property of the Debtors' bankruptcy estates unless and until released from escrow to the Debtors pursuant to the terms of the applicable escrow agreement, the Bidding Procedures, or an order of this Court, as applicable.

19.     The Auction Notice, substantially in the form attached to the Bidding Procedures as Schedule 1, is hereby approved.  Within two (2) business days following the entry of this Order, the Debtors will cause the Auction Notice to be served upon (a) the office of the United States Trustee for the District of New Jersey; (b) the Debtors' thirty (30) largest unsecured creditors (on a consolidated basis); (c) counsel for any statutory committees appointed in these case; (d) counsel to the agent to the Secured Notes; (e) the indenture trustee to the 2024 Convertible Notes; (f) the indenture trustee to the 2028 Convertible Notes; (g) Sullivan & Cromwell LLP, as counsel to the Required Holders; (h) Wollmuth Maher & Deutsch LLP, as counsel to the Required Holders;

(Page | 12)

| | |
|---|---|
| Debtors: | INVITAE CORPORATION, *et al.* |
| Case No. | 24-11362 (MBK) |
| Caption: | ORDER (I) APPROVING BIDDING PROCEDURES AND BID PROTECTIONS, (II) SCHEDULING CERTAIN DATES AND DEADLINES WITH RESPECT THERETO, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (IV) ESTABLISHING NOTICE AND PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, (V) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF ASSUMED CONTRACTS, AND (VI) AUTHORIZING THE SALE OF ASSETS |

(i) counsel to the 2028 Convertible Noteholders; (j) the U.S. Securities and Exchange Commission; (k) the United States Attorney's Office for the District of New Jersey; (l) the attorneys general in the states where the Debtors conduct their business operations; (m) the Internal Revenue Service; (n) all parties who have expressed a written interest in the Assets; (o) all known holders of liens, encumbrances, and other claims secured by the Assets; (p) each governmental agency that is an interested party with respect to the Sale Transaction; and (q) any party that has requested notice pursuant to Bankruptcy Rule 2002. Within three (3) business days after entry of this Order, the Debtors shall place a publication version of the Auction Notice in *The New York Times* (National Edition) and post it on to the Debtors' restructuring website at www.kccllc.net/invitae. Such notice shall be deemed sufficient and proper notice of the Sale Transaction(s) with respect to known interested parties.

20. Pursuant to Local Rule 6004-2: (a) each bidder participating at the Auction shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale Transaction(s), as set forth in the Bidding Procedures; (b) the Auction shall be conducted openly; and (c) the Auction shall be transcribed or videotaped.

## III. Assumption and Assignment Procedures.

21. The procedures set forth below regarding the assumption and assignment of any Executory Contracts and Unexpired Leases proposed to be assumed by the Debtors pursuant to section 365(b) of the Bankruptcy Code and assigned to the Successful Bidder, if any, pursuant to

(Page | 13)

| | |
|---|---|
| Debtors: | INVITAE CORPORATION, *et al.* |
| Case No. | 24-11362 (MBK) |
| Caption: | ORDER (I) APPROVING BIDDING PROCEDURES AND BID PROTECTIONS, (II) SCHEDULING CERTAIN DATES AND DEADLINES WITH RESPECT THERETO, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (IV) ESTABLISHING NOTICE AND PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, (V) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF ASSUMED CONTRACTS, AND (VI) AUTHORIZING THE SALE OF ASSETS |

section 365(f) of the Bankruptcy Code in connection with the Sale Transaction(s) are hereby approved to the extent set forth herein.

22. These Assumption and Assignment Procedures shall govern the assumption and assignment of all of the Debtors' Executory Contracts and Unexpired Leases to be assumed and assigned in connection with the Sale Transaction(s) under the Stalking Horse APA, if any, or the Form APA, and any marked versions thereof, subject to the payment of any amount necessary to satisfy all defaults and actual pecuniary loss to the counterparty resulting from such defaults including, but not limited to, all claims, demands, charges, rights to refunds and monetary and non-monetary obligations that the relevant counterparty can assert under an Executory Contract or Unexpired Lease, whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinate, relating to money now owing or owing in the future, arising under or out of, in connection with, or in any way relating to a Contract (the foregoing amounts as stated in the Contract Assumption Notice, the "Cure Payments"):

(a) **Notice of Contract Assumption.** As soon as reasonably practicable upon conclusion of any Auction, the Debtors shall file on the docket and serve a notice of contracts assumed and assigned to any Successful Bidder (the "Contract Assumption Notice"), in substantially the form attached hereto as **Exhibit 2**, via first class mail on the counterparties to the Executory Contracts or Unexpired Leases to be assumed and assigned in connection with the Sale Transaction(s) (the "Contract Counterparties"). The Contract Assumption Notice, shall inform each recipient of the timing

(Page | 14)

| | |
|---|---|
| Debtors: | INVITAE CORPORATION, *et al.* |
| Case No. | 24-11362 (MBK) |
| Caption: | ORDER (I) APPROVING BIDDING PROCEDURES AND BID PROTECTIONS, (II) SCHEDULING CERTAIN DATES AND DEADLINES WITH RESPECT THERETO, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (IV) ESTABLISHING NOTICE AND PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, (V) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF ASSUMED CONTRACTS, AND (VI) AUTHORIZING THE SALE OF ASSETS |

and procedures relating to such assumption and assignment, and, to the extent applicable, (i) the title of the Executory Contract or Unexpired Lease, (ii) the name of the counterparty to the Executory Contract or Unexpired Lease, (iii) Debtors' good faith estimates of the Cure Payments, if any, required in connection with the Executory Contract or Unexpired Lease, and (iv) the Sale Objection Deadline; *provided*, *however*, that service of a Contract Assumption Notice does not constitute an admission that any Executory Contracts and Unexpired Leases listed thereon is an executory contract or that such stated Cure Payment constitutes a claim against the Debtors or a right against any Successful Bidder, all rights with respect thereto being expressly reserved. Further, the inclusion of a contract on the Contract Assumption Notice is not a guarantee that such contract will ultimately be assumed and assigned.

(b)     **Cure Payments.**  The payment of the applicable Cure Payments by the Debtors and/or the Successful Bidder, as applicable shall (i) effect a cure of all defaults existing thereunder, (ii) compensate for any actual pecuniary loss to such counterparty resulting from such default, and (iii) together with the assumption of the ultimately assumed Executory Contract or Unexpired Lease by the Debtors and the assignment of such Executory Contract or Unexpired Lease to the Successful Bidder, constitute adequate assurance of future performance thereof.

(c)     **Supplemental Contract Assumption Notice.**  To the extent the Debtors, at any time after the Auction (i) identify additional Executory Contracts or Unexpired Leases that may be assumed by and assigned to the Successful Bidder, (ii) remove any Executory Contracts or Unexpired Leases from the list attached to the Contract Assumption Notice, (iii) and/or modify the previously stated Cure Payment associated with any Executory Contract or Unexpired Lease, the Debtors will promptly file with this Court and serve by first-class mail a supplemental notice of contract assumption (a "Supplemental Assumption Notice") on each of the Contract

| | |
|---|---|
| Debtors: | INVITAE CORPORATION, *et al*. |
| Case No. | 24-11362 (MBK) |
| Caption: | ORDER (I) APPROVING BIDDING PROCEDURES AND BID PROTECTIONS, (II) SCHEDULING CERTAIN DATES AND DEADLINES WITH RESPECT THERETO, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (IV) ESTABLISHING NOTICE AND PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, (V) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF ASSUMED CONTRACTS, AND (VI) AUTHORIZING THE SALE OF ASSETS |

Counterparties affected by the Supplemental Assumption Notice. Each Supplemental Assumption Notice will include the same information with respect to listed Executory Contracts or Unexpired Leases as was included in the Contract Assumption Notice. Except as otherwise provided in any purchase agreement, a Successful Bidder may designate additional Executory Contracts and Unexpired Leases to be assumed and assigned up to two (2) business days prior to the Closing and may remove Executory Contracts or Unexpired Leases from the list of Executory Contracts and Unexpired Leases up to two (2) business days prior to the Closing.

(d)     **Objections.** Objections, if any, to the proposed assumption and assignment or the Cure Payment proposed with respect thereto, must (i) be in writing, (ii) comply with the applicable provisions of the Bankruptcy Rules, and the Local Rules, (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed Cure Payment, state the correct Cure Payment alleged by the objecting counterparty, together with any applicable and appropriate documentation in support thereof, and (iv) be filed with the Court and served upon (a) proposed counsel to the Debtors, (b) counsel to the Stalking Horse Bidder, if any, (c) the Bid Notice Parties (as defined in the Bidding Procedures), and (d) any other party that has filed a notice of appearance in these chapter 11 cases, so as to be **actually received no later than April 29, 2024, at 4:00 p.m., prevailing Eastern Time, (the "Cure Objection Deadline") or the deadline set forth in a Supplemental Assumption Notice, as applicable**. The Debtors may modify the Cure Objection Deadline and the deadline set forth in a Supplemental Assumption Notice by filing a notice of such modification on the Court's docket.

(e)     **Dispute Resolution.** In the event that the Debtors and a Contract Counterparty cannot resolve an objection to a Cure Payment, the Executory Contract or Unexpired Lease at issue may be assumed by the Debtors and assigned to the Successful Bidder, *provided* that the Debtors

(Page | 16)

| | |
|---|---|
| Debtors: | INVITAE CORPORATION, *et al.* |
| Case No. | 24-11362 (MBK) |
| Caption: | ORDER (I) APPROVING BIDDING PROCEDURES AND BID PROTECTIONS, (II) SCHEDULING CERTAIN DATES AND DEADLINES WITH RESPECT THERETO, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (IV) ESTABLISHING NOTICE AND PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, (V) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF ASSUMED CONTRACTS, AND (VI) AUTHORIZING THE SALE OF ASSETS |

shall segregate the Cure Payment that the Contract Counterparty asserts is required to be paid, pending a resolution of the dispute by the Court or mutual agreement by the parties. Any objection to the proposed assumption and assignment of a contract or related Cure Payment proposed in connection with the Sale Transaction(s) that remained unresolved as of the Combined Hearing, shall be heard at the Combined Hearing (or at a later date as fixed by the Court).

(f)     **Contract Assumption.**  No Executory Contract or Unexpired Lease shall be deemed assumed and assigned pursuant to section 365 of the Bankruptcy Code until the later of (i) the date the Court has entered an order assuming and assigning such Executory Contract or Unexpired Lease or (ii) the date the Sale Transaction(s) has closed.

23.     Any party failing to timely file an objection to the Cure Payments or the proposed assumption and assignment of an Executory Contract or Unexpired Lease listed on the Contract Assumption Notice or a Supplemental Assumption Notice is deemed to have consented to (a) such Cure Payment, (b) the assumption and assignment of such Executory Contract or Unexpired Lease, (c) the related relief requested in the Motion, and (d) the Sale Transaction(s). Such party shall be forever barred and estopped from objecting to the Cure Payments, the assumption and assignment of the Executory Contract or Unexpired Lease, adequate assurance of future performance, the relief requested in the Motion, whether or not applicable law excuses such counterparty from accepting performance by, or rendering performance to, the Successful Bidder for purposes of section 365(c)(1) of the Bankruptcy Code and from asserting any additional cure or other amounts against

| Debtors: | INVITAE CORPORATION, *et al.* |
| Case No. | 24-11362 (MBK) |
| Caption: | ORDER (I) APPROVING BIDDING PROCEDURES AND BID PROTECTIONS, (II) SCHEDULING CERTAIN DATES AND DEADLINES WITH RESPECT THERETO, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (IV) ESTABLISHING NOTICE AND PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, (V) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF ASSUMED CONTRACTS, AND (VI) AUTHORIZING THE SALE OF ASSETS |

the Debtors and the Successful Bidder with respect to such party's Executory Contract or Unexpired Lease.

