|   |   |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>**WHITE & CASE LLP**<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>J. Christopher Shore, Esq. (admitted *pro hac vice*)<br>(cshore@whitecase.com)<br>Harrison Denman, Esq. (admitted *pro hac vice*)<br>(harrison.denman@whitecase.com)<br><br>   -and-<br><br>**PORZIO, BROMBERG & NEWMAN, P.C.**<br>100 Southgate Parkway<br>P.O. Box 1997<br>Morristown, New Jersey 07962<br>Telephone: (973) 538-4006<br>Warren J. Martin Jr., Esq. (wjmartin@pbnlaw.com)<br>John S. Mairo, Esq. (jsmairo@pbnlaw.com)<br>Christopher P. Mazza, Esq. (cpmazza@pbnlaw.com)<br><br>*Proposed Co-Counsel to the Official Committee of Unsecured Creditors* |   |
| In re<br><br>INVITAE CORPORATION, *et al.*,<br><br>                    Debtors.[1] | Chapter 11<br><br>Case No. 24-11362 (MBK)<br><br>(Jointly Administered) |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION TO FILE UNDER SEAL THE LIMITED OBJECTION TO DEBTORS' RETENTION APPLICATION CONCERNING KIRKLAND & ELLIS**

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in these

chapter 11 cases (the "**Chapter 11 Cases**"), by and through its undersigned proposed counsel,

---

[1] The last four digits of Debtor Invitae Corporation's ("**Invitae**," and with its subsidiary debtors, the "**Debtors**") tax identification number are 1898. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/invitae. The Debtors' service address in these chapter 11 cases is 1400 16th Street, San Francisco, California 94103.

hereby submits this motion (the "**Motion**") for entry of an order, pursuant to section 107(b)(1) of title 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9018-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "**Local Rules**"), authorizing the filing under seal of the unredacted versions of *The Official Committee of Unsecured Creditors' Limited Objection to Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors-in-Possession Effective as of February 13, 2024* [ECF No. 283] (the "**Limited Objection**"), the *Declaration of Ashley Chase in Support of the Committee's Limited Objection* [ECF No. 285] (the "**Chase Decl.**") and Exhibits 1-5 and 7-8 thereto (collectively, the unredacted versions of the Limited Objection, Chase Decl. and Exhibits 1-5 and 7-8 thereto shall be referred to as the "**Unredacted Limited Objection Documents**"). In support of this Motion, the Committee respectfully represents as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of New Jersey (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Committee confirms its consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicates for the relief requested herein are Bankruptcy Code section 107(b)(1), Bankruptcy Rule 9018, and Local Rule 9018-1.

## BACKGROUND

3.  On February 13, 2024 (the "**Petition Date**"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are operating their businesses and managing their property as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee or examiner has been appointed in these Chapter 11 Cases.

4.  On March 1, 2024, the United States Trustee appointed the Committee pursuant Bankruptcy Code section 1102(a)(1). The Committee consists of (i) Wilmington Savings Fund Society, Federal Savings Bank, (ii) Chimetech Holding Ltd., and (iii) Workday, Inc.

5.  On March 13, 2024, Invitae filed the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of February 13, 2024* [ECF No. 158] (the "**Retention Application**").

6.  On March 26, 2024, the Committee, the Debtors, and Deerfield reached an agreement on the Stipulated Confidentiality Agreement and Protective Order (the "**Protective Order**"). Although the Debtors have not yet submitted the Protective Order for this Court's approval, the Protective Order applies to "all information, documents and things exchanged in, or subject to, discovery or provided in response to a diligence request in connection with these Cases . . . either prior to or after the filing of a judicial proceeding or entry of this Order." *See* Chase Decl. Ex. 9 ¶ 3. Relevant here, the Protective Order allows a party to designate discovery material "Confidential" or "Highly Confidential" (the "**Designated Material**"). *See id.* ¶ 7(b). "[A]ll

3

portions of pleadings, motions or other papers filed with the Court that disclose, quote or reference Designated Material, shall be filed under seal in accordance with the Federal Rules, the Bankruptcy Rules, and the Local Rules, with a version of the filing redacting or omitting the Designated Material filed publicly by the next day." *Id.* ¶ 14.

7. On April 5, 2024, contemporaneously with the filing of this Motion, the Committee filed its redacted version of the Limited Objection to the Retention Application.[2] The Unredacted Limited Objection Documents reference certain material that the Debtors have designated Confidential and Highly Confidential pursuant to the Protective Order. *See* Chase Decl. Ex. 9 ¶ 7. Certain of that material is attached to the Chase Declaration.

### **RELIEF REQUESTED**

8. The Committee seeks entry of an order, substantially in the form of the proposed order submitted herewith, (i) authorizing the Committee to file the Unredacted Limited Objection Documents under seal, and (ii) directing that the Unredacted Limited Objection Documents shall remain under seal and confidential and not be made available to anyone, except for the Court, until such time that a hearing can be held regarding redactions; and (iii) granting related relief.

