UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Jeffrey M. Sponder, Esq.
Lauren Bielskie, Esq.
One Newark Center, Suite 2100
Newark, NJ  07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
E-mail:	jeffrey.m.sponder@usdoj.gov
	lauren.bielskie@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Case No. 24-11362 (MBK) |
| | Jointly Administered |
| Invitae Corporation, et al.,[1] | Chapter 11 |
| Debtors. | The Honorable Michael B. Kaplan, Chief Judge |
| | Hearing Date:  April 29, 2024 @ 10:00 a.m. |

**OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS-IN-POSSESSION EFFECTIVE AS OF FEBRUARY 13, 2024**

Andrew R. Vara, the United States Trustee for Regions 3 & 9 (the "U.S. Trustee"), by his undersigned counsel, and in furtherance of his duties pursuant to 28 U.S.C. §§ 586(a)(3) and (5), respectfully submits this objection ("Objection") to the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors-In-Possession Effective as of*

---

[1] The last four digits of Debtor Invitae Corporation's ("**Invitae**," and with its subsidiary debtors, the "**Debtors**") tax identification number are 1898. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/invitae. The Debtors' service address in these chapter 11 cases is 1400 16th Street, San Francisco, California 94103.

*February 13, 2024* (the "Application") (Dkt. 158) filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") and respectfully represents as follows:

## JURISDICTION

1. Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of New Jersey issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this Objection.

2. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the "U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts." *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that the "U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest).

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the issues raised in this Objection.

## BACKGROUND AND RELEVANT FACTS

**A.    The Bankruptcy Case.**

4. On February 13, 2024 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). *See* Case Nos. 24-11361 at Dkt. 1; 24-11362 at Dkt. 1; 24-11363 at Dkt. 1; 24-11364 at Dkt. 1, 24-11365 at Dkt. 1; and 24-11366 at Dkt. 1.

5. On February 16, 2024, the Court entered an Order Directing Joint-Administration of Chapter 11 Cases, which noted *Invitae Corporation* as the lead case. *See* Case No. 24-11362 at Dkt. 54.

6. The Debtors continue to operate their business and manage their property as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

7. On March 1, 2024, the U.S. Trustee filed a Notice of Appointment of Official Committee of Unsecured Creditors (the "Committee"). *See* Dkt. 131.

**B.     The Application.**

8. On March 13, 2024, the Debtors filed the Application and the Declaration of Spencer A. Winters in Support of the Debtors' Application For Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors In Possession Effective as of February 13, 2024 (the "Winters Declaration"). *See* Dkt. 158.

9. Pursuant to the Winters Declaration, it was disclosed that:

> "Kirkland currently represents, and in the past has represented, Deerfield Management Company and various of its subsidiaries and affiliates (collectively, "Deerfield") and Softbank Group Corporation and various of its subsidiaries and affiliates (collectively, "Softbank") on a variety of matters. Deerfield is the holder of approximately 78% of Debtor Invitae Corporation's 2028 Senior Secured Notes and is represented by Sullivan & Cromwell LLP and Wollmuth Maher & Deutsch LLP in these chapter 11 cases. Softbank is a substantial holder of the Debtor Invitae Corporation's 2028 Convertible Unsecured Notes and is represented by Morrison & Foerster LLP in these chapter 11 cases. Kirkland's current and prior representations of Deerfield and Softbank have been in matters unrelated to the Debtors or these chapter 11 cases. Kirkland has not represented, and will not represent, Deerfield or Softbank in connection with any matter in these chapter 11 cases during the pendency of these chapter 11 cases. I do not believe that Kirkland's current or prior representation of Deerfield or Softbank precludes Kirkland from meeting the disinterestedness standard under the Bankruptcy Code."

*See id.* at ¶¶ 37 and 38.

3

10. The Winters Declaration also discloses that "Kirkland will not commence a cause of action in these chapter 11 cases against the entities listed on Schedule 2 that are current clients of Kirkland (including entities listed below under the "Specific Disclosures" section of this Declaration) unless Kirkland has an applicable waiver on file or first receives a waiver from such entity allowing Kirkland to commence such action." *See id.* at ¶ 25.