24.    The Debtors shall, concurrently with the Contract Assumption Notice, provide evidence to each Executory Contract or Unexpired Lease counterparty that the Proposed Assignee has the ability to comply with the requirements of adequate assurance of future performance; provided that any such evidence that constitutes nonpublic information shall be provided on a confidential basis. All Bidders are deemed to consent to the transmission of such evidence of adequate assurances of future performance on a confidential basis to counsel for the applicable Executory Contract or Unexpired Lease counterparties via email with such information to be used only for purpose of assessing the applicable Bidder.

25.    The inclusion of an Executory Contract or Unexpired Lease in the Contract Assumption Notice or a Supplemental Assumption Notice will not obligate any Debtor to assume any Executory Contract or Unexpired Lease listed thereon or a Successful Bidder to take assignment of such assumed Contract. Only those Executory Contracts and Unexpired Leases that are included on a schedule of assumed and assigned contracts attached to the executed definitive asset purchase agreement with a Successful Bidder (including amendments or modifications to such schedules in accordance with such asset purchase agreement) will be assumed and assigned to the applicable Successful Bidder. No Executory Contract or Unexpired Lease in the Contract Assumption Notice or a Supplemental Assumption Notice shall be assumed other than in

(Page | 18)

| | |
|---|---|
| Debtors: | INVITAE CORPORATION, *et al.* |
| Case No. | 24-11362 (MBK) |
| Caption: | ORDER (I) APPROVING BIDDING PROCEDURES AND BID PROTECTIONS, (II) SCHEDULING CERTAIN DATES AND DEADLINES WITH RESPECT THERETO, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (IV) ESTABLISHING NOTICE AND PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, (V) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF ASSUMED CONTRACTS, AND (VI) AUTHORIZING THE SALE OF ASSETS |

connection with (and concurrently with the effectiveness of) the assignment of such Executory Contract or Unexpired Lease to the applicable Successful Bidder.

**IV.    Miscellaneous**.

26.    Nothing in this Order or the Bidding Procedures shall be deemed a waiver of any rights, remedies or defenses that any party (including the sureties, the Debtors, the Debtors' lenders, and the agents under their respective credit agreements, the Stalking Horse Bidder, if applicable, or any other prospective purchaser) has or may have under applicable bankruptcy and non-bankruptcy law, under any indemnity agreements, surety bonds or related agreements or any letters of credit relating thereto, or any rights, remedies, or defenses of the Debtors with respect thereto, including seeking Bankruptcy Court relief with regard to the Auction, the Bidding Procedures, the Sale Transaction(s), and any related items (including, if necessary, to seek an extension of the Bid Deadline).  Nothing in this Order of the Bidding Procedures waives or modifies the requirements of the TSA, including, without limitation, the consent and consultation rights contained therein.

27.    The Debtors are authorized, with the consent of the Required Holders (not to be unreasonably withheld, delayed, or conditioned) and in consultation with any statutory committees appointed in these cases, to revise the Sale Schedule.  The Debtors are further authorized to conduct multiple Sale Transaction(s) and/or Auctions (as necessary) in substantial conformity with the Sale Schedule and Bidding Procedures established through this Order.

| | |
|---|---|
| Debtors: | INVITAE CORPORATION, *et al.* |
| Case No. | 24-11362 (MBK) |
| Caption: | ORDER (I) APPROVING BIDDING PROCEDURES AND BID PROTECTIONS, (II) SCHEDULING CERTAIN DATES AND DEADLINES WITH RESPECT THERETO, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (IV) ESTABLISHING NOTICE AND PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, (V) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF ASSUMED CONTRACTS, AND (VI) AUTHORIZING THE SALE OF ASSETS |

28.    The Debtors, in connection with offering a product or a service, have not disclosed any policies prohibiting the transfer of personally identifiable information about individuals to persons that are not affiliated with the Debtors.  Subject to this finding, nothing contained in this Order prejudices parties in interest from seeking the appointment of a consumer privacy ombudsman at a later date in connection with any proposed sales pursuant to the Bankruptcy Code. In addition, nothing contained in this Order constitutes a determination as to whether the Debtors are healthcare businesses and does not prejudice the Court from appointing a patient care ombudsman pursuant to the Bankruptcy Code at a later date.

29.    The failure to include or reference a particular provision of the Bidding Procedures in this Order shall not diminish or impair the effectiveness or enforceability of such a provision in the Bidding Procedures.

30.    The Court, at the request of the Debtors, and in consultation with the Consultation Parties, and subject to its availability, may modify the dates of and adjourn any hearing set by this Order without further Order of this Court, *provided* that the Debtors will serve notice to all requisite parties informing them of such modification.

31.    The Debtors may, with the consent of the Required Holders (not to be unreasonably withheld, delayed, or conditioned) and in consultation with any statutory committees appointed in these cases, modify any of the deadlines set forth herein or provide for additional deadlines within

| (Page \| 20) | |
|---|---|
| Debtors: | INVITAE CORPORATION, *et al.* |
| Case No. | 24-11362 (MBK) |
| Caption: | ORDER (I) APPROVING BIDDING PROCEDURES AND BID PROTECTIONS, (II) SCHEDULING CERTAIN DATES AND DEADLINES WITH RESPECT THERETO, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (IV) ESTABLISHING NOTICE AND PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, (V) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF ASSUMED CONTRACTS, AND (VI) AUTHORIZING THE SALE OF ASSETS |

the Sale Schedule without further order of the Court, *provided* that the Debtors will disclose all applicable deadlines in a notice filed with the Court, including, as applicable, the Auction Notice.

32.     The Debtors may, in consultation with the Consultation Parties, modify any Good Faith Deposit as necessary or appropriate, based on the Assets being sold.

33.     In the event of any inconsistencies between this Order and the Motion and/or the Bidding Procedures, this Order shall govern in all respects.

34.     Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, priority of, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Order (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law

(Page | 21)

| | |
|---|---|
| Debtors: | INVITAE CORPORATION, *et al.* |
| Case No. | 24-11362 (MBK) |
| Caption: | ORDER (I) APPROVING BIDDING PROCEDURES AND BID PROTECTIONS, (II) SCHEDULING CERTAIN DATES AND DEADLINES WITH RESPECT THERETO, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (IV) ESTABLISHING NOTICE AND PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, (V) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF ASSUMED CONTRACTS, AND (VI) AUTHORIZING THE SALE OF ASSETS |

35.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

36.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

37.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

38.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

39.     Any party may move for modification of this Order in accordance with Local Rule 9013-5(e).

40.     The Debtors shall serve a copy of this Order on all required parties pursuant to Local Rule 9013-5(f).

41.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Exhibit 1

**Bidding Procedures**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Nicole L. Greenblatt, P.C. (*pro hac vice* pending)
Francis Petrie (*pro hac vice* pending)
Jeffrey Goldfine (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
nicole.greenblatt@kirkland.com
francis.petrie@kirkland.com
jeffrey.goldfine@kirkland.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Spencer A. Winters, P.C. (*pro hac vice* pending)
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
spencer.winters@kirkland.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Daniel J. Harris, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| INVITAE CORPORATION, *et al.*, | Case No. 24-11362 (MBK) |
| Debtors.[1] | (Joint Administration Requested) |

## BIDDING PROCEDURES FOR THE
## SUBMISSION, RECEIPT, AND ANALYSIS OF BIDS
## IN CONNECTION WITH THE SALE OF THE DEBTORS' ASSETS

On February 13, 2024, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States

---

[1] The last four digits of Debtor Invitae Corporation's tax identification number are 1898. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/invitae. The Debtors' service address in these chapter 11 cases is 1400 16th Street, San Francisco, California 94103.

Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>"), in the United States Bankruptcy Court for the District of New Jersey (the "<u>Court</u>").

The Debtors filed these chapter 11 cases after reaching an agreement in principle, memorialized in a transaction support agreement (the "<u>TSA</u>").  Pursuant to the TSA, the Debtors propose to sell or dispose (collectively, the "<u>Sale Transaction(s)</u>," and each, a "<u>Sale</u>") all or substantially all of the Debtors' Assets (as defined herein) through a competitive bidding process designed to generate maximum value to the Debtors, their creditors, and the estates.

On February [__], 2024, the Court entered the *Order (I) Approving Bidding Procedures and Bid Protections, (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, and (VI) Authorizing the Sale of Assets*, [Docket No. [__]] (the "<u>Bidding Procedures Order</u>"),[2] by which the Court approved the following procedures (the "<u>Bidding Procedures</u>") setting forth the process by which the Debtors are authorized to solicit bids for and conduct an auction (the "<u>Auction</u>"), if any, and ultimately select a purchaser for the Sale of all or substantially all of the Debtors' Assets or any portion thereof.

Any Sale will be implemented pursuant to section 363 of the Bankruptcy Code or a chapter 11 plan of reorganization (as modified, amended, or supplemented from time to time, the "<u>Plan</u>").

---

Copies of the Bidding Procedures Order or any other documents in the Debtors' chapter 11 cases are available upon request to Kurtzman Carson Consultants LLC by calling (866) 967-0263 (toll free) or +1 (310) 751-2663 (international) or visiting the Debtors' restructuring website at www.kccllc.net/invitae.

---

## I.      Assets to be Auctioned.

The Debtors are seeking to sell all of their assets, or any portion thereof to the person or entity making the most value maximizing bid through the process outlined in these Bidding Procedures.  These assets include, but are not limited to, the Debtors' going-concern business, unexpired leases, executory contracts, equipment, inventory, supplies, intellectual property, insurance proceeds, prepaid expenses and deposits, and books and records, in each case, free and clear of all liens, claims, interests, or other encumbrances (collectively, the "<u>Assets</u>").

## II.     Public Announcement of Auction.

Within two (2) business days after entry of the Bidding Procedures Order, the Debtors shall serve on the parties that receive notice of this Motion (i) the Bidding Procedures Order and the Bidding Procedures and (ii) a notice setting forth (A) the date, time, and place of the Auction and the hearing to consider the approval of the Sale Transaction(s) and (B) the deadlines and

---

[2]     All capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Bidding Procedures Order.

procedures for objecting to the proposed Sale Transaction(s) in the form attached hereto as **Schedule 1** (the "Auction Notice").  Within three (3) business days after entry of the Bidding Procedures Order, the Debtors shall also publish the Auction Notice, with any modifications necessary for ease of publication, on one occasion in *The New York Times* (National Edition) to provide notice to any other potential interested parties, and (iii) post the Auction Notice on their case website, www.kccllc.net/invitae.  The Auction Notice shall include a complete list and general description of the Assets for sale.