### **BASIS FOR RELIEF**

9. Bankruptcy Rule 9018 provides, in relevant part, that on a motion, "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018; *see also* Local Bankruptcy Rule 9018-1 (setting out the procedure for obtaining a sealing order by filing a motion to seal).

---

[2] Capitalized terms not otherwise defined have the meaning ascribed to such terms in the Limited Objection.

10. Section 107(b) of the Bankruptcy Code provides an exception to the general rule that court records should be publicly accessible by granting bankruptcy courts the power to issue orders that will protect entities from potential harm. Specifically, section 107(b) provides that "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b); *see also* 11 U.S.C. § 105(a) (codifying the bankruptcy court's inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title"). Commercial information is material which would result in "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (citing *In re Orion Pictures Corp.*, 21 F.3d at 27)). Commercial information need not constitute a "trade secret." *In re Orion Pictures*, 21 F.3d at 28; *see also In re Faucett*, 438 B.R. 564, 567 (Bankr. W.D. Tex. 2010) (citing *In re Northstar Energy, Inc.*, 325 B.R. 425, 429 (Bankr. E.D. Tex. 2004) ("A bankruptcy court is required to seal documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.")). Protections under section 107(b) extend to commercial information that, if disclosed to the public, could be used by parties or competitors for an unfair advantage. *In re Orion Pictures*, 21 F.3d at 27-28.

11. Once the Court determines that the information sought to be protected from disclosure falls within one of the categories enumerated in section 107(b), "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d

5

Cir. 1994) (emphasis in original).  In other words, an interested party must only demonstrate that the information it wishes to seal is "confidential" and "commercial" in nature.  *Id.* at 28.

12.    The Unredacted Limited Objection Documents reference certain material that the Debtors have designated as Confidential and Highly Confidential pursuant to the Protective Order.  *See* Chase Decl. Ex. 9 ¶ 7.  As such, the Protective Order requires the Committee to file any reference to the Designated Material under seal in accordance with the Federal Rules, the Bankruptcy Rules, and the Local Rules.  *See id* ¶ 14.  The Committee does not take a position as to the propriety of the Debtors' confidentiality designations but files this Motion to comply with the terms of the Protective Order.

13.    Accordingly, the Committee respectfully requests that this Court enter an order authorizing the Committee to file the Unredacted Limited Objection Documents, which disclose or reference Designated Material, under seal in accordance with Bankruptcy Rule 9018. Consistent with the Protective Order, the Committee has filed redacted versions of the Limited Objection and supporting documents.

## **NOTICE, PRIOR REQUEST, AND WAIVER OF BRIEF**

14.    In accordance with the *Notice, Case Management and Administrative Procedures Order* entered in these Chapter 11 Cases [ECF No. 62], notice of this Motion will be provided to: (a) the Debtors; (b) counsel to the Debtors, Attn: Kirkland & Ellis LLP, and Cole Schotz P.C.; (c) the office of the United States Trustee for the District of New Jersey; (d) counsel to the Required Holders; (e) the indenture trustee to the 2028 Convertible Notes and the 2024 Convertible Notes, and counsel thereto; (f) agent to the 2028 Senior Secured Notes, and counsel thereto; (g) the U.S. Securities and Exchange Commission; (h) the United States Attorney's Office for the District of New Jersey; (i) the attorneys general in the states where the Debtors conduct

6

their business operations; (j) the Internal Revenue Service; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Committee submits that, in view of the facts and circumstances, such notice is sufficient, and no other or further notice need be provided.

15. No prior request for the relief sought herein has been made to this or to any other court.

16. The Committee respectfully requests that the Court waive the requirement under Local Rule 9013-2 to file a separate memorandum of law because the relevant authorities relied upon by the Committee are set forth herein and the Committee's request does not raise any novel issues of law.

**WHEREFORE**, the Committee requests entry of an Order, substantially in the form submitted herewith, authorizing the relief requested herein and for such other relief as is just and proper.

Dated: April 5, 2024

By: */s/ John S. Mairo*
John S. Mairo, Esq.
Warren J. Martin Jr., Esq.
Christopher P. Mazza, Esq.
**PORZIO, BROMBERG & NEWMAN, P.C.**
100 Southgate Parkway
P.O. Box 1997
Morristown, NJ 07962
(973) 538-4006
(973) 538-5146 Facsimile
Email: wjmartin@pbnlaw.com
      jsmairo@pbnlaw.com
      cpmazza@pbnlaw.com

-and-

J. Christopher Shore, Esq. (admitted *pro hac vice*)
Harrison Denman, Esq. (admitted *pro hac vice*)
**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: cshore@whitecase.com
      harrison.denman@whitecase.com

*Proposed Co-Counsel to the Official Committee of Unsecured Creditors*