11. Further, the Winters Declaration discloses that Kirkland & Ellis LLP, and Kirkland & Ellis International LLP ("K&E") is concurrently representing the Debtors and Deerfield Partners, L.P. ("Deerfield"), who is the holder of a majority of the 2028 Senior Secured Notes, in matters unrelated to the Debtors or these cases. *See id.* ¶ 38 and Dkt. 162 at page 1 of 11.

12. Upon information and belief, in February or March of 2023, a transaction occurred where the Debtors exchanged $305.7 million of their 2024 Convertible Senior Unsecured Notes for $275.3 million of new secured Series A Notes and 14,219,859 shares of Debtors' common stock, followed by the issuance of $30 million of new secured Series B Notes for $40 million in cash. *See* Dkt. 21 at ¶ 65. As a result, Deerfield appears to be the main beneficiary of the conversion of unsecured notes to secured notes, the largest secured creditor of the Debtors, and the entity allowing the Debtors use of cash collateral.

13. Commencing on March 26, 2024, the U.S. Trustee corresponded with K&E concerning the Debtors' retention of K&E in these cases. The U.S. Trustee attempted to limit the issues consistent with the resolutions reached by K&E and the U.S. Trustee on retentions in other cases before this Court, but K&E would not agree to resolve these issues if the U.S. Trustee moved forward with this Objection.

4

14. As a result of its prior and current representation of Deerfield, the Debtors' secured creditor, and upon information and belief, other possible concurrent representations, it appears that K&E is not disinterested and holds an adverse interest against the estate.[2]

## LAW, ANALYSIS AND ARGUMENT

15. 11 U.S.C. § 327(a) allows the debtor in possession to employ professional persons that "do not hold or represent an interest adverse to the estate" and that are "disinterested persons."[3] One court described Section 327(a) as "a prophylactic provision designed to insure that the undivided loyalty and exclusive allegiance required of a fiduciary to an estate in bankruptcy is not compromised or eroded." *See In re Prudent Holding* Corp., 153 B.R. 629, 631 (Bankr. E.D.N.Y. 1993).[4]

---

[2] The Committee filed a Limited Objection to K&E's Application, which is scheduled for hearing on April 29, 2024. Dkt. 283.

[3] 11 U.S.C. § 101(14)(C) defines a "disinterested person" as a person that ". . . does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason."

[4] Professional persons seeking employment under 11 U.S.C. § 327(a) must submit a verified statement disclosing "all connections" with the debtor, creditors, other parties in interests, and their respective attorneys and accountants. *See* Fed. R. Bankr. P. 2014(a). Rule 2014 sets forth the procedural requirements for an application for employment as a professional for the debtor in possession. The substantive requirements for employment are contained in Code § 327. Bankruptcy Rule 2014 requires the applicant to, inter alia, state with specificity, the facts evidencing the necessity of the employment, the professional services to be rendered, any proposed arrangement for compensation, and to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee or any person employed in the office of the United States trustee. *See* Fed. R. Bankr. 2014. To comply with Bankruptcy Rule 2014, the applicant must consider and disclose all of his or her "connections." Disclosure is not limited to the disclosure of facts which the applicant deems relevant but includes all connections between members of the firm and the parties in interest to the bankruptcy case. The scope of disclosure is broader than the question of disqualification; the applicant and the professional must disclose, without exception, all connections and not merely those that rise to the level of conflicts. *See In re Granite Partners, L.P.*, 219 B.R. 22, 35 (Bankr. S.D.N.Y. 1998). The professional may not leave the court or other

16. The term "disinterested person" means a person that—

    (A) is not a creditor, an equity security holder, or an insider;

    (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

    (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

*See* 11 U.S.C. § 101(14).

17. The stringent requirements and standards for employment of professionals under the Bankruptcy Code and Bankruptcy Rules are designed to insure the integrity of the bankruptcy process, and the public confidence in the bankruptcy courts. *See In re Lee Way Holding Co.,* 100 B.R. 950, 961 (Bankr. S.D. Ohio 1989).