III.   **Potential Bidder Requirements.**

To participate in the bidding process or otherwise be considered for any purpose hereunder, including to receive access to due diligence materials, a person or entity interested in purchasing the Assets or part of the Assets (a "Potential Bidder") must deliver or have previously delivered to the Debtors the following preliminary documentation (collectively, the "Preliminary Bid Documents"):

  a.   an executed confidentiality agreement (a "Confidentiality Agreement") in form and substance acceptable to the Debtors;

  b.   a statement of what portion of the Assets that the Potential Bidder intends to acquire;

  c.   sufficient information that the Potential Bidder has or can reasonably obtain the financial capacity to close a purchase of any portion, all, or substantially all of the Debtors' Assets, the adequacy of which must be acceptable to the Debtors, in consultation with the Consultation Parties;[3] and

  d.   a statement detailing whether the Potential Bidder is partnering with or otherwise working with any other interested party in connection with the potential submission of a joint Bid, the identity of any such party or parties, and a concise description of the nature of such partnership or joint Bid to the extent reasonably practicable.

The Debtors, in consultation with their advisors, and in consultation with Consultation Parties, will determine and notify each Potential Bidder whether such Potential Bidder has submitted adequate documents so that such Potential Bidder may proceed to conduct due diligence and submit a bid (such Potential Bidder, an "Acceptable Bidder"); *provided* that the rights of any statutory committees appointed in these cases to seek modification of the Bidding Procedures

---

[3]   "Consultation Parties" means the Required Holders and any statutory committee appointed in these cases; *provided, however*, that to the extent the Required Holders submit any Bid (including a Credit Bid that is either revocable or subject to amendment) for any Assets, such Required Holders shall not be a Consultation Party with respect to the evaluation and qualification of competing Bids for the Assets included in the Required Holders' Bid, or with respect to seeking and/or obtaining information about other Bids, but shall remain a Consultation Party for other purposes set forth in these Bidding Procedures and the Bidding Procedures Order.  Notwithstanding the forgoing, to the extent the Required Holders submit a Credit Bid that is both (i) irrevocable and (ii) not subject to amendment after the Bid Deadline or during the Auction, the Required Holders will remain a Consultation Party with respect to the evaluation and qualification of competing Bids for such Assets included in the Required Holders' Credit Bid.

Order in accordance with Local Rule 9013-5(e) are hereby reserved.

## IV.   Qualified Bid Requirements.

To participate in the Auction, an Acceptable Bidder must deliver to the Debtors and their advisors an irrevocable offer for the purchase of some or all of the Assets (each, a "Bid"), and shall meet the following criteria, in each case, on or prior to the Bid Deadline (as defined below):

a.   **Purchased Assets and Assumed Liabilities**:  Each Bid must clearly state the following:  (a) the particular Assets, or the portion thereof identified, with reasonable specificity to be purchased and/or liquidated or otherwise disposed of; (b) the liabilities and obligations to be assumed, including any debt and cure costs to be assumed; (c) any executory contracts (the "Executory Contracts") and any unexpired leases (the "Unexpired Leases") to be received by assignment, and (d) as applicable, whether the Acceptable Bidder intends to operate the Debtors' business as a going concern;

b.   **Good Faith Deposit**:  The Bid must be accompanied by a cash deposit in the amount equal to ten (10) percent of the aggregate purchase price of the Bid to be held in an interest-bearing escrow account to be identified and established by the Debtors (the "Good Faith Deposit").  To the extent that a Bid is modified at or prior to the Auction, the applicable Acceptable Bidder must adjust its Good Faith Deposit so that it equals ten (10) percent of the increased aggregate purchase price promptly and in no event later than one (1) business day following the conclusion of the Auction;

c.   **Purchase Price**:  Each Bid must (a) clearly set forth the purchase price to be paid, assuming a purchase of the applicable Assets and any assumption of liabilities (the "Purchase Price"), (b) identify separately the cash and non-cash components of the Purchase Price, and (c) indicate the allocation of the Purchase Price among the applicable Assets.  The Purchase Price should be a single point value in U.S. Dollars for the applicable Assets on a cash-free, debt-free basis.  Any Bid for substantially all of the Assets must also include a statement as to whether the Bid is conditioned on purchasing all Assets or whether the Qualified Bid should be viewed as a separate Bid for one or more sets of Assets.  The Debtors reserve the right, in consultation with the Consultation Parties, to ask any Acceptable Bidder to allocate the value ascribed to a Bid for any particular Asset and to inquire about any significant assumptions on which such valuations are based;

d.   **Sources of Financing**:  To the extent that the Bid is not accompanied by evidence of the Acceptable Bidder's capacity to consummate the Sale Transaction(s) set forth in its Bid with cash on hand, the Bid must include committed financing, documented to the Debtors' satisfaction, that demonstrates that the Acceptable Bidder has received sufficient debt and/or equity funding commitments to satisfy the Acceptable Bidder's obligations under the proposed Sale Transaction(s) and other obligations under its Bid; *provided* that the rights of any statutory committees appointed in these cases to seek modification of the Bidding Procedures Order in

4

accordance with Local Rule 9013-5(e) are hereby reserved.  Such funding commitments or other financing must be unconditional and must not be subject to any internal approvals, syndication requirements, diligence, or credit committee approvals, and shall have covenants and conditions acceptable to the Debtors;

e.   **Same or Better Terms; Bid Documents**:  Each Bid must include duly executed and non-contingent, where applicable, transaction documents necessary to effectuate the transactions contemplated in the Bid (the "<u>Bid Documents</u>").  The Bid Documents shall include: (a) a purchase agreement, based on a form that the Debtors shall make available to Acceptable Bidders via the Debtors' electronic data room pursuant to the due diligence process (the "<u>Form APA</u>"), duly executed by such bidder, containing only changes to the Form APA that are reasonably necessary to effectuate the Bid, (b) a schedule of Executory Contracts and Unexpired Leases to be assumed or rejected to the extent applicable to the Bid, (c) with respect to the form of purchase agreement, a redline of such agreement marked to reflect the amendments and modifications made to the Form APA, (d) any other material documents integral to such Bid, and (e) a statement from the Acceptable Bidder that (i) it is prepared to enter into and consummate the transactions contemplated in the Form APA, no later than ten (10) business days after the conclusion of the Auction, subject to any necessary regulatory approvals, as specified by the Acceptable Bidder (or, if no Auction is held, the deadline by which all binding Bids must be actually received pursuant to the Bidding Procedures (the "<u>Bid Deadline</u>")) and (ii) the Qualified Bid will be irrevocable (whether or not such Qualified Bid is selected as the highest or otherwise best bid to purchase the applicable Assets (each, a "<u>Successful Bid</u>") or next highest or otherwise best bid (the "<u>Back-Up Bid</u>") until the consummation of the Sale Transaction(s));

f.   **No Qualified Bidder Bid Protections**:  Unless such Qualified Bid is selected as a stalking horse bid (a "<u>Stalking Horse Bid</u>"), a Qualified Bid must include a statement that the bid does not entitle such bidder to any break-up fee, termination fee, expense reimbursement, or similar type of payment or reimbursement and a waiver of any substantial contribution administrative expense claim under section 503(b) of the Bankruptcy Code related to bidding for the applicable Assets;

g.   **Employee Obligations**:  Each Bid must indicate whether the Acceptable Bidder intends to hire all employees of the Debtors.  If the Acceptable Bidder does not intend to hire all employees of the Debtors, the Acceptable Bidder must include a description of the Acceptable Bidder's intentions with respect to the relevant members of the Debtors' current management team and other employees who are employed primarily in connection with the applicable Assets, and a description of any contemplated incentive plan, to the extent applicable;

h.   **Authorization**: Each Bid must contain evidence that the Acceptable Bidder has obtained all necessary authorizations or approvals from its shareholders and/or its board of managers or directors, or any other internal and other approvals, as

applicable, with respect to the submission of its Bid and the consummation of the transactions contemplated in such Bid;

i.    **Contingencies; No Financing or Diligence Outs**:  The Bid must not contain any contingencies as to the validity, effectiveness, or binding nature of the Bid, including, without limitation, contingencies for due diligence and inspection or financing of any kind (including any conditions pertaining to financial performance, conditions, or prospects) and all diligence must be completed before the Bid Deadline;

j.    **Identity**:  Each Bid must fully disclose the identity of each entity and each entity's shareholders, partners, investors, and ultimate controlling entities that will be bidding for or purchasing the applicable Assets or otherwise participating in connection with such Bid, including each equity holder or other financial backer of the bidder (including if such bidder is an entity formed for the purpose of consummating the transactions contemplated by such Bid), and the complete terms of any such participation, along with sufficient evidence that the Acceptable Bidder is legally empowered to complete the transactions on the terms contemplated by the parties.  Each Bid must also include contact information for the specific person(s) whom Moelis & Company LLC ("Moelis") and Kirkland & Ellis LLP should contact regarding such Bid;

k.    **As-Is, Where-Is**:   Each Bid must include a written acknowledgement and representation that the Acceptable Bidder:  (i) has had an opportunity to conduct any and all due diligence regarding the Sale Transaction(s) prior to making its offer; (ii) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the assets in making its Bid; (iii) did not rely on or receive from any person or entity (including any of the Debtors or their advisors or other representatives) any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise, regarding the completeness of any information provided in connection therewith or the Auction (if any), except as expressly stated in the Acceptable Bidder's purchase agreement; and (iv) did not engage in collusive conduct and acted in good faith in submitting its Bid;

l.    **Joint Bids and Merger Proposals**: The Debtors will be authorized to approve joint bids in their business judgment, including, but not limited to, any bids that contemplate acquiring equity or assets through a merger or similar transaction, including if a proposed bid contemplates additional financing from one or several participating parties, on a case by case basis, so long as such bid meets the Qualified Bid Requirements and the applicable bidders otherwise comply with these Bidding Procedures; *provided* that the rights of any statutory committees appointed in these cases to seek modification of the Bidding Procedures Order in accordance with Local Rule 9013-5(e) are hereby reserved;

m.    **Adequate Assurance of Future Performance**:  Each Bid must (i) identify the Executory Contracts and Unexpired Leases  to be assumed or assumed and assigned

in connection with the proposed Sale Transaction(s), (ii) provide for the payment of all cure amounts (the "<u>Cure Amounts</u>") related to such Executory Contracts and Unexpired Leases by the Acceptable Bidder, (iii) demonstrate, in the Debtors' business judgment, in consultation with the Consultation Parties, that the Acceptable Bidder can provide adequate assurance of future performance under all such Executory Contracts and Unexpired Leases sufficient to satisfy the requirements of sections 365(b)(3) and 365(f)(2)(B) of the Bankruptcy Code, and (iv) provide the following documentation:

    (i)    The proposed assignee (the "<u>Proposed Assignee</u>") and any guarantors, as applicable;

    (ii)    Financial statements for the calendar or fiscal years ended 2022 and 2023 for the Proposed Assignee and any guarantors, as applicable, and other financial information about the Proposed Assignee to demonstrate its ability to provide adequate assurance of future performance; and