18. An applicant under Section 327 has the burden of establishing by motion and accompanying affidavit that their chosen professional is qualified. *See In re BH&P, Inc.,* 949 F.2d 1300, 1317 (3d Cir. 1991) ("It is not ... the obligation of the bankruptcy court to search the record for possible conflicts of interest. That obligation belongs to the party who seeks employment by the estate").

19. While the Bankruptcy Code does not define "interest adverse", it does define "disinterested person" as one "who is not a creditor ... or an insider ... and does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason." *See* 11 U.S.C. § 101(14).

---

parties in interest to search the record for such relationships or otherwise to ferret them out. *See In re BH&P, Inc.*, 949 F.2d 1300, 1317-18 (3d Cir 1991).

20. The Third Circuit has stated that a professional person has an interest adverse to the estate when the professional has ". . . a competing economic interest tending to diminish estate values or create a potential or actual dispute in which the estate is a rival claimant." *See United States Trustee v. First Jersey Secs.,* 180 F.3d 504, 509 (3d Cir. 1999) (internal quotations omitted). Any professional person that does not meet both the "no adverse interest" and the "disinterested person" tests is disqualified from employment under Section 327(a). *See In re BH&P Inc.*, 949 F.2d at 1314 (Section 327(a) "creates a two-part requirement for retention of counsel"). Thus, a professional who holds or represents an adverse interest is *per se* disqualified. However, a professional who may not hold or represent an adverse interest is nevertheless disqualified unless he or she is a "disinterested person" as set forth in 11 U.S.C. § 101(14). *See, e.g.*, *U.S. Trustee v. Price Waterhouse*, 19 F.3d 138, 141-42 (3d Cir. 1994) (disqualified because not disinterested); *Michel v. Eagle-Picher Indus. (In re Eagle-Picher Indus.)*, 999 F.2d 969, 972 (6th Cir. 1993) (professional can lack disinterestedness without having an adverse interest).

21. Even if an actual conflict of interest does not exist, the Court has wide discretion to deny the Application due to the potential for such conflicts to arise in the future. *See BH&P, Inc.*, 949 F.2d at 1316-17 ("denomination of a conflict as 'potential' or 'actual' and the decision concerning whether to disqualify a professional based upon that determination in situations not yet rising to the level of an actual conflict are matters committed to the bankruptcy court's sound exercise of discretion.").

22. Here, K&E discloses that the firm concurrently represents the Debtors and Deerfield, the Debtors' largest secured creditor, "in matters unrelated to these cases." *See* Dkt. 158, Winters Declaration at ¶ 38. The fact that K&E represents Deerfield in unrelated matters does not change the existence of a conflict of interest. *See In re Project Orange Assocs., LLC*, 431

7

B.R. 363, 379 (Bankr. S.D.N.Y. 2010) (denying the debtor's proposed counsel's retention application where counsel also represented, on unrelated matters, the debtor's largest unsecured creditor and essential supplier).

23. Under a *Project Orange* analysis, Deerfield qualifies as an "essential supplier" to the Debtors, standing as the Debtors' largest secured creditor, providing cash collateral. As a result, K&E's concurrent representation of the Debtors and Deerfield, albeit in unrelated matters, constitutes a conflict of interest and, as such, the Application should be denied.

24. The U.S. Trustee was of the belief that K&E and the U.S. Trustee resolved many of the issues raised by the U.S. Trustee other than the concurrent representation by K&E of the Debtors and Deerfield. However, despite the U.S. Trustee's efforts to narrow the issues for the Court, K&E would not agree to resolve these issues if the U.S. Trustee moved forward with this Objection. As such, and out of an abundance of caution, the U.S. Trustee sets forth the various issues that were raised.

25. Fed. R. Bankr. P. 2014 requires an applicant to provide all its connections with the debtor, creditors, and any other party in interest. *See* Fed. R. Bankr. P. 2014. Here, K&E has not provided all of its connections as evidenced by paragraph 23 of the Winters Declaration, which provides that K&E only searched its connection with major customers, major lease counterparties, major unsecured creditors, and major vendors. *See* Dkt. 158 at ¶ 23. The disclosure of conflicts is not discretionary.