    (iii)    Summary of the Proposed Assignee's proposed use of the premises;

n.    **Acknowledgement of Compliance with Bidding Procedures, Bidding Order, Bankruptcy Code, and Non-Bankruptcy Law:** Each Bid must acknowledge that is has complied, and will continue to comply, in all respects with these Bidding Procedures, the Bidding Procedures Order, the Bankruptcy Code, and any applicable non-bankruptcy law;

o.    **Privacy Policies.** The Acceptable Bidder must comply in all respects with the Debtors' consumer privacy practices, and each Bid must contain a statement acknowledging such compliance. For the avoidance of doubt, the Debtors, in connection with offering a product or a service, have not disclosed any policies prohibiting the transfer of personally identifiable information about individuals to persons that are not affiliated with the Debtors;

p.    **No Collusion**: The Acceptable Bidder must (a) acknowledge in writing that it has not engaged in any collusion with respect to any Bids or the Sale Transaction(s), specifying that it did not agree with any Acceptable Bidders or Potential Bidders to control price or otherwise with respect to any of the Assets or the Sale Transaction(s) and processes contemplated by the Bidding Procedures; and (b) agree not to engage in any collusion with respect to any Bids, the Auction, or the Sale Transaction(s). The Acceptable Bidder must further indicate if it has or intends to coordinate its bid, or otherwise bid with, any current or former member of the Debtors' or their affiliates' executive management or board of directors. For the avoidance of doubt, this requirement does not restrict Potential Bidder(s) from working with other Potential Bidder(s) with the Debtors' prior written consent (email shall suffice);

q.     **Good Faith Offer:**  The Bid must constitute a good faith, *bona fide* offer to consummate the Sale Transaction(s);

r.     **Irrevocable**:  Each Bid must state that in the event such Bid is chosen as the Back-Up Bid (as defined below), it shall remain irrevocable until the Debtors and the Successful Bidder consummate the applicable Sale Transaction(s);

s.     **Back-Up Bid**:  Each Bid shall provide that the Acceptable Bidder will serve as a Back-Up Bidder (as defined below) if the Acceptable Bidder's Bid is the next highest or otherwise best bid with respect to the applicable Assets;

t.     **Regulatory and Third-Party Approvals and Covenants**:  A Bid must set forth each regulatory and third-party approval, if any, required for the Acceptable Bidder to consummate the applicable Sale Transaction(s), the time period within which the Acceptable Bidder expects to receive such regulatory and third-party approvals, and those actions the Acceptable Bidder will take to ensure receipt of such approvals as promptly as possible;

u.     **Regulatory Forms and Covenants:**  Each Bid by an Acceptable Bidder must include the forms necessary for submission of regulatory approval (other than HSR and non-U.S. antitrust filings) of the Sale Transaction(s) (as applicable), including, for the avoidance of doubt, to the Office of Health Care Affordability pursuant to the California Health Care Quality and Affordability Act;

v.     **Expected Closing Date and Time Frame for Closing**:  Each Bid must state the Acceptable Bidder's expected date of closing of the Sale Transaction(s) (the "Closing") and must be reasonably likely (based on antitrust or other regulatory issues, experience, and other considerations) to be consummated, if selected as the Successful Bid, within a time frame acceptable to the Debtors in consultation with the Consultation Parties;

w.     **No Fees**:  Except to the extent the Acceptable Bidder is approved, prior to the Bid Deadline and in accordance with Bidding Procedures Order, to be eligible to receive (x) a break-up fee (the "Break-Up Fee") and/or (y) reimbursement of reasonable and documented out of pocket fees and expenses (the "Expense Reimbursement" and together with the Break-Up Fee, the "Bid Protections") in an aggregate amount for (x) and (y) combined not to exceed three (3) percent of the Purchase Price as a stalking horse bidder (a "Stalking Horse Bidder"), each Acceptable Bidder presenting a Bid or Bids will bear its own costs and expenses (including legal fees) in connection with the proposed transaction, and by submitting its Bid(s) is agreeing to disclaim any right to receive any payments or amounts analogous to a break-up fee, expense reimbursement, termination fee, or other similar form of compensation;

For the avoidance of doubt, each Acceptable Bidder by submitting its Bid is agreeing to refrain from and waive any assertion or request for reimbursement on any basis, including under section 503(b) of the Bankruptcy Code; *provided* that

8

the Debtors are authorized in their business judgment, with the consent of the Required Holders (not to be unreasonably withheld, delayed, or conditioned) and in consultation with any statutory committees appointed in these cases, to provide the Bid Protections to the Stalking Horse Bidder(s) in connection with any stalking horse agreement (a "Stalking Horse APA") in accordance with these Bidding Procedures; *provided further* that to the extent any Stalking Horse Bidder has submitted a credit bid (a "Credit Bid"), the Bid Protections shall not be permitted;

x.    **Adherence to Bidding Procedures**:  By submitting its Bid, each Acceptable Bidder is agreeing to abide by and honor the terms of these Bidding Procedures and agrees not to submit a Bid or seek to reopen the Auction after conclusion of the Auction;

y.    **Consent to Jurisdiction**:  The Acceptable Bidder must submit to the jurisdiction of the Court and waive any right to a jury trial in connection with any disputes relating to the Debtors' qualification of Bids, to the Auction, the Sale Transaction(s), and the construction and enforcement of these Bidding Procedures, preliminary bid documents, the Bids, the Bid Documents, and any and all other agreements entered into in connection with any proposed Sale Transaction(s), the Closing, and any other related matter; and

z.    **Conditions to Closing:** Each Bid must identify with particularity each and every condition to closing, including the Executory Contract and Unexpired Leases for which assumption and assignment is required.

Only Bids fulfilling all of the preceding requirements contained in this section as determined or otherwise waived in the Debtors' business judgment, with the consent of the Required Holders (not to be unreasonably withheld, delayed, or conditioned) and in consultation with any statutory committees appointed in these cases, may be deemed to be qualified bids (the "Qualified Bids"), and only those parties submitting Qualified Bids, in the Debtors' business judgment, with the consent of the Required Holders (not to be unreasonably withheld, delayed, or conditioned) and in consultation with any statutory committees appointed in these cases, may be deemed to be qualified bidder (the "Qualified Bidders").

Neither the Debtors nor any of their advisors are making or have at any time made, and no bidder, Potential Bidder, or Acceptable Bidder has relied, is relying, or shall rely on any warranties or representations of any kind or character, express or implied, with respect to the Assets, including, but not limited to, any warranties or representations as to operating history or projections, valuation, governmental approvals, the compliance of the Assets with governmental laws, the truth, accuracy, or completeness of any documents related to the Assets, or any other information provided by or on behalf of the Debtors to a bidder, or any other matter or thing regarding the Assets, except as expressly stated in the Acceptable Bidder's purchase agreement. All bidders must acknowledge and agree that upon closing the Debtors shall sell and transfer to the Successful Bidder and the Successful Bidder shall accept the applicable Assets to the extent expressly provided in the Bankruptcy Court's order approving the Sale Transaction(s).  Neither the Debtors nor any of their advisors will be liable for or bound by any express or implied warranties, guaranties, statements, representations, or information pertaining to the Assets or

relating thereto that the Debtors, any advisor, or agent representing or purporting to represent the Debtors to whomever might have made or furnished, directly or indirectly, orally or in writing, unless (with respect to the Debtors only) specifically set forth in the Bankruptcy Court's order approving the Sale Transaction(s).

There shall be no communications between or among Potential Bidders and/or Acceptable Bidders unless the Debtors' advisors have authorized such communication in writing. The Debtors reserve the right, in their business judgment, to disqualify any Potential Bidders or Acceptable Bidders that have communications between or amongst themselves without the prior authorization of the Debtors' advisors; *provided* that the rights of any statutory committees appointed in these cases to seek modification of the Bidding Procedures Order in accordance with Local Rule 9013-5(e) are hereby reserved. For the avoidance of doubt, the joining of Bids between Potential Bidders or Acceptable Bidders may be permitted by the Debtors in their business judgement.

As soon as practicable after the Bid Deadline and in any event prior to the Auction, the Debtors shall determine, with the consent of the Required Holders (not to be unreasonably withheld, delayed, or conditioned) and in consultation with any statutory committees appointed in these cases, which Acceptable Bidders, including Acceptable Bidders submitting Credits Bids pursuant to these Bidding Procedures, are Qualified Bidders and will notify the Acceptable Bidders whether the Bids, including any Credit Bids, submitted constitute Qualified Bids, which will enable such Qualified Bidders to participate in the Auction. Any Bid that is not deemed a Qualified Bid shall not be considered by the Debtors; *provided* that if the Debtors receive a Bid prior to the Bid Deadline that does not satisfy the requirements of a Qualified Bid, the Debtors may provide the Acceptable Bidder with the opportunity and work with the Acceptable Bidder to remedy any deficiencies prior to the Auction.

## V.    **Right to Credit Bid**

Any party that has a valid and perfected lien on any of the Assets (a "Secured Creditor") shall have the right to submit Credit Bids consisting of all or a portion of the value of such Secured Creditor's claims within the meaning of section 363(k) of the Bankruptcy Code by no later than the Bid Deadline; *provided* that a Secured Creditor shall have the right to Credit Bid its claim only with respect to the collateral by which such Secured Creditor claim is secured; *provided further* that if a Credit Bid is irrevocable and not subject to amendment after the Bid Deadline or during the Auction, such Secured Creditor will remain a Consultation Party, as applicable, with respect to the evaluation and qualification of competing Bids for such Assets included in such Secured Creditor's Credit Bid, or with respect to seeking and/or obtaining information about other Bids.

If a Credit Bid is revocable or subject to further amendment, the submitting Secured Creditor shall not be a Consultation Party, as applicable, with respect to the evaluation and qualification of competing Bids for such Assets included in the Secured Creditor's Credit Bid, or with respect to seeking and/or obtaining information about other Bids, but shall remain a Consultation Party for other purposes set forth in these Bidding Procedures and the Bidding Procedures Order.

Any Credit Bid made by a Secured Creditor will be deemed to be a cash Bid solely for purposes of the Debtors' evaluation of Bids (including the Debtors' evaluation of Qualified Bids

and Subsequent Bids).  Any Secured Creditor shall be deemed to be an Acceptable Bidder, shall be deemed to have submitted a Qualified Bid, and may participate in any Auction with respect to any assets constituting collateral of such Secured Creditor without the requirement to submit a Good Faith Deposit or any Bid Documents other than a marked form of the Form APA; *provided* that any such Credit Bid must be submitted no later than the Bid Deadline; *provided further* that no other party other than the Prepetition Secured Parties (as defined in the Cash Collateral Order) may Credit Bid on the Collateral (as defined in the Cash Collateral Order) unless the entire amount of the Prepetition Secured Indebtedness (as defined in the Cash Collateral Order) will be paid in full in cash on the closing of such credit bid transaction.  No Secured Creditor submitting a Credit Bid shall be required to submit a Good Faith Deposit or any Bid Documents other than a marked form of the Form APA.

## VI.  <u>Obtaining Due Diligence Access.</u>

Only Acceptable Bidders shall be eligible to receive due diligence information, access to the Debtors' electronic data room, and additional non-public information regarding the Debtors. ***No Acceptable Bidder will be permitted to conduct any due diligence without entry into a Confidentiality Agreement***.  Beginning on the date the Debtors determine that a party is an Acceptable Bidder, or as soon as reasonably practicable thereafter, the Debtors will provide such Acceptable Bidder with access to an electronic data room and reasonable due diligence information, as requested by such Acceptable Bidder, as soon as reasonably practicable after such request.  The Debtors shall post substantially all written due diligence provided to any Acceptable Bidder to the Debtors' electronic data room for the benefit of all Acceptable Bidders, subject to the further provisions below.