26. K&E sets forth in paragraph 26 of the Winters Declaration that only two clients generated fees representing more than one percent of K&E's fee receipts for the twelve-month period ending on February 29, 2024. *See id.* at ¶ 26. K&E provided the exact percentage to the U.S. Trustee but has declined to provide such information in a supplemental declaration. The U.S.

8

Trustee does not request the disclosure of the name of the client and the exact percentage but does request additional disclosure of the upper percentage range. As in other supplemental declarations, K&E should be required to disclose that its gross income received from current clients over either a twelve-month or twenty-four-month period was less than x%.

27. K&E discloses in paragraph 43 of the Winters Declaration that K&E will not represent any of the potential M&A counterparties in connection with any matter in these chapter 11 cases. However, the disclosure did not include whether screens were implemented concerning the potential M&A counterparties.

28. Although it appears that K&E will abide by the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* effective as of November 1, 2013 (the "U.S. Trustee Guidelines"), it is unclear from the Application or the Winters Declaration whether K&E will agree to file staffing plans and budgets with its interim fee applications as required by the U.S. Trustee Guidelines. As in other cases, the U.S. Trustee simply asks for an affirmative statement in a supplemental declaration that K&E will agree to file staffing plans and budgets with its interim fee applications. Also, section D.2 of the U.S. Trustee Guidelines requires the Debtors to disclose the number of firms interviewed to represent the Debtors in bankruptcy. The Debtors, through the Declaration of Ana Schrank, disclosed that they interviewed several firms. The Debtors should be required to state the number of firms that were interviewed.

29. The Winters Declaration contains billing categories for professionals and their range of hourly rates. However, the U.S. Trustee requests that K&E disclose the names of the professionals expected to work on the cases and their hourly rates.

30. Finally, the U.S. Trustee requested certain revisions to the proposed order including the following:

    a. The removal from the preamble of the proposed order: "and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates";

    b. The addition of "except as modified herein" to the end of paragraph 2 of the proposed order;

    c. The addition of the following language to the end of paragraph 5 of the proposed order: "At the conclusion of Kirkland's engagement by the Debtors, if the amount of any advance special purpose retainer held by Kirkland is in excess of the amount of Kirkland's outstanding and estimated fees, expenses, and costs, Kirkland will pay to the Debtors the amount by which any advance special purpose retainer exceeds such fees, expenses, and costs, in each case in accordance with the Engagement Letter";

    d. The addition of a paragraph in the proposed order as follows: "Notwithstanding anything to the contrary in the Application, the Engagement Letter, or the Declarations attached to the Application, Kirkland shall bill in one-tenth of an hour increments";

    e. Remove "pending further order of the Court" from the end of paragraph 7 of the proposed order;

    f. Add to the end of paragraph 11 of the proposed order: "As such, Kirkland shall use its best efforts to avoid duplication of services provided by any of the Debtors' other professionals in these chapter 11 cases"; and

    g. The addition of a paragraph in the proposed order as follows: "The U.S. Trustee requested the following language to be included in the proposed Order: "If the Court denies the Debtors' *Motion for Entry of an Order Authorizing the Debtors to File Under Seal the Names of Certain Confidential Transaction Parties in Interest Related to the Debtors Professional Retention Applications* [Docket No. 156], or such motion is withdrawn or the relief requested is moot, Kirkland will, within fourteen (14) days of such denial, withdrawal or other resolution, and through a supplemental declaration, disclose the identities of all Confidential Transaction Parties that were filed under seal."

31. The U.S. Trustee reserves and any all rights, remedies, and obligations to, *inter alia*, complement, supplement, augment, alter, substitute and/or modify this Objection, file a

10

Motion, or seek any other relief deemed appropriate and necessary and to conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent.

 WHEREFORE, for the foregoing reasons, the U.S. Trustee respectfully requests that the Court deny the Application in its entirety at this time and grant such other and further relief that is deemed just and equitable.

          Respectfully submitted,

          ANDREW R. VARA
          UNITED STATES TRUSTEE
          REGIONS 3 & 9

         By: */s/ Jeffrey M. Sponder*
          Jeffrey M. Sponder
          Trial Attorney

Dated: April 15, 2024