Acceptable Bidders will not, directly, or indirectly, contact or initiate or engage in discussions in respect of matters relating to the Debtors or a potential transaction with any customer, supplier, or other contractual counterparty of the Debtors without the prior written consent of the Debtors.  The due diligence period will end on the Bid Deadline and subsequent to the Bid Deadline the Debtors shall have no obligation to furnish any due diligence information.

In connection with the provision of due diligence information to Acceptable Bidders, the Debtors shall not furnish any confidential information relating to the Debtors or a potential transaction to any person except an Acceptable Bidder or such Acceptable Bidder's duly authorized representatives to the extent provided in an applicable Confidentiality Agreement.

The Debtors and their advisors shall coordinate all reasonable requests for additional information and due diligence access from Acceptable Bidders; *provided* that the Debtors may decline to provide such information to Acceptable Bidders who, in the Debtors' business judgment have not established, or who have raised doubt, that such Acceptable Bidders intend in good faith to, or have the capacity to, consummate a Sale Transaction(s); *provided further* that the rights of any statutory committees appointed in these cases to seek modification of the Bidding Procedures Order in accordance with Local Rule 9013-5(e) are hereby reserved.  For any bidder who is a competitor or customer of the Debtors or is affiliated with any competitors or customers of the Debtors, or otherwise presents a *bona fide* competitive or strategic concern, the Debtors reserve the right, in consultation with the Consultation Parties, to withhold or modify any diligence materials that the Debtors determine are business-sensitive or otherwise inappropriate for

disclosure to such bidder.

The Debtors shall provide the Consultation Parties periodic updates regarding the activity of each Acceptable Bidder in the electronic data room in a form and frequency mutually acceptable to the Debtors and the Consultation Parties; *provided* that the Debtors shall cooperate in good faith to provide any such information reasonably requested by the Consultation Parties.

### A. Communications with Acceptable Bidders (including Qualified Bidders).

Notwithstanding anything to the contrary in these Bidding Procedures, all substantive direct communications, including any diligence requests, with Acceptable Bidders (including any Qualified Bidders) shall be through Moelis.

### B. Due Diligence from Acceptable Bidders (including Qualified Bidders).

Each Acceptable Bidder (including any Qualified Bidder) shall comply with all reasonable requests for additional information and due diligence access requested by the Debtors or their advisors and their respective advisors, regarding the ability of such Acceptable Bidder (including any Qualified Bidder) to consummate its contemplated transaction. Failure by an Acceptable Bidder (including any Qualified Bidder, other than the Stalking Horse Bidder, if any) to comply with such reasonable requests for additional information and due diligence access may be a basis for the Debtors, to determine that such bidder is no longer an Acceptable Bidder (including any Qualified Bidder, other than the Stalking Horse Bidder, if any) or that a bid made by such bidder is not a Qualified Bid.

> **Barak Klein, Andrew Swift, and Amy Chen at Moelis shall coordinate all requests for additional information and due diligence access on behalf of the Debtors. They can be reached at barak.klein@moelis.com, andrew.swift@moelis.com, and amy.chen@moelis.com.**

## VII.   Bid Deadline.

Binding Bids must be submitted in writing to the following parties (the "Bid Notice Parties") so as to be **actually received** no later than 4:00 p.m., prevailing Eastern Time, on April 10, 2024 (the "Bid Deadline").

(i)     proposed co- counsel to the Debtors, (A) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Nicole L. Greenblatt, P.C. (nicole.greenblatt@kirkland.com), Francis Petrie, (francis.petrie@kirkland.com), and Nikki Gavey (nikki.gavey@kirkland.com) and Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn.: Spencer A. Winters, P.C. (spencer.winters@kirkland.com) and (B) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn.: Michael D. Sirota (msirota@coleschotz.com); Warren A. Usatine (wusatine@coleschotz.com); Felice R. Yudkin (fyudkin@coleschotz.com); and Daniel J. Harris (dharris@coleschotz.com); and

(ii)   the Debtors' proposed investment banker, Moelis & Company LLC, 399 Park Avenue, 5th Floor, New York, NY 10022, Attn: Barak Klein (barak.klein@moelis.com), Andrew Swift (andrew.swift@moelis.com), and Amy Chen (amy.chen@moelis.com).

The Debtors may extend the Bid Deadline for any reason whatsoever, in their business judgment and in consultation with the Consultation Parties, for all or certain Acceptable Bidders.

## VIII.   <u>Evaluation of Qualified Bids.</u>

The Debtors shall, with the consent of the Required Holders (not to be unreasonably withheld, delayed, or conditioned) and in consultation with any statutory committees appointed in these cases, evaluate Qualified Bids and identify the Qualified Bid that is, in the Debtors' business judgment, the highest or otherwise best Qualified Bid or combination of Qualified Bids for any Assets (the "<u>Starting Bid</u>"). The Debtors shall promptly provide to the Consultation Parties copies of all Bids received by the Debtors, including the Starting Bid; *provided* that the Consultation Parties must treat such Bids and any related information as confidential and shall not publicly disclose such information without the written consent of the Debtors and the applicable bidder.

When determining the highest or otherwise best Qualified Bid, as compared to other Qualified Bids, the Debtors may consider the following factors, in addition to any other factors that the Debtors deem appropriate:  (a) the amount and nature of the total consideration; (b) the likelihood of the Qualified Bidder's ability to close a transaction and the timing thereof; (c) the net economic effect of any changes to the value to be received by each of the Debtors' estates from the transaction contemplated by the Bid Documents; (d) the Debtors' regulatory requirements, and (e) the tax consequences of such Qualified Bid; (f) whether the Qualified Bid contemplates a Sale Transaction that would be consummated through a Plan or a sale pursuant to section 363 of the Bankruptcy Code; (g) the certainty of a Qualified Bid leading to a confirmed Plan; and (h) any other consideration that may impact the Debtors' stakeholders; *provided* that the rights of any statutory committees appointed in these cases to seek modification of the Bidding Procedures Order in accordance with Local Rule 9013-5(e) are hereby reserved. Prior to commencing the Auction, the Debtors shall notify the Stalking Horse Bidder, if any, and all Qualified Bidders as to which Qualified Bid is the Starting Bid for the Auction with respect to the applicable Assets. At such time, the Debtors shall also distribute copies of the Starting Bid to the Stalking Horse Bidder, if any, and each Qualified Bidder.

## IX.   <u>Bid Protections.</u>

Pursuant to the Bidding Procedures Order, a Stalking Horse Bidder, if any, that has not submitted a Credit Bid, is entitled to the Bid Protections in the amounts set forth herein, and in accordance with the terms of the Bidding Procedures Order.

In the event that the Debtors receive multiple Qualified Bids, with respect to any Assets, at any time until March 29, 2024, at 4:00 p.m., prevailing Eastern Time, the Debtors shall be authorized, but not obligated, in an exercise of their business judgment, with the consent of the Required Holders (not to be unreasonably withheld, delayed, or conditioned) and in consultation with any statutory committee appointed in these cases, to (a) select one or more Acceptable Bidders

to act as the Stalking Horse Bidder in connection with the Auction for such assets, and (b) in connection with any Stalking Horse APA with a Stalking Horse Bidder, (x) provide a break-up fee and (y) agree to reimburse the reasonable and documented out of pocket fees and expenses not to exceed (i) three (3) percent of the Purchase Price with respect to the foregoing clauses (x) and (y) in the aggregate.  Any such Bid Protections are authorized pursuant to the Bidding Procedures Order.

In the event that the Debtors, with the consent of the Required Holders (not to be unreasonably withheld, delayed, or conditioned) and in consultation with any statutory committee appointed in these cases, enter into a Stalking Horse APA with one or more Stalking Horse Bidders, within two (2) business days of entry, the Debtors shall file a notice and proposed form of order with the Court (the "Stalking Horse Notice") and serve the Stalking Horse Notice on the Stalking Horse Bidder, the U.S. Trustee, and the Consultation Parties.  The Stalking Horse Notice shall:  (i) set forth the identity of the Stalking Horse Bidder (and if the Stalking Horse Bidder is a newly formed entity, then the Stalking Horse Bidder's parent company or sponsor); (ii) set forth the amount of the Stalking Horse Bid and what portion (if any) is cash; (iii) state whether the Stalking Horse Bidder has any connection to the Debtors other than those that arise from the Stalking Horse Bid; (iv) specify any proposed Bid Protections (including the amount and calculation thereof); (v) attach the Stalking Horse APA, including all exhibits, schedules and attachments thereto; (vi) specify the Assets to which the Stalking Horse Bid relates; and (vii) sets forth the deadline to object to the Stalking Horse Bidder designation and any Bid Protections.  If there are no objections to the Stalking Horse Notice within five (5) days of filing with the Court, (the "Notice Period"), the Debtors may submit an order to the Court that incorporates any comments received during the Notice Period that authorizes the Debtors to designate a Stalking Horse Bidder and to enter into a Stalking Horse APA, without the need for further hearing.  If a party files an objection to the Stalking Horse Notice, the Court shall hold a hearing after the expiration of the Notice Period and as soon thereafter as the Court is available.

Upon entry of the order approving the designation of a Stalking Horse Bidder and Stalking Horse APA, the Debtors are authorized to incur and pay the Bid Protections to each Stalking Horse Bidder in accordance with the terms of the Stalking Horse APA.

Except as otherwise set forth herein, no person or entity, other than a Stalking Horse Bidder that has not submitted a Credit Bid, shall be entitled to any expense reimbursement, breakup fees, "topping," termination, or other similar fee or payment, and by submitting a bid, such person or entity is deemed to have waived their right to request or to file with this Court any request for expense reimbursement or any fee of any nature, whether by virtue of Bankruptcy Code section 503(b) or otherwise.

## X.    **No Qualified Bids.**

If no Qualified Bids other than a Bid submitted by a Stalking Horse Bidder, if any, are received for the Assets included in such Stalking Horse Bid by the applicable Bid Deadline, then the Debtors may cancel the Auction with respect to such Assets in consultation with the Required Holders; *provided* that the rights of any statutory committees appointed in these cases to seek modification of the Bidding Procedures Order in accordance with Local Rule 9013-5(e) are hereby reserved.  If any Stalking Horse Bid is the only Qualified Bid received by the applicable Bid

Deadline, the Debtors may decide, in their business judgment, and in consultation with the Consultation Parties, to designate such Stalking Horse Bid as the Successful Bid as to the applicable Assets and pursue entry of an order approving a Sale Transaction(s) with respect to such Assets to the Stalking Horse Bidder pursuant to the Stalking Horse APA. The Debtors shall promptly file notice of any cancellation of the Auction and/or designation of the Stalking Horse Bid, where applicable, as the Successful Bid with the Court.

## XI.    <u>Auction.</u>

Other than as expressly set forth herein, if the Debtors receive more than one Qualified Bid for any particular Asset or portion of Assets by the Bid Deadline, the Debtors shall conduct an Auction to determine the Successful Bidder (or Back-Up Bidder, as applicable) in their business judgment with respect to such Assets or portion of Assets in accordance with the Auction Procedures in consultation with the Consultation Parties. If the Debtors do not receive a Qualified Bid for any particular Asset by the applicable Bid Deadline, the Debtors will not conduct an Auction with respect to such Asset.

If the Debtors determine, with the consent of the Required Holders (not to be unreasonably withheld, delayed, or conditioned) and in consultation with any statutory committees appointed in these cases, that they have received no Qualified Bids other than any Stalking Horse Bid(s) or they have received only a single Qualified Bid, then the Auction will not occur, and the Stalking Horse Bid(s) or the Qualified Bid will be deemed to be the Successful Bid(s) for the Assets to which such Stalking Horse Bid(s) relate. The Debtors shall file a notice with the Court within one (1) business day of making such a determination.

The Auction, if necessary, shall commence on Wednesday, April 17, 2024, at 10:00 a.m., prevailing Eastern Time, or such other time or other place as the Debtors determine in consultation with the Consultation Parties.

The Auction will be conducted in accordance with the following procedures (the "<u>Auction Procedures</u>"); *provided* that the rights of any statutory committees appointed in these cases to seek modification of the Bidding Procedures Order in accordance with Local Rule 9013-5(e) are hereby reserved:

    a.      only Qualified Bidders may participate in or make subsequent Bids at the Auction;

    b.      only the Debtors, Qualified Bidders, the Consultation Parties, the U.S. Trustee, and such parties' representatives and advisors may attend the Auction; *provided* that Qualified Bidders may appear through a duly authorized representative (other than their counsel) bearing a valid and enforceable power of attorney or other written proof evidencing their ability to bind the applicable Qualified Bidder, which document(s) shall be delivered to the Debtors prior to the commencement of the Auction;

    c.      the Debtors, with the assistance of their advisors, shall direct and preside over any Auction;

d.      at the commencement of the Auction, the Debtors may announce modified or additional procedures for conducting the Auction and related rules governing the Auction, including time periods available to all Qualified Bidders to submit successive bid(s), or otherwise modify the Bidding Procedures, in each case in consultation with the Consultation Parties; *provided* that material modifications to the Auction Procedures may only be made with the consent of the Required Holders (not to be unreasonably withheld, delayed, or conditioned);

e.      bidding shall begin with the Starting Bid;

f.      subsequent bids (each, an "Overbid") may only be made at the Auction and shall be at least (i) a two (2) percent increase in cash, cash equivalents, or other such consideration that the Debtors, in their business judgment, with the consent of the Required Holders (not to be unreasonably withheld, delayed, or conditioned) and in consultation with any statutory committees appointed in these cases, deem equivalent over the previous bid *plus* (ii) solely with respect to the first Overbid made by a party in the event that the Debtors have entered into a Stalking Horse APA, except with respect to any Overbid made by the Stalking Horse Bidder, if any, with respect to the Assets to which the Overbid relates, the aggregate amount of Bid Protections under such Stalking Horse APA (a "Minimum Overbid"), and each successive Overbid shall exceed the then-existing Overbid by an incremental amount that is not less than the Minimum Overbid.  The Debtors may, in their business judgment and in consultation with the Consultation Parties announce increases or reductions to the Minimum Overbid at any time during any Auction. For the avoidance of doubt, each successive Bid that a Qualified Bidder may submit at any Auction must contain a Purchase Price in cash, cash equivalents, or such other consideration that the Debtors, in their business judgment, with the consent of the Required Holders (not to be unreasonably withheld, delayed, or conditioned) and in consultation with any statutory committees appointed in these cases, deem equivalent that exceeds the then-existing highest Bid by at least the amount of the Minimum Overbid;

g.      each Qualified Bidder will be permitted a reasonable time to respond to previous bids at the Auction, as determined by the Debtors;

h.      during the course of the Auction, the Debtors shall, after submission of each Overbid, promptly inform each Qualified Bidder of the terms of such Overbid and inform each Qualified Bidder whether such Overbid reflects, in the Debtors' view, in consultation with the Consultation Parties, the then highest or otherwise best bid(s) for the applicable Assets;

i.      to remain eligible to participate in the Auction, in each round of bidding, each Qualified Bidder must submit an Overbid with respect to such round of bidding and to the extent a Qualified Bidder fails to submit an Overbid with respect to such round of bidding, such Qualified Bidder shall be disqualified from continuing to participate in the Auction; *provided* that the Debtors may waive such requirement in their business judgment in consultation with the Consultation Parties;

16

j.      the Auction will be transcribed to ensure an accurate recording of the bidding at the Auction;

k.      each Qualified Bidder will be required to confirm on the record that it has not engaged, and will not engage, in any collusion with respect to the bidding or any Sale Transaction(s).  For the avoidance of doubt, this requirement does not restrict Qualified Bidder(s) from working with other Qualified Bidder(s) with the Debtors' prior written consent;

l.      each Qualified Bidder will be required to confirm on the record that its bid is a good faith, *bona fide* offer and it intends to consummate the Sale Transaction(s) if selected as the Successful Bid in accordance with these Bidding Procedures (as may be modified in accordance herewith at the Auction);

m.      subject to each Debtor's fiduciary obligations, including as set forth herein, the Court and the Debtors will not consider bids made after the Auction has been closed;

n.      the Debtors, in their business judgment with the consent of the Required Holders (not to be unreasonably withheld, delayed, or conditioned) and in consultation with any statutory committees appointed in these cases, may (a) determine which Qualified Bid is the highest or otherwise best offer, (b) reject, at any time before entry of an order of the Court approving a Successful Bid, any Bid that the Debtors determine is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of the Sale Transaction(s), or (iii) contrary to the best interests of the Debtors, their estates, their creditors, and other stakeholders and (c) impose such other terms and conditions upon Qualified Bidders as the Debtors determine to be in the best interests of the Debtors' estates in these chapter 11 cases;

o.      the Debtors have the right to request any additional information that will allow the Debtors to make a reasonable determination as to a Qualified Bidder's financial and other capabilities to consummate the transactions contemplated by their proposal and any further information that the Debtors believe is reasonably necessary to clarify and evaluate any Bid made by a Qualified Bidder during the Auction; *provided* that the rights of any statutory committees appointed in these cases to seek modification of the Bidding Procedures Order in accordance with Local Rule 9013-5(e) are hereby reserved;

p.      the Debtors reserve the right, in their business judgment in consultation with the Consultation Parties, to adjourn the Auction one or more times to, among other things, (a) facilitate discussions between the Debtors and Qualified Bidders, (b) allow Qualified Bidders the opportunity to consider how they wish to proceed, and (c) provide Qualified Bidders the opportunity to provide the Debtors with such additional evidence as the Debtors, in their business judgment, may require that the Qualified Bidder has sufficient internal resources or has received sufficient non-

contingent debt and/or equity funding commitments to consummate the proposed transaction at the prevailing amount;

q.     notwithstanding anything herein to the contrary, the Debtors may, in consultation with the Consultation Parties, at any time choose to adjourn the Auction by announcement at the Auction.  The Debtors shall promptly file notice of such adjournment with the Court; and

r.     the Debtors, in consultation with the Consultation Parties, reserve the right to further amend, waive, or otherwise modify the Auction Procedures at any time.

For the avoidance of doubt, nothing in the Auction Procedures will prevent the Debtors from exercising their respective fiduciary duties under applicable law (as reasonably determined in good faith by the Debtors, in consultation with counsel).

## XII.    Acceptance of the Successful Bid.

The Auction shall continue until (i) there is only one Qualified Bid or a combination of Qualified Bids that the Debtors determine, in their business judgment, with the consent of the Required Holders (not to be unreasonably withheld, delayed or conditioned) and in consultation with any statutory committees appointed in these cases, and in a manner consistent with the exercise of their fiduciary duties and outlined below in further detail, is the highest or otherwise best Bid to purchase the applicable Assets (each, a "Successful Bid"), and (ii) the Debtors determine, in their business judgment in consultation with the Consultation Parties, that further bidding is unlikely to result in a different Successful Bid or Successful Bids that would be reasonably acceptable to the Debtors, at which point, the Auction will be closed.

When determining the highest or otherwise best Qualified Bid, as compared to other Qualified Bids, the Debtors, in consultation with the Consultation Parties, may consider the following factors in addition to any other factors that the Debtors deem appropriate: (a) the amount and nature of the total consideration, which includes but is not limited to, assumed liabilities (administrative liabilities, cure payments), and the amount of Executory Contracts and Unexpired Leases; (b) the likelihood of the Qualified Bidder's ability to close a transaction and the timing thereof; (c) the net economic effect of any changes to the value to be received by each of the Debtors' estates from the transaction contemplated by the Bid Documents; (d) the Debtors' regulatory requirements; (e) the tax consequences of such Qualified Bid; (f) whether the Qualified Bid contemplates a Sale Transaction(s) that would be consummated through a Plan or a sale pursuant to section 363 of the Bankruptcy Code; (g) the certainty of a Qualified Bid leading to a confirmed Plan; and (h) any other consideration that may impact the Debtors' stakeholders.

Any Qualified Bidder that submits a Successful Bid will be deemed a successful bidder (the "Successful Bidder") with respect to the Assets contemplated for the purchase pursuant to such Successful Bid.  The Debtors shall file notice of the Successful Bid and the Successful Bidder with the Court within two (2) business days after conclusion of the Auction.  Following conclusion of the Auction (if any) and selection of a Successful Bidder, the Debtors shall present the results of the Auction (if any) at the Sale Hearing and shall seek Court approval to enter into a binding purchase agreement with the Successful Bidder on the terms of the Successful Bid (the order

18

approving such entry, the "Definitive Purchase Agreement Order").  For the avoidance of doubt, the Definitive Purchase Agreement Order shall deem the Debtors' selection of the Successful Bid final and, subject to the designation of the Back-Up Bid, the Debtors shall not solicit and /or accept any further bids or offers to submit a bid after such selection; *provided* that, notwithstanding anything to the contrary in these Bidding Procedures, nothing in these Bidding Procedures shall require the board of directors, board of managers, or such similar governing body of any Debtor to take or refrain from taking any action that the Debtors determined in good faith, in consultation with counsel, would be inconsistent with applicable law or its fiduciary obligations under applicable law.

Within one (1) business day of the selection of the Successful Bidder, such Successful Bidder (including both the Stalking Horse Bidder, if any, and Back-Up Bidder, if applicable) shall make a cash deposit, in addition to its Good Faith Deposit, in an amount calculated on the basis of the increased aggregate purchase price, submitted by wire transfer of immediately available funds to an escrow account to be identified and established by the Debtors pursuant to a customary and reasonable escrow agreement.  Each Successful Bidder and the Debtors shall, as soon as reasonably practicable, complete and sign all agreements, contracts, instruments, or other documents evidencing and containing the terms upon which each such Successful Bid was made.

## XIII.  Designation of Back-Up Bidder.

The Back-Up Bid to purchase any applicable Assets (the "Back-Up Bidder") will be determined by the Debtors with the consent of the Required Holders (not to be unreasonably withheld, delayed, or conditioned) and in consultation with any statutory committees appointed in these cases at the conclusion of the Auction and will be announced at that time to all the Qualified Bidders participating in the Auction.  The Debtors' selection of a Back-Up Bid shall be deemed final, and the Debtors shall not accept any further bids or offers to submit a bid after such selection; *provided* that, notwithstanding anything to the contrary in these Bidding Procedures, nothing in these Bidding Procedures shall require the board of directors, board of managers, or such similar governing body of any Debtor to take or refrain from taking any action that the Debtors determined in good faith, in consultation with counsel, would be inconsistent with applicable law or its fiduciary obligations under applicable law.  The Debtors will be authorized, but not required, to consummate the Sale Transaction(s) with the Back-Up Bidder without further order of the Court, so long as such Back-Up Bid shall have been approved in connection with the Court's approval of the Successful Bid, or subject to Court approval if not.

If for any reason a Successful Bidder fails to consummate the purchase of such assets within the time permitted, then the Back-Up Bidder will automatically be deemed to have submitted the Successful Bid for such assets, and the Back-Up Bidder shall be deemed a Successful Bidder for such assets and shall be required to consummate any Sale Transaction(s) with the Debtors as soon as is reasonably practicable without further order of the Court, upon twenty-four (24) hours advance notice filed with the Court.  To the extent any objections are raised and remain unresolved, the Court may schedule a hearing on an expedited basis to adjudicate such objection.

The Back-Up Bid shall remain open and irrevocable until the earliest to occur of (i) ninety (90) days following the hearing to consider the applicable order approving the Sale Transaction(s)

(the "Sale Order"), (ii) consummation of a Sale Transaction(s) with one or more Successful Bidders at an Auction, and (iii) the release of such Back-Up Bid by the Debtors in writing (the "Back-Up Termination Date"); *provided* that the Back-Up Termination Date shall be subject to the terms and conditions set forth in the Stalking Horse APA.  The Debtors shall return the Back-Up Bidder's deposit owed within five (5) business days of the Back-Up Termination Date.

## XIV.    Approval of the Sale Transaction(s).

A hearing to consider approval of each Sale Transaction(s) (the "Sale Hearing"), is currently scheduled to take place on May 6, 2024, at 10:00 a.m., prevailing Eastern Time, before the Honorable Chief Judge Kaplan, at the United States Bankruptcy Court for the District of New Jersey, Trenton, New Jersey 08608, or conducted consistent with the procedures established pursuant to the Court's standing orders.

At the Sale Hearing, certain findings will be sought from the Court regarding the Auction, including, among other things, that:  (i) the Auction was conducted, and the Successful Bidder was selected, in accordance with the Bidding Procedures; (ii) the Auction was fair in substance and procedure; (iii) the Successful Bid was a Qualified Bid as defined in the Bidding Procedures; and (iv) consummation of any Sale Transaction(s) as contemplated by the Successful Bid in the Auction will provide the highest or otherwise best offer for the applicable Assets and is in the best interests of the Debtors and their estates.  **The Sale Hearing may be continued to a later date by the Debtors, in consultation with the Consultation Parties, by sending notice to creditors or other parties in interest prior to, or making an announcement at, the Sale Hearing.  No further notice of any such continuance will be required to be provided to any party (including the Stalking Horse Bidder, if any).   The Sale Hearing may be the confirmation hearing with respect to the Debtors' Plan.**

**Objections to the Sale Transaction(s) and the Sale Order must:  (i) be in writing and specify the nature of such objection; (ii) comply with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and all orders of the Court; and (iii) be filed with the Court and served so as to be <u>actually received</u> by the Debtors, the Bid Notice Parties, and the foregoing parties' respective counsel by April 29, 2024, at 4:00 p.m., prevailing Eastern Time.**

## XV.    Return of Good Faith Deposit.

The Good Faith Deposit(s) of the Successful Bidder or Successful Bidders, if any, will, upon consummation of the Successful Bid or Successful Bids, become property of the Debtors' estates and be credited to the portion of such Successful Bidder's or Successful Bidders' applicable Purchase Price.

If the Successful Bidder or Successful Bidders (or Back-Up Bidder or Back-Up Bidders, if applicable), if any, fails to consummate the Successful Bid or Successful Bids (or Back-Up Bid or Back-Up Bids, if applicable), then the Good Faith Deposit(s) of such Successful Bidder or Successful Bidders (or Back-Up Bidder or Back-Up Bidders, if applicable) will be irrevocably forfeited to the Debtors and may be retained by the Debtors as liquidated damages, in addition to any and all rights, remedies, or causes of action that may be available to the Debtors.

The Good Faith Deposits of any unsuccessful Qualified Bidders (except for any Back-Up Bidder or Back-Up Bidders and any Stalking Horse Bidders) will be returned within five (5) business days after consummation of the applicable Sale Transaction(s) or upon the permanent withdrawal of the applicable proposed Sale Transaction(s).

The Good Faith Deposit(s) of any Back-Up Bidder or Back-Up Bidders, if any, will be returned to such Back-Up Bidder or Back-Up Bidders no later than five (5) business days of the Back-Up Termination Date.

The return of any Good Faith Deposits of any Stalking Horse Bidders will be subject to the terms of the applicable Stalking Horse APA.  All such Good Faith Deposits shall be held in escrow and at no time shall be deemed property of the Debtors' estates absent further order of the Court.

## XVI.    Reservation of Rights.

The Debtors shall be entitled to modify these Bidding Procedures in their business judgment and in a manner consistent with the exercise of their fiduciary duties, with the consent of the Required Holders (not to be unreasonably withheld, delayed, or conditioned) and in consultation with any statutory committees appointed in these cases, in any manner that will best promote the goals of the bidding process or the Bidding Procedures, or impose, at or before the Auction (if held), additional customary terms and conditions on the sale of the applicable Assets, including, without limitation:  (i) extending the deadlines set forth in the Bidding Procedures; (ii) adjourning the Auction; (iii) adding procedural rules that are reasonably necessary or advisable under the circumstances for conducting the Auction (if held); (iv) canceling the Auction; (v) rejecting any or all Bids or Qualified Bids; and (vi) adjusting the applicable minimum Overbid increment.

All parties expressly reserve all of their rights (and do not waive any such rights) to seek Court relief with regard to the Auction, the Bidding Procedures, the Sale Transaction(s), and any related items (including, if necessary, to seek an extension of the Bid Deadline).

Each reference in these Bidding Procedures and the Bidding Procedures Order to the Debtors' "consultation" (or similar phrase) with the Consultation Parties in connection with making a determination or taking an action shall mean consultation in good faith and in a reasonably timely manner under the circumstances prior to making such determination or taking such action. All Consultation Parties will be permitted to seek relief from the Bankruptcy Court, on an expedited basis, if they disagree with any actions or decisions made by the Debtors as part of these Bidding Procedures.

## XVII.    Consent to Jurisdiction.

All Qualified Bidders at the Auction shall be deemed to have consented to the core jurisdiction of the Court and waived any right to a jury trial in connection with any disputes relating to the Auction, the Sale, the Sale Transaction(s) and the construction and enforcement of these Bidding Procedures, any written indications of interest, Preliminary Bid Documents, the Bids, the Bid Documents, and any and all other agreements entered into in connection with any proposed Sale Transaction(s), as applicable, and consented to the entry of a final order or judgment in any

way related to these Bidding Procedures, the bid process, the Auction, the Sale Hearing, or the construction and enforcement of any agreement or any other document relating to the Sale any Sale Transaction(s) if it is determined that the Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the parties.

Any parties raising a dispute relating to these Bidding Procedures must request that such dispute be heard by the Court on an expedited basis.

## XVIII.  Fiduciary Out.

Notwithstanding anything to the contrary in these Bidding Procedures or any document filed with or entered by the Court, nothing in these Bidding Procedures or the Bidding Procedures Order shall require a Debtor or its board of directors, board of managers, or similar governing body of a Debtor, or special committee of any board of any Debtor, to take any action or to refrain from taking any action related to any sale transaction(s) or with respect to these Bidding Procedures, to the extent such Debtor, board of director, board of managers, or such similar governing body determines in good faith, in consultation with counsel, that taking or failing to take such action, as applicable, would be inconsistent with applicable law or its fiduciary obligations under applicable law.

Further, notwithstanding anything to the contrary in these Bidding Procedures, the Bidding Procedures Order, or any document filed with or entered by the Court, through the date of the Auction (if held), nothing in these Bidding Procedures or the Bidding Procedures Order shall diminish the right of the Debtors and their respective directors, officers, managers, employees, investment bankers, attorneys, accountants, consultants, and other advisors or representatives to: (a) consider, respond to, and facilitate alternate proposals for sales or other transactions involving any or all of the Assets (each an "Alternate Proposal"); (b) provide access to non-public information concerning the Debtors to any entity or enter into confidentiality agreements or nondisclosure agreements with any entity with respect to Alternative Proposals; (c) maintain or continue discussions or negotiations with respect to Alternate Proposals; (d) otherwise cooperate with, assist, participate in, or facilitate any inquiries, proposals, discussions, or negotiations of Alternate Proposals; and (e) enter into or continue discussions or negotiations with any person or entity regarding any Alternate Proposal; *provided* that if any Debtor decides to pursue an Alternate Proposal, then such Debtor shall, on a professional eyes only basis (x) provide counsel to the Consultation Parties a copy of any written offer or proposal (and notice and a description of any oral offer or proposal) within three (3) Business Days of the Debtors' determination to pursue such Alternate Proposal, (y) provide information to the foregoing advisors regarding any discussions relating to such Alternate Proposal as necessary to keep counsel to the Consultation Parties reasonably informed as to the status and substance of such discussions, and (z) respond promptly to reasonable information requests and questions from counsel to the Consultation Parties relating to such Alternate Proposal.

## Schedule 1

**Auction Notice**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Nicole L. Greenblatt, P.C. (*pro hac vice* pending)
Francis Petrie (*pro hac vice* pending)
Jeffrey Goldfine (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
nicole.greenblatt@kirkland.com
francis.petrie@kirkland.com
jeffrey.goldfine@kirkland.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Spencer A. Winters, P.C. (*pro hac vice* pending)
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
spencer.winters@kirkland.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Daniel J. Harris, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| INVITAE CORPORATION, *et al.*, | Case No. 24-11362 (MBK) |
| Debtors.[1] | (Joint Administration Requested) |

## <u>NOTICE OF SALE BY AUCTION AND SALE HEARING</u>

**PLEASE TAKE NOTICE** that on February [__], 2024, the United States Bankruptcy Court for the District of New Jersey (the "<u>Court</u>") entered the *Order (I) Approving Bidding Procedures and Bid Protections, (II) Scheduling Certain Dates and Deadlines with Respect*

---

[1] The last four digits of Debtor Invitae Corporation's tax identification number are 1898. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/invitae. The Debtors' service address in these chapter 11 cases is 1400 16th Street, San Francisco, California 94103.

*Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, and (VI) Authorizing the Sale of Assets* [Docket No. [__]] (the "Bidding Procedures Order")[2] in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors").

**PLEASE TAKE FURTHER NOTICE** that the Debtors are soliciting offers for the purchase of substantially all or a portion of the Assets consistent with the bidding procedures (the "Bidding Procedures") approved by the Court pursuant to the Bidding Procedures Order. **All interested bidders should carefully read the Bidding Procedures and Bidding Procedures Order.** To the extent that there are any inconsistencies between this notice and the Bidding Procedures or Bidding Procedures Order, the Bidding Procedures or Bidding Procedures Order, as applicable, shall govern in all respects.

**PLEASE TAKE FURTHER NOTICE** that, if the Debtors receive qualified competing bids within the requirements and time frame specified by the Bidding Procedures, the Debtors will conduct an auction, if any (the "Auction"), of the Assets **on Wednesday, April 17, 2024, at 10:00 a.m., prevailing Eastern Time,** at the offices of the proposed co-counsel to the Debtors: Kirkland & Ellis LLP, 601 Lexington Ave., New York, NY 10022.

**PLEASE TAKE FURTHER NOTICE** that only the Debtors, Qualified Bidders, the U.S. Trustee, any official committee of unsecured creditors appointed in these chapter 11 cases, and any other parties as the Debtors may determine to include in their reasonable discretion, in each case, along with their representatives and advisors, shall be entitled to attend the Auction, and only Qualified Bidders will be entitled to make Overbids at the Auction. **All interested or potentially affected parties should carefully read the Bidding Procedures and the Bidding Procedures Order.**

**PLEASE TAKE FURTHER NOTICE** that the Debtors will seek approval of the Sale Transaction(s) at a hearing scheduled to commence on or before **May 6, 2024, at 10:00 a.m., prevailing Eastern Time,** (the "Sale Hearing") before the Honorable Chief Judge Kaplan, at the United States Bankruptcy Court for the District of New Jersey, Trenton, New Jersey, 08608, or conducted consistent with the procedures established pursuant to the Court's standing orders.

**PLEASE TAKE FURTHER NOTICE** that, except as otherwise set forth in the Bidding Procedures Order, objections to consummation or approval of the Sale Transaction(s) and any objections to proposed cure payments or the assumption and assignment of Executory Contracts or Unexpired Leases, must (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules and the Local Rules; (c) state with particularity the legal and factual bases for the objection and the specific grounds therefor; and (d) be filed with the Court and served so as to be ***actually received* on or before April 29, 2024, at 4:00 p.m., prevailing Eastern Time,** by the following parties: (i) the Debtors, Invitae Corporation, 1400 16th Street, San Francisco, California 94103, Attn: Tom Brida (tom.brida@invitae.com); (ii) proposed co-counsel to the Debtors,

---

[2]   Capitalized terms used but not defined in this notice have the meanings given to them in the Bidding Procedures Order.

2

Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Nicole L. Greenblatt, P.C. (nicole.greenblatt@kirkland.com); Francis Petrie (francis.petrie@kirkland.com); and Nikki Gavey (nikki.gavey@kirkland.com) and Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn.: Spencer A. Winters, P.C. (spencer.winters@kirkland.com); (iii) proposed co-counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn.: Michael D. Sirota (msirota@coleschotz.com); Warren A. Usatine (wusatine@coleschotz.com); Felice R. Yudkin (fyudkin@coleschotz.com); and Daniel J. Harris (dharris@coleschotz.com); (iv) the Office of the United States Trustee for the District of New Jersey, 1085 Raymond Boulevard, Suite 2100, Newark, NJ 07102, Attn: Jeffrey Sponder (jeffrey.m.sponder@usdoj.gov); and Lauren Bielskie (lauren.bielskie@usdoj.gov); (v) counsel to any official committee of unsecured creditors appointed in these chapter 11 cases; and (vi) counsel to any Stalking Horse Bidder.

### <u>CONSEQUENCES OF FAILING TO TIMELY MAKE AN OBJECTION</u>

**ANY PARTY OR ENTITY WHO FAILS TO TIMELY MAKE AN OBJECTION TO THE SALE OR A SALE TRANSACTION, AS APPLICABLE, ON OR BEFORE THE SALE OBJECTION DEADLINE IN ACCORDANCE WITH THE BIDDING PROCEDURES ORDER SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION TO THE SALE, INCLUDING WITH RESPECT TO THE TRANSFER OF THE APPLICABLE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, EXCEPT AS MAY BE SET FORTH IN THE APPLICABLE PURCHASE AGREEMENT OR THE PLAN, AS APPLICABLE.**

Dated: February [___], 2024

/s/ *DRAFT*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Daniel J. Harris, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:      msirota@coleschotz.com
                wusatine@coleschotz.com
                fyudkin@coleschotz.com
                dharris@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Nicole L. Greenblatt, P.C. (*pro hac vice* pending)
Francis Petrie (*pro hac vice* pending)
Jeffrey Goldfine (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:      joshua.sussberg@kirkland.com
                nicole.greenblatt@kirkland.com
                francis.petrie@kirkland.com
                jeffrey.goldfine@kirkland.com
-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Spencer A. Winters, P.C. (*pro hac vice* pending)
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:      spencer.winters@kirkland.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

## Exhibit 2

**Contract Assumption Notice**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Nicole L. Greenblatt, P.C. (*pro hac vice* pending)
Francis Petrie (*pro hac vice* pending)
Jeffrey Goldfine (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
nicole.greenblatt@kirkland.com
francis.petrie@kirkland.com
jeffrey.goldfine@kirkland.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Spencer A. Winters, P.C. (*pro hac vice* pending)
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
spencer.winters@kirkland.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Daniel J. Harris, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| INVITAE CORPORATION, *et al.*, | Case No. 24-11362 (MBK) |
| Debtors.[1] | (Joint Administration Requested) |

## NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES

---

[1] The last four digits of Debtor Invitae Corporation's tax identification number are 1898. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/invitae. The Debtors' service address in these chapter 11 cases is 1400 16th Street, San Francisco, California 94103.

> YOU ARE RECEIVING THIS NOTICE BECAUSE YOU
> OR ONE OF YOUR AFFILIATES ARE A COUNTERPARTY TO AN
> EXECUTORY CONTRACT OR UNEXPIRED LEASE WITH ONE OR MORE
> OF THE DEBTORS AS SET FORTH ON **EXHIBIT A** ATTACHED HERETO.

**PLEASE TAKE NOTICE** that on February [__], 2024, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered the *Order (I) Approving Bidding Procedures and Bid Protections, (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, and (VI) Authorizing the Sale of Assets* [Docket No. [__]] (the "Bidding Procedures Order")[2] in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Bidding Procedures and the terms of any Successful Bid, the Debtors **may** assume and assign to the Successful Bidder the Executory Contracts and Unexpired Leases listed on **Exhibit A** to which you are a counterparty, upon approval of the Sale Transaction(s). The Debtors have conducted a review of their books and records and have determined that the Cure Payments for unpaid monetary obligations under such Executory Contract or Unexpired Lease is as set forth on **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that if you disagree with the proposed Cure Payments, object to a proposed assignment to the Successful Bidder of any Executory Contract or Unexpired Lease, or dispute the ability of the Successful Bidder to provide adequate assurance of future performance with respect to any Contract, your objection must: (i) be in writing; (ii) comply with the applicable provisions of the Bankruptcy Rules, the Local Rules, and any order governing the administration of these chapter 11 cases; (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed Cure Payments; (iv) state the correct Cure Payments alleged to be owed to the objecting contract counterparty, together with any applicable and appropriate documentation in support thereof; and (v) be filed with the Court and served and **actually received no later than April 29, 2024, at 4:00 p.m. (prevailing Eastern Time)** (**the "Cure Objection Deadline"**) by the Court and the following parties: (i) the Debtors, Invitae Corporation, 1400 16th Street, San Francisco, California 94103, Attn: Tom Brida (tom.brida@invitae.com); (ii) proposed co-counsel to the Debtors (A) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Nicole L. Greenblatt, P.C. (nicole.greenblatt@kirkland.com); Francis Petrie (francis.petrie@kirkland.com); and Nikki Gavey (nikki.gavey@kirkland.com) and Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn.: Spencer A. Winters, P.C. (spencer.winters@kirkland.com) and (B) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn.: Michael D. Sirota (msirota@coleschotz.com); Warren A. Usatine (wusatine@coleschotz.com); Felice R. Yudkin (fyudkin@coleschotz.com); and Daniel J. Harris (dharris@coleschotz.com); (iii) the Office of the United States Trustee for the District of New Jersey, 1085 Raymond Boulevard, Suite 2100, Newark, NJ 07102, Attn: Jeffrey Sponder (jeffrey.m.sponder@usdoj.gov); and Lauren

---

[2]    Capitalized terms used but not defined in this notice have the meanings given to them in the Bidding Procedures Order.

Bielskie (lauren.bielskie@usdoj.gov); (iv) counsel any official committee of unsecured creditors appointed in these chapter 11 cases; and (v) counsel to any Stalking Horse Bidder; *provided* that the Debtors may modify the Cure Objection Deadline by filing a notice of such modification on the Court's docket.

**PLEASE TAKE FURTHER NOTICE** that if no objection to (a) the Cure Payments, (b) the proposed assignment and assumption of any Executory Contract or Unexpired Lease, or (c) adequate assurance of the Successful Bidder's ability to perform is filed by the Cure Objection Deadline, then (i) you will be deemed to have stipulated that the Cure Payments as determined by the Debtors are correct, (ii) you will be forever barred, estopped, and enjoined from asserting any additional Cure Payments are due under the Executory Contract or Unexpired Lease, and (iii) you will be forever barred, estopped, and enjoined from objecting to such proposed assignment to the Successful Bidder on the grounds that the Successful Bidder has not provided adequate assurance of future performance as of the closing date of the Sale Transaction(s).

**PLEASE TAKE FURTHER NOTICE** that any objection to the proposed assumption and assignment of an Executory Contract or Unexpired Lease or related Cure Payments in connection with the Successful Bid that otherwise complies with these procedures yet remains unresolved as of the commencement of the Sale Hearing, shall be heard at a later date as may be fixed by the Court.

**PLEASE THAT FURTHER NOTICE** that, notwithstanding anything herein, the mere listing of any Executory Contract or Unexpired Lease on the Contract Assumption Notice or any Supplemental Assumption Notice does not require or guarantee that such Executory Contract or Unexpired Lease will be assumed by the Debtors at any time or assumed and assigned, and all rights of the Debtors and the Successful Bidder with respect to such Executory Contracts and/or Unexpired Leases are reserved. Moreover, the Debtors explicitly reserve the right, in their reasonable discretion, to seek to reject or assume each Executory Contract or Unexpired Lease pursuant to section 365(a) of the Bankruptcy Code and in accordance with the procedures allowing the Debtors and/or the Successful Bidder, as applicable, to designate any Executory Contract or Unexpired Lease as either rejected or assumed on a post-closing basis.

**PLEASE TAKE FURTHER NOTICE** that, nothing herein (i) alters in any way the prepetition nature of the Executory Contracts or Unexpired Leases or the validity, priority, or amount of any claims of a counterparty to any Contract against the Debtors that may arise under such Executory Contract or Unexpired Lease, (ii) creates a postpetition contract or agreement, or (iii) elevates to administrative expense priority any claims of a counterparty to any Executory Contract or Unexpired Lease against the Debtors that may arise under such Executory Contract or Unexpired Lease.

Dated: [_____], 2024

/s/ DRAFT

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Daniel J. Harris, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:     msirota@coleschotz.com
              wusatine@coleschotz.com
              fyudkin@coleschotz.com
              dharris@coleschotz.com


**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Nicole L. Greenblatt, P.C. (*pro hac vice* pending)
Francis Petrie (*pro hac vice* pending)
Jeffrey Goldfine (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:     joshua.sussberg@kirkland.com
              nicole.greenblatt@kirkland.com
              francis.petrie@kirkland.com
              jeffrey.goldfine@kirkland.com

-and-


**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Spencer A. Winters, P.C. (*pro hac vice* pending)
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:     spencer.winters@kirkland.com


*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

**<u>Exhibit A</u>**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**