Caption in Compliance with D.N.J. LBR 9004-1(b)



| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| In re: | Chapter 11 |
| INVITAE CORPORATION, *et al.*, | Case No. 24-11362 (MBK) |
| Debtors.[1] | (Jointly Administered) |

Order Filed on June 13, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

# ORDER APPROVING
## (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION AND VOTING PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO

The relief set forth on the following pages, numbered three (3) through twenty (20), is

**ORDERED**.

**DATED: June 13, 2024**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of Debtor Invitae Corporation's tax identification number are 1898. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/invitae. The Debtors' service address in these chapter 11 cases is 1400 16th Street, San Francisco, California 94103.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Nicole L. Greenblatt, P.C. (admitted *pro hac vice*)
Francis Petrie (admitted *pro hac vice*)
Jeffrey Goldfine (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
nicole.greenblatt@kirkland.com
francis.petrie@kirkland.com
jeffrey.goldfine@kirkland.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Spencer A. Winters, P.C. (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
spencer.winters@kirkland.com


**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Daniel J. Harris, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Co-Counsel for Debtors and Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | INVITAE CORPORATION, *et al.* |
| Case No. | 24-11362 (MBK) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION AND VOTING PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

Upon the *Debtors' Motion for Entry of an Order Approving (I) the Adequacy of the Disclosure Statement, (II) the Solicitation and Voting Procedures, (III) the Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates with Respect Thereto* (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to sections 105, 363, 502, 1123(a), 1124, 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3001, 3016, 3017, 3018, 3020, and 9006, and Local Rules 2002(b), 3016-1, 3018-1 and 9013-1 approving:  (i) the adequacy of the *Disclosure Statement Relating to the Amended Joint Plan of Invitae Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 631] (the "Disclosure Statement"); (ii) the Solicitation and Voting Procedures; (iii) the Ballots; (iv) the Solicitation Packages; (v) the Notice of Non-Voting Status; (vi) the Opt Out Forms; (vii) the Confirmation Hearing Notice; (viii) the Publication Notice; (ix) the Cover Letter; (x) the Plan Supplement Notice; (xi) the Assumption Notice; (xii) any other notices in connection therewith; and (xiii) certain dates with respect thereto, including but not limited to the Solicitation Mailing Deadline, the Publication Deadline, the Plan Supplement Filing Deadline, the Voting Deadline, the Plan Objection Deadline, the deadline to file Voting Report, the Confirmation Brief and Plan Objection Reply Deadline, and the Confirmation Hearing Date; and this Court having jurisdiction to consider the Motion and the

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion, the *Amended Joint Plan of Invitae Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan") or the Disclosure Statement, as applicable.

(Page | 4)

| | |
|---|---|
| Debtors: | INVITAE CORPORATION, *et al.* |
| Case No. | 24-11362 (MBK) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION AND VOTING PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that sufficient cause exists for the relief set forth herein; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as provided herein.

**I.  Approval of the Disclosure Statement.**

2.      The Disclosure Statement is hereby approved as providing Holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

3.      The Disclosure Statement (including all applicable exhibits attached thereto) provides Holders of Claims and Interests, and other parties in interest with sufficient notice of the

| (Page \| 5) | |
|---|---|
| Debtors: | INVITAE CORPORATION, *et al.* |
| Case No. | 24-11362 (MBK) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION AND VOTING PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

injunction, exculpation, and release provisions contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rules 2002(c)(3) and 3016(b) and (c).

## II.    Approval of the Procedures, Materials, and Confirmation Timeline for Soliciting Votes on and Confirming the Plan.

### A.    Approval of the Solicitation and Voting Procedures.

4.    The Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation and Voting Procedures attached hereto as **Exhibit 1**, which are hereby approved in their entirety and comply with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; *provided* that, for the avoidance of doubt, the Solicitation and Voting Procedures herein are approved solely for the purposes of solicitation of votes to accept or reject the Plan and related noticing processes.

### B.    Approval of Certain Dates and Deadlines with Respect to the Plan and Disclosure Statement.

5.    The following Confirmation Timeline is hereby established (subject to modification as necessary) with respect to the solicitation of votes to accept the Plan, voting on the Plan, and confirming the Plan:

| Event | Date | Description |
|---|---|---|
| Voting Record Date | June 6, 2024 | The date to determine which Holders of Claims are entitled to vote to accept or reject the Plan (the "Voting Record Date"). |

(Page | 6)

| | |
|---|---|
| Debtors: | INVITAE CORPORATION, *et al.* |
| Case No. | 24-11362 (MBK) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION AND VOTING PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

| Event | Date | Description |
|---|---|---|
| Solicitation Mailing Deadline | Three (3) business days following entry of the Order | The deadline by which the Debtors must distribute (i) Solicitation Packages, including Ballots, to Holders of Claims entitled to vote to accept or reject the Plan and (ii) Notices of Non-Voting Status and Opt Out Forms (the "Solicitation Mailing Deadline").  To the extent that such distribution is not made by the Solicitation Mailing Deadline, the Debtors shall distribute the Solicitation Packages immediately thereafter; *provided*, that the Debtors shall distribute the Confirmation Hearing Notice no later than three (3) business days following the Solicitation Mailing Deadline. |
| Publication Deadline | Three (3) business days following entry of the Order | The date by which the Debtors will submit the Confirmation Hearing Notice in a format modified for publication (such notice, the "Publication Notice," and such date, the "Publication Deadline").  To the extent that such submission is not provided by the Publication Deadline, the Debtors shall submit the Publication Notice immediately thereafter; *provided*, that the Debtors shall submit the Publication Notice no later than three (3) business days following the Publication Deadline. |
| Plan Supplement Filing Deadline | The later of (i) July 8, 2024 or (ii) the date that is no later than seven (7) days prior to the Voting Deadline | The date by which the Debtors shall file the Plan Supplement (the "Plan Supplement Filing Deadline"). |
| Voting Deadline | July 15, 2024, at 4:00 p.m., prevailing Eastern Time | The deadline by which all Ballots and Opt Out Forms must be properly executed, completed, and submitted so that they are **actually received** by Kurtzman Carson Consultants LLC (the "Claims and Noticing Agent"). |
| Plan Objection Deadline | July 15, 2024, at 4:00 p.m., prevailing Eastern Time | The deadline by which parties in interest may file objections to confirmation of the Plan (the "Plan Objection Deadline"). |

(Page | 7)

| | |
|---|---|
| Debtors: | INVITAE CORPORATION, *et al.* |
| Case No. | 24-11362 (MBK) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION AND VOTING PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

| Event | Date | Description |
|---|---|---|
| Deadline to File Voting Report | July 18, 2024 | The date by which the report tabulating the voting on the Plan (the "Voting Report") shall be filed with the Court. |
| Confirmation Brief and Plan Objection Reply Deadline | July 18, 2024 | The deadline by which the Debtors shall file their brief in support of confirmation of the Plan and reply to objections to confirmation of the Plan. |
| Confirmation Hearing Date | July 22, 2024, or such other date as may be scheduled by the Court | The date of the Confirmation Hearing (the "Confirmation Hearing Date"). |

6.      The Solicitation Mailing Deadline provides sufficient time for Holders of Claims entitled to vote on the Plan to make informed decisions with respect to voting on the Plan.  The Debtors may adjourn the Confirmation Hearing Date and any related dates and deadlines from time to time, without notice to the parties in interest other than announcement of such adjournment in open court and/or filing a notice of adjournment with the Court and serving such notice on the 2002 List.

**C.      Approval of the Form and Distribution of Solicitation Packages to Parties Entitled to Vote on the Plan.**

7.      The Solicitation Packages to be transmitted on or before the Solicitation Mailing Deadline to those Holders of Claims entitled to vote on the Plan as of the Voting Record Date, shall include the following, the form of each of which is hereby approved:

a.      a copy of the Solicitation and Voting Procedures, substantially in the form attached hereto as **Exhibit 1**;

b.      the applicable forms of Ballots, substantially in the forms of the Ballots attached hereto as **Exhibits 3A**, **3B**, **3C**, **3D**, **3E**, **3F**, **3G**, and **3H** together

(Page | 8)

| | |
|---|---|
| Debtors: | INVITAE CORPORATION, *et al.* |
| Case No. | 24-11362 (MBK) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION AND VOTING PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

with detailed voting instructions and instructions on how to submit the Ballots;

c.       the Cover Letter, substantially in the form attached hereto as **Exhibit 4**, which describes the contents of the Solicitation Package and urges Holders of Claims in the Voting Classes to vote to accept the Plan;

d.       the Confirmation Hearing Notice, substantially in the form attached to the Order as **Exhibit 5**;

e.       the Disclosure Statement (and exhibits thereto, including the Plan);

f.       this Order (without exhibits, except for the Solicitation and Voting Procedures);

g.       a pre-addressed, postage pre-paid reply envelope;[2] and

h.       any additional documents that the Court has ordered to be made available to Holders of Claims in the Voting Classes.

8.       The Debtors shall distribute Solicitation Packages to all Holders of Claims entitled to vote on the Plan on or before the Solicitation Mailing Deadline.  Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

9.       The Solicitation Packages provide the Holders of Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Rules.

---

[2]       The Debtors will provide pre-addressed, postage pre-paid reply envelopes only to those holders who receive a Ballot directly from the Debtors and shall not be responsible for ensuring individual Beneficial Holders receive pre-addressed, postage pre-paid reply envelopes from their respective Nominees.

(Page | 9)

| | |
|---|---|
| Debtors: | INVITAE CORPORATION, *et al.* |
| Case No. | 24-11362 (MBK) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION AND VOTING PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

10.     The Debtors are authorized to cause the Solicitation Packages to be delivered via first-class mail and/or distributed in electronic format via e-mail, hyperlink, and/or flash drive, as applicable, through the Claims and Noticing Agent to Holders of Claims in the Voting Classes. Any party that receives materials in electronic format, but would prefer to receive materials in paper format, may contact the Claims and Noticing Agent and request paper copies of the materials previously received in electronic format (to be provided at the Debtors' expense).

11.     The Ballots, substantially in the forms attached hereto as **Exhibits 3A**, **3B**, **3C**, **3D**, **3E**, **3F**, **3G**, and **3H** are hereby approved and comply with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  The Claims and Noticing Agent shall cause the Ballots to be delivered to those parties outlined below[3]:

| Class | Status | Treatment |
|---|---|---|
| Class 3 | Impaired; Entitled to Vote | Holders of Claims that are impaired are entitled to vote.  As such, Holders of such Claims, will receive a Solicitation Package. |
| Class 4 and Class 5 | Unimpaired; Presumed to Accept; Permitted to Vote | Holders of Claims in Class 4 and Class 5 that are presumed to accept but nonetheless are permitted to vote will receive a Solicitation Package.  The voting results for such classes will only be relevant in the event the Debtors determine a change in class treatment. |

---

[3]     The Debtors believe that Classes 4 and 5 are Unimpaired and are therefore presumed to accept the Plan.  The Debtors also have determined that Classes 6 and 11 may or may not receive a recovery under the Plan and are therefore deemed to reject.  In response and to resolve the Committee's objection to the Disclosure Statement, the Debtors shall provide Ballots to Holders of Claims in Classes 4, 5, 6, and 11 and permit such Holders to submit votes on the Plan.  The Claims and Noticing Agent will tabulate the Ballots cast by Holders of Claims in Class 4, Class 5, Class 6, and Class 11.  If the Debtors determine that a Voting Class is either presumed to accept or deemed to reject the Plan, any votes cast by such a Class will not count towards confirmation of the Plan.

(Page | 10)

| | |
|---|---|
| Debtors: | INVITAE CORPORATION, *et al.* |
| Case No. | 24-11362 (MBK) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION AND VOTING PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

| Class | Status | Treatment |
|---|---|---|
| Class 11 | Impaired; Deemed to Reject; Permitted to Vote | Holders of Claims in Class 6 and Class 11 that are deemed to reject but nonetheless are permitted to vote will receive a Solicitation Package. The voting results for such classes will only be relevant in the event the Debtors determine a change in class treatment. |

12.     The form of letter (the "Cover Letter"), attached hereto as **Exhibit 4**, describing the contents of the Solicitation Packages and recommending that such parties vote in favor of the Plan, is approved.

13.     The Debtors are authorized to cause the Notices of Non-Voting Status and Opt Out Forms to be delivered via first-class mail and/or e-mail, as applicable, through the Claims and Noticing Agent to Holders of Claims and Interests in the Non-Voting Classes.

14.     On or before the Solicitation Mailing Deadline, the Debtors (through the Claims and Noticing Agent) shall provide complete Solicitation Packages (other than Ballots) to the U.S. Trustee (in paper format) and all parties on the Master Service List (in electronic form) as of the Voting Record Date.

15.     The Claims and Noticing Agent is authorized to assist the Debtors in: (a) distributing the Solicitation Packages and Notices of Non-Voting Status and Opt Out Forms; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims against the Debtors; (c) receiving, tabulating, and reporting on Opt Out Forms received by Holders of Claims and Interests; (d) responding to inquiries from Holders of Claims or Interests

| | |
|---|---|
| (Page \| 11) | |
| Debtors: | INVITAE CORPORATION, *et al*. |
| Case No. | 24-11362 (MBK) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION AND VOTING PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

and other parties in interest relating to the approved Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, the Notices of Non-Voting Status, the Opt Out Forms, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan, opting out of the Third-Party Release, and for objecting to confirmation of the Plan; (e) soliciting votes on the Plan; and (f) if necessary, contacting creditors or interest Holders regarding the Plan and/or the approved Disclosure Statement.

16.     The Claims and Noticing Agent is also authorized to accept Ballots and Opt Out Forms via electronic online transmission through an online balloting portal on the Debtors' case website (the "E-Ballot Portal") as set forth in the applicable Ballot or Opt Out Form.  The encrypted data and audit trail created by such electronic submission shall become part of the record of any Ballot or Opt Out Form submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.  Ballots and Opt Out Forms submitted via E-Ballot shall be deemed to contain an original signature.

17.     All votes to accept or reject the Plan must be cast by using the appropriate Ballot. All Ballots must be properly executed, completed, and delivered according to each Ballot's applicable voting instructions by, as applicable: (a) first-class mail, in the return envelope provided with each Ballot; (b) overnight or personal delivery; (c) the E-Ballot Portal; or (d) e-mail to InvitaeBallots@kccllc.com, so that the Ballots are **actually** **received** by the Claims and Noticing Agent by no later than the Voting Deadline at the return address set forth in the applicable Ballot.

| (Page \| 12) | |
|---|---|
| Debtors: | INVITAE CORPORATION, *et al.* |
| Case No. | 24-11362 (MBK) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION AND VOTING PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

Ballots delivered by any means other than those listed as acceptable forms of delivery will not be counted.

18.     The Beneficial Holder Ballots, substantially in the form attached hereto as **Exhibit 3B** and **Exhibit 3D**, will instruct each Beneficial Holder to return the Beneficial Holder Ballot to the appropriate Nominee (or Nominee's mailing agent) in sufficient time for such Nominee (or Nominee's mailing agent) to timely submit a Master Ballot, substantially in the form attached hereto as **Exhibit 3A** and **Exhibit 3C**, on behalf of the Beneficial Holders.  Beneficial Holder Ballots shall be returned directly to the applicable Nominee not to the Claims and Noticing Agent.

19.     If it is a Nominee's (or Nominee's agent's) customary and accepted practice to forward the Solicitation Packages to (and collect votes) Beneficial Holders by voter information form, email, telephone, or other customary means of communication, as applicable, the Nominee (or Nominee's agent) may employ that method of communication in lieu of sending the paper Solicitation Package and/or Beneficial Holder Ballot.  Moreover, if it is a Nominee's (or Nominee's agent's) customary internal practice to provide to Beneficial Holders an electronic link to solicitation materials (including, but not limited to, the Plan, Disclosure Statement and this Order), the Nominee (or Nominee's agent) can follow such customary practice in lieu of forwarding the flash drive or paper copies of the Solicitation Package and/or Beneficial Holder Ballot.  Beneficial Holders must follow the instructions of their Nominees for the purpose of conveying such Beneficial Holders' votes to their Nominee with sufficient time for the Nominees

(Page | 13)

| | |
|---|---|
| Debtors: | INVITAE CORPORATION, *et al.* |
| Case No. | 24-11362 (MBK) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION AND VOTING PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

to, in turn, complete and submit a timely Master Ballot so that such Master Ballot is **actually received** by the Claims and Noticing Agent on or before the Voting Deadline.

**D.    Approval of the Form of Notice of Non-Voting Status and Opt Out Forms.**

20.    On or before the Solicitation Mailing Deadline, the Claims and Noticing Agent shall mail the Notices of Non-Voting Status, the form of which is attached hereto as **Exhibit 2** and the Opt Out Forms, the forms of which are attached hereto as **Exhibit 2A**, **2B**, and **2C**, and such Notice of Non-Voting Status and Opt Out Forms are hereby approved and comply with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, to those parties outlined below, who are not entitled to vote on the Plan[4]:

| Class | Status | Treatment |
|---|---|---|
| Class 1 and Class 2 | Unimpaired—Presumed to Accept | Holders of Claims that are presumed to accept the Plan are not entitled to vote.  As such, Holders of such Claims, will receive a Notice of Non-Voting Status, substantially in the form attached to the Order as Exhibit 2, and the applicable Opt Out Form, in lieu of a Solicitation Package. |
| Class 9 and Class 10 | Impaired—Deemed to Reject[5] | Holders of Claims that are deemed to reject the Plan are not entitled to vote.  As such, Holders of such Claims, will receive a Notice of Non-Voting Status, substantially in the form attached to the Order as Exhibit 2, and the applicable Opt Out Form, in lieu of a Solicitation Package. |

---

[4]    For the avoidance of doubt, as Releasing Parties, the Trustees shall also receive a Notice of Non-Voting Status and Opt Out Form.

[5]    To the extent a Proof of Claim is filed that is based solely on a Holder's equity Interests or the losses thereto, such Holder will be classified as a Class 9 or Class 10 claimant and such Claim will be treated in accordance with Class 9 or Class 10 and not entitled to vote on the Plan.

(Page | 14)

| | |
|---|---|
| Debtors: | INVITAE CORPORATION, *et al*. |
| Case No. | 24-11362 (MBK) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION AND VOTING PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

| Class | Status | Treatment |
|---|---|---|
| N/A | Disputed Claims | Holders of Claims or Interests that are subject to a pending objection filed by the Debtors are not entitled to vote the disputed portion of their Claim or Interest. As such, Holders of such Claims, will receive a Notice of Non-Voting Status, substantially in the form attached to the Order as <u>Exhibit 2</u>, and applicable Opt Out Form, in lieu of a Solicitation Package. |

21.     The Debtors are not required to distribute Solicitation Packages, other solicitation materials, or a Notice of Non-Voting Status to: (a) Holders of Claims that have already been paid in full during the Chapter 11 Cases or that are otherwise paid in full in the ordinary course of business pursuant to an order previously entered by this Court; (b) any party to whom the notice of the Motion was sent but was subsequently returned as undeliverable without a forwarding address by the Voting Record Date; (c) the holders of Claims in Class 7 and holders of Interests in Class 8; or (d) parties that received a Notice of Non-Voting Status and Opt Out Form, as applicable.

22.     The Claims and Noticing Agent will distribute master opt out forms (the "<u>Master Opt Out Form</u>") to Nominees, substantially in the form attached hereto as **<u>Exhibit 2A</u>**. The Opt Out Forms for Beneficial Holders (the "<u>Beneficial Holder Opt Out Forms</u>"), substantially in the form attached hereto as **<u>Exhibit 2B</u>**, will instruct each Beneficial Holder to return the Beneficial Holder Opt Out Form to the appropriate Nominee in sufficient time for such Nominee to timely submit the Master Opt Out Form on behalf of the Beneficial Holders so that it is **<u>actually received</u>**

(Page | 15)

| | |
|---|---|
| Debtors: | INVITAE CORPORATION, *et al.* |
| Case No. | 24-11362 (MBK) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION AND VOTING PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

by the Claims and Noticing Agent on or before the Voting Deadline. Beneficial Holder Opt Out Forms shall be returned directly to the applicable Nominee not to the Claims and Noticing Agent.

23.     Opt Out Forms may be submitted via, as applicable, (i) hard copy through first-class mail, overnight courier, and hand delivery, (ii) E-Ballot through the Claims and Noticing Agent's E-Ballot Portal at https://eballot.kccllc.net/Invitae, or (iii) for Master Opt Out Forms submitted by brokers, banks, or other nominees holding the claims for which there are Master Ballots on behalf of the underlying Beneficial Holders, via e-mail to InvitaeBallots@kccllc.com, so that the Opt Out Form is **actually received** by the Claims and Noticing Agent no later than the Voting Deadline. The Debtors are authorized to extend the Voting Deadline in their discretion and without further order of the Court.

24.     If it is a Nominee's (or Nominee's agent's) customary and accepted practice to forward the Beneficial Opt Out Form to (and collect elections from) Beneficial Holders by voter information form, email, telephone, or other customary means of communication, as applicable, the Nominee (or Nominee's agent) can employ that method of communication in lieu of sending the paper copies of Notice of Non-Voting Status and Beneficial Holder Opt Out Form. Moreover, if it is the Nominee's (or Nominee's agent's) customary internal practice to provide to beneficial owners an electronic link to opt out materials (including, but not limited to, the Notice of Non-Voting Status and Beneficial Holder Opt Out Form), the Nominee (or Nominee's agent) could follow such customary practice in lieu of forwarding paper copies of the Notice of Non-Voting Status and Beneficial Holder Opt Out Form.

| Debtors: | INVITAE CORPORATION, *et al.* |
| Case No. | 24-11362 (MBK) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION AND VOTING PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

25.     The applicable Ballots contain the Convenience Claim Election.  Such elections will only be applicable to and accepted for eligible Holders of Class 6 Parent Unsecured Claims and Holders of Class 11 Contingent Subsidiary Unsecured Claims who check the box under the Convenience Claim Election to select Class 4 Convenience Class Claim treatment.  Holders of Allowed Class 4 Convenience Class Claims and Holders who check the box under the Convenience Claim Election will not be entitled to additional distributions, other than the distributions set forth in the proposed Plan treatment for Holders of Allowed Class 4 Convenience Class Claims and may not revoke their Convenience Class Claim Election.  Holders of Class 6 Parent Unsecured Claims and Holders of Class 11 Contingent Subsidiary Unsecured Claims who check the box under the Convenience Claim Election must also accept the Plan otherwise such Convenience Claim Election will be invalid.

**E.     Approval of the Confirmation Hearing Notice.**

26.     The Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 5**, which shall be filed by the Debtors and served upon parties in interest in these Chapter 11 Cases by no later than the Solicitation Mailing Deadline and published in a format modified for publication one time no later than the Publication Deadline, in the *New York Times* (national edition) constitutes adequate and sufficient notice of the hearing to consider approval of the Plan, the manner in which a copy of the Plan and Disclosure Statement can be obtained, and

| | |
|---|---|
| (Page \| 17) | |
| Debtors: | INVITAE CORPORATION, *et al.* |
| Case No. | 24-11362 (MBK) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION AND VOTING PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**F.      Approval of Notice of Filing of the Plan Supplement.**

27.      The Debtors are authorized to send notice of the filing of the Plan Supplement to parties in interest, substantially in the form attached hereto as **Exhibit 6**, within the time periods specified in the Plan.  Notwithstanding the foregoing, the Debtors, with the consent of the Required Consenting Stakeholders, may amend the documents contained in, and exhibits to, the Plan Supplement through the Effective Date in accordance with the Plan; *provided* that any such amended Plan Supplement shall be filed with the Court contemporaneously with a proof of service and served on the applicable notice parties.

**G.      Approval of Notices to Contract and Lease Counterparties.**

28.      The Debtors are authorized to mail notices of assumption of any Executory Contracts or Unexpired Leases, in the form attached hereto as **Exhibit 7**, to the applicable counterparties to Executory Contracts and Unexpired Leases that will be assumed pursuant to the Plan, within the time periods specified in the Motion.

**H.      Non-Substantive Modifications.**

29.      The Debtors, consistent with the TSA, are authorized to make changes, to the Plan, Disclosure Statement, Solicitation and Voting Procedures, Ballots, Solicitation Packages, Notices of Non-Voting Status and Opt Out Forms, Confirmation Hearing Notice, Publication Notice, Cover Letter, Plan Supplement Notice, Assumption Notice, and any notice attached hereto, and

(Page | 18)

| | |
|---|---|
| Debtors: | INVITAE CORPORATION, *et al*. |
| Case No. | 24-11362 (MBK) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION AND VOTING PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

any related documents without further order of the Bankruptcy Court, including formatting changes, changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan, and any other materials (including any appendices thereto) in the Solicitation Packages before distribution; *provided*, *however*, that counsel to the Committee and the U.S. Trustee shall be provided notice of any non-typographical and grammatical changes.  Subject to the foregoing, the Debtors are authorized to solicit, receive, and tabulate votes to accept or reject the Plan in accordance with this Order, without further order of the Bankruptcy Court.

## III.    Approval of Procedures for Confirming the Plan.

### A.    Approval of the Procedures for Filing Objections to the Confirmation of the Plan.

30.    Objections to the confirmation of the Plan will not be considered by the Court unless such objections are timely filed and properly served in accordance with this Order and the *Order Establishing Certain Notice, Case Management, and Administrative Procedures* [Docket No. 62] (the "Case Management Order").  Specifically, all objections to the confirmation of the Plan or requests for modifications to the Plan, if any, **must**:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of this Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court

| (Page | 19) | |
|---|---|
| Debtors: | INVITAE CORPORATION, *et al.* |
| Case No. | 24-11362 (MBK) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION AND VOTING PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

(contemporaneously with a proof of service) and served upon the notice parties so as to be **actually received** on or before the Plan Objection Deadline.

## IV.  Miscellaneous.

31.    The Debtors' rights are reserved to modify the Plan without further order of the Bankruptcy Court in accordance with Article X of the Plan, including the right to withdraw the Plan as to an individual Debtor at any time before the Confirmation Date.

32.    Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

33.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

34.    Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rules and the Local Rules are satisfied by such notice.

35.    Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

36.    The Debtors, in consultation with the Required Consenting Stakeholders, are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

37.    The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

(Page | 20)

| | |
|---|---|
| Debtors: | INVITAE CORPORATION, *et al*. |
| Case No. | 24-11362 (MBK) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION AND VOTING PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

38.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **Exhibit 1**

**Solicitation and Voting Procedures**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Nicole L. Greenblatt, P.C. (admitted *pro hac vice*)
Francis Petrie (admitted *pro hac vice*)
Jeffrey Goldfine (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
nicole.greenblatt@kirkland.com
francis.petrie@kirkland.com
jeffrey.goldfine@kirkland.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Spencer A. Winters, P.C. (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
spencer.winters@kirkland.com

*Co-Counsel to the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Daniel J. Harris, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Co-Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| INVITAE CORPORATION, *et al.*, | Case No. 24-11362 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**SOLICITATION AND VOTING PROCEDURES**

    **PLEASE TAKE NOTICE THAT** on June 13, 2024, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order") (a) authorizing Invitae Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *Amended Joint Plan of Invitae Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 630] (as modified, amended, or supplemented from time to time,

---

[1]    The last four digits of Debtor Invitae Corporation's tax identification number are 1898. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/invitae. The Debtors' service address in these chapter 11 cases is 1400 16th Street, San Francisco, California 94103.

the "Plan");[2] (b) approving the *Disclosure Statement Relating to the Amended Joint Plan of Invitae Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 631] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**A.**      **The Voting Record Date.**

The Bankruptcy Court has approved **June 6, 2024,** as the record date for purposes of determining which Holders of Claims in Classes 3, 4, 5, 6, and 11 (the "Voting Classes")[3] are entitled to vote on the Plan (the "Voting Record Date").

**B.**      **The Voting Deadline.**

The Bankruptcy Court has approved **July 15, 2024, at 4:00 p.m. (prevailing Eastern Time)** as the voting deadline for the Plan (the "Voting Deadline").  The Debtors may extend the Voting Deadline, in their discretion, without further order of the Bankruptcy Court (with notice to the Committee).  To be counted as votes to accept or reject the Plan, all ballots (the "Ballots") must be executed, completed, and submitted, in accordance with each Ballot's applicable instructions, via (i) e-mail at InvitaeBallots@kccllc.com, (ii) the E-Ballot Portal, or (iii) first class mail, overnight courier, and hand delivery to Invitae Ballot Processing Center, c/o KCC 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245, so that they are **actually received** by Kurtzman Carson Consultants LLC ("KCC" or the "Claims and Noticing Agent"), pursuant to the instructions on the applicable Ballot, no later than the Voting Deadline.  As discussed in Section D.4. below, each Beneficial Holder Ballot should be returned to the applicable Nominee so that such Nominee may properly complete and deliver to the Claims and Noticing Agent, a Master Ballot that reflects the vote of such Beneficial Holder so that it is received no later than the Voting Deadline.  Ballots delivered by any means other than those listed as acceptable forms of delivery will not be counted.

**C.**      **Form, Content, and Manner of Notices.**

1.      The Solicitation Packages.

The following materials constitute the solicitation package (the "Solicitation Package") distributed to Holders of Claims in the Voting Classes:

    a.      these Solicitation and Voting Procedures;

    b.      the applicable form of Ballot, together with detailed voting instructions, and instructions on how to submit the Ballot;

    c.      the cover letter, which urges Holders of Claims in the Voting Classes to vote to accept the Plan (the "Cover Letter");

---

[2]   Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

[3]   The Debtors believe that Classes 4 and 5 are Unimpaired and are therefore presumed to accept the Plan.  The Debtors also have determined that Classes 6 and 11 may or may not receive a recovery under the Plan and are therefore deemed to reject.  In response and to resolve the Committee's objection to the Disclosure Statement, the Debtors shall provide Ballots to Holders of Claims in Classes 4, 5, 6, and 11 and permit such Holders to submit votes on the Plan.  The Claims and Noticing Agent will tabulate the Ballots cast by Holders of Claims in Class 4, Class 5, Class 6, and Class 11.  If the Debtors determine that a Voting Class is either presumed to accept or deemed to reject the Plan, any votes cast by such a Class will not count towards confirmation of the Plan.

     d.      the notice of the Confirmation Hearing (the "Confirmation Hearing Notice");

     e.      the Disclosure Statement (and exhibits thereto, including the Plan);

     f.      the Disclosure Statement Order (without exhibits);

     g.      a pre-addressed, postage pre-paid reply envelope;[4]

     h.      any additional documents that the Bankruptcy Court has ordered to be made available.

2.     Distribution of the Solicitation Package.

The Debtors shall serve, or cause to be served, copies of the Solicitation Package to Holders of Claims in the Voting Classes. In addition, these Solicitation and Voting Procedures, the Disclosure Statement, the Plan, the Disclosure Statement Order, and all pleadings filed with the Bankruptcy Court shall be made available on the Debtors' case website https://kccllc.net/Invitae, provided that any party that would prefer paper format may contact the Claims and Noticing Agent by: (a) calling (866) 967-0263 (domestic) or +1(310) 751-2663 (international) and asking for a member of the solicitation team; (b) submitting an inquiry to http://www.kccllc.net/invitae/inquiry; (c) writing to Invitae Ballot Processing Center, c/o KCC 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245; or (d) e-mailing invitaeinfo@kccllc.com and referencing "Invitae" in the subject line.

The Debtors shall serve, or cause to be served, all of the materials in the Solicitation Package (excluding the Ballots) on the U.S. Trustee (in paper form) and all parties on the Master Service List (in electronic form). In addition, the Debtors shall distribute, or cause to be distributed, the Solicitation Package to all Holders of Claims in the Voting Classes **within three (3) business days following entry of the Disclosure Statement Order** who are entitled to vote, as described in Section D.1. below. To the extent that such distribution is not made by the Solicitation Mailing Deadline, the Debtors shall distribute the Solicitation Packages immediately thereafter; provided, that the Debtors shall distribute the Confirmation Hearing Notice no later than three (3) business days following the Solicitation Mailing Deadline. The Debtors will not distribute Solicitation Packages or other solicitation materials to (i) Holders of Claims that have already been paid in full during these Chapter 11 Cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court, (ii) any party to whom notice of the Motion was sent but was subsequently returned as undeliverable without a forwarding address by the Voting Record Date; or (iii) the Holders in Class 7 (Intercompany Claims) or Class 8 (Intercompany Interests).

To avoid duplication and reduce expenses, the Debtors will make every reasonable effort to ensure that any Holder of a Claim who has filed duplicative Claims against a Debtor (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to that Class as against that Debtor.

3.     Resolution of Disputed Claims for Voting Purposes; Resolution Event.

     a.      Subject to paragraph D.1. herein, if a Claim in a Voting Class is subject to an objection that is filed with the Bankruptcy Court on or prior to seven (7) days before the Voting Deadline: (i) the Debtors shall cause the applicable Holder to be served with the *Notice of Non-Voting Status* substantially in the form annexed as Exhibit 2 to the Disclosure Statement Order and the applicable Opt Out Form; and (ii) the applicable Holder shall not be entitled to vote to accept or reject the Plan on account of such Claim unless a Resolution Event (as defined herein) occurs as provided herein.

     b.      If a Claim in a Voting Class is subject to an objection that is filed with the Bankruptcy Court less than seven (7) days prior to the Voting Deadline, the applicable

---

[4]    The Debtors will provide pre-addressed, postage pre-paid reply envelopes only to those Holders who receive a Ballot directly from the Debtors and shall not be responsible for ensuring individual Beneficial Holders receive pre-addressed, postage pre-paid reply envelopes from their respective Nominees.

Claim shall be deemed temporarily allowed for voting purposes only, without further action by the Holder of such Claim and without further order of the Bankruptcy Court, unless the Bankruptcy Court orders otherwise.

c.    A "Resolution Event" means the occurrence of one or more of the following events no later than two (2) business days prior to the Voting Deadline:

    i.    an order of the Bankruptcy Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code;

    ii.    an order of the Bankruptcy Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a);

    iii.    a stipulation or other agreement is executed between the Holder of such Claim and the Debtors temporarily allowing the Holder of such Claim to vote its Claim in an agreed upon amount *provided* that, to the extent material, the Debtors shall execute such agreement in consultation with the Committee; or

    iv.    the pending objection is voluntarily withdrawn by the objecting party.

d.    No later than three (3) business days (or within a week of the Voting Deadline, one (1) business day) following the occurrence of a Resolution Event, the Debtors shall cause the Claims and Noticing Agent to distribute a Solicitation Package to the relevant Holder via email.

4.    Notice of Non-Voting Status for Unimpaired, Impaired and Disputed Claims and Opt Out Form.

a.    Certain (i) Holders of Claims and Interests that are not classified in accordance with section 1123(a)(1) of the Bankruptcy Code or who are not entitled to vote because they are Unimpaired or otherwise presumed to accept the Plan under section 1126(f) of the Bankruptcy Code, (ii) Holders of Claims or Interests who are not entitled to vote because they are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code, and (iii) Holders of Claims that are subject to a pending objection by the Debtors are not entitled to vote the disputed portion of their claims unless a Resolution Event occurs will receive (i) the *Notice of Non-Voting Status*, substantially in the form annexed as Exhibit 2 to the Disclosure Statement Order, and (ii) the applicable opt out forms (each, an "Opt Out Form," and collectively, the "Opt Out Forms"), substantially in the forms annexed as Exhibits 2A, 2B, and 2C to the Disclosure Statement Order.  Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (*excluding* Ballots), as well as how they may opt out of the Third-Party Release.[5]

5.    Notices in Respect of Executory Contracts and Unexpired Leases.

Counterparties to Executory Contracts and Unexpired Leases that receive a *Notice to Contract Parties to Potentially Assumed Executory Contracts*, substantially in the form attached as Exhibit 7 to the Disclosure Statement Order, may file an objection to the Debtors' proposed assumption or cure amount, as applicable.  Such objections must:  (a) be in writing; (b) state with particularity the basis of the objection; and (c) be filed with the Clerk of the Bankruptcy Court electronically (i) by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the

---

[5]    For the avoidance of doubt, as Releasing Parties, the Trustees shall also receive a Notice of Non-Voting Status and Opt Out Form.

Bankruptcy Court) and, (ii) by all other parties-in-interest, if not otherwise filed with the Clerk of the Bankruptcy Court electronically, via hard copy, and shall be served in accordance with the General Order and the Supplemental Commentary upon the following parties so as to be **actually received** on or before **July 22, 2024 at 4:00 p.m. (prevailing Eastern Time)**.

| *Debtors* |
|---|
| **Invitae Corporation**<br>1400 16th Street<br>San Francisco, California 94103 |

| *Co-Counsel for the Debtors* | *Co-Counsel for the Debtors* |
|---|---|
| **Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attention:  Joshua A. Sussberg, P.C.; Nicole L. Greenblatt, P.C.; Francis Petrie; Jeffrey Goldfine<br><br>-and-<br><br>**Kirkland & Ellis LLP**<br>333 West Wolf Point Plaza<br>Chicago, Illinois 60654<br>Attention:  Spencer A. Winters, P.C. | **Cole Schotz P.C.**<br>Court Plaza, 25 Main Street<br>Hackensack, New Jersey 10112<br>Attention:  Michael D. Sirota; Warren A. Usatine; Felice R. Yudkin; Daniel J. Harris |

| *Counsel for the Committee* |
|---|
| **White & Case LLP**<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Attention: J. Christopher Shore, Harrison Denman, Andrew Zatz, Samuel P. Hershey, Ashley Chase, and Brett Bakemeyer<br><br>-and-<br><br>**Porzio, Bromberg & Newman, P.C.**<br>100 Southgate Parkway<br>P.O. Box 1997<br>Morristown, New Jersey 07962<br>Attention: Warren J. Martin Jr., John S. Mairo, and Christopher P. Mazza |

| *United States Trustee* |
|---|
| **Office of the United States Trustee**<br>**United States Trustee, Region 3**<br>One Newark Center, Suite 2100<br>Newark, New Jersey 07102<br>Attention:  Jeffrey M. Sponder, Lauren Bielskie |

| *Counsel to the Consenting Stakeholders* |
|---|
| **Wollmuth Maher & Deutsch LLP**<br>500 Fifth Avenue<br>New York, New York 10110<br>Attention: James N. Lawlor, Joseph F. Pacelli, and Nicholas A. Servider<br><br>-and-<br><br>**Sullivan & Cromwell LLP**<br>125 Broad Street<br>New York, New York<br>Attention: James L. Bromley, Ari B. Blaut, and David M. Rosenthal |

**D.    Voting and Tabulation Procedures.**

1.    <u>Holders of Claims Entitled to Vote</u>.

Only the following Holders of Claims in the Voting Classes shall be entitled to vote with regard to such Claims:

a.    Holders of Claims who, on or before the Voting Record Date, have timely filed a Proof of Claim (or an untimely Proof of Claim that has been Allowed as timely by the Bankruptcy Court under applicable law on or before the Voting Record Date) that:  (i) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting Record Date; and (ii) is not the subject of a pending objection filed with the Bankruptcy Court at least seven (7) days prior to the Voting Deadline, pending a Resolution Event as provided herein; *provided* that a Holder of a Claim that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim in the reduced amount contained in such objection absent a further order of the Bankruptcy Court; *provided*, *further*, that Holders of Claims that are subject to a pending objection on a "reclassify and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim at the applicable Debtor contained in such objection absent a further order of the Bankruptcy Court; *provided*, *further*, that the Consenting Stakeholders shall not be required to file a Proof of Claim to be entitled to vote with regard to such Claims;

b.    Holders of Claims that are listed in the Schedules, *provided* that Claims that are scheduled as contingent, unliquidated, or disputed (excluding such scheduled disputed, contingent, or unliquidated Claims that have been paid or superseded by a timely Filed Proof of Claim) shall be allowed to vote only in the amounts set forth in D.2. of these Solicitation and Voting Procedures;

c.    Holders whose Claims arise:  (i) pursuant to an agreement or settlement with the Debtors, as reflected in a document filed with the Bankruptcy Court; (ii) from an order entered by the Bankruptcy Court; or (iii) from a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court, in each case regardless of whether a Proof of Claim has been filed or the Claim was scheduled as contingent, unliquidated, or disputed;

d.    Holders of any Claim that has been temporarily allowed to vote on the Plan pursuant to Bankruptcy Rule 3018; and

e.    with respect to any Entity described in subparagraphs (a) through (d) above, who, on or before the Voting Record Date, has transferred such Entity's Claim to another Entity, the assignee of such Claim; *provided* that such transfer or assignment has been fully

effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register on the Voting Record Date.

2.    <u>Establishing Claim Amounts for Voting Purposes</u>.

**Class 3 Claims.**  Notwithstanding anything to the contrary set forth herein, the Claim amount of Class 3 2028 Senior Secured Notes Claims, for voting purposes only, will be established by reference to the (a) Plan, (b) Cash Collateral Orders, (c) Debtors' applicable books and records, and (d) list of record holders maintained on the registry by the 2028 Senior Secured Notes Trustee (as defined in the Plan), dated as of the Voting Record Date, as evidenced by the applicable records and/or depository listings provided by the 2028 Senior Secured Notes Trustee to the Debtors, which records shall be provided as soon as practicable on request of the Debtors and no later than two (2) business days following the Voting Record Date.  In the event of any conflict between the Debtors' applicable books and records and the list of record holders maintained by the 2028 Senior Secured Notes Trustee, the list of record holders maintained by the 2028 Senior Secured Notes Trustee shall control for purposes of determining the amount of any 2028 Senior Secured Notes Claims for voting purposes.

**Class 4 Claims.**  The Claim amount of Class 4 Convenience Class Claims for voting purposes only will be established based on the amount of the applicable positions held by such Class 4 Convenience Class Claims Holder, as of the Voting Record Date, as evidenced by (a) the Schedules and (b) the claims register maintained in these chapter 11 cases.

**Class 5 Claims.**  The Claim amount of Class 5 Subsidiary Unsecured Claims for voting purposes only will be established based on the amount of the applicable positions held by such Class 5 Subsidiary Unsecured Claims Holder, as of the Voting Record Date, as evidenced by (a) the Schedules and (b) the claims register maintained in these chapter 11 cases.

**Class 6 Claims.**  Notwithstanding anything to the contrary set forth herein, the Claim amount of Class 6 Parent Unsecured Claims, for voting purposes only, will be established by the list of record holders maintained on the registry by Cede & Co., the sole registered holder of the 2024 Convertible Notes and 2028 Convertible Notes, or DTC (as defined in the Plan), dated as of the Voting Record Date, as evidenced by the applicable records and/or depository listings. In the event of any conflict between the Debtors' applicable books and records and the list of record holders maintained by Cede & Co. or DTC, the list of record holders maintained by Cede & Co. or DTC shall control for purposes of determining the amount of any Parent Unsecured Claims for voting purposes.

**Class 11 Claims.**  Notwithstanding anything to the contrary set forth herein, the Claim amount of Class 11 Contingent Subsidiary Unsecured Claims for voting purposes only will be established based on the amount of the applicable positions held by such Class 11 Contingent Subsidiary Unsecured Claims Holder, as of the Voting Record Date, as evidenced by (a) the Schedules and (b) the claims register maintained in these chapter 11 cases.

**Filed and Scheduled Claims.**  The Claim amounts established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim.  Moreover, any amounts filled in on Ballots by the Debtors through the Claims and Noticing Agent, as applicable, are not binding for purposes of allowance and distribution.  In tabulating votes, the amount of the Claim associated with each claimant's vote shall be determined as follows:

a.    the Claim amount:  (i) settled and/or agreed upon by the Debtors and, if material, in consultation with the Committee, as reflected in a document filed with the Bankruptcy Court; (ii) set forth in an order of the Bankruptcy Court; or (iii) set forth in a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court;

b.    the Claim amount Allowed (temporarily or otherwise) pursuant to a Resolution Event;

c.    the Claim amount contained in a Proof of Claim that has been timely filed by the applicable bar date (or deemed timely filed by the Bankruptcy Court under applicable law), except for any amounts asserted on account of any interest accrued after the Petition Date; *provided*, *however*, that any Ballot cast by a Holder of a Claim who timely files a Proof of Claim in

7

respect of a (i) contingent Claim or a Claim in a wholly-unliquidated or unknown amount (based on a reasonable review by the Debtors and/or the Claims and Noticing Agent) that is not the subject of a pending objection will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code, and (ii) a partially liquidated and partially unliquidated Claim, which Claim will be Allowed for voting purposes only in the liquidated amount; *provided*, *further*, *however*, that to the extent that any Claim amount contained in a Proof of Claim is different from the Claim amount set forth in a document filed with the Bankruptcy Court referenced in subparagraph (a) above, the Claim amount in the document filed with the Bankruptcy Court shall supersede the Claim amount set forth on the respective Proof of Claim for voting purposes;

d.      the Claim amount contained in a Proof of Claim that has been timely filed by the applicable bar date (or deemed timely filed by the Bankruptcy Court under applicable law) that is asserted in currency other than U.S. Dollars shall be automatically deemed converted to the equivalent U.S. Dollar value using the conversion rate for the applicable currency at prevailing market prices as of 11:59 p.m. UTC on the Petition Date.  Such conversion shall be for voting tabulation purposes only and shall not be binding for any other purpose on the Debtors, including, without limitation, for purposes of allowance of, and distribution with respect to, Claims under the Plan;

e.      Holders of Proofs of Claim filed for $0.00 are not entitled to vote;

f.      Claims that have been paid, scheduled to be paid in the ordinary course, or otherwise satisfied are disallowed for voting purposes;

g.      creditors will not be entitled to vote Claims to the extent their Claims have been superseded and/or amended by other Claims filed by or on behalf of such creditors, regardless of whether the Debtors have objected to the earlier filed Claim;

h.      to the extent a Proof of Claim is filed that is based solely on a Holder's Equity Interests or the losses thereto, such Holder will be classified as a Class 10 claimant and such Claim will be treated in accordance with Class 10 and not entitled to vote on the Plan;

i.      for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a Voting Class will be aggregated as if that creditor held one claim in such Voting Class, and the votes related to those Claims will be treated as a single vote to accept or reject the Plan;

j.      to the extent a Holder of a Claim files a Proof of Claim during the solicitation period that amends or supersedes a Claim for which a Solicitation Package was previously distributed to the same Holder, the Debtors are not obligated to cause the Claims and Noticing Agent to distribute an additional Solicitation Package to such Holder;

k.      notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall, to the extent possible, be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims; and

l.      in the absence of any of the foregoing, such Claim shall be disallowed for voting purposes.

If a Proof of Claim is amended, the last filed Claim shall be subject to these rules and will supersede any earlier filed Claim, and any earlier filed Claim will be disallowed for voting purposes.

3.      <u>General Voting and Ballot Tabulation Procedures</u>.

The following voting procedures and standard assumptions shall be used in tabulating Ballots, subject to the Debtors' right to waive any of the below specified requirements for completion and submission of Ballots, so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Local Rules:

a.      except as otherwise provided in the Solicitation and Voting Procedures, unless the Ballot being furnished is timely submitted and actually received by the Claims and Noticing Agent on or prior to the Voting Deadline (as the same may be extended by the Debtors), the Debtors shall reject such Ballot as invalid and, therefore, shall not count it in connection with confirmation of the Plan;

b.      the Claims and Noticing Agent will date-stamp all Ballots when received;

c.      the Claims and Noticing Agent shall retain copies of Ballots and all solicitation-related correspondence for two (2) years following the closing of the Chapter 11 Cases, whereupon the Claims and Noticing Agent is authorized to destroy and/or otherwise dispose of: (a) all copies of Ballots; (b) printed solicitation materials including unused copies of the Solicitation Package; and (c) all solicitation-related correspondence (including undeliverable mail), in each case unless otherwise directed by the Debtors or the Clerk of the Bankruptcy Court in writing within such two year period;

d.      the Debtors will file the Voting Report on or before **July 18, 2024**. The Voting Report shall, among other things, delineate every Ballot that was excluded from the voting results (each an "<u>Irregular Ballot</u>"), including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or other necessary information, or damaged. The Voting Report shall indicate the Debtors' decision with regard to such Irregular Ballots. Neither the Debtors nor any other Person or Entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report nor will any of them incur any liability for failure to provide such notification;

e.      an executed Ballot is required to be submitted by the Entity (except with respect to Master Ballots submitted by the Nominees) submitting such Ballot. Delivery of a Ballot to the Claims and Noticing Agent by facsimile or any means other than expressly provided in the applicable Ballot will not be valid;

f.      except as otherwise provided, a Ballot will be deemed delivered only when the Claims and Noticing Agent actually receives the executed Ballot;

g.      no Ballot should be sent to the Debtors, the Debtors' agents (other than the Claims and Noticing Agent), or the Debtors' financial or legal advisors, and, if so sent, will not be counted;

h.      if multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last properly submitted, valid Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior received Ballot;

i.      Holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any votes. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, to the extent there are multiple Claims within the same Class, the applicable Debtor may, in its discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes;

9

j.      a person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a Holder of Claims must indicate such capacity when signing;

k.      the Debtors, subject to a contrary order of the Bankruptcy Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report or a supplemental voting report, as applicable;

l.      neither the Debtors nor any other Entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report nor will any of them incur any liability for failure to provide such notification;

m.      unless waived or as ordered by the Bankruptcy Court, any defects or irregularities in connection with submissions of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted; *provided* that a valid opt out election on an otherwise defective or irregular Ballot submitted prior to the Voting Deadline shall be honored as a valid opt out election;

n.      in the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Bankruptcy Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

o.      subject to any order of the Bankruptcy Court, the Debtors reserve the right to reject any and all ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; *provided* that any such rejections will be documented in the Voting Report;

p.      if a Claim has been estimated or otherwise Allowed only for voting purposes by order of the Bankruptcy Court, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Bankruptcy Court for voting purposes only, and not for purposes of allowance or distribution;

q.      if an objection to a Claim is filed, such Claim shall be treated in accordance with the procedures set forth herein;

r.      the following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Claim; (ii) any Ballot cast by any Entity that does not hold a Claim in a Voting Class; (iii) any Ballot cast for a Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed by the Voting Record Date (unless the applicable bar date has not yet passed, in which case such Claim shall be entitled to vote in the amount of $1.00); (iv) any unsigned Ballot; (v) any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan; (vi) any Ballot sent to any of the Debtors, the Debtors' agents or representatives, or the Debtors' advisors (other than the Claims and Noticing Agent); and (vii) any Ballot submitted by any Entity not entitled to vote pursuant to the procedures described herein;

s.      after the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors or further order of the Bankruptcy Court;

t.      the Debtors are authorized to enter into stipulations with the Holder of any Claim agreeing to the amount of a Claim for voting purposes;

u.     in the event a Ballot is returned marked to accept a Convenience Claim Election, such Ballot will be deemed to accept the Plan; and

v.     to assist in the solicitation process, the Claims and Noticing Agent may, but is not required to, contact parties that submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies; *provided that* the Claims and Noticing Agent is not obligated to do so and neither the Debtors nor the Claims and Noticing Agent will suffer any liability for failure to notify parties of such deficiencies.

4.     Additional Voting and Ballot Tabulation Procedures.

In addition to the foregoing generally applicable voting and ballot tabulation procedures, the following procedures shall apply to Beneficial Holders of Class 3 2028 Senior Secured Notes Claims and Class 6 Parent Unsecured Claims who hold and will vote their position through a Nominee:[6]

a.     the Claims and Noticing Agent shall distribute or cause to be distributed through the applicable Nominees (i) Solicitation Packages for each Beneficial Holder of Class 3 2028 Senior Secured Notes Claims and Class 6 Parent Unsecured Claims as of the Voting Record Date represented by a Nominee, which will contain, among other things, a Beneficial Holder Ballot for each Beneficial Holder, and (ii) a Master Ballot for the Nominee;

b.     any Nominee that is a Holder of record with respect to Class 3 2028 Senior Secured Notes Claims and Class 6 Parent Unsecured Claims shall vote on behalf of, or facilitate voting by, Beneficial Holders of such Claims, as applicable, either by (i)(A) immediately, and in any event within five (5) Business Days after its receipt of the Solicitation Packages, distributing the Solicitation Packages, including the Beneficial Holder Ballots, it receives from the Claims and Noticing Agent to all such Beneficial Holders,[7] (B) providing such Beneficial Holders with a return address to send the completed Beneficial Holder Ballots, (C) compiling and validating the votes and other relevant information of all such Beneficial Holders on the Master Ballot, and (D) transmitting the Master Ballot to the Claims and Noticing Agent so that it is received no later than the Voting Deadline;

c.     the applicable indenture trustee will not be entitled to vote on behalf of a Beneficial Holder; rather, each Beneficial Holder must vote his or her own Class 3 2028 Senior Secured Notes Claims and Class 6 Parent Unsecured Claims according to instructions received from its Nominee;

d.     any Ballot returned to a Nominee by a Beneficial Holder, whether in a Beneficial Holder Ballot or otherwise according to the Nominee's instructions, shall not be counted for purposes of accepting or rejecting the Plan until such Nominee properly completes and delivers to the Claims and Noticing Agent a Master Ballot that reflects the vote of such Beneficial Holders so that it is received no later than the Voting Deadline or otherwise validates the Beneficial Holder Ballot in a manner acceptable to the Claims and Noticing

---

[6]    Beneficial Holders hold their positions in the Debtors' publicly-traded debt securities in the Debtors' Class 3 2028 Senior Secured Notes Claims and Class 6 Parent Unsecured Claims in "street name" through a Nominee, which is a bank, broker or other intermediary, or their agent.

[7]    Solicitation Packages may be sent in paper format or via electronic transmission in accordance with the customary requirements of each Nominee. Each Nominee will then distribute the Solicitation Packages, as appropriate, in accordance with their customary practices and obtain votes to accept or to reject the Plan also in accordance with their customary practices. If it is the Nominee's customary and accepted practice to submit a "voting instruction form" to the Beneficial Holders for the purpose of recording the Beneficial Holder's vote, the Nominee will be authorized to send the voting instruction form in lieu of, or in addition to, a Beneficial Holder Ballot.

Agent.  Nominees shall retain all Beneficial Holder Ballots returned by Beneficial Holders for a period of two (2) years following the closing of these Chapter 11 Cases;

e.    if a Beneficial Holder holds Class 3 2028 Senior Secured Notes Claims and Class 6 Parent Unsecured Claims through more than one Nominee or through multiple accounts, such Beneficial Holder may receive more than one Beneficial Holder Ballot and each such Beneficial Holder should execute a separate Beneficial Holder Ballot for each block of Class 3 2028 Senior Secured Notes Claims and Class 6 Parent Unsecured Claims that it holds through any Nominee and must return each such Beneficial Holder Ballot to the appropriate Nominee;

f.    votes cast by Beneficial Holders through Nominees will be applied to the applicable positions held by such Nominees in the Voting Class as of the Voting Record Date, as evidenced by the applicable securities position report(s) obtained from the DTC.  Votes submitted by a Nominee pursuant to a Master Ballot will not be counted in excess of the amount of such Claims held by such Nominee as of the Voting Record Date. Votes cast on account of Class 3 2028 Senior Secured Notes Claims and Class 6 Parent Unsecured Claims will be tabulated in the same manner with respect to each applicable Debtor;

g.    Master Ballots may be submitted via (i) e-mail at InvitaeBallots@kccllc.com (preferred method of delivery) or (ii) first class mail, overnight courier, and hand delivery to Invitae Ballot Processing Center, c/o KCC 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245;

h.    if conflicting votes or "over votes" are submitted by a Nominee pursuant to a Master Ballot, the Claims and Noticing Agent will use reasonable efforts to reconcile discrepancies with the Nominees.  If over votes on a Master Ballot are not reconciled before the preparation of the voting report tabulating votes on the Plan, the Debtors shall apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and to reject the Plan submitted on the Master Ballot that contained the over vote, but only to the extent of the Nominee's position in Class 3 2028 Senior Secured Notes Claims and Class 6 Parent Unsecured Claims;

i.    to assist in the solicitation process, the Claims and Noticing Agent may, but is not required to, contact parties that submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies; provided that the Claims and Noticing Agent is not obligated to do so and neither the Debtors nor the Claims and Noticing Agent will suffer any liability for failure to notify parties of such deficiencies;

j.    for purposes of tabulating votes, each Nominee or Beneficial Holder will be deemed to have voted the principal amount of its Class 3 2028 Senior Secured Notes Claims or Class 6 Parent Unsecured Claims, although any principal amounts may be adjusted by the Claims and Noticing Agent to reflect the amount of the Claim actually voted, including prepetition interest;

k.    a single Nominee may complete and deliver to the Claims and Noticing Agent multiple Master Ballots.  Votes reflected on multiple Master Ballots will be counted, except to the extent that they are duplicative of other Master Ballots.  If two or more Master Ballots are inconsistent, the latest received valid Master Ballot received before the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior received Master Ballot.  Likewise, if a Beneficial Holder submits more than one Ballot to its Nominee, (i) the latest received Beneficial Holder Ballot received before the submission deadline imposed by the Nominee shall be deemed to supersede any prior Beneficial Holder Ballot submitted by the Beneficial Holder, and (ii) the Nominee shall complete the Master Ballot accordingly;

12

l.          Nominees, or their agents, may forward Solicitation Packages (or a summary thereof) to their Beneficial Holder clients by e-mail or other customary means of communication, including an online electronic link to solicitation materials, in addition to (or in lieu of) mailing a Solicitation Package and/or Beneficial Holder Ballot;

m.        Nominees, or their agents, may collect votes from their Beneficial Holder clients by e-mail or other customary means of communication, in addition to (or in lieu of) collecting a Beneficial Holder Ballot; and

n.         no fees or commissions or other remuneration will be payable to any Nominee, broker, dealer, or other person for soliciting Beneficial Holder Ballots with respect to the Plan.

**E.       Amendments to the Plan and Solicitation and Voting Procedures.**

The Debtors, subject to the rights and obligations in the TSA, reserve the right to make changes to the Disclosure Statement, Plan, Confirmation Hearing Notice, Solicitation Packages, Notices of Non-Voting Status and Opt Out Forms, Ballots, Publication Notice, Cover Letter, Solicitation and Voting Procedures, Plan Supplement Notice, Assumption Notice, and any related documents without further order of the Bankruptcy Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to any materials in the Solicitation Packages before distribution; *provided* that counsel to the Committee and the U.S. Trustee shall be provided notice of any non-typographical changes.

*        *        *        *        *

13

**<u>Exhibit 2</u>**

**Notice of Non-Voting Status (Impaired, Unimpaired, and Disputed Claims)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Nicole L. Greenblatt, P.C. (admitted *pro hac vice*)
Francis Petrie (admitted *pro hac vice*)
Jeffrey Goldfine (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
nicole.greenblatt@kirkland.com
francis.petrie@kirkland.com
jeffrey.goldfine@kirkland.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Spencer A. Winters, P.C. (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
spencer.winters@kirkland.com

*Co-Counsel to the Debtors and
Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Daniel J. Harris, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Co-Counsel to the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| INVITAE CORPORATION, *et al.*, | Case No. 24-11362 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF NON-VOTING STATUS
TO HOLDERS OR POTENTIAL HOLDERS
OF UNIMPAIRED CLAIMS CONCLUSIVELY
PRESUMED TO ACCEPT THE PLAN, HOLDERS OR POTENTIAL
HOLDERS OF IMPAIRED CLAIMS CONCLUSIVELY DEEMED TO REJECT
THE PLAN, AND HOLDERS OR POTENTIAL HOLDERS OF DISPUTED CLAIMS**

---

[1]    The last four digits of Debtor Invitae Corporation's tax identification number are 1898.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/invitae.  The Debtors' service address in these chapter 11 cases is 1400 16th Street, San Francisco, California 94103.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY AND TO PROVIDE YOU WITH THE ATTACHED OPT OUT FORM WITH RESPECT TO THE THIRD-PARTY RELEASE PROVIDED IN THE PLAN. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, PLEASE CONTACT THE CLAIMS AND NOTICING AGENT OR DEBTORS' COUNSEL AT THE ADDRESSES PROVIDED BELOW.**

**PLEASE TAKE NOTICE THAT** on June 13, 2024, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing Invitae Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Amended Joint Plan of Invitae Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 630] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement Relating to the Amended Joint Plan of Invitae Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 631] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, noticing, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Kurtzman Carson Consultants LLC, the claims and noticing agent retained by the Debtors in these Chapter 11 Cases (the "Claims and Noticing Agent"), by: (a) calling the Claims and Noticing Agent at (866) 967-0263 (USA or Canada) or (310) 751-2663 (International); (b) contacting the Claims and Noticing Agent at www.kccllc.net/invitae/inquiry; or (c) writing to the Claims and Noticing Agent at Invitae Ballot Processing Center, c/o KCC 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245. You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, http://www.kccllc.net/invitae, or the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE THAT** you are a Holder or potential Holder of a Claim against or Interest in the Debtors that, due to the nature and treatment of such Claim or Interest under the Plan, *is **not** entitled to vote on the Plan*. Specifically, under the terms of the Plan, (i) a Holder of a Claim in a Class that is not Impaired under the Plan and, therefore, conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, (ii) a Holder of a Claim or Interest in a Class that is Impaired under the Plan and, therefore, conclusively deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code, or (iii) a Holder of a Claim that is subject to a pending objection by the Debtors, is **not** entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** if you are a Holder of a Claim that is subject to a pending objection by the Debtors, **you are not entitled to vote any disputed portion of your Claim on the Plan unless one or more of the following events have taken place before a date that is two (2) business days before the Voting Deadline** (each, a "Resolution Event"):

  i.  an order of the Bankruptcy Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code;

---

[2]  Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan or Disclosure Statement, as applicable.

ii.   an order of the Bankruptcy Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a);

iii.   a stipulation or other agreement is executed between the Holder of such Claim and the Debtors temporarily allowing the Holder of such Claim to vote its Claim in an agreed upon amount; or

iv.   the pending objection is voluntarily withdrawn by the objecting party.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Bankruptcy Court will consider Confirmation of the Plan will commence on **July 22, 2024 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard (the "Confirmation Hearing") before the Honorable Chief Judge Michael B. Kaplan, United States Bankruptcy Court for the District of New Jersey, at the Clarkson S. Fisher United States Courthouse, 402 East State Street, Second Floor, Courtroom No. 8, Trenton, New Jersey 08608.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **July 15, 2024 at 4:00 p.m. (prevailing Eastern Time)** (the "Plan Objection Deadline"). An objection to the Plan must: (a) be in writing; (b) state with particularity the basis of the objection; and (c) be filed with the Clerk of the Bankruptcy Court electronically (i) by the attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 ( the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www. njb.uscourts.gov, the official website for the Bankruptcy Court) and, (ii) by all other parties-in-interest, if not otherwise filed with the Clerk of the Bankruptcy Court electronically, via hard copy, and shall be served in accordance with the General Order and the Supplemental Commentary upon the following parties so as to be **actually received** on or before the Plan Objection Deadline:

| *Debtors* | |
|---|---|
| **Invitae Corporation**<br>1400 16th Street<br>San Francisco, California 94103 | |
| *Counsel for the Debtors* | *Counsel for the Debtors* |
| **Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attention:  Joshua A. Sussberg, P.C.; Nicole L. Greenblatt, P.C.; Francis Petrie; Jeffrey Goldfine<br><br>-and-<br><br>**Kirkland & Ellis LLP**<br>333 West Wolf Point Plaza<br>Chicago, Illinois 60654<br>Attention:  Spencer A. Winters, P.C. | **Cole Schotz P.C.**<br>Court Plaza, 25 Main Street<br>Hackensack, New Jersey 10112<br>Attention:  Michael D. Sirota; Warren A. Usatine;<br>Felice R. Yudkin; Daniel J. Harris |

| *Counsel for the Committee* |
| --- |
| **White & Case LLP**<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Attention: J. Christopher Shore, Harrison Denman, Andrew Zatz, Samuel P. Hershey, Ashley Chase, and Brett Bakemeyer<br><br>-and-<br><br>**Porzio, Bromberg & Newman, P.C.**<br>100 Southgate Parkway<br>P.O. Box 1997<br>Morristown, New Jersey 07962<br>Attention: Warren J. Martin Jr., John S. Mairo, and Christopher P. Mazza |
| *United States Trustee* |
| **Office of the United States Trustee**<br>**United States Trustee, Region 3**<br>One Newark Center, Suite 2100<br>Newark, New Jersey 07102<br>Attention:  Jeffrey M. Sponder, Lauren Bielskie |
| *Counsel to the Consenting Stakeholders* |
| **Wollmuth Maher & Deutsch LLP**<br>500 Fifth Avenue<br>New York, New York 10110<br>Attention: James N. Lawlor, Joseph F. Pacelli, and Nicholas A. Servider<br><br>-and-<br><br>**Sullivan & Cromwell LLP**<br>125 Broad Street<br>New York, New York<br>Attention: James L. Bromley, Ari B. Blaut, and David M. Rosenthal |

**WHILE YOU ARE NOT ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN, THE OPT OUT FORM ATTACHED HERETO PROVIDES YOU WITH THE OPTION TO NOT GRANT THE VOLUNTARY RELEASE CONTAINED IN ARTICLE VIII OF THE PLAN.**

**PLEASE TAKE FURTHER NOTICE THAT** the following provisions are included in the Plan:

**ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE VIII.D OF THE PLAN PROVIDES FOR THE FOLLOWING THIRD-PARTY RELEASE (THE "THIRD-PARTY RELEASE"):**

**Except as otherwise specifically provided in the Plan or the Confirmation Order, as of the Effective Date, each Releasing Party, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, is deemed to have, hereby conclusively, absolutely, unconditionally, irrevocably and forever released and discharged each Debtor, Wind-Down Debtor, and Released Party from any and all Claims and Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, including any derivative claims asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates (as applicable), that such Entity would have been legally entitled to assert in its own right (whether individually or collectively or on behalf of the Holder of any Claim against, or Interest in,**

a Debtor or other Entity), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof or otherwise), the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, entry into, or filing of the TSA, the Disclosure Statement, the Plan, the Sale Transaction, the Asset Purchase Agreement, the Definitive Documents, or any transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the TSA, the Disclosure Statement, the Sale Transaction, the Definitive Documents, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or Entity under the Plan, any transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or (ii) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in Article VIII.D of the Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (i) consensual; (ii) essential to the confirmation of the Plan; (iii) given in exchange for good and valuable consideration provided by the Released Parties; (iv) a good faith settlement and compromise of the Claims released by the Third-Party Release; (v) in the best interests of the Debtors and their Estates; (vi) fair, equitable, and reasonable; (vii) a sound exercise of the Debtors' business judgment; (viii) given and made after due notice and opportunity for hearing; and (ix) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the Third-Party Release.

Without limiting the foregoing, from and after the Effective Date, any Entity that is given the opportunity to opt out of the releases contained in Article VIII.D of the Plan and does not exercise such opt out is a Releasing Party and may not assert any Claim or other Cause of Action against any Released Party based on or relating to, or in any manner arising from, in whole or in part, the Debtors. From and after the Effective Date, any Entity (i) that opted out of the releases contained in Article VIII.D of the Plan or (ii) was deemed to reject the Plan may not assert any Claim or other Cause of Action against any Released Party for which it is asserted or implied that such Claim or Cause of Action is not subject to the releases contained in Article VIII.C of the Plan without first obtaining a Final Order from the Bankruptcy Court (a) determining, after notice and a hearing, that such Claim or Cause of Action is not subject to the releases contained in Article VIII.C of the Plan, and (b) specifically authorizing such Person or Entity to bring such Claim or Cause of Action against any such Released Party. The Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a Claim or Cause of Action constitutes a direct or derivative claim; is colorable and, only to the extent legally permissible and as provided for in Article XI of the Plan, the Bankruptcy Court shall have jurisdiction to adjudicate the underlying Claim or Cause of Action.

Definitions related to the Third-Party Release:

UNDER THE PLAN, "**_RELATED PARTY_**" MEANS, COLLECTIVELY, CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), AFFILIATED INVESTMENT FUNDS OR INVESTMENT VEHICLES, PREDECESSORS, PARTICIPANTS, SUCCESSORS, ASSIGNS (WHETHER BY OPERATION OF LAW OR OTHERWISE), SUBSIDIARIES, CURRENT, FORMER, AND FUTURE ASSOCIATED ENTITIES, MANAGED OR ADVISED ENTITIES, ACCOUNTS OR

FUNDS, PARTNERS, LIMITED PARTNERS, GENERAL PARTNERS, PRINCIPALS, MEMBERS, MANAGEMENT COMPANIES, FUND ADVISORS, MANAGERS, FIDUCIARIES, TRUSTEES, EMPLOYEES, AGENTS (INCLUDING THE DISBURSING AGENT), ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, REPRESENTATIVES ADVISORS, PREDECESSORS, SUCCESSORS, AND ASSIGNS, EACH SOLELY IN THEIR CAPACITY AS SUCH (INCLUDING ANY ATTORNEYS OR PROFESSIONALS RETAINED BY ANY CURRENT OR FORMER DIRECTOR OR MANAGER IN HIS OR HER CAPACITY AS DIRECTOR OR MANAGER OF AN ENTITY), AND THE RESPECTIVE HEIRS, EXECUTORS, ESTATES, SERVANTS AND NOMINEES OF THE FOREGOING.

UNDER THE PLAN, "***RELEASED PARTY***".  MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH:   (A) EACH DEBTOR; (B) EACH WIND-DOWN DEBTOR; (C) THE CONSENTING STAKEHOLDERS; (D) THE 2028 SENIOR SECURED NOTES TRUSTEE; (E) THE 2028 SENIOR SECURED NOTES COLLATERAL AGENT; (F) THE PLAN ADMINISTRATOR; (G)  EACH COMPANY  PARTY;  (H)  THE  PURCHASER; (I) EACH  CURRENT  AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (J); AND (J) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A)  THROUGH THIS CLAUSE (J); PROVIDED, HOWEVER, THAT EACH ENTITY THAT (X) ELECTS TO OPT OUT OF THE RELEASES DESCRIBED IN ARTICLE VIII.D OF THE PLAN OR (Y) TIMELY OBJECTS TO THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION SHALL NOT BE A RELEASED PARTY.

UNDER THE PLAN, "***RELEASING PARTY***" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) EACH DEBTOR; (B) EACH WIND-DOWN DEBTOR; (C) THE CONSENTING STAKEHOLDERS; (D) THE TRUSTEES; (E) THE PLAN ADMINISTRATOR; (F) EACH COMPANY PARTY; (G) THE PURCHASER; (H) ALL HOLDERS OF CLAIMS THAT VOTE TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (I) ALL HOLDERS OF CLAIMS THAT ARE DEEMED TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (J) ALL HOLDERS OF CLAIMS WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (K) ALL HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (L) ALL HOLDERS OF INTERESTS; (M) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (N); AND (N) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH THIS CLAUSE (N); *PROVIDED, HOWEVER*, THAT EACH ENTITY THAT (X) ELECTS TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN OR (Y) TIMELY OBJECTS TO THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION SHALL NOT BE A RELEASING PARTY; *PROVIDED, FURTHER, HOWEVER*, THAT ANY HOLDER OF INTERESTS WHO ACQUIRED SUCH INTERESTS AFTER THE VOTING RECORD DATE (AS SUCH TERM IS DEFINED IN THE DISCLOSURE STATEMENT ORDER) AND DID NOT RECEIVE AN OPT OUT ELECTION FORM SHALL NOT BE A RELEASING PARTY.

*       *       *

**IF YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE, PLEASE COMPLETE, SIGN, AND DATE THE ATTACHED OPT OUT FORM AND SUBMIT IT PROMPTLY THROUGH THE ONLINE BALLOT PORTAL, E-MAIL, FIRST-CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY, AS APPLICABLE, ACCORDING TO THE INSTRUCTIONS SET FORTH ON THE OPT OUT FORM**

**THE OPT OUT FORM MUST BE ACTUALLY RECEIVED BY THE CLAIMS AND NOTICING AGENT BY <u>JULY 15, 2024 AT 4:00 P.M. (PREVAILING EASTERN TIME).</u>**

Dated: [●], 2024

/s/ DRAFT

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Daniel J. Harris, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:   msirota@coleschotz.com
          wusatine@coleschotz.com
          fyudkin@coleschotz.com
          dharris@coleschotz.com


**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Nicole L. Greenblatt, P.C. (admitted *pro hac vice*)
Francis Petrie (admitted *pro hac vice*)
Jeffrey Goldfine (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email:   joshua.sussberg@kirkland.com
          nicole.greenblatt@kirkland.com
          francis.petrie@kirkland.com
          jeffrey.goldfine@kirkland.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Spencer A. Winters, P.C. (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email:   spencer.winters@kirkland.com


*Co-Counsel to the Debtors and*
*Debtors in Possession*

## <u>Exhibit 2A</u>

**Opt Out Form (Master)**

**MASTER CLAIMS AND INTEREST OPT OUT FORM**

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS MASTER OPT OUT FORM CAREFULLY <u>BEFORE</u> COMPLETING THIS MASTER OPT OUT FORM.

**THIS MASTER OPT OUT FORM MUST BE COMPLETED, EXECUTED, AND RETURNED TO KURTZMAN CARSON CONSULTANTS LLC (THE "<u>CLAIMS AND NOTICING AGENT</u>") SO THAT IT IS ACTUALLY RECEIVED ON OR BEFORE 4:00 P.M. PREVAILING EASTERN TIME ON JULY 15, 2024 (THE "<u>OPT OUT DEADLINE</u>").**

This Master Opt Out Form may not be used for any purpose other than conveying their Beneficial Holder clients' elections to opt out of the Third-Party Release set forth in Article VIII.D of the Plan (the "<u>Third-Party Release</u>"). If you believe you have received this Master Opt Out Form in error, or if you believe that you have received the wrong opt out form, please contact the Claims and Noticing Agent <u>immediately</u> by calling (877) 499-4509 (USA or Canada) or +1 (917) 281-4800 (International) or e-mailing <u>InvitaeBallots@kccllc.com</u> and referencing "Invitae" in the subject line. Nothing contained herein or in the enclosed documents shall render you or any other entity an agent of the Debtors or the Claims and Noticing Agent or authorize you or any other entity to use any document or make any statements on behalf of any of the Debtors with respect to the Plan, except for the statement contained in the documents enclosed herewith.

You are required to distribute the Beneficial Holder Opt Out Form contained herewith to your Beneficial Holder clients holding Claims or Interests in Invitae Corporation ("<u>Invitae</u>") as of **<u>June 6, 2024</u>** (the "<u>Opt Out Record Date</u>"), **<u>within five (5) business days</u>** of your receipt of the *Notice of Non-Voting Status* in which this Master Opt Out Form was included. With respect to the Beneficial Holder Opt Out Forms returned to you, you must (1) execute this Master Opt Out Form so as to reflect the Third-Party Release elections set forth in such Beneficial Holder Opt Out Forms and (2) forward this Master Opt Out Form to the Claims and Noticing Agent in accordance with the Instructions accompanying this Master Opt Out Form. The CUSIP numbers for Holders of Claims entitled to opt of the Third-Party Release are set forth on **<u>Exhibit A</u>** attached hereto. **Any election delivered to you by a Beneficial Holder shall not be counted unless you complete, sign, and return this Master Opt Out Form to the Claims and Noticing Agent so that it is actually received by the Opt Out Deadline.**

Before completing this Master Opt Out Form, please read and follow the enclosed "Instructions for Completing this Master Opt Out Form" carefully to ensure that you complete, execute, and return this Master Opt Out Form properly.

**<u>Item 1</u>. Certification of Authority to Make Elections.**

The undersigned certifies that as of the Opt Out Record Date, the undersigned:

☐      Is a Nominee for the Beneficial Holders in the number of Interests in Invitae listed in <u>Item 2</u> below; or

☐      Is acting under a power of attorney or agency (a copy of which will be provided upon request) granted by a Nominee for the Beneficial Holders in the number of Interests in Invitae listed in <u>Item 2</u> below; or

☐      Has been granted a proxy (an original of which is attached hereto) from a Nominee for the Beneficial Holders (or the Beneficial Holders itself/themselves) in the number of Interests in Invitae listed in <u>Item 2</u> below; and accordingly,

☐      Has full power and authority to convey decisions to opt out of the Release, on behalf of the Beneficial Holders of the Interests in Invitae described in <u>Item 2</u>.

**<u>Item 2</u>. Optional Third-Party Release Election.**

The undersigned certifies that that the information provided below (including any information provided on additional sheets attached hereto) is a true and accurate schedule of the Beneficial Holders of Interests in Invitae, as identified by their respective account numbers, that made a decision to opt out of the Third-Party Release via e-mail, telephone, internet application, facsimile, voting instruction form, or other customary means of conveying such information.

Indicate in the appropriate column below the Beneficial Holder/Account Number of each Beneficial Holder that completed and returned the Beneficial Holder Opt Out Form and the number of Interests in Invitae held by such Beneficial Holder/Account Number electing to Opt Out of the Third-Party Release or attach such information to this Master Opt Out Form in the form of the following table.

Please complete the information requested below (add additional sheets if necessary):

| Beneficial Holder/Account Number | Number of Interest in Invitae Holders Electing to Opt Out of the Third- Party Release |
|---|---|
| 1. | |
| 2. | |
| 3. | |
| 4. | |
| 5. | |
| **TOTAL** | |

**<u>Item 3</u>. Additional Certifications.**

By signing this Master Opt Out Form, the undersigned certifies to the Bankruptcy Court and the Debtors:

a.      that either:  (i) the undersigned has received a completed Opt Out Form from each Beneficial Holder of Interests in Invitae listed in <u>Item 2</u> of this Master Opt Out Form, or (ii) an e-mail, recorded telephone call, internet transmission, facsimile, voting instruction form, or other customary means of communication conveying a decision to Opt Out of the releases from each Holder of Interests in Invitae;

b.      that the undersigned is a Nominee (or agent of the Nominee) of the Beneficial Holders of Interests in Invitae listed in <u>Item 2</u> of this Master Opt Out Form; and

c.      that the undersigned has properly disclosed for each Beneficial Holder who submitted a Beneficial Holder Opt Out Form or Opt Out decisions via other customary means:  (i) the respective number of the Interests in Invitae owned by each Beneficial Holder and (ii) the customer account or other identification number for each such Beneficial Holder.

| | |
|---|---|
| **Institution:** | |
| | **(Print or Type)** |
| **DTC Participant Number:** | |
| **Signature:** | |
| **Name of Signatory:** | |
| **Title:** | |
| **Address:** | |
| | |
| | |
| **Date Completed:** | |

**TO OPT OUT, PLEASE SUBMIT YOUR OPT OUT FORM BY ONE OF THE FOLLOWING TWO METHODS:**

<u>Via E-Mail</u>.  **Submit your Master Opt Out Form to the Claims and Noticing Agent via e-mail at:**

> **InvitaeBallots@kccllc.com (preferred method of delivery)**

<u>Via Paper Form</u>.  **Complete, sign, and date this Master Opt Out Form and return it promptly via first-class mail (or in the reply envelope provided), overnight courier, or hand delivery to:**

> Invitae Ballot Processing Center
> c/o KCC
> 222 N. Pacific Coast Highway, Suite 300
> El Segundo, CA 90245
>
> If you have any questions on the procedures for voting on the Plan, please call the Claims and Noticing Agent at: (877) 499-4509 (USA or Canada) or (917) 281-4800 (International).

Parties that submit their Master Opt Out Form via e-mail do NOT need to also submit a paper Master Opt Out Form.

IF THE CLAIMS AND NOTICING AGENT DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THIS MASTER OPT OUT FORM ON OR BEFORE 4:00 P.M. PREVAILING EASTERN TIME ON JULY 15, 2024, THEN THE ELECTIONS TRANSMITTED HEREBY WILL NOT BE EFFECTIVE.

OPT OUT FORMS SENT BY FACSIMILE OR TELECOPY WILL <u>NOT</u> BE ACCEPTED.

## <u>INSTRUCTIONS FOR COMPLETING THIS MASTER OPT OUT FORM</u>

1.    Capitalized terms used in the Master Opt Out Form or in these instructions (the "<u>Instructions</u>") but not otherwise defined therein or herein shall have the meaning set forth in the Plan.

2.    **<u>Distribution of the Opt Out Forms</u>:**

- You should immediately distribute the Beneficial Holder Opt Out Forms accompanied by pre-addressed, postage-paid return envelopes to all Beneficial Holders of Interests in Invitae as of the Opt Out Record Date and take any action required to enable each such Beneficial Holders to make an Opt Out election timely.  You must include a pre-addressed, postage-paid return envelope or must certify that your Beneficial Holder clients that did not receive return envelopes were provided with electronic or other means of returning their Beneficial Holder Opt Out Forms in a timely manner.

- Any election delivered to you by a Beneficial Holder shall not be counted until you complete, sign, and return this Master Opt Out Form to the Claims and Noticing Agent, so that it is actually received by the Opt Out Deadline.

3.    You should solicit elections from your Beneficial Holder clients via the (a) delivery of duly completed Beneficial Holder Opt Out Forms or (b) conveyance of their decision to Opt Out of the Third-Party Release via e-mail, telephone, internet application, facsimile, voting instruction form, or other customary and approved means of conveying such information.

4.    With regard to any Beneficial Holder Opt Out Forms returned to you by a Beneficial Holder, you must: (a) compile and validate the elections and other relevant information of each such Beneficial Holder on the Master Opt Out Form using the customer name or account number assigned by you to each such Beneficial Holder; (b) execute the Master Opt Out Form; and (c) transmit the Master Opt Out Form to the Claims and Noticing Agent.

5.    **<u>Return of Master Opt Out Form</u>**: The Master Opt Out Form must be returned to the Claims and Noticing Agent so as to be **<u>actually received</u>** by the Claims and Noticing Agent on or before the Opt Out Deadline, which is **<u>4:00 p.m. (prevailing Eastern Time) on July 15, 2024</u>**.

6.    If a Master Opt Out Form is received by the Claims and Noticing Agent <u>after</u> the Opt Out Deadline, it will not be effective.  Additionally**,** the following Opt Out Forms will <u>NOT</u> be counted:

- ANY MASTER OPT OUT FORM THAT IS ILLEGIBLE OR CONTAINS INSUFFICIENT INFORMATION TO PERMIT THE IDENTIFICATION OF THE HOLDER OF THE EQUITY INTEREST;

- ANY MASTER OPT OUT FORM CAST BY OR ON BEHALF OF AN ENTITY THAT IS NOT ENTITLED TO OPT OUT OF THE THIRD-PARTY RELEASE;

- ANY MASTER OPT OUT FORM SENT TO THE DEBTORS, THE DEBTORS' AGENTS/REPRESENTATIVES (OTHER THAN THE CLAIMS AND NOTICING AGENT), OR THE DEBTORS' FINANCIAL OR LEGAL ADVISORS;

- ANY UNSIGNED MASTER OPT OUT FORM; OR

- ANY MASTER OPT OUT FORM NOT COMPLETED IN ACCORDANCE WITH THE PROCEDURES APPROVED IN THE DISCLOSURE STATEMENT ORDER.

7.      The method of delivery of Master Opt Out Forms to the Claims and Noticing Agent is at the election and risk of Nominee.  Except as otherwise provided herein, such delivery will be deemed made to the Claims and Noticing Agent only when the Claims and Noticing Agent **actually** **receives** the originally executed Master Opt Out Form.  Nominees should allow sufficient time to assure timely delivery.

8.      Multiple Master Opt Out Forms may be completed and delivered to the Claims and Noticing Agent. Elections reflected by multiple Master Opt Out Forms will be deemed valid.  If two or more Master Opt Out Forms are submitted, please mark the subsequent Master Opt Out Form(s) with the words "Additional Election" or such other language as you customarily use to indicate an additional election that is not meant to revoke an earlier election.

9.      The Master Opt Out Form is not a letter of transmittal and may not be used for any purpose other than to transmit elections to Opt Out of the Release, if applicable.  Holders of Interests in Invitae should not surrender certificates (if any) representing their Interests at this time, and neither the Debtors nor the Claims and Noticing Agent will accept delivery of any such certificates transmitted together with a Master Opt Out Form.

10.    This Master Opt Out Form does not constitute, and shall not be deemed to be, (a) a proof of claim, (b) proof of interest, or (c) an assertion or admission of a Claim or Interest.

11.    Please be sure to sign and date your Master Opt Out Form.  If you are signing a Master Opt Out Form in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims and Noticing Agent, the Debtors or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Opt Out Form.

12.    No fees or commissions or other remuneration will be payable to any broker, bank, dealer or other person in connection with this solicitation.  Upon written request, however, the Debtor will reimburse you for reasonable, customary mailing and handling expenses incurred by you in forwarding the Opt Out Forms to your client(s).

**<u>PLEASE RETURN YOUR MASTER OPT OUT FORM PROMPTLY!</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER OPT OUT FORM
OR THE INSTRUCTIONS OR PROCEDURES, PLEASE CONTACT
THE CLAIMS AND NOTICING AGENT AT:
(877) 499-4509 (USA OR CANADA) OR +1 (917) 281-4800 (INTERNATIONAL)
OR VIA <u>E-MAIL</u> AT: <u>INVITAEBALLOTS@KCCLLC.COM</u>**

---

**IF THE CLAIMS AND NOTICING AGENT DOES NOT <u>ACTUALLY</u> RECEIVE
THIS MASTER OPT OUT FORM FROM YOU BEFORE THE OPT OUT
DEADLINE, WHICH IS 4:00 P.M. PREVAILING EASTERN TIME ON
JULY 15, 2024, THEN THE OPT OUT ELECTIONS TRANSMITTED THEREBY
WILL NOT BE EFFECTIVE.**

---

7

**Exhibit A**

*Please check ONLY ONE box below to indicate the CUSIP/ISIN to which this Master Opt Out Form pertains (or clearly indicate such information directly on the Master Opt Out Form or on a schedule thereto). Complete a separate Master Claims and Interest Opt Out Form for each CUSIP. If you check more than one box below, the Beneficial Holder votes submitted on this Master Opt Out Form may be invalidated:*

| | PLAN CLASS | DESCRIPTION | CUSIP / ISIN |
|---|---|---|---|
| ☐ | Class 10 Equity Interests | Common Stock | 46185L 10 3 / US46185L1035 |

## **Exhibit 2B**

**Opt Out Form (Beneficial Holders)**

## OPTIONAL:  BENEFICIAL HOLDERS OF CLAIMS AND INTERESTS OPT OUT FORM

You are receiving this opt out form (the "Opt Out Form") because you are or may be a Holder of a Claim or Interest that is not entitled to vote on the *Amended Joint Plan of Invitae Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 630] (as amended, supplemented, or otherwise modified from time to time, the "Plan").  Except as otherwise set forth in the Plan, Holders of Claims and Interests are deemed to grant the Third-Party Release set forth in Article VIII.D (the "Third-Party Release"), unless a Holder affirmatively opts out of the Third-Party Release or timely objects to the Third-Party Release on or before **July 15, 2024, at 4:00 p.m., prevailing Eastern Time**, (the "Opt Out Deadline") and such objection is not resolved before confirmation.

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BENEFICIAL HOLDER OPT OUT FORM CAREFULLY <u>BEFORE</u> COMPLETING THIS BENEFICIAL HOLDER OPT OUT FORM.

**UNLESS YOU CHECK THE BOX ON THIS BENEFICIAL HOLDER OPT OUT FORM BELOW AND FOLLOW ALL INSTRUCTIONS, YOU WILL BE HELD TO FOREVER RELEASE THE RELEASED PARTIES (AS DEFINED HEREIN) IN ACCORDANCE WITH THE PLAN.**

**THIS BENEFICIAL HOLDER OPT OUT FORM MUST BE COMPLETED, EXECUTED, AND RETURNED TO YOUR NOMINEE IN SUFFICIENT TIME TO ALLOW YOUR NOMINEE TO PROCESS YOUR INSTRUCTIONS ON A MASTER OPT OUT FORM AND RETURN TO KURTZMAN CARSON CONSULTANTS LLC (THE "<u>CLAIMS AND NOTICING AGENT</u>") SO THAT IT IS ACTUALLY RECEIVED ON OR BEFORE THE OPT OUT DEADLINE.**

This Beneficial Holder Opt Out Form may not be used for any purpose other than opting out of the Third-Party Release contained in the Plan.  If you believe you have received this Beneficial Holder Opt Out Form in error, or if you believe that you have received the wrong opt out form, please contact the Claims and Noticing Agent immediately by calling (866) 967-0263 (USA or Canada) or (310) 751-2663 (International) or sending an electronic message via online form at www.kccllc.net/invitae/inquiry.

Before completing this Beneficial Holder Opt Out Form, please read and follow the enclosed "Instructions for Completing this Beneficial Holder Opt Out Form" carefully to ensure that you complete, execute, and return this Beneficial Holder Opt Out Form properly.

If you opt out of the Third-Party Release, you will not receive a release.

<u>Item 1</u>. **Optional Third-Party Release.**

AS A HOLDER OF A CLAIM OR INTEREST, YOU ARE A "RELEASING PARTY" UNDER THE PLAN AND ARE DEEMED TO PROVIDE THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH BELOW.  YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN.  YOU WILL NOT BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN <u>ONLY IF</u> (I) THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE RELEASES AND (II) YOU (A) CHECK THE BOX BELOW AND SUBMIT THE OPT OUT FORM TO YOUR NOMINEE SO THAT YOUR NOMINEE MAY DELIVER A MASTER OPT OUT FORM REFLECTING YOUR DECISION TO OPT OUT BY THE OPT OUT DEADLINE OR (B) TIMELY OBJECT TO THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION.  THE ELECTION TO WITHHOLD CONSENT TO GRANT THE THIRD-PARTY RELEASE IS AT YOUR OPTION.

☐    **By checking this box, you elect to <u>opt out</u> of the Third-Party Release set forth below.**

Article VIII.D of the Plan provides for the following ("**Third-Party Release**"):

**Except as otherwise specifically provided in the Plan or the Confirmation Order, as of the Effective Date, each Releasing Party, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, is deemed to have, hereby conclusively, absolutely, unconditionally, irrevocably and forever released and discharged each Debtor, Wind-Down Debtor, and Released Party from any and all Claims and Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, including any derivative claims asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates (as applicable), that such Entity would have been legally entitled to assert in its own right (whether individually or collectively or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof or otherwise), the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, entry into, or filing of the TSA, the Disclosure Statement, the Plan, the Sale Transaction, the Asset Purchase Agreement, the Definitive Documents, or any transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the TSA, the Disclosure Statement, the Sale Transaction, the Definitive Documents, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or Entity under the Plan, any transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or (ii) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in Article VIII.D. of the Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is:  (i) consensual; (ii) essential to the confirmation of the Plan; (iii) given in exchange for good and valuable consideration provided by the Released Parties; (iv) a good faith settlement and compromise of the Claims released by the Third-Party Release; (v) in the best interests of the Debtors and their Estates; (vi) fair, equitable, and reasonable; (vii) a sound exercise of the Debtors' business judgment; (viii) given and made after due notice and opportunity for hearing; and (ix) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the Third-Party Release.**

**Without limiting the foregoing, from and after the Effective Date, any Entity that is given the opportunity to opt out of the releases contained in Article VIII.D of the Plan and does not exercise such opt out is a Releasing Party and may not assert any Claim or other Cause of Action against any Released Party based on or relating to, or in any manner arising from, in whole or in part, the Debtors.  From and after the Effective Date, any Entity (i) that opted out of the releases contained in Article VIII.D of the Plan or (ii) was deemed to reject the Plan may not assert any Claim or other**

**Cause of Action against any Released Party for which it is asserted or implied that such Claim or Cause of Action is not subject to the releases contained in Article VIII.C of the Plan without first obtaining a Final Order from the Bankruptcy Court (a) determining, after notice and a hearing, that such Claim or Cause of Action is not subject to the releases contained in Article VIII.C of the Plan, and (b) specifically authorizing such Person or Entity to bring such Claim or Cause of Action against any such Released Party. The Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a Claim or Cause of Action constitutes a direct or derivative claim, is colorable and, only to the extent legally permissible and as provided for in Article XI of the Plan, the Bankruptcy Court shall have jurisdiction to adjudicate the underlying Claim or Cause of Action.**

Definitions related to the Third-Party Release:

UNDER THE PLAN, "***RELATED PARTY***" MEANS, COLLECTIVELY, CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), AFFILIATED INVESTMENT FUNDS OR INVESTMENT VEHICLES, PREDECESSORS, PARTICIPANTS, SUCCESSORS, ASSIGNS (WHETHER BY OPERATION OF LAW OR OTHERWISE), SUBSIDIARIES, CURRENT, FORMER, AND FUTURE ASSOCIATED ENTITIES, MANAGED OR ADVISED ENTITIES, ACCOUNTS OR FUNDS, PARTNERS, LIMITED PARTNERS, GENERAL PARTNERS, PRINCIPALS, MEMBERS, MANAGEMENT COMPANIES, FUND ADVISORS, MANAGERS, FIDUCIARIES, TRUSTEES, EMPLOYEES, AGENTS (INCLUDING THE DISBURSING AGENT), ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, REPRESENTATIVES ADVISORS, PREDECESSORS, SUCCESSORS, AND ASSIGNS, EACH SOLELY IN THEIR CAPACITY AS SUCH (INCLUDING ANY ATTORNEYS OR PROFESSIONALS RETAINED BY ANY CURRENT OR FORMER DIRECTOR OR MANAGER IN HIS OR HER CAPACITY AS DIRECTOR OR MANAGER OF AN ENTITY), AND THE RESPECTIVE HEIRS, EXECUTORS, ESTATES, SERVANTS AND NOMINEES OF THE FOREGOING.

UNDER THE PLAN, "***RELEASED PARTY***" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH:    (A) EACH DEBTOR; (B) EACH WIND-DOWN DEBTOR; (C) THE CONSENTING STAKEHOLDERS; (D) THE 2028 SENIOR SECURED NOTES TRUSTEE; (E) THE 2028 SENIOR SECURED NOTES COLLATERAL AGENT; (F) THE PLAN ADMINISTRATOR; (G) EACH COMPANY PARTY; (H) THE PURCHASER; (I) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (J); AND (J) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH THIS CLAUSE (J); PROVIDED, HOWEVER, THAT EACH ENTITY THAT (X) ELECTS TO OPT OUT OF THE RELEASES DESCRIBED IN ARTICLE VIII.D OF THE PLAN OR (Y) TIMELY OBJECTS TO THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION SHALL NOT BE A RELEASED PARTY.

UNDER THE PLAN, "***RELEASING PARTY***" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH:    (A) EACH DEBTOR; (B) EACH WIND-DOWN DEBTOR; (C) THE CONSENTING STAKEHOLDERS; (D) THE TRUSTEES; (E) THE PLAN ADMINISTRATOR; (F) EACH COMPANY PARTY; (G) THE PURCHASER; (H) ALL HOLDERS OF CLAIMS THAT VOTE TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (I) ALL HOLDERS OF CLAIMS THAT ARE DEEMED TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (J) ALL HOLDERS OF CLAIMS WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (K) ALL HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN AND WHO DO NOT

AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (L) ALL HOLDERS OF INTERESTS; (M) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (N); AND (N) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH THIS CLAUSE (N); *PROVIDED, HOWEVER*, THAT EACH ENTITY THAT (X) ELECTS TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN OR (Y) TIMELY OBJECTS TO THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION SHALL NOT BE A RELEASING PARTY; *PROVIDED, FURTHER, HOWEVER*, THAT ANY HOLDER OF INTERESTS WHO ACQUIRED SUCH INTERESTS AFTER THE VOTING RECORD DATE (AS SUCH TERM IS DEFINED IN THE DISCLOSURE STATEMENT ORDER) AND DID NOT RECEIVE AN OPT OUT ELECTION FORM SHALL NOT BE A RELEASING PARTY.

**Item 2**. **Certifications.**

By signing this Beneficial Holder Opt Out Form, the undersigned certifies to the Bankruptcy Court and the Debtors:

      a.     that, as of June 6, 2024, either:  (i) the undersigned is the Holder of Interests; or (ii) the undersigned is an authorized signatory for an Entity or Person that is the Holder of Interests;

      b.     that the Holder has received a copy of the *Notice of Non-Voting Status* and that this Beneficial Holder Opt Out Form is submitted pursuant to the terms and conditions set forth therein;

      c.     that the undersigned has made the same election with respect to all Interests; and

      d.     that no other Beneficial Holder Opt Out Form has been cast with respect to the Holder's Interests, or, if any other Beneficial Holder Opt Out Forms have been cast with respect to such Interests, such Beneficial Holder Opt Out Forms are hereby revoked.

By signing this Beneficial Holder Opt Out Form, the undersigned authorizes and instructs its Nominee (a) to furnish the election information in a Master Opt Out Form to be transmitted to the Claims and Noticing Agent and (b) to retain this Beneficial Holder Opt Out Form and related information in its records for at least two (2) years after the Effective Date of the Plan.

YOUR RECEIPT OF THIS BENEFICIAL HOLDER OPT OUT FORM DOES NOT SIGNIFY THAT YOUR INTEREST HAS BEEN OR WILL BE ALLOWED.

| | |
|---|---|
| **Name of Holder:** | _____ |
| | (Print or Type) |
| **Signature:** | _____ |
| **Name of Signatory:** | _____ |
| | (If other than Holder) |
| **Title:** | _____ |
| **Address:** | _____ |
| | _____ |
| | _____ |
| **Date Completed:** | _____ |
| | |

**PLEASE COMPLETE, SIGN AND DATE THIS BENEFICIAL HOLDER OPT OUT FORM AND RETURN IT TO YOUR NOMINEE IN THE FORM REQUESTED BY YOUR NOMINEE IN SUFFICIENT TIME TO ALLOW YOUR NOMINEE TO PROCESS YOUR INSTRUCTIONS ON A MASTER OPT OUT FORM AND RETURN TO THE CLAIMS AND NOTICING AGENT SO THAT IT IS ACTUALLY RECEIVED ON OR PRIOR TO THE OPT OUT DEADLINE.**

IF THE CLAIMS AND NOTICING AGENT DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> A MASTER OPT OUT FORM ON OR BEFORE 4:00 P.M. PREVAILING EASTERN TIME ON JULY 15, 2024, THEN YOUR ELECTION TRANSMITTED HEREBY WILL NOT BE EFFECTIVE.

BENEFICIAL HOLDER OPT OUT FORMS SENT DIRECTLY TO THE CLAIMS AND NOTICING AGENT WILL <u>NOT</u> BE ACCEPTED.

## INSTRUCTIONS FOR COMPLETING THIS BENEFICIAL HOLDER OPT OUT FORM

1.  Capitalized terms used in the Beneficial Holder Opt Out Form or in these instructions (the "Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan.

2.  To ensure that your election is counted, you must complete the Beneficial Holder Opt Out Form and take the following steps:  (a)  clearly indicate your decision to "opt out" of the Third-Party Release set forth in the Plan in Item 1 above; (b) make sure that the information required by Item 2 above has been correctly inserted; and (c) sign, date and return an original of your Beneficial Holder Opt Out Form to your Nominee in accordance with paragraph 3 directly below.

3.  **Return of Beneficial Holder Opt Out Form**:  Your Beneficial Holder Opt Out Form MUST be returned to your Nominee in sufficient time to allow your Nominee to process your instructions on a Master Opt Out Form and return to the Claims and Noticing Agent so as to be **actually received** by the Claims and Noticing Agent on or before the Opt Out Deadline, which is **4:00 p.m. (prevailing Eastern Time) on July 15, 2024**.

4.  If a Master Opt Out Form is received by the Claims and Noticing Agent after the Opt Out Deadline, it will not be effective.  Additionally, the following Opt Out Forms will NOT be counted:

    • ANY BENEFICIAL HOLDER OR MASTER OPT OUT FORM THAT IS ILLEGIBLE OR CONTAINS INSUFFICIENT INFORMATION TO PERMIT THE IDENTIFICATION OF THE HOLDER OF THE INTEREST;

    • ANY BENEFICIAL HOLDER OR MASTER OPT OUT FORM CAST BY OR ON BEHALF OF AN ENTITY THAT IS NOT ENTITLED TO OPT OUT OF THE THIRD-PARTY RELEASE;

    • ANY BENEFICIAL HOLDER OR MASTER OPT OUT FORM SENT TO THE DEBTORS, THE DEBTORS' AGENTS/REPRESENTATIVES (OTHER THAN THE CLAIMS AND NOTICING AGENT), OR THE DEBTORS' FINANCIAL OR LEGAL ADVISORS;

    • ANY BENEFICIAL HOLDER OR MASTER OPT OUT FORM TRANSMITTED BY FACSIMILE OR TELECOPY;

    • ANY UNSIGNED BENEFICIAL HOLDER OR MASTER OPT OUT FORM; OR

    • ANY BENEFICIAL HOLDER OR MASTER OPT OUT FORM NOT COMPLETED IN ACCORDANCE WITH THE PROCEDURES APPROVED IN THE DISCLOSURE STATEMENT ORDER.

5.  The method of delivery of Beneficial Opt Out Forms to your Nominee is at the election and risk of each Holder of an Interest.  Except as otherwise provided herein, such delivery will be deemed made to the Claims and Noticing Agent only when the Claims and Noticing Agent **actually receives** a Master Opt Out Form from your Nominee.  Beneficial Holders and their Nominees should allow sufficient time to assure timely delivery.

6.      If multiple Opt Out Forms are received from the same Holder with respect to the same Interest prior to the Opt Out Deadline, the last Opt Out Form timely received will supersede and revoke any earlier received Opt Out Forms.

7.      The Beneficial Holder Opt Out Form is not a letter of transmittal and may not be used for any purpose other than to opt out of the Third-Party Release. Accordingly, at this time, Holders of Interests should not surrender certificates or instruments representing or evidencing their Interests, and neither the Debtors nor the Claims and Noticing Agent will accept delivery of any such certificates or instruments surrendered together with a Beneficial Holder Opt Out Form.

8.      The Beneficial Holder Opt Out Form does <u>not</u> constitute, and shall not be deemed to be, (a) a proof of claim, (b) proof of interest, or (c) an assertion or admission of a Claim or Interest.

9.      <u>Please be sure to sign and date your Beneficial Holder Opt Out Form</u>. If you are signing a Beneficial Holder Opt Out Form in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims and Noticing Agent, the Debtors or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Beneficial Holder Opt Out Form.

**<u>PLEASE RETURN YOUR BENEFICIAL HOLDER OPT OUT FORM PROMPTLY TO YOUR NOMINEE IN THE FORM REQUESTED BY YOUR NOMINEE!</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BENEFICIAL OPT OUT FORM OR THE INSTRUCTIONS OR PROCEDURES, PLEASE CONTACT THE CLAIMS AND NOTICING AGENT AT:**

**(866) 967-0263 (USA or Canada) or (310) 751-2663 (International)**

**Or via online form: <u>www.kccllc.net/invitae/inquiry</u>**

---

**IF THE CLAIMS AND NOTICING AGENT DOES NOT <u>ACTUALLY RECEIVE</u> THE MASTER OPT OUT FORM FROM YOUR NOMINEE BEFORE THE OPT OUT DEADLINE, WHICH IS 4:00 P.M. PREVAILING EASTERN TIME ON JULY 15, 2024, THEN YOUR OPT OUT ELECTION TRANSMITTED PURSUANT TO THE BENEFICIAL HOLDER OPT OUT FORM WILL NOT BE EFFECTIVE.**

**Exhibit A**

*Please check one box below to indicate the CUSIP/ISIN to which this Beneficial Opt Out Form pertains.  If you check more than one box below you risk having your vote invalidated.*

| | PLAN CLASS | DESCRIPTION | CUSIP / ISIN |
|---|---|---|---|
| ☐ | Class 10 Equity Interests | Common Stock | 46185L 10 3 / US46185L1035 |

## Exhibit 2C

**Opt Out Form (Holders of Claims and Holders of Registered Interests)**

**OPTIONAL:  HOLDERS OF CLAIMS AND HOLDERS OF REGISTERED INTERESTS
OPT OUT FORM**

You are receiving this opt out form (the "Opt Out Form") because you are or may be a Holder of a Claim or Interest that is not entitled to vote on the *Amended Joint Plan of Invitae Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 630] (as amended, supplemented, or otherwise modified from time to time, the "Plan").  Except as otherwise set forth in the Plan, Holders of Claims and Interests are deemed to grant the Third-Party Release set forth in Article VIII.D (the "Third-Party Release"), unless a Holder affirmatively opts out of the Third-Party Release or timely objects to the Third-Party Release on or before **July 15, 2024, at 4:00 p.m., prevailing Eastern Time** (the "Opt Out Deadline"), and such objection is not resolved before confirmation.

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS OPT OUT FORM CAREFULLY BEFORE COMPLETING THIS OPT OUT FORM.

**UNLESS YOU CHECK THE BOX ON THIS OPT OUT FORM BELOW AND FOLLOW ALL INSTRUCTIONS, YOU WILL BE HELD TO FOREVER RELEASE THE RELEASED PARTIES (AS DEFINED HEREIN) IN ACCORDANCE WITH THE PLAN.**

**THIS OPT OUT FORM MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY KURTZMAN CARSON CONSULTANTS LLC (THE "CLAIMS AND NOTICING AGENT") ON OR BEFORE THE OPT OUT DEADLINE.**

This Opt Out Form may not be used for any purpose other than opting out of the Third-Party Release contained in the Plan.  If you believe you have received this Opt Out Form in error, or if you believe that you have received the wrong opt out form, please contact the Claims and Noticing Agent immediately by calling (866) 967-0263 (USA or Canada) or (310) 751-2663 (International) or sending an electronic message via online form to www.kccllc.net/invitae/inquiry.

Before completing this Opt Out Form, please read and follow the enclosed "Instructions for Completing this Opt Out Form" carefully to ensure that you complete, execute, and return this Opt Out Form properly.

If you opt out of the Third-Party Release, you will not receive a release.

Item 1. **Optional Third-Party Release.**

AS A HOLDER OF A CLAIM OR INTEREST, YOU ARE A "RELEASING PARTY" UNDER THE PLAN AND ARE DEEMED TO PROVIDE THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH BELOW.  YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN.  YOU WILL NOT BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN ONLY IF (I) THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE RELEASES AND (II) YOU (A) CHECK THE BOX BELOW AND SUBMIT THE OPT OUT FORM BY THE OPT OUT DEADLINE OR (B) TIMELY OBJECT TO THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION.  THE ELECTION TO WITHHOLD CONSENT TO GRANT THE THIRD-PARTY RELEASE IS AT YOUR OPTION.

☐ **By checking this box, you elect to <u>opt out</u> of the Third-Party Release set forth below.**

Article VIII.D of the Plan provides for the following ("**Third-Party Release**"):

**Except as otherwise specifically provided in the Plan or the Confirmation Order, as of the Effective Date, each Releasing Party, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, is deemed to have, hereby conclusively, absolutely, unconditionally, irrevocably and forever released and discharged each Debtor, Wind-Down Debtor, and Released Party from any and all Claims and Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, including any derivative claims asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates (as applicable), that such Entity would have been legally entitled to assert in its own right (whether individually or collectively or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof or otherwise), the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, entry into, or filing of the TSA, the Disclosure Statement, the Plan, the Sale Transaction, the Asset Purchase Agreement, the Definitive Documents, or any transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the TSA, the Disclosure Statement, the Sale Transaction, the Definitive Documents, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or Entity under the Plan, any transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or (ii) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in Article VIII.D. of the Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (i) consensual; (ii) essential to the confirmation of the Plan; (iii) given in exchange for good and valuable consideration provided by the Released Parties; (iv) a good faith settlement and compromise of the Claims released by the Third-Party Release; (v) in the best interests of the Debtors and their Estates; (vi) fair, equitable, and reasonable; (vii) a sound exercise of the Debtors' business judgment; (viii) given and made after due notice and opportunity for hearing; and (ix) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the Third-Party Release.**

**Without limiting the foregoing, from and after the Effective Date, any Entity that is given the opportunity to opt out of the releases contained in Article VIII.D of the Plan and does not exercise such opt out is a Releasing Party and may not assert any Claim or other Cause of Action against any Released Party based on or relating to, or in any manner arising from, in whole or in part, the Debtors. From and after the Effective Date, any Entity (i) that opted out of the releases contained in Article VIII.D of the Plan or (ii) was deemed to reject the Plan may not assert any Claim or other**

**Cause of Action against any Released Party for which it is asserted or implied that such Claim or Cause of Action is not subject to the releases contained in Article VIII.C of the Plan without first obtaining a Final Order from the Bankruptcy Court (a) determining, after notice and a hearing, that such Claim or Cause of Action is not subject to the releases contained in Article VIII.C of the Plan, and (b) specifically authorizing such Person or Entity to bring such Claim or Cause of Action against any such Released Party.  The Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a Claim or Cause of Action constitutes a direct or derivative claim, is colorable and, only to the extent legally permissible and as provided for in Article XI of the Plan, the Bankruptcy Court shall have jurisdiction to adjudicate the underlying Claim or Cause of Action.**

Definitions related to the Third-Party Release:

UNDER THE PLAN, "***RELATED PARTY***" MEANS, COLLECTIVELY, CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), AFFILIATED INVESTMENT FUNDS OR INVESTMENT VEHICLES, PREDECESSORS, PARTICIPANTS, SUCCESSORS, ASSIGNS (WHETHER BY OPERATION OF LAW OR OTHERWISE), SUBSIDIARIES, CURRENT, FORMER, AND FUTURE ASSOCIATED ENTITIES, MANAGED OR ADVISED ENTITIES, ACCOUNTS OR FUNDS, PARTNERS, LIMITED PARTNERS, GENERAL PARTNERS, PRINCIPALS, MEMBERS, MANAGEMENT COMPANIES, FUND ADVISORS, MANAGERS, FIDUCIARIES, TRUSTEES, EMPLOYEES, AGENTS (INCLUDING THE DISBURSING AGENT), ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, REPRESENTATIVES ADVISORS, PREDECESSORS, SUCCESSORS, AND ASSIGNS, EACH SOLELY IN THEIR CAPACITY AS SUCH (INCLUDING ANY ATTORNEYS OR PROFESSIONALS RETAINED BY ANY CURRENT OR FORMER DIRECTOR OR MANAGER IN HIS OR HER CAPACITY AS DIRECTOR OR MANAGER OF AN ENTITY), AND THE RESPECTIVE HEIRS, EXECUTORS, ESTATES, SERVANTS AND NOMINEES OF THE FOREGOING.

UNDER THE PLAN, "***RELEASED PARTY***" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH:    (A) EACH DEBTOR; (B) EACH WIND-DOWN DEBTOR; (C) THE CONSENTING STAKEHOLDERS; (D) THE 2028 SENIOR SECURED NOTES TRUSTEE; (E) THE 2028 SENIOR SECURED NOTES COLLATERAL AGENT; (F) THE PLAN ADMINISTRATOR; (G) EACH COMPANY PARTY; (H) THE PURCHASER; (I) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (J); AND (J) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH THIS CLAUSE (J); PROVIDED, HOWEVER, THAT EACH ENTITY THAT (X) ELECTS TO OPT OUT OF THE RELEASES DESCRIBED IN ARTICLE VIII.D OF THE PLAN OR (Y) TIMELY OBJECTS TO THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION SHALL NOT BE A RELEASED PARTY.

UNDER THE PLAN, "***RELEASING PARTY***" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH:    (A) EACH DEBTOR; (B) EACH WIND-DOWN DEBTOR; (C) THE CONSENTING STAKEHOLDERS; (D) THE TRUSTEES; (E) THE PLAN ADMINISTRATOR; (F) EACH COMPANY PARTY; (G) THE PURCHASER; (H) ALL HOLDERS OF CLAIMS THAT VOTE TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (I) ALL HOLDERS OF CLAIMS THAT ARE DEEMED TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (J) ALL HOLDERS OF CLAIMS WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (K) ALL HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN AND WHO DO NOT

AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (L) ALL HOLDERS OF INTERESTS; (M) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (N); AND (N) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH THIS CLAUSE (N); *PROVIDED, HOWEVER*, THAT EACH ENTITY THAT (X) ELECTS TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN OR (Y) TIMELY OBJECTS TO THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION SHALL NOT BE A RELEASING PARTY; *PROVIDED, FURTHER, HOWEVER*, THAT ANY HOLDER OF INTERESTS WHO ACQUIRED SUCH INTERESTS AFTER THE VOTING RECORD DATE (AS SUCH TERM IS DEFINED IN THE DISCLOSURE STATEMENT ORDER) AND DID NOT RECEIVE AN OPT OUT ELECTION FORM SHALL NOT BE A RELEASING PARTY.

**Item 2**. **Certifications.**

By signing this Opt Out Form, the undersigned certifies to the Bankruptcy Court and the Debtors:

- that, as of June 6, 2024, either:  (i) the undersigned is the Holder of Claims or Interests; or (ii) the undersigned is an authorized signatory for an Entity or Person that is the Holder of Claims or Interests;

- that the Holder has received a copy of the *Notice of Non-Voting Status* and that this Opt Out Form is submitted pursuant to the terms and conditions set forth therein;

- that the undersigned has made the same election with respect to all Claims or Interests; and

- that no other Opt Out Form has been cast with respect to the Holder's Claims or Interests, or, if any other Opt Out Forms have been cast with respect to such Claims or Interests, such Opt Out Forms are hereby revoked.

YOUR RECEIPT OF THIS OPT OUT FORM DOES NOT SIGNIFY THAT YOUR CLAIM OR INTEREST HAS BEEN OR WILL BE ALLOWED.

| | |
|---|---|
| **Name of Holder:** | |
| | **(Print or Type)** |
| **Signature:** | |
| **Name of Signatory:** | |
| | **(If other than Holder)** |
| **Title:** | |
| **Address:** | |
| | |
| | |
| **Date Completed:** | |

If your address or contact information has changed, please note the new information here.

**TO OPT OUT, PLEASE SUBMIT YOUR OPT OUT FORM BY ONE OF THE FOLLOWING TWO METHODS:**

**Via E-Ballot Portal (Preferred Method of Delivery).** Submit your Opt Out Form via the Claims and Noticing Agent's online portal, by visiting https://www.kccllc.net/invitae (the "**E-Ballot Portal**"). Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your Opt Out Form.

**IMPORTANT NOTE: YOU WILL NEED THE FOLLOWING INFORMATION TO RETRIEVE YOUR CUSTOMIZED ELECTRONIC OPT OUT FORM.**

      **UNIQUE ID#:**_____

      **PIN#:**_____

**Via Paper Form.** Complete, sign, and date this Opt Out Form and return it promptly via first-class mail (or in the reply envelope provided), overnight courier, or hand delivery to:

> Invitae Ballot Processing Center
> c/o KCC
> 222 N. Pacific Coast Highway, Suite 300
> El Segundo, CA 90245
>
> If you have any questions on the procedures for voting on the Plan, please call the Claims and Noticing Agent at: (866) 967-0263 (USA or Canada) or (310) 751-2663 (International).

Parties that submit their Opt Out Form using the E-Ballot Portal should NOT also submit a paper Opt Out Form.

> IF THE CLAIMS AND NOTICING AGENT DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THIS OPT OUT FORM ON OR BEFORE 4:00 P.M. PREVAILING EASTERN TIME ON JULY 15, 2024, THEN YOUR ELECTION TRANSMITTED HEREBY WILL NOT BE EFFECTIVE.
>
> OPT OUT FORMS SENT BY FACSIMILE OR E-MAIL WILL <u>NOT</u> BE ACCEPTED.

## <u>INSTRUCTIONS FOR COMPLETING THIS OPT OUT FORM</u>

1.  Capitalized terms used in the Opt Out Form or in these instructions (the "<u>Instructions</u>") but not otherwise defined therein or herein shall have the meaning set forth in the Plan.

2.  To ensure that your election is counted, you <u>must</u> complete the Opt Out Form and take the following steps:  (a) clearly indicate your decision to "opt out" of the Third-Party Release set forth in the Plan in <u>Item 1</u> above; (b) make sure that the information required by <u>Item 2</u> above has been correctly inserted; <u>and</u> (c) sign, date and return an original of your Opt Out Form in accordance with paragraph 3 directly below.

3.  **<u>Return of Opt Out Form</u>**:  Your Opt Out Form MUST be returned to the Claims and Noticing Agent so as to be **actually received** by the Claims and Noticing Agent on or before the Opt Out Deadline, which is **4:00 p.m. (prevailing Eastern Time) on July 15, 2024**.

4.  If an Opt Out Form is received by the Claims and Noticing Agent <u>after</u> the Opt Out Deadline, it will not be effective.  Additionally**,** the following Opt Out Forms will <u>NOT</u> be counted:

    - ANY OPT OUT FORM THAT IS ILLEGIBLE OR CONTAINS INSUFFICIENT INFORMATION TO PERMIT THE IDENTIFICATION OF THE HOLDER OF THE CLAIM OR INTEREST;

    - ANY OPT OUT FORM CAST BY OR ON BEHALF OF AN ENTITY THAT IS NOT ENTITLED TO OPT OUT OF THE THIRD-PARTY RELEASE;

    - ANY OPT OUT FORM SENT TO THE DEBTORS, THE DEBTORS' AGENTS/REPRESENTATIVES (OTHER THAN THE CLAIMS AND NOTICING AGENT), OR THE DEBTORS' FINANCIAL OR LEGAL ADVISORS;

    - ANY OPT OUT FORM TRANSMITTED BY FACSIMILE OR E-MAIL;

    - ANY UNSIGNED OPT OUT FORM; OR

    - ANY OPT OUT FORM NOT COMPLETED IN ACCORDANCE WITH THE PROCEDURES APPROVED IN THE DISCLOSURE STATEMENT ORDER.

5.  The method of delivery of Opt Out Forms to the Claims and Noticing Agent is at the election and risk of each Holder of a Claim or Interest.  Except as otherwise provided herein, such delivery will be deemed made to the Claims and Noticing Agent only when the Voting and Claims Agent **actually receives** the executed Opt Out Form.  Holders should allow sufficient time to assure timely delivery.

6.  If multiple Opt Out Forms are received from the same Holder with respect to the same Claim or Interest prior to the Opt Out Deadline, the last Opt Out Form timely received will supersede and revoke any earlier received Opt Out Forms.

7.  The Opt Out Form is not a letter of transmittal and may not be used for any purpose other than to Opt Out of the Third-Party Release.  Accordingly, at this time, Holders of Interests should not surrender certificates or instruments representing or evidencing their Interests, and neither the Debtors nor the Claims and Noticing Agent will accept delivery of any such certificates or instruments surrendered together with an Opt Out Form.

8.    The Opt Out Form does <u>not</u> constitute, and shall not be deemed to be, (a) a proof of claim, (b) proof of interest, or (c) an assertion or admission of a Claim or Interest.

9.    <u>Please be sure to sign and date your Opt Out Form</u>.  If you are signing an Opt Out Form in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims and Noticing Agent, the Debtors or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Opt Out Form.

**<u>PLEASE RETURN YOUR OPT OUT FORM PROMPTLY!</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS OPT OUT FORM
OR THE INSTRUCTIONS OR PROCEDURES, PLEASE CONTACT
THE CLAIMS AND NOTICING AGENT AT:**

**(866) 967-0263 (USA or Canada) or (310) 751-2663 (International)**

**Or via online form: <u>www.kccllc.net/invitae/inquiry</u>**

---

**IF THE CLAIMS AND NOTICING AGENT DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THE OPT OUT FORM FROM YOU BEFORE THE OPT OUT DEADLINE, WHICH IS 4:00 P.M. PREVAILING EASTERN TIME ON JULY 15, 2024, THEN YOUR OPT OUT ELECTION TRANSMITTED THEREBY WILL NOT BE EFFECTIVE.**

## Exhibit 3A

**Master Ballot—Class 3 (2028 Senior Secured Notes Claims)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| INVITAE CORPORATION, *et al.*, | Case No. 24-11362 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**MASTER BALLOT FOR VOTING ON THE AMENDED**
**JOINT PLAN OF INVITAE CORPORATION AND ITS DEBTOR**
**AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 3 – 2028 SENIOR SECURED NOTES CLAIMS**

**PLEASE READ - YOUR RESPONSE IS REQUIRED BY JULY 15, 2024, at 4:00 P.M.**
**(PREVAILING EASTERN TIME) (THE "VOTING DEADLINE")**

- PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT RELATING TO THE AMENDED JOINT PLAN OF INVITAE CORPORATION AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE (AS MAY BE AMENDED, SUPPLEMENTED, OR OTHERWISE MODIFIED FROM TIME TO TIME, THE "PLAN" AND THIS BALLOT, THE "MASTER BALLOT")[2] INCLUDED WITH THIS MASTER BALLOT BEFORE COMPLETING THIS MASTER BALLOT.  THIS MASTER BALLOT PERMITS YOU TO VOTE ON THE PLAN, WHICH IS SUBJECT TO BANKRUPTCY COURT APPROVAL.

- THIS MASTER BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS **ACTUALLY RECEIVED** BY KURTZMAN CARSON CONSULTANTS LLC (THE "CLAIMS AND NOTICING AGENT") BEFORE **4:00 P.M., PREVAILING EASTERN TIME, ON JULY 15, 2024**.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS AND NOTICING AGENT AT (877) 499-4509 (TOLL-FREE) OR +1 (917) 281-4800 (INTERNATIONAL) OR EMAIL INVITAEBALLOTS@KCCLLC.COM AND REFERENCE "IN RE INVITAE CORPORATION – SOLICITATION INQUIRY" IN THE SUBJECT LINE.

---

[1]    The last four digits of Debtor Invitae Corporation's tax identification number are 1898.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/invitae.  The Debtors' service address in these chapter 11 cases is 1400 16th Street, San Francisco, California 94103.

[2]    Capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan or Disclosure Statement, as applicable.

- IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS MASTER BALLOT.

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the *Amended Joint Plan of Invitae Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* and all exhibits related thereto (collectively, and as each may be modified, amended, or supplemented from time to time, the "Plan"), attached as Exhibit A to the *Disclosure Statement Relating to the Amended Joint Plan of Invitae Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* and all exhibits related thereto (collectively, and as each may be modified, amended, or supplemented from time to time, the "Disclosure Statement") from Holders of Claims in Class 3 (the "Voting Class").

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein. The Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims in the Voting Class votes to accept the Plan. The Bankruptcy Court may confirm the Plan if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Class, among others. Subject to the terms and conditions of the Plan, you will receive the treatment identified in the Plan. For additional discussion of your treatment and rights under the Plan, please read the Disclosure Statement and the Plan.

You are receiving this Master Ballot because you are the Nominee (as defined below) of a Beneficial Holder[3] of a 2028 Senior Secured Notes Claim in Class 3 (a "Class 3 2028 Senior Secured Notes Claims") as of **June 6, 2024** (the "Voting Record Date"), identified by the CUSIP Number and ISIN set forth on **Exhibit A** attached hereto.

**This Master Ballot is to be used by you as a broker, bank, or other nominee; or as the agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"); or as the proxy holder of a Nominee for certain Beneficial Holders' Class 3 2028 Senior Secured Notes Claims to transmit to the Claims and Noticing Agent the votes of such Beneficial Holders in respect of their Class 3 2028 Senior Secured Notes Claims to accept or reject the Plan. The CUSIP numbers (the "CUSIP Number") for Class 3 2028 Senior Secured Notes Claims entitled to vote and of which you are the Nominee are set forth on Exhibit A attached hereto. THE VOTES ON THIS BALLOT FOR BENEFICIAL HOLDERS OF CLAIMS IN CLASS 3 SHALL BE APPLIED TO EACH DEBTOR AGAINST WHOM SUCH BENEFICIAL HOLDERS HAVE A CLASS 3 CLAIM.**

The Disclosure Statement describes the rights and treatment for each Class. The Disclosure Statement, the Plan, and certain other materials (the "Solicitation Package") have been distributed under separate cover from this Master Ballot. This Master Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect thereto. Once completed and

---

[3]   "Beneficial Holder" is a beneficial owner of a Class 3 2028 Senior Secured Notes Claim whose Claims have not been satisfied prior to the Voting Record Date pursuant to court order or otherwise, as reflected in the records maintained by the Nominees (as defined herein) holding through the Depository Trust Company ("DTC") or other relevant security depository as of the Voting Record Date.

returned in accordance with the attached instructions, the votes on the Plan will be counted as set forth herein.

You are authorized to disseminate information and materials pertaining to the solicitation of Plan votes, to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) the Beneficial Holder ballots provided to you with this Master Ballot (a "Beneficial Holder Ballot"), and to collect votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.

The Bankruptcy Court may confirm the Plan and thereby bind all Beneficial Holders of Claims and Interests.  To have the votes of your Beneficial Holders count as either an acceptance or rejection of the Plan, you must complete and return this Master Ballot so that the Claims and Noticing Agent **actually receives** it on or before the Voting Deadline.

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON JULY 15, 2024.**

**Item 1.** **Certification of Authority to Vote.**

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

☐ is a broker, bank, or other nominee for the beneficial owners of the aggregate principal amount of the Claims listed in Item 2 below, and is the record holder of such notes;

☐ is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered holder of the aggregate principal amount of the Claims listed in Item 2 below; or

☐ has been granted a proxy (an original of which is submitted herewith) from a broker, bank, or other nominee, or a beneficial owner, that is the registered holder of the aggregate principal amount of the Claims listed in Item 2 below, and accordingly, has full power and authority to vote to accept or reject the Plan, on behalf of the beneficial owners of the Claims described in Item 2.

**Item 2**. **Class 3 2028 Senior Secured Notes Claims Vote on Plan and Item 2.**

The undersigned transmits the following votes of Beneficial Holders of Claims against the Debtors in Class 3 as set forth below and certifies that the following Beneficial Holders of the Classes of Claims, as identified by their respective customer account numbers set forth below, are Beneficial Holders of such securities as of the Voting Record Date, and have delivered to the undersigned, as Nominee, Ballots casting such votes.

Indicate in the appropriate column below the aggregate principal amount voted for each account or attach such information to this Master Ballot in the form of the following table.  Please note that each Beneficial Holder must vote all of their Claims in the Voting Class either to accept or reject the Plan and may not split such vote.  Any Ballot executed by the Beneficial Holder that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan in the Voting Class will not be counted.

| CUSIP NUMBERS AS INDICATED ON **EXHIBIT A** ATTACHED HERETO | | | | | |
|---|---|---|---|---|---|
| **Your Customer Account Number for Each Beneficial Holder Who Voted in this Plan Class** | **Principal Amount Held as of the Voting Record Date** | **Item 2** Indicate the vote cast on the Beneficial Holder Ballot by placing an "X" in the appropriate column below. | | | **Item 3** Indicate whether the Beneficial Holder ELECTED to OPT OUT of the Third-Party Releases by indicating "OPTED OUT" in the column below |
| | | **Accept the Plan** | **or** | **Reject the Plan** | |
| **Class 3 2028 Senior Secured Notes Claims** | | | | | |
| 1. | $ | | | | |
| 2. | $ | | | | |
| 3. | $ | | | | |
| 4. | $ | | | | |
| 5. | $ | | | | |
| 6. | $ | | | | |
| **TOTALS** | $ | | | | |

**Item 3.** Certification as to Transcription of Information from **Item 3** of the Beneficial Holder Ballots as to Claims in the Voting Class Voted Through Other Ballots.

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in **Item 3** of each Beneficial Holder Ballot received from a Beneficial Holder.  Please use additional sheets of paper if necessary.

| Your Customer Account Number for Each Beneficial Holder Who Completed **Item 3** of the Beneficial Holder Ballots | **TRANSCRIBE FROM ITEM 3 OF THE BENEFICIAL HOLDER BALLOTS:** | | | | **Plan Vote of Other Claims Voted (accept or reject)** |
|---|---|---|---|---|---|
| | **Account Number of Other Claims Voted** | **DTC Participant Name and Number of Other Nominee** | **Principal Amount of Other Claims Voted** | **CUSIP Number of Other Claims Voted** | |
| **Class 3 2028 Senior Secured Notes Claims** | | | | | |
| 1. | | | $ | | |
| 2. | | | $ | | |
| 3. | | | $ | | |
| 4. | | | $ | | |
| 5. | | | $ | | |
| 6. | | | $ | | |
| 7. | | | $ | | |
| 8. | | | $ | | |
| 9. | | | $ | | |
| 10. | | | $ | | |

**Item 4**. **Certifications.**

Upon execution of this Master Ballot, the undersigned certifies that:

1.      it has received a copy of the Disclosure Statement, the Plan, the Ballots, and the remainder of the Solicitation Package and has delivered the same to the Beneficial Holders of the Claims in the Voting Class listed in <u>Item 2</u> above or delivered materials via other customary communications used to solicit or collect votes;

2.      it has received appropriate voting instructions from each Beneficial Holder listed in <u>Item 2</u> of this Master Ballot;

3.      it has been authorized by each such Beneficial Holder to vote on the Plan;

4.      it has properly disclosed:  (a) the number of Beneficial Holders who completed Ballots; (b) the respective amounts of the Claims in the Voting Class as set forth in <u>Item 2</u>, as the case may be, by each Beneficial Holder who completed a Ballot; (c) each such Beneficial Holder's respective vote concerning the Plan; (d) each such Beneficial Holder's certification as to other Claims voted; and (e) the customer account or other identification number for each such Beneficial Holder; and

5.      it will maintain Ballots and evidence of separate transactions returned by Beneficial Holders (whether properly completed or defective) for at least two (2) years after the chapter 11 cases are closed and disclose all such information to the Bankruptcy Court or the Debtors, as the case may be, if so ordered.

Name of Nominee:  _____
                              (Print or type)

DTC Participant Number:  _____

Name of Proxy Holder or
Agent for Nominee
(if applicable):  _____
                              (Print or type)

Signature:  _____

Name of Signatory:  _____

Title:  _____

Address:  _____

            _____

            _____

Date Completed:  _____

Email Address:  _____

**THIS MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS 4:00 P.M., PREVAILING EASTERN TIME, ON JULY 15, 2024.**

**PLEASE COMPLETE AND DATE THE MASTER BALLOT AND RETURN IT PROMPTLY VIA ONE OF THE METHODS BELOW SO THAT IT IS ACTUALLY RECEIVED BY THE CLAIMS AND NOTICING AGENT BY THE VOTING DEADLINE.**

**PLEASE SUBMIT YOUR MASTER BALLOT BY ONE OF THE FOLLOWING TWO METHODS:**

<u>**Via E-Mail**</u>**.  Submit your Master Ballot via e-mail to the Claims and Noticing Agent at:**

---

**InvitaeBallots@kccllc.com**
**(preferred method of delivery)**

---

<u>**Via Paper Form**</u>**.  Complete, sign, and date this Master Ballot and return it promptly via first-class mail (or in the reply envelope provided), overnight courier, or hand delivery to:**

---

**Invitae Ballot Processing Center**
**c/o KCC**
**222 N. Pacific Coast Highway, Suite 300**
**El Segundo, CA 90245**

If you would like to coordinate hand delivery of
your Master Ballot, please email
InvitaeInfo@kccllc.com (with "Invitae Master
Ballot" in the subject line) at least 24 hours in
advance of arrival at the KCC address above and
provide the anticipated date and time of delivery.

---

Parties that submit their Master Ballot via e-mail do NOT also need to submit a paper Master Ballot.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT, THESE VOTING INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS AND NOTICING AGENT AT (877) 499-4509 (USA AND CANADA) OR +1 (917) 281-4800 (INTERNATIONAL) OR EMAIL INVITAEBALLOTS@KCCLLC.COM AND REFERENCE "IN RE INVITAE CORPORATION - SOLICITATION INQUIRY" IN THE SUBJECT LINE.  ANY BALLOT RECEIVED AFTER THE VOTING DEADLINE OR OTHERWISE NOT IN COMPLIANCE WITH THE DISCLOSURE STATEMENT ORDER WILL NOT BE COUNTED.**

**MASTER BALLOTS WILL NOT BE ACCEPTED BY TELECOPY, FACSIMILE, OR OTHER ELECTRONIC MEANS OF TRANSMISSION (OTHER THAN BY E-MAIL).**

**THE MASTER BALLOT SHOULD NOT BE SENT TO THE DEBTORS, THE BANKRUPTCY COURT, OR THE DEBTORS' FINANCIAL OR LEGAL ADVISORS.**

# VOTING INSTRUCTIONS

1.  As described in the Disclosure Statement, the Debtors are soliciting the votes of Beneficial Holders of Class 3 2028 Senior Secured Notes Claims with respect to the Plan referred to in the Disclosure Statement. The Plan and the Disclosure Statement are included in the Solicitation Package. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan.

2.  The Plan may be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one Class that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code.

3.  You should immediately distribute the Ballots (or other customary material used to collect votes in lieu of the Ballots) and the Solicitation Package to all Beneficial Holders of Class 3 2028 Senior Secured Notes Claims and take any action required to enable each such Beneficial Holder to timely vote the Claims that it holds. You may distribute the Solicitation Packages to Beneficial Holders, as appropriate, in accordance with your customary practices. You are authorized to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means. Any Ballot returned to you by a Beneficial Holder of a Claim shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver, to the Claims and Noticing Agent, a Master Ballot that reflects the vote of such Beneficial Holders by **4:00 p.m., prevailing Eastern Time, on July 15, 2024**, or otherwise validate the Ballot in a manner acceptable to the Claims and Noticing Agent.

4.  If you are transmitting the votes of any Beneficial Holders of Claims in the Voting Class, you shall within five (5) Business Days after receipt by such Nominee of the Solicitation Package, forward the Solicitation Package to the Beneficial Holder of the Class 3 2028 Senior Secured Notes Claims for voting (along with a return envelope provided by and addressed to the Nominee, if applicable), with the Beneficial Holder then returning the individual Beneficial Holder Ballot to the Nominee or voting as otherwise instructed by the Nominee. In such case, the Nominee will tabulate the votes of its respective Beneficial Holders on a Master Ballot that will be provided to the Nominee separately by the Claims and Noticing Agent, in accordance with any instructions set forth in the instructions to the Master Ballot, and then return the Master Ballot to the Claims and Noticing Agent. The Nominee should advise the Beneficial Holders to return their individual Beneficial Holder Ballots to, or submit their votes as otherwise instructed by, the Nominee by a date calculated by the Nominee to allow it to prepare and return the Master Ballot to the Claims and Noticing Agent so that the Master Ballot is actually received by the Claims and Noticing Agent on or before the Voting Deadline.

5.  With regard to any Ballots returned to you by a Beneficial Holder, you must: (a) compile and validate the votes and other relevant information, including the Third-Party Release Opt-Out, of each such Beneficial Holder on the Master Ballot using the customer name or account number assigned by you to each such Beneficial Holder; (b) execute the Master Ballot; (c) transmit such Master Ballot to the Claims and Noticing Agent by the Voting Deadline; and (d) retain such Ballots from Beneficial Holders, whether in hard copy or by electronic direction, in your files for a period of at least two (2) years after the Effective Date. You may be ordered to produce the Ballots to the Debtors or the Bankruptcy Court.

6.      The time by which a Ballot is **actually received** by the Claims and Noticing Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline.  **The Voting Deadline is July 15, 2024, at 4:00 p.m., prevailing Eastern Time**.

7.      If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by applicable law or court order.  In all cases, Nominees should allow sufficient time to ensure timely delivery.  No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors.  A Ballot will not be counted unless received by the Claims and Noticing Agent.

8.      If multiple Master Ballots are received prior to the Voting Deadline from the same Nominee with respect to the same Ballot belonging to a Beneficial Holder of a Claim, the vote on the last properly completed Master Ballot timely received will supersede and revoke the vote of such Beneficial Holder on any earlier received Master Ballot.

9.      If a Holder holds a Claim or Interest, as applicable, in the Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Holder or Nominee has a Claim or Interest, as applicable, in the Voting Class.

10.     The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto.  Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

11.     The Ballot does not constitute and shall not be deemed to be:  (a) a Proof of Claim; or (b) an assertion or admission with respect to any Claim in the Debtors' chapter 11 cases.

12.     Please be sure to sign and date your Master Ballot.  You should indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity and, if required or requested by the Claims and Noticing Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Beneficial Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

13.     If you are both the Nominee and the Beneficial Holder of any of the Class 3 2028 Senior Secured Notes Claims and you wish to vote such Claims in Class 3, you may return a Master Ballot for such Claims in Class 3 and you must vote all of your Claims in the Voting Class to either to accept or reject the Plan and may not split your vote.  Accordingly, a Ballot, other than a Master Ballot with the votes of multiple Holders, that partially rejects and partially accepts the Plan will not be counted.

14.     The following Ballots and Master Ballots shall not be counted in determining the acceptance or rejection of the Plan:  (a) any Ballot or Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Holder of the Claim; (b) any Ballot or Master Ballot cast by a Party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot or Master Ballot; (d) any Ballot or Master Ballot not marked to accept or reject the Plan; and (e) any Ballot or Master Ballot submitted by any party not entitled to cast a vote with respect to the Plan.

15.   For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class may be aggregated and treated as if such creditor held one Claim in such Class, and all votes related to such Claim may be treated as a single vote to accept or reject the Plan; *provided* that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

The following additional rules shall apply to Master Ballots:

16.   Votes cast by Beneficial Holders through a Nominee will be applied against the positions held by such entities in the Claims in the Voting Class as of the Record Date, as evidenced by the record and depository listings;

17.   Votes submitted by a Nominee will not be counted in excess of the amount of the Claims in the Voting Class held by such Nominee as of the Record Date, as reflected in the securities position report provided by the Depository Trust Company;

18.   To the extent that conflicting votes or "overvotes" are submitted by a Nominee, the Claims and Noticing Agent will attempt to reconcile discrepancies with the Nominee;

19.   To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Claims and Noticing Agent will apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Nominee's position in the relevant Claims in the Voting Class; and

20.   For purposes of tabulating votes, each Beneficial Holder holding through a particular account will be deemed to have voted the principal amount relating to its holding in that particular account, although the Claims and Noticing Agent may be asked to adjust such principal amount to reflect the Claim amount.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE ENCLOSED MATERIALS, PLEASE CALL THE CLAIMS AND NOTICING AGENT AT (877) 499-4509 (TOLL-FREE) OR +1 (917) 281-4800 (INTERNATIONAL) OR EMAIL INVITAEBALLOTS@KCCLLC.COM AND REFERENCE "IN RE: INVITAE CORPORATION- SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

**PLEASE SUBMIT YOUR MASTER BALLOT PROMPTLY**

**Exhibit A**

***Please check ONLY ONE box below to indicate the CUSIP Number/ISIN to which this Master Ballot pertains (or clearly indicate such information directly on the Master Ballot or on a schedule thereto).  If you check more than one box below, the Beneficial Holder votes submitted on this Master Ballot may be invalidated:***

| | BOND DESCRIPTION | CUSIP Number / ISIN |
|---|---|---|
| | **Class 3 2028 Senior Secured Notes Claims** | |
| ☐ | 4.50% Series A Convertible Senior Secured Notes | 46185L AH 6 / US46185LAH69 |
| ☐ | 4.50% Series A2 Convertible Senior Secured Notes | 46185L AJ 2 / US46185LAJ26 |
| ☐ | 4.50% Series B Convertible Senior Secured Notes | 46185L AG 8 / US46185LAG86 |

## Exhibit 3B

**Beneficial Holder Ballot—Class 3 (2028 Senior Secured Notes Claims)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re:<br><br>INVITAE CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11362 (MBK)<br><br>(Jointly Administered) |

**BENEFICIAL HOLDER**
**BALLOT FOR VOTING ON THE AMENDED JOINT PLAN OF INVITAE CORPORATION**
**AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 3 – 2028 SENIOR SECURED NOTES CLAIMS**

> **PLEASE READ – TO BE COUNTED, YOUR VOTE MUST BE SUBMITTED ACCORDING TO INSTRUCTIONS, INCLUDING DEADLINE FOR SUBMISSION, PROVIDED BY YOUR NOMINEE. THE DEADLINE FOR YOUR NOMINEE'S SUBMISSION OF A MASTER BALLOT INCLUDING YOUR VOTE IS JULY 15, 2024 at 4:00 P.M. (PREVAILING EASTERN TIME) (THE "<u>VOTING DEADLINE</u>").**

- PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT RELATING TO THE AMENDED JOINT PLAN OF INVITAE CORPORATION AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE (AS MAY BE AMENDED, SUPPLEMENTED, OR OTHERWISE MODIFIED FROM TIME TO TIME, THE "<u>PLAN</u>" AND THIS BALLOT, THE "<u>BALLOT</u>")[2] INCLUDED WITH THIS BALLOT <u>BEFORE</u> COMPLETING THIS BALLOT.

- THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS **ACTUALLY** **RECEIVED** BY KURTZMAN CARSON CONSULTANTS LLC (THE "<u>CLAIMS AND NOTICING AGENT</u>") BEFORE **4:00 P.M., PREVAILING EASTERN TIME, ON JULY 15, 2024**. YOU MUST CAST YOUR VOTE ACCORDING TO YOUR NOMINEE'S INSTRUCTIONS, INCLUDING YOUR NOMINEE'S INTERNAL VOTING DEADLINE SO THAT YOUR NOMINEE HAS SUFFICIENT TIME TO RECEIVE YOUR VOTE AND ENTER IT INTO A MASTER BALLOT AND SUBMIT SUCH MASTER BALLOT SO THAT IT IS ACTUALLY RECEIVED BY THE CLAIMS AND NOTICING AGENT BY THE VOTING DEADLINE.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS AND NOTICING AGENT AT (866) 967-0263 (TOLL-FREE) OR (310) 751-2663 (INTERNATIONAL) OR EMAIL

---

[1] The last four digits of Debtor Invitae Corporation's tax identification number are 1898. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/invitae. The Debtors' service address in these chapter 11 cases is 1400 16th Street, San Francisco, California 94103.

[2] Capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

INVITAEINFO@KCCLLC.COM AND REFERENCE "IN RE INVITAE CORPORATION – SOLICITATION INQUIRY" IN THE SUBJECT LINE.  IF YOU HAVE QUESTIONS ABOUT THE VOTING PROCEDURES OR VOTING INSTRUCTIONS, INCLUDING ANY QUESTIONS ABOUT HOW TO SUBMIT YOUR VOTE, PLEASE CONTACT YOUR NOMINEE (AS DEFINED BELOW).

- IF A BENEFICIAL HOLDER[3] HOLDS CLASS 3 2028 SENIOR SECURED NOTES CLAIMS THROUGH ONE OR MORE NOMINEES,[4] SUCH BENEFICIAL HOLDER MUST IDENTIFY ALL CLASS 3 2028 SENIOR SECURED NOTES CLAIMS HELD IN ACCORDANCE WITH ITEM 3 OF THIS BALLOT AND MUST INDICATE THE SAME VOTE TO ACCEPT OR REJECT THE PLAN ON ALL BALLOTS SUBMITTED.

- IF THE COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the *Amended Joint Plan of Invitae Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* and all exhibits related thereto (collectively, and as each may be modified, amended, or supplemented from time to time, the "Plan"), attached as Exhibit A to the *Disclosure Statement Relating to the Amended Joint Plan of Invitae Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* and all exhibits related thereto (collectively, and as each may be modified, amended, or supplemented from time to time, the "Disclosure Statement") from Holders of Claims in Class 3 2028 Senior Secured Notes Claims (the "Voting Class").

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.  The Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims votes to accept the Plan.  The Bankruptcy Court may confirm the Plan if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Class, among others.  **For additional discussion of your treatment and rights under the Plan, please read the Disclosure Statement and the Plan.**

You are receiving this Ballot because your Nominee has identified you as a Beneficial Holder of a Senior Secured Notes Claim in Class 3 (a "Class 3 2028 Senior Secured Notes Claim") as of **June 6, 2024** (the "Voting Record Date"), identified by the CUSIP Number and ISIN set forth on **Exhibit A** attached hereto.  Accordingly, you have the right to vote to accept or reject the Plan.

The Disclosure Statement describes the rights and treatment for each Class.  The Disclosure Statement, the Plan, and certain other materials are also included in the packet you are receiving with this Ballot (the "Solicitation Package").  This Ballot may not be used for any purpose other than for casting votes to accept

---

[3]    "Beneficial Holder" is a beneficial owner of a Class 3 2028 Senior Secured Notes Claim whose Claims have not been satisfied prior to the Voting Record Date pursuant to court order or otherwise, as reflected in the records maintained by the Nominees (as defined herein) holding through the Depository Trust Company ("DTC") or other relevant security depository as of the Voting Record Date.

[4]    "Nominee" means a broker, dealer, commercial bank, trust company, or other nominee who holds Class 3 2028 Senior Secured Notes Claim, or such firm's agent, on behalf of a Beneficial Holder.

or reject the Plan and making certain certifications with respect thereto. Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.

**YOUR VOTE ON THIS BALLOT WILL BE APPLIED TO EACH DEBTOR AGAINST WHICH YOU HAVE SUCH CLAIM(S).**

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan. Your Claim has been placed in Class 3 under the Plan.*

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON JULY 15, 2024.**

<u>**Item 1**</u>. **Voting - Complete This Section.**

| <u>**ITEM 1**</u>:<br>**PRINCIPAL AMOUNT OF CLAIMS** | The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder), of Claim(s) in Class 3 as set forth below (your "<u>Claims</u>"). If you do not know the amount of your Class 3 2028 Senior Secured Notes Claims as of the Voting Record Date, please contact your Nominee for this information. You may vote to accept or reject the Plan. You must check the applicable box in the right-hand column below to "accept" or "reject" the Plan for the Voting Class in order to have your vote in the Voting Class counted.<br><br>Please note that you are voting all of your Claims in Class 3 either to accept or reject the Plan. You may not split your vote in Class 3. If you do not indicate that you either accept or reject the Plan in Class 3 by checking the applicable box below, your vote in Class 3 will not be counted. If you indicate that you both accept and reject the Plan for Class 3 by checking both boxes below, your vote in will not be counted.<br><br>The Beneficial Holder of the Claim(s) in Class 3 set forth below votes to (*please check one and only one box per applicable Voting Claim or Interest*): |
|---|---|

| Voting Class | Description | Amount | Vote to Accept or Reject Plan |
|---|---|---|---|
| Class 3 | 2028 Senior Secured Notes Claims | $_____ | ☐ ACCEPT (VOTE FOR) THE PLAN<br>☐ REJECT (VOTE AGAINST) THE PLAN |

**Item 2. Certification of Claims in Class 3 Held in Additional Accounts.**

By completing and returning this Ballot, the Beneficial Holder of the Claims identified in Item 1 certifies that this Ballot is the only Ballot submitted for the Claims in Class 3 identified in Item 1 owned by such Beneficial Holder as indicated in Item 1, except for the Claims identified in the following table.  **To be clear, if any Beneficial Holder holds Claims in Class 3 through one or more Nominees, such Beneficial Holder must identify all Claims in Class 3 held through its own name and/or each Nominee in the following table and must indicate the same vote to accept or reject the Plan on all Ballots submitted.**

ONLY COMPLETE ITEM 2 IF YOU HAVE SUBMITTED OTHER BALLOTS ON ACCOUNT OF CLASS 3

| Account Number of Other Claims Voted in Class 3 | Name of Owner[5] | Principal Amount of Other Claims Voted in Class 3 | CUSIP Number of Other Claims Voted in Class 3 | Plan Vote of Other Claims Voted (accept or reject) |
|---|---|---|---|---|
| **Class 3 2028 Senior Secured Notes Claims** | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**Item 3. Optional Third-Party Release.**

AS A HOLDER OF A CLAIM OR INTEREST, YOU ARE A "RELEASING PARTY" UNDER THE PLAN AND ARE DEEMED TO PROVIDE THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH BELOW.  YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN.  YOU WILL NOT BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN ONLY IF (I) THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE RELEASES AND (II) YOU (A) CHECK THE BOX BELOW AND SUBMIT THIS OPT OUT FORM TO YOUR NOMINEE SO THAT YOUR NOMINEE MAY SUBMIT THIS OPT OUT FORM BY THE VOTING DEADLINE OR (B) TIMELY OBJECT TO THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE

---

[5]    Insert your name if the Claims in the Voting Class are held by you in your own name or, if held in a street name through a Nominee, insert the name of your broker or bank and their DTC Participant Number.

PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION.  THE ELECTION TO WITHHOLD CONSENT TO GRANT THE THIRD-PARTY RELEASE IS AT YOUR OPTION.

☐ **By checking this box, you elect to <u>opt out</u> of the Third-Party Release set forth below.**

<u>Article VIII.D of the Plan provides for the following ("**Third-Party Release**"):</u>

**Except as otherwise specifically provided in the Plan or the Confirmation Order, as of the Effective Date, each Releasing Party, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, is deemed to have, hereby conclusively, absolutely, unconditionally, irrevocably and forever released and discharged each Debtor, Wind-Down Debtor, and Released Party from any and all Claims and Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, including any derivative claims asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates (as applicable), that such Entity would have been legally entitled to assert in its own right (whether individually or collectively or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof or otherwise), the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, entry into, or filing of the TSA, the Disclosure Statement, the Plan, the Sale Transaction, the Asset Purchase Agreement, the Definitive Documents, or any transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the TSA, the Disclosure Statement, the Sale Transaction, the Definitive Documents, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or Entity under the Plan, any transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or (ii) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in Article VIII.D of the Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is:  (i) consensual; (ii) essential to the confirmation of the Plan; (iii) given in exchange for good and valuable consideration provided by the Released Parties; (iv) a good faith settlement and compromise of the Claims released by the Third-Party Release; (v) in the best interests of the Debtors and their Estates; (vi) fair, equitable, and reasonable; (vii) a sound exercise of the Debtors' business judgment; (viii) given and made after due notice and opportunity for hearing; and (ix) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the Third-Party Release.**

**Without limiting the foregoing, from and after the Effective Date, any Entity that is given the opportunity to opt out of the releases contained in Article VIII.D of the Plan and does not exercise such opt out is a Releasing Party and may not assert any Claim or other Cause of Action against any Released**

**Party based on or relating to, or in any manner arising from, in whole or in part, the Debtors. From and after the Effective Date, any Entity (i) that opted out of the releases contained in Article VIII.D of the Plan or (ii) was deemed to reject the Plan may not assert any Claim or other Cause of Action against any Released Party for which it is asserted or implied that such Claim or Cause of Action is not subject to the releases contained in Article VIII.C of the Plan without first obtaining a Final Order from the Bankruptcy Court (a) determining, after notice and a hearing, that such Claim or Cause of Action is not subject to the releases contained in Article VIII.C of the Plan, and (b) specifically authorizing such Person or Entity to bring such Claim or Cause of Action against any such Released Party. The Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a Claim or Cause of Action constitutes a direct or derivative claim, is colorable and, only to the extent legally permissible and as provided for in Article XI of the Plan, the Bankruptcy Court shall have jurisdiction to adjudicate the underlying Claim or Cause of Action.**

Definitions related to the Third-Party Release:

UNDER THE PLAN, "***RELATED PARTY***" MEANS, COLLECTIVELY, CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), AFFILIATED INVESTMENT FUNDS OR INVESTMENT VEHICLES, PREDECESSORS, PARTICIPANTS, SUCCESSORS, ASSIGNS (WHETHER BY OPERATION OF LAW OR OTHERWISE), SUBSIDIARIES, CURRENT, FORMER, AND FUTURE ASSOCIATED ENTITIES, MANAGED OR ADVISED ENTITIES, ACCOUNTS OR FUNDS, PARTNERS, LIMITED PARTNERS, GENERAL PARTNERS, PRINCIPALS, MEMBERS, MANAGEMENT COMPANIES, FUND ADVISORS, MANAGERS, FIDUCIARIES, TRUSTEES, EMPLOYEES, AGENTS (INCLUDING THE DISBURSING AGENT), ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, REPRESENTATIVES ADVISORS, PREDECESSORS, SUCCESSORS, AND ASSIGNS, EACH SOLELY IN THEIR CAPACITY AS SUCH (INCLUDING ANY ATTORNEYS OR PROFESSIONALS RETAINED BY ANY CURRENT OR FORMER DIRECTOR OR MANAGER IN HIS OR HER CAPACITY AS DIRECTOR OR MANAGER OF AN ENTITY), AND THE RESPECTIVE HEIRS, EXECUTORS, ESTATES, SERVANTS AND NOMINEES OF THE FOREGOING.

UNDER THE PLAN, "***RELEASED PARTY***" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) EACH DEBTOR; (B) EACH WIND-DOWN DEBTOR; (C) THE CONSENTING STAKEHOLDERS; (D) THE 2028 SENIOR SECURED NOTES TRUSTEE; (E) THE 2028 SENIOR SECURED NOTES COLLATERAL AGENT; (F) THE PLAN ADMINISTRATOR; (G) EACH COMPANY PARTY; (H) THE PURCHASER; (I) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (J); AND (J) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH THIS CLAUSE (J); PROVIDED, HOWEVER, THAT EACH ENTITY THAT (X) ELECTS TO OPT OUT OF THE RELEASES DESCRIBED IN ARTICLE VIII.D OF THE PLAN OR (Y) TIMELY OBJECTS TO THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION SHALL NOT BE A RELEASED PARTY.

UNDER THE PLAN, "***RELEASING PARTY***" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) EACH DEBTOR; (B) EACH WIND-DOWN DEBTOR; (C) THE CONSENTING STAKEHOLDERS; (D) THE TRUSTEES; (E) THE PLAN ADMINISTRATOR; (F) EACH COMPANY PARTY; (G) THE PURCHASER; (H) ALL HOLDERS OF CLAIMS THAT VOTE TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (I) ALL HOLDERS OF CLAIMS THAT ARE DEEMED TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (J) ALL HOLDERS OF CLAIMS WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO

DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (K) ALL HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (L) ALL HOLDERS OF INTERESTS; (M) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (N); AND (N) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH THIS CLAUSE (N); *PROVIDED, HOWEVER*, THAT EACH ENTITY THAT (X) ELECTS TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN OR (Y) TIMELY OBJECTS TO THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION SHALL NOT BE A RELEASING PARTY; *PROVIDED, FURTHER, HOWEVER*, THAT ANY HOLDER OF INTERESTS WHO ACQUIRED SUCH INTERESTS AFTER THE VOTING RECORD DATE (AS SUCH TERM IS DEFINED IN THE DISCLOSURE STATEMENT ORDER) AND DID NOT RECEIVE AN OPT OUT ELECTION FORM SHALL NOT BE A RELEASING PARTY.

**<u>Item 4</u>. Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

a.    as of the Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder) of the Claims in Class 3 set forth in <u>Item 1</u>;

b.    the Beneficial Holder has reviewed a copy of the Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c.    the Beneficial Holder has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

d.    the Beneficial Holder has cast the same vote with respect to all of the Beneficial Holder's Claims in Class 3;

e.    the Beneficial Holder understands and acknowledges that if multiple Ballots are submitted voting the Claim set forth in <u>Item 1</u>, only the last properly completed Ballot or Master Ballot voting the Claim and received by the Claims and Noticing Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Claims and Noticing Agent;

f.    the Beneficial Holder understands and acknowledges that the Claims and Noticing Agent may verify the amount of the Claims in Class 3 set forth in <u>Item 1</u> held by the Beneficial Holder as of the Voting Record Date with any Nominee through which the Beneficial Holder holds its Claims in Class 3 set forth in <u>Item 1</u> and by returning an executed Ballot the Beneficial Holder directs any such Nominee to provide any information or comply with any actions requested by the Claims and Noticing Agent to verify the amount set forth in <u>Item 1</u> hereof.  In the event of a discrepancy regarding such amount that cannot be timely reconciled without undue effort on the part of the Claims and Noticing Agent, the amount shown on the records of the Nominee, if applicable, or the Debtors' records shall control; and

g.    the Beneficial Holder understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Beneficial Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal

representatives of the Beneficial Holder and shall not be affected by, and shall survive, the death or incapacity of the Beneficial Holder.

**Item 5.**  **Beneficial Holder Information and Signature.**

Name of Beneficial Holder: _____

*(print or type)*

Signature: _____

Name of Signatory: _____

*(if other than Beneficial Holder)*

Title: _____

Address: _____

_____

_____

Date Completed: _____

Email Address: _____

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON JULY 15, 2024.**

**IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE, PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT IN THE ENVELOPE PROVIDED OR OTHERWISE IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE. PLEASE ALLOW SUFFICIENT TIME FOR YOUR BALLOT TO BE INCLUDED ON A MASTER BALLOT COMPLETED BY YOUR NOMINEE. THE MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE CLAIMS AND NOTICING AGENT ON OR BEFORE THE VOTING DEADLINE.**

**IF YOU HAVE ANY QUESTIONS REGARDING COMPLETION OR SUBMISSION OF THIS BALLOT, THESE VOTING INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CONTACT YOUR NOMINEE.  IF YOU HAVE GENERAL QUESTIONS ABOUT THE SOLICITATION PROCESS OR SOLICITATION MATERIALS, OR IF YOU REQUIRE ADDITIONAL OR REPLACEMENT SOLICITATION DOCUMENTS CALL THE CLAIMS AND NOTICING AGENT AT (866) 967-0263 (USA OR CANADA) OR +1 (310) 751-2663 (INTERNATIONAL) OR EMAIL INVITAEINFO@KCCLLC.COM AND REFERENCE "IN RE INVITAE CORPORATION - SOLICITATION INQUIRY" IN THE SUBJECT LINE.  ANY BALLOT RECEIVED AFTER THE VOTING DEADLINE OR OTHERWISE NOT IN COMPLIANCE WITH THE DISCLOSURE STATEMENT ORDER WILL NOT BE COUNTED.**

# VOTING INSTRUCTIONS

1.    As described in the Disclosure Statement, the Debtors are soliciting the votes of Beneficial Holders of Class 3 Senior Secured Notes Claims with respect to the Plan referred to in the Disclosure Statement. The Plan and the Disclosure Statement are included in the Solicitation Package you received with the Ballot.  Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan.  **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**  You may wish to seek legal advice concerning the Plan and the treatment of your Claim under the Plan.

2.    The Plan may be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in the Voting Class and if the Plan otherwise satisfies the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code.

3.    To ensure that your vote is counted, you must:  (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 1 of the Ballot; (c) indicate your decision either to opt out of Third-Party Release in Item 3 of the Ballot; and (d) **sign and return the Ballot in accordance with the instructions received, so that a Master Ballot cast on your behalf is actually received by the Claims and Noticing Agent by the Voting Deadline**.  If you are returning your Ballot to the Nominee that provided you with this Ballot, your completed Ballot must be sent to your Nominee, allowing sufficient time for your Nominee to receive your Ballot, complete a Master Ballot, and transmit the Master Ballot to the Claims and Noticing Agent so that it is underlined actually received by the Voting Deadline. Your Nominee is authorized to disseminate the Solicitation Packages and voting instructions to, and collect voting information from, Beneficial Holders according to its customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.

4.    The time by which a Ballot or Master Ballot including your vote is **actually received** by the Claims and Noticing Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline.  **The Voting Deadline is July 15, 2024, at 4:00 p.m., prevailing Eastern Time**.

5.    If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by applicable law or court order.  In all cases, Beneficial Holders should allow sufficient time to ensure timely delivery.  No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors.  A Ballot will not be counted unless received by the Claims and Noticing Agent.

6.    The Beneficial Holder understands and acknowledges that if multiple Ballots are submitted voting the Claim set forth in Item 1, only the last properly completed Ballot or Master Ballot voting the Claim and received by the Claims and Noticing Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Claims and Noticing Agent.

7.    If a Holder holds a Claim or Interest, as applicable, in the Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Holder or Nominee has a Claim or Interest, as applicable.

8.    The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto.  Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and

the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

9.    The Ballot does not constitute and shall not be deemed to be:  (a) a Proof of Claim; or (b) an assertion or admission with respect to any Claim.

10.    Please be sure to sign and date your Ballot.  If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

11.    You must vote your entire Claim in Class 3 either to accept or reject the Plan and may not split your vote.  Accordingly, a Ballot that partially rejects and partially accepts the Plan as to Class 3 will not be counted as a vote to accept or reject the Plan.

12.    Any Ballot that is properly completed, executed, and timely returned to the Debtors that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

13.    The following Ballots will not be counted in determining the acceptance or rejection of the Plan:  (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim in the Voting Class; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and/or (e) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

14.    If you hold different Claims within the Voting Class, you may receive more than one Ballot.  Each Ballot votes only your Claims or Interests indicated on that Ballot.  Please complete and return each Ballot you receive.

15.    For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class may be aggregated and treated as if such creditor held one Claim in such Class, and all votes related to such Claim may be treated as a single vote to accept or reject the Plan; *provided*, that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

———————————————————

**If you have any questions regarding this Ballot, or if you did not receive a copy of the Disclosure Statement or Plan, or if you need additional copies of the enclosed materials, please call the Claims and Noticing Agent at (866) 967-0263 (USA or Canada) or +1 (310) 751-2663 (International) or email InvitaeInfo@kccllc.com and reference "In re Invitae Corporation - Solicitation Inquiry" in the subject line.**

**PLEASE SUBMIT YOUR BALLOT PROMPTLY**

**Exhibit A**

***Please check one box below to indicate the CUSIP Number/ISIN to which this Beneficial Ballot pertains. If you check more than one box below you risk having your vote invalidated.***

| | NOTE DESCRIPTION | CUSIP NUMBER/ ISIN |
|---|---|---|
| | **Class 3 2028 Senior Secured Notes Claims** | |
| ☐ | 4.50% Series A Convertible Senior Secured Notes | 46185L AH 6 / US46185LAH69 |
| ☐ | 4.50% Series A2 Convertible Senior Secured Notes | 46185L AJ 2 / US46185LAJ26 |
| ☐ | 4.50% Series B Convertible Senior Secured Notes | 46185L AG 8 / US46185LAG86 |

## Exhibit 3C

**Master Ballot—Class 6 Parent Unsecured Claims (Noteholders)**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| INVITAE CORPORATION, *et al.*, | Case No. 24-11362 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**MASTER BALLOT FOR VOTING ON THE AMENDED
JOINT PLAN OF INVITAE CORPORATION AND ITS DEBTOR
AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 6 – PARENT UNSECURED CLAIMS**

**PLEASE READ - YOUR RESPONSE IS REQUIRED BY JULY 15, 2024, at 4:00 P.M.
(PREVAILING EASTERN TIME) (THE "<u>VOTING DEADLINE</u>")**

- PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT RELATING TO THE AMENDED JOINT PLAN OF INVITAE CORPORATION AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE (AS MAY BE AMENDED, SUPPLEMENTED, OR OTHERWISE MODIFIED FROM TIME TO TIME, THE "<u>PLAN</u>" AND THIS BALLOT, THE "<u>MASTER BALLOT</u>")[2] INCLUDED WITH THIS MASTER BALLOT <u>BEFORE</u> COMPLETING THIS MASTER BALLOT.  THIS MASTER BALLOT PERMITS YOU TO VOTE ON THE PLAN, WHICH IS SUBJECT TO BANKRUPTCY COURT APPROVAL.

- THIS MASTER BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS **<u>ACTUALLY RECEIVED</u>** BY KURTZMAN CARSON CONSULTANTS LLC (THE "<u>CLAIMS AND NOTICING AGENT</u>") BEFORE **4:00 P.M., PREVAILING EASTERN TIME, ON JULY 15, 2024**.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS AND NOTICING AGENT AT (877) 499-4509 (TOLL-FREE) OR +1 (917) 281-4800 (INTERNATIONAL) OR EMAIL <u>INVITAEBALLOTS@KCCLLC.COM</u> AND REFERENCE "IN RE INVITAE CORPORATION – SOLICITATION INQUIRY" IN THE SUBJECT LINE.

---

[1]    The last four digits of Debtor Invitae Corporation's tax identification number are 1898.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/invitae.  The Debtors' service address in these chapter 11 cases is 1400 16th Street, San Francisco, California 94103.

[2]    Capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan or Disclosure Statement, as applicable.

- IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS MASTER BALLOT.

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the *Amended Joint Plan of Invitae Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* and all exhibits related thereto (collectively, and as each may be modified, amended, or supplemented from time to time, the "Plan"), attached as Exhibit A to the *Disclosure Statement Relating to the Amended Joint Plan of Invitae Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* and all exhibits related thereto (collectively, and as each may be modified, amended, or supplemented from time to time, the "Disclosure Statement") from Holders of Claims in Class 6 Parent Unsecured Claims (the "Voting Class").

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.[3]  The Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims in the Voting Class votes to accept the Plan.  The Bankruptcy Court may confirm the Plan if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Class, among others.  Subject to the terms and conditions of the Plan, you will receive the treatment identified in the Plan.  For additional discussion of your treatment and rights under the Plan, please read the Disclosure Statement and the Plan.

You are receiving this Master Ballot because you are the Nominee (as defined below) of a Beneficial Holder[4] of a Parent Unsecured Claim in Class 6 (a "Class 6 Parent Unsecured Claims") as of **June 6, 2024** (the "Voting Record Date"), identified by the CUSIP Number and ISIN set forth on **Exhibit A** attached hereto.

**This Master Ballot is to be used by you as a broker, bank, or other nominee; or as the agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"); or as the proxy holder of a Nominee for certain Beneficial Holders' Class 6 Parent Unsecured Claims to transmit to the Claims and Noticing Agent the votes of such Beneficial Holders in respect of their Class 6 Parent Unsecured Claims to accept or reject the Plan.  The CUSIP numbers (the "CUSIP Number") for Class 6 Parent Unsecured Claims entitled to vote and of which you are the Nominee are set forth on Exhibit A attached hereto.  THE VOTES ON THIS BALLOT FOR BENEFICIAL HOLDERS OF CLAIMS**

---

[3]    The Debtors believe that Classes 4 and 5 are Unimpaired and are therefore presumed to accept the Plan.  The Debtors also have determined that Classes 6 and 11 may or may not receive a recovery under the Plan and are therefore deemed to reject.  In response and to resolve the Committee's objection to the Disclosure Statement, the Debtors shall provide Ballots to Holders of Claims in Classes 4, 5, 6, and 11 and permit such Holders to submit votes on the Plan.  The Claims and Noticing Agent will tabulate the Ballots cast by Holders of Claims in Class 4, Class 5, Class 6, and Class 11.

[4]    "Beneficial Holder" is a beneficial owner of a Class 6 Parent Unsecured Claim whose Claims have not been satisfied prior to the Voting Record Date pursuant to court order or otherwise, as reflected in the records maintained by the Nominees (as defined herein) holding through the Depository Trust Company ("DTC") or other relevant security depository as of the Voting Record Date.

**IN CLASS 6 SHALL BE APPLIED TO EACH DEBTOR AGAINST WHOM SUCH BENEFICIAL HOLDERS HAVE A CLASS 6 CLAIM.**

The Disclosure Statement describes the rights and treatment for each Class.  The Disclosure Statement, the Plan, and certain other materials (the "Solicitation Package") have been distributed under separate cover from this Master Ballot.  This Master Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect thereto.  Once completed and returned in accordance with the attached instructions, the votes on the Plan will be counted as set forth herein.

You are authorized to disseminate information and materials pertaining to the solicitation of Plan votes, to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) the Beneficial Holder ballots provided to you with this Master Ballot (a "Beneficial Holder Ballot"), and to collect votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.

The Bankruptcy Court may confirm the Plan and thereby bind all Beneficial Holders of Claims and Interests.  To have the votes of your Beneficial Holders count as either an acceptance or rejection of the Plan, you must complete and return this Master Ballot so that the Claims and Noticing Agent **actually receives** it on or before the Voting Deadline.

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON JULY 15, 2024.**

**Item 1. Certification of Authority to Vote.**

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

☐ is a broker, bank, or other nominee for the beneficial owners of the aggregate principal amount of the Claims listed in Item 2 below, and is the record holder of such notes;

☐ is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered holder of the aggregate principal amount of the Claims listed in Item 2 below; or

☐ has been granted a proxy (an original of which is submitted herewith) from a broker, bank, or other nominee, or a beneficial owner, that is the registered holder of the aggregate principal amount of the Claims listed in Item 2 below, and accordingly, has full power and authority to vote to accept or reject the Plan, on behalf of the beneficial owners of the Claims described in Item 2.

**<u>Item 2</u>. Class 6 Parent Unsecured Claims Vote on Plan and Optional Convenience Claim Election.**

The undersigned transmits the following votes of Beneficial Holders of Claims against the Debtors in Class 6 as set forth below and certifies that the following Beneficial Holders of the Classes of Claims, as identified by their respective customer account numbers set forth below, are Beneficial Holders of such securities as of the Voting Record Date, and have delivered to the undersigned, as Nominee, Ballots casting such votes.

Indicate in the appropriate column below the aggregate principal amount voted for each account or attach such information to this Master Ballot in the form of the following table.  Please note that each Beneficial Holder must vote all of their Claims in the Voting Class either to accept or reject the Plan and may not split such vote.  Any Ballot executed by the Beneficial Holder that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan in the Voting Class will not be counted.

Holders of Class 6 Parent Unsecured Claims may irrevocably elect to have their Claims treated as a Class 4 Convenience Class Claim and, if applicable, have such Claims reduced to the Convenience Claim Threshold (*i.e.*, $250,000) and be treated as a Class 4 Convenience Class Claim (the "<u>Convenience Claim Election</u>").

Holders of Class 6 Parent Unsecured Claims that would like to make the **optional** Convenience Claim Election and elect to have their Class 6 Parent Unsecured Claims treated as a Class 4 Convenience Class Claim, including, if applicable, reduce their Claims to the Convenience Claim Threshold should have checked the box contained on the applicable Beneficial Holder Ballot and return such ballot indicating they would like to accept the Convenience Claim Election to their applicable Nominee.

Holders of Class 4 Convenience Class Claims are entitled to a one-time Cash payment in full of their Allowed Class 4 Convenience Class Claim (the "<u>Convenience Claim Recovery</u>").  The Convenience Claim Recovery will be paid in full and final satisfaction of Class 6 Parent Unsecured Claims who make the Convenience Claim Election.  Holders of Allowed Class 4 Convenience Claims and Holders making the Convenience Claim Election will not be entitled to additional distributions under the Plan, if any.

**ONCE A CONVENIENCE CLAIM ELECTION IS MADE, SUCH CLAIM WILL BE CONSIDERED A HOLDER OF A CLASS 4 CONVENIENCE CLASS CLAIM AND THE CLAIM SHALL NOT BE ENTITLED TO ANY OTHER DISTRIBUTION OTHER THAN THE CONVENIENCE CLAIM RECOVERY AMOUNT.  YOU MAY NOT REVOKE YOUR CONVENIENCE CLAIM ELECTION.**

**HOLDERS OF CLASS 6 PARENT UNSECURED CLAIMS WHO CHECK THE BOX UNDER THE CONVENIENCE CLAIM ELECTION WILL BE DEEMED TO ACCEPT THE PLAN**

**The notes principal amount held by those Beneficial Holders exercising the Convenience Claim Election are to be tendered into the account established by the Depository Trust Company ("<u>DTC</u>") for such purpose.  Input the corresponding VOI number received from DTC in the appropriate column in the table below if the Beneficial Holder has exercised the Convenience Claim Election. Class 6 Parent Unsecured Claims may not be withdrawn from the account once tendered.  No further trading will be permitted in Class 6 Parent Unsecured Claims held in the account at DTC.  If the Plan is not confirmed, DTC will, in accordance with its customary practices and procedures, return all Class 6 Parent Unsecured Claims held in the account to the applicable Nominee for credit to the account of the applicable Beneficial Holder.**

**CUSIP NUMBERS AS INDICATED ON <u>EXHIBIT A</u> ATTACHED HERETO**

| Your Customer Account Number for Each Beneficial Holder Who Voted in this Plan Class | Principal Amount Held as of the Voting Record Date | Indicate the vote cast from Item 1 of the Beneficial Holder Ballot by placing an "X" in the appropriate box below. | | | Indicate whether the Beneficial Holder ELECTED to OPT OUT of the Third-Party Releases from Item 3 of the Beneficial Holder Ballot by checking the box below | <u>Indicate Election of Optional Convenience Claim Election from Item 5 of the Beneficial Holder Ballot by Checking the Box Below</u> | <u>VOI Number from DTC for each Account making Optional Convenience Claim Election</u> |
|---|---|---|---|---|---|---|---|
| | | Accept the Plan | or | Reject the Plan | | | |
| **Class 6 Parent Unsecured Claims** | | | | | | | |
| 1. | $ | ☐ | | ☐ | ☐ | ☐ | |
| 2. | $ | ☐ | | ☐ | ☐ | ☐ | |
| 3. | $ | ☐ | | ☐ | ☐ | ☐ | |
| 4. | $ | ☐ | | ☐ | ☐ | ☐ | |
| 5. | $ | ☐ | | ☐ | ☐ | ☐ | |
| 6. | $ | ☐ | | ☐ | ☐ | ☐ | |
| **TOTALS** | $ | | | | | | |

**Item 3.** Certification as to Transcription of Information from **Item 3** of the Beneficial Holder Ballots as to Claims in the Voting Class Voted Through Other Ballots.

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in **Item 3** of each Beneficial Holder Ballot received from a Beneficial Holder.  Please use additional sheets of paper if necessary.

| Your Customer Account Number for Each Beneficial Holder Who Completed **Item 3** of the Beneficial Holder Ballots | **TRANSCRIBE FROM ITEM 3 OF THE BENEFICIAL HOLDER BALLOTS:** | | | | |
|---|---|---|---|---|---|
| | **Account Number of Other Claims Voted** | **DTC Participant Name and Number of Other Nominee** | **Principal Amount of Other Claims Voted** | **CUSIP Number of Other Claims Voted** | **Plan Vote of Other Claims Voted (accept or reject)** |
| **Class 6 Parent Unsecured Claims** | | | | | |
| 1. | | | $ | | |
| 2. | | | $ | | |
| 3. | | | $ | | |
| 4. | | | $ | | |
| 5. | | | $ | | |
| 6. | | | $ | | |
| 7. | | | $ | | |
| 8. | | | $ | | |
| 9. | | | $ | | |
| 10. | | | $ | | |

**Item 4**. **Certifications.**

Upon execution of this Master Ballot, the undersigned certifies that:

1.      it has received a copy of the Disclosure Statement, the Plan, the Ballots, and the remainder of the Solicitation Package and has delivered the same to the Beneficial Holders of the Claims in the Voting Class listed in <u>Item 2</u> above or delivered materials via other customary communications used to solicit or collect votes;

2.      it has received appropriate voting instructions from each Beneficial Holder listed in <u>Item 2</u> of this Master Ballot;

3.      it has been authorized by each such Beneficial Holder to vote on the Plan;

4.      it has properly disclosed:  (a) the number of Beneficial Holders who completed Ballots; (b) the respective amounts of the Claims in the Voting Class as set forth in <u>Item 2</u>, as the case may be, by each Beneficial Holder who completed a Ballot; (c) each such Beneficial Holder's respective vote concerning the Plan; (d) each such Beneficial Holder's certification as to other Claims voted; and (e) the customer account or other identification number for each such Beneficial Holder; and

5.      it will maintain Ballots and evidence of separate transactions returned by Beneficial Holders (whether properly completed or defective) for at least two (2) years after the chapter 11 cases are closed and disclose all such information to the Bankruptcy Court or the Debtors, as the case may be, if so ordered.

| | |
|---|---|
| Name of Nominee: | _____ |
| | (Print or type) |
| DTC Participant Number: | _____ |
| Name of Proxy Holder or Agent for Nominee (if applicable): | _____ |
| | (Print or type) |
| Signature: | _____ |
| Name of Signatory: | _____ |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Date Completed: | _____ |
| Email Address: | _____ |

**THIS MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS 4:00 P.M., PREVAILING EASTERN TIME, ON JULY 15, 2024.**

**PLEASE COMPLETE AND DATE THE MASTER BALLOT AND RETURN IT PROMPTLY VIA ONE OF THE METHODS BELOW SO THAT IT IS ACTUALLY RECEIVED BY THE CLAIMS AND NOTICING AGENT BY THE VOTING DEADLINE.**

**PLEASE SUBMIT YOUR MASTER BALLOT BY ONE OF THE FOLLOWING TWO METHODS:**

<u>**Via E-Mail.**</u>  **Submit your Master Ballot via e-mail to the Claims and Noticing Agent at:**

> **InvitaeBallots@kccllc.com**
> **(preferred method of delivery)**

<u>**Via Paper Form.**</u>  **Complete, sign, and date this Master Ballot and return it promptly via first-class mail (or in the reply envelope provided), overnight courier, or hand delivery to:**

> **Invitae Ballot Processing Center**
> **c/o KCC**
> **222 N. Pacific Coast Highway, Suite 300**
> **El Segundo, CA 90245**
>
> If you would like to coordinate hand delivery of your Master Ballot, please email InvitaeInfo@kccllc.com (with "Invitae Master Ballot" in the subject line) at least 24 hours in advance of arrival at the KCC address above and provide the anticipated date and time of delivery.

Parties that submit their Master Ballot via e-mail do NOT also need to submit a paper Master Ballot.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT, THESE VOTING INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS AND NOTICING AGENT AT (877) 499-4509 (USA AND CANADA) OR +1 (917) 281-4800 (INTERNATIONAL) OR EMAIL <u>INVITAEBALLOTS@KCCLLC.COM</u> AND REFERENCE "IN RE INVITAE CORPORATION - SOLICITATION INQUIRY" IN THE SUBJECT LINE.  ANY BALLOT RECEIVED AFTER THE VOTING DEADLINE OR OTHERWISE NOT IN COMPLIANCE WITH THE DISCLOSURE STATEMENT ORDER WILL NOT BE COUNTED.**

**MASTER BALLOTS WILL NOT BE ACCEPTED BY TELECOPY, FACSIMILE, OR OTHER ELECTRONIC MEANS OF TRANSMISSION (OTHER THAN BY E-MAIL).**

**THE MASTER BALLOT SHOULD NOT BE SENT TO THE DEBTORS, THE BANKRUPTCY COURT, OR THE DEBTORS' FINANCIAL OR LEGAL ADVISORS.**

# VOTING INSTRUCTIONS

1.   As described in the Disclosure Statement, the Debtors are soliciting the votes of Beneficial Holders of Class 6 Parent Unsecured Claims with respect to the Plan referred to in the Disclosure Statement. The Plan and the Disclosure Statement are included in the Solicitation Package. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan.

2.   The Plan may be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one Class that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code.

3.   You should immediately distribute the Ballots (or other customary material used to collect votes in lieu of the Ballots) and the Solicitation Package to all Beneficial Holders of Class 6 Parent Unsecured Claims and take any action required to enable each such Beneficial Holder to timely vote the Claims that it holds. You may distribute the Solicitation Packages to Beneficial Holders, as appropriate, in accordance with your customary practices. You are authorized to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means. Any Ballot returned to you by a Beneficial Holder of a Claim shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver, to the Claims and Noticing Agent, a Master Ballot that reflects the vote of such Beneficial Holders by **4:00 p.m., prevailing Eastern Time, on July 15, 2024**, or otherwise validate the Ballot in a manner acceptable to the Claims and Noticing Agent.

4.   If you are transmitting the votes of any Beneficial Holders of Claims in the Voting Class, you shall within five (5) Business Days after receipt by such Nominee of the Solicitation Package, forward the Solicitation Package to the Beneficial Holder of the Class 6 Parent Unsecured Claim for voting (along with a return envelope provided by and addressed to the Nominee, if applicable), with the Beneficial Holder then returning the individual Beneficial Holder Ballot to the Nominee or voting as otherwise instructed by the Nominee. In such case, the Nominee will tabulate the votes of its respective Beneficial Holders on a Master Ballot that will be provided to the Nominee separately by the Claims and Noticing Agent, in accordance with any instructions set forth in the instructions to the Master Ballot, and then return the Master Ballot to the Claims and Noticing Agent. The Nominee should advise the Beneficial Holders to return their individual Beneficial Holder Ballots to, or submit their votes as otherwise instructed by, the Nominee by a date calculated by the Nominee to allow it to prepare and return the Master Ballot to the Claims and Noticing Agent so that the Master Ballot is <u>actually</u> <u>received</u> by the Claims and Noticing Agent on or before the Voting Deadline.

5.   With regard to any Ballots returned to you by a Beneficial Holder, you must: (a) compile and validate the votes and other relevant information, including the Third-Party Release Opt-Out and Convenience Claim Election, of each such Beneficial Holder on the Master Ballot using the customer name or account number assigned by you to each such Beneficial Holder; (b) execute the Master Ballot; (c) transmit such Master Ballot to the Claims and Noticing Agent by the Voting Deadline; and (d) retain such Ballots from Beneficial Holders, whether in hard copy or by electronic direction, in your files for a period of at least two (2) years after the Effective Date. You may be ordered to produce the Ballots to the Debtors or the Bankruptcy Court.

6.      The time by which a Ballot is **actually** **received** by the Claims and Noticing Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline.  **The Voting Deadline is July 15, 2024, at 4:00 p.m., prevailing Eastern Time**.

7.      If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by applicable law or court order.  In all cases, Nominees should allow sufficient time to ensure timely delivery.  No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors.  A Ballot will not be counted unless received by the Claims and Noticing Agent.

8.      If multiple Master Ballots are received prior to the Voting Deadline from the same Nominee with respect to the same Ballot belonging to a Beneficial Holder of a Claim, the vote on the last properly completed Master Ballot timely received will supersede and revoke the vote of such Beneficial Holder on any earlier received Master Ballot.

9.      If a Holder holds a Claim or Interest, as applicable, in the Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Holder or Nominee has a Claim or Interest, as applicable, in the Voting Class.

10.     The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications and elections with respect thereto. Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

11.     The Ballot does not constitute and shall not be deemed to be:  (a) a Proof of Claim; or (b) an assertion or admission with respect to any Claim in the Debtors' chapter 11 cases.

12.     Please be sure to sign and date your Master Ballot.  You should indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity and, if required or requested by the Claims and Noticing Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Beneficial Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

13.     If you are both the Nominee and the Beneficial Holder of any of the Class 6 Parent Unsecured Claim and you wish to vote such Claims in Class 6 Parent Unsecured Claim, you may return a Master Ballot for such Claims in Class 6 Parent Unsecured Claim and you must vote all of your Claims in the Voting Class to either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot, other than a Master Ballot with the votes of multiple Holders, that partially rejects and partially accepts the Plan will not be counted.

14.     The following Ballots and Master Ballots shall not be counted in determining the acceptance or rejection of the Plan:  (a) any Ballot or Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Holder of the Claim; (b) any Ballot or Master Ballot cast by a Party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot or Master Ballot; (d) any Ballot or Master Ballot not marked to accept or reject the Plan; and (e) any Ballot or Master Ballot submitted by any party not entitled to cast a vote with respect to the Plan.

15.     For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class may be aggregated and treated as if such creditor held one Claim in such Class, and all votes related to such Claim may be treated as a single vote to accept or reject the Plan; *provided* that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

The following additional rules shall apply to Master Ballots:

16.     Votes cast by Beneficial Holders through a Nominee will be applied against the positions held by such entities in the Claims in the Voting Class as of the Record Date, as evidenced by the record and depository listings;

17.     Votes submitted by a Nominee will not be counted in excess of the amount of the Claims in the Voting Class held by such Nominee as of the Record Date, as reflected in the securities position report provided by the Depository Trust Company;

18.     To the extent that conflicting votes or "overvotes" are submitted by a Nominee, the Claims and Noticing Agent will attempt to reconcile discrepancies with the Nominee;

19.     To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Claims and Noticing Agent will apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Nominee's position in the relevant Claims in the Voting Class; and

20.     For purposes of tabulating votes, each Beneficial Holder holding through a particular account will be deemed to have voted the principal amount relating to its holding in that particular account, although the Claims and Noticing Agent may be asked to adjust such principal amount to reflect the Claim amount.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE ENCLOSED MATERIALS, PLEASE CALL THE CLAIMS AND NOTICING AGENT AT (877) 499-4509 (TOLL-FREE) OR +1 (917) 281-4800 (INTERNATIONAL) OR EMAIL INVITAEBALLOTS@KCCLLC.COM AND REFERENCE "IN RE: INVITAE CORPORATION- SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

**PLEASE SUBMIT YOUR MASTER BALLOT PROMPTLY**

**<u>Exhibit A</u>**

***Please check ONLY ONE box below to indicate the CUSIP Number/ISIN to which this Master Ballot pertains (or clearly indicate such information directly on the Master Ballot or on a schedule thereto).  If you check more than one box below, the Beneficial Holder votes submitted on this Master Ballot may be invalidated:***

| | BOND DESCRIPTION | CUSIP Number / ISIN |
|---|---|---|
| | **Class 6 Parent Unsecured Claim** | |
| ☐ | 2.000% Convertible Senior Unsecured Notes | 46185L AB 9 / US46185LAB99 |
| ☐ | 1.500% Convertible Senior Unsecured Notes | 46185L AF 0 / US46185LAF04 |

## <u>Exhibit 3D</u>

**Beneficial Holder Ballot— Class 6 Parent Unsecured Claims (Noteholders)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| INVITAE CORPORATION, *et al.*, | Case No. 24-11362 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**BENEFICIAL HOLDER**
**BALLOT FOR VOTING ON THE AMENDED JOINT PLAN OF INVITAE CORPORATION**
**AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 6 – PARENT UNSECURED CLAIMS**

---

**PLEASE READ – TO BE COUNTED, YOUR VOTE MUST BE SUBMITTED ACCORDING TO INSTRUCTIONS, INCLUDING DEADLINE FOR SUBMISSION, PROVIDED BY YOUR NOMINEE.  THE DEADLINE FOR YOUR NOMINEE'S SUBMISSION OF A MASTER BALLOT INCLUDING YOUR VOTE IS JULY 15, 2024 at 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE").**

---

- PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT RELATING TO THE AMENDED JOINT PLAN OF INVITAE CORPORATION AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE (AS MAY BE AMENDED, SUPPLEMENTED, OR OTHERWISE MODIFIED FROM TIME TO TIME, THE "PLAN" AND THIS BALLOT, THE "BALLOT")[2] INCLUDED WITH THIS BALLOT BEFORE COMPLETING THIS BALLOT.

- THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS **ACTUALLY RECEIVED** BY KURTZMAN CARSON CONSULTANTS LLC (THE "CLAIMS AND NOTICING AGENT") BEFORE **4:00 P.M., PREVAILING EASTERN TIME, ON JULY 15, 2024**.  YOU MUST CAST YOUR VOTE ACCORDING TO YOUR NOMINEE'S INSTRUCTIONS, INCLUDING YOUR NOMINEE'S INTERNAL VOTING DEADLINE SO THAT YOUR NOMINEE HAS SUFFICIENT TIME TO RECEIVE YOUR VOTE AND ENTER IT INTO A MASTER BALLOT AND SUBMIT SUCH MASTER BALLOT SO THAT IT IS ACTUALLY RECEIVED BY THE CLAIMS AND NOTICING AGENT BY THE VOTING DEADLINE.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS AND NOTICING AGENT AT (866) 967-0263 (TOLL-FREE) OR (310) 751-2663 (INTERNATIONAL) OR EMAIL

---

[1]  The last four digits of Debtor Invitae Corporation's tax identification number are 1898.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/invitae.  The Debtors' service address in these chapter 11 cases is 1400 16th Street, San Francisco, California 94103.

[2]  Capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

INVITAEINFO@KCCLLC.COM AND REFERENCE "IN RE INVITAE CORPORATION – SOLICITATION INQUIRY" IN THE SUBJECT LINE.  IF YOU HAVE QUESTIONS ABOUT THE VOTING PROCEDURES OR VOTING INSTRUCTIONS, INCLUDING ANY QUESTIONS ABOUT HOW TO SUBMIT YOUR VOTE, PLEASE CONTACT YOUR NOMINEE (AS DEFINED BELOW).

- IF A BENEFICIAL HOLDER[3] HOLDS CLASS 6 PARENT UNSECURED CLAIMS THROUGH ONE OR MORE NOMINEES,[4] SUCH BENEFICIAL HOLDER MUST IDENTIFY ALL CLASS 6 PARENT UNSECURED CLAIMS HELD IN ACCORDANCE WITH ITEM 3 OF THIS BALLOT AND MUST INDICATE THE SAME VOTE TO ACCEPT OR REJECT THE PLAN ON ALL BALLOTS SUBMITTED.

- IF THE COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the *Amended Joint Plan of Invitae Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* and all exhibits related thereto (collectively, and as each may be modified, amended, or supplemented from time to time, the "Plan"), attached as Exhibit A to the *Disclosure Statement Relating to the Amended Joint Plan of Invitae Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* and all exhibits related thereto (collectively, and as each may be modified, amended, or supplemented from time to time, the "Disclosure Statement") from Holders of Claims in Class 6 Parent Unsecured Claims (the "Voting Class").

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.[5]  The Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims votes to accept the Plan.  The Bankruptcy Court may confirm the Plan if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Class, among others.  **For additional discussion of your treatment and rights under the Plan, please read the Disclosure Statement and the Plan.**

You are receiving this Ballot because your Nominee has identified you as a Parent Unsecured Claim in Class 6 (a "Class 6 Parent Unsecured Claims") as of **June 6, 2024** (the "Voting Record Date"), identified by the CUSIP

---

[3]  "Beneficial Holder" is a beneficial owner of a Class 6 Parent Unsecured Claims whose Claims have not been satisfied prior to the Voting Record Date pursuant to court order or otherwise, as reflected in the records maintained by the Nominees (as defined herein) holding through the Depository Trust Company ("DTC") or other relevant security depository as of the Voting Record Date.

[4]  "Nominee" means a broker, dealer, commercial bank, trust company, or other nominee who holds a Class 6 Parent Unsecured Claims, or such firm's agent, on behalf of a Beneficial Holder.

[5]  The Debtors believe that Classes 4 and 5 are Unimpaired and are therefore presumed to accept the Plan.  The Debtors also have determined that Classes 6 and 11 may or may not receive a recovery under the Plan and are therefore deemed to reject.  In response and to resolve the Committee's objection to the Disclosure Statement, the Debtors shall provide Ballots to Holders of Claims in Classes 4, 5, 6, and 11 and permit such Holders to submit votes on the Plan.  The Claims and Noticing Agent will tabulate the Ballots cast by Holders of Claims in Class 4, Class 5, Class 6, and Class 11.

Number and ISIN set forth on **Exhibit A** attached hereto.  Accordingly, you have the right to vote to accept or reject the Plan.

The Disclosure Statement describes the rights and treatment for each Class.  The Disclosure Statement, the Plan, and certain other materials are also included in the packet you are receiving with this Ballot (the "Solicitation Package").  This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect thereto.  Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.

**YOUR VOTE ON THIS BALLOT WILL BE APPLIED TO EACH DEBTOR AGAINST WHICH YOU HAVE SUCH CLAIM(S).**

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.  Your Claim has been placed in Class 6 under the Plan.*

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON JULY 15, 2024.**

**Item 1. Voting - Complete This Section.**

| **ITEM 1**: PRINCIPAL AMOUNT OF CLAIMS | The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder), of Claim(s) in Class 6 as set forth below (your "Claims").  If you do not know the amount of your Class 6 Parent Unsecured Claims as of the Voting Record Date, please contact your Nominee for this information.  You may vote to accept or reject the Plan.  You must check the applicable box in the right-hand column below to "accept" or "reject" the Plan for the Voting Class in order to have your vote in the Voting Class counted.<br><br>Please note that you are voting all of your Claims in Class 6 either to accept or reject the Plan.  You may not split your vote in Class 6.  If you do not indicate that you either accept or reject the Plan in Class 6 by checking the applicable box below, your vote in Class 6 will not be counted.  If you indicate that you both accept and reject the Plan for Class 6 by checking both boxes below, your vote in will not be counted.<br><br>The Beneficial Holder of the Claim(s) in Class 6 set forth below votes to (*please check one and only one box per applicable Voting Claim or Interest*): |
|---|---|

| Voting Class | Description | Amount | Vote to Accept or Reject Plan |
|---|---|---|---|
| Class 6 | Parent Unsecured Claims | $_____ | ☐ ACCEPT (VOTE FOR) THE PLAN<br><br>☐ REJECT (VOTE AGAINST) THE PLAN |

**Item 2**. **Certification of Claims in Class 6 Held in Additional Accounts.**

By completing and returning this Ballot, the Beneficial Holder of the Claims identified in <u>Item 1</u> certifies that this Ballot is the only Ballot submitted for the Claims in Class 6 identified in <u>Item 1</u> owned by such Beneficial Holder as indicated in <u>Item 1</u>, except for the Claims identified in the following table. **To be clear, if any Beneficial Holder holds Claims in Class 6 through one or more Nominees, such Beneficial Holder must identify all Claims in Class 6 held through its own name and/or each Nominee in the following table and must indicate the same vote to accept or reject the Plan on all Ballots submitted.**

ONLY COMPLETE <u>ITEM 2</u> IF YOU HAVE SUBMITTED OTHER BALLOTS ON ACCOUNT OF CLASS 6

| Account Number of Other Claims Voted in Class 6 | Name of Owner[6] | Principal Amount of Other Claims Voted in Class 6 | CUSIP Number of Other Claims Voted in Class 6 | Plan Vote of Other Claims Voted (accept or reject) |
|---|---|---|---|---|
| **Class 6 Parent Unsecured Claims** | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**Item 3**. **Optional Third-Party Release.**

AS A HOLDER OF A CLAIM OR INTEREST, YOU ARE A "RELEASING PARTY" UNDER THE PLAN AND ARE DEEMED TO PROVIDE THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH BELOW.  YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN.  YOU WILL NOT BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN <u>ONLY IF</u> (I) THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE RELEASES AND (II) YOU (A) CHECK THE BOX BELOW AND SUBMIT THIS OPT OUT FORM TO YOUR NOMINEE SO THAT YOUR NOMINEE MAY SUBMIT THIS OPT OUT FORM BY THE VOTING DEADLINE OR (B) TIMELY OBJECT TO THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE

---

[6]    Insert your name if the Claims in the Voting Class are held by you in your own name or, if held in a street name through a Nominee, insert the name of your broker or bank and their DTC Participant Number.

PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION.  THE ELECTION TO WITHHOLD CONSENT TO GRANT THE THIRD-PARTY RELEASE IS AT YOUR OPTION.

☐ **By checking this box, you elect to <u>opt out</u> of the Third-Party Release set forth below.**

<u>Article VIII.D of the Plan provides for the following ("**Third-Party Release**"):</u>

**Except as otherwise specifically provided in the Plan or the Confirmation Order, as of the Effective Date, each Releasing Party, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, is deemed to have, hereby conclusively, absolutely, unconditionally, irrevocably and forever released and discharged each Debtor, Wind-Down Debtor, and Released Party from any and all Claims and Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, including any derivative claims asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates (as applicable), that such Entity would have been legally entitled to assert in its own right (whether individually or collectively or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof or otherwise), the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, entry into, or filing of the TSA, the Disclosure Statement, the Plan, the Sale Transaction, the Asset Purchase Agreement, the Definitive Documents, or any transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the TSA, the Disclosure Statement, the Sale Transaction, the Definitive Documents, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or Entity under the Plan, any transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or (ii) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in Article VIII.D of the Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is:  (i) consensual; (ii) essential to the confirmation of the Plan; (iii) given in exchange for good and valuable consideration provided by the Released Parties; (iv) a good faith settlement and compromise of the Claims released by the Third-Party Release; (v) in the best interests of the Debtors and their Estates; (vi) fair, equitable, and reasonable; (vii) a sound exercise of the Debtors' business judgment; (viii) given and made after due notice and opportunity for hearing; and (ix) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the Third-Party Release.**

**Without limiting the foregoing, from and after the Effective Date, any Entity that is given the opportunity to opt out of the releases contained in Article VIII.D of the Plan and does not exercise such opt out is a Releasing Party and may not assert any Claim or other Cause of Action against any Released**

Party based on or relating to, or in any manner arising from, in whole or in part, the Debtors.  From and after the Effective Date, any Entity (i) that opted out of the releases contained in Article VIII.D of the Plan or (ii) was deemed to reject the Plan may not assert any Claim or other Cause of Action against any Released Party for which it is asserted or implied that such Claim or Cause of Action is not subject to the releases contained in Article VIII.C of the Plan without first obtaining a Final Order from the Bankruptcy Court (a) determining, after notice and a hearing, that such Claim or Cause of Action is not subject to the releases contained in Article VIII.C of the Plan, and (b) specifically authorizing such Person or Entity to bring such Claim or Cause of Action against any such Released Party.  The Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a Claim or Cause of Action constitutes a direct or derivative claim, is colorable and, only to the extent legally permissible and as provided for in Article XI of the Plan, the Bankruptcy Court shall have jurisdiction to adjudicate the underlying Claim or Cause of Action.

Definitions related to the Third-Party Release:

UNDER THE PLAN, "***RELATED PARTY***" MEANS, COLLECTIVELY, CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), AFFILIATED INVESTMENT FUNDS OR INVESTMENT VEHICLES, PREDECESSORS, PARTICIPANTS, SUCCESSORS, ASSIGNS (WHETHER BY OPERATION OF LAW OR OTHERWISE), SUBSIDIARIES, CURRENT, FORMER, AND FUTURE ASSOCIATED ENTITIES, MANAGED OR ADVISED ENTITIES, ACCOUNTS OR FUNDS, PARTNERS, LIMITED PARTNERS, GENERAL PARTNERS, PRINCIPALS, MEMBERS, MANAGEMENT COMPANIES, FUND ADVISORS, MANAGERS, FIDUCIARIES, TRUSTEES, EMPLOYEES, AGENTS (INCLUDING THE DISBURSING AGENT), ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, REPRESENTATIVES ADVISORS, PREDECESSORS, SUCCESSORS, AND ASSIGNS, EACH SOLELY IN THEIR CAPACITY AS SUCH (INCLUDING ANY ATTORNEYS OR PROFESSIONALS RETAINED BY ANY CURRENT OR FORMER DIRECTOR OR MANAGER IN HIS OR HER CAPACITY AS DIRECTOR OR MANAGER OF AN ENTITY), AND THE RESPECTIVE HEIRS, EXECUTORS, ESTATES, SERVANTS AND NOMINEES OF THE FOREGOING.

UNDER THE PLAN, "***RELEASED PARTY***" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) EACH DEBTOR; (B) EACH WIND-DOWN DEBTOR; (C) THE CONSENTING STAKEHOLDERS; (D) THE 2028 SENIOR SECURED NOTES TRUSTEE; (E) THE 2028 SENIOR SECURED NOTES COLLATERAL AGENT; (F) THE PLAN ADMINISTRATOR; (G) EACH COMPANY PARTY; (H) THE PURCHASER; (I) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (J); AND (J) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH THIS CLAUSE (J); PROVIDED, HOWEVER, THAT EACH ENTITY THAT (X) ELECTS TO OPT OUT OF THE RELEASES DESCRIBED IN ARTICLE VIII.D OF THE PLAN OR (Y) TIMELY OBJECTS TO THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION SHALL NOT BE A RELEASED PARTY.

UNDER THE PLAN, "***RELEASING PARTY***" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) EACH DEBTOR; (B) EACH WIND-DOWN DEBTOR; (C) THE CONSENTING STAKEHOLDERS; (D) THE TRUSTEES; (E) THE PLAN ADMINISTRATOR; (F) EACH COMPANY PARTY; (G) THE PURCHASER; (H) ALL HOLDERS OF CLAIMS THAT VOTE TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (I) ALL HOLDERS OF CLAIMS THAT ARE DEEMED TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (J) ALL HOLDERS OF CLAIMS WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO

DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (K) ALL HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (L) ALL HOLDERS OF INTERESTS; (M) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (N); AND (N) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH THIS CLAUSE (N); *PROVIDED, HOWEVER*, THAT EACH ENTITY THAT (X) ELECTS TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN OR (Y) TIMELY OBJECTS TO THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION SHALL NOT BE A RELEASING PARTY; *PROVIDED, FURTHER, HOWEVER*, THAT ANY HOLDER OF INTERESTS WHO ACQUIRED SUCH INTERESTS AFTER THE VOTING RECORD DATE (AS SUCH TERM IS DEFINED IN THE DISCLOSURE STATEMENT ORDER) AND DID NOT RECEIVE AN OPT OUT ELECTION FORM SHALL NOT BE A RELEASING PARTY.

**Item 4. Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

a.   as of the Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder) of the Claims in Class 6 set forth in Item 1;

b.   the Beneficial Holder has reviewed a copy of the Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c.   the Beneficial Holder has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

d.   the Beneficial Holder has cast the same vote with respect to all of the Beneficial Holder's Claims in Class 6;

e.   the Beneficial Holder understands and acknowledges that if multiple Ballots are submitted voting the Claim set forth in Item 1, only the last properly completed Ballot or Master Ballot voting the Claim and received by the Claims and Noticing Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Claims and Noticing Agent;

f.   the Beneficial Holder understands and acknowledges that the Claims and Noticing Agent may verify the amount of the Claims in Class 6 set forth in Item 1 held by the Beneficial Holder as of the Voting Record Date with any Nominee through which the Beneficial Holder holds its Claims in Class 6 set forth in Item 1 and by returning an executed Ballot the Beneficial Holder directs any such Nominee to provide any information or comply with any actions requested by the Claims and Noticing Agent to verify the amount set forth in Item 1 hereof.  In the event of a discrepancy regarding such amount that cannot be timely reconciled without undue effort on the part of the Claims and Noticing Agent, the amount shown on the records of the Nominee, if applicable, or the Debtors' records shall control; and

g.   the Beneficial Holder understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Beneficial Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal

representatives of the Beneficial Holder and shall not be affected by, and shall survive, the death or incapacity of the Beneficial Holder.

**Item 5.** **Optional Convenience Claim Election.**

Holders of Class 6 Parent Unsecured Claims may irrevocably elect to have their Claims treated as a Class 4 Convenience Class Claim and, if applicable, have such Claims reduced to the Convenience Claim Threshold (*i.e.*, $250,000) and be treated as a Class 4 Convenience Class Claim (the "Convenience Claim Election").

Holders of Class 6 Parent Unsecured Claims that would like to make the **optional** Convenience Claim Election and elect to have their Class 6 Parent Unsecured Claims treated as a Class 4 Convenience Class Claim, including, as applicable, reducing such claim to the Convenience Claim Threshold, should check the box below.

Holders of Class 4 Convenience Class Claims are entitled to a one-time Cash payment in full of their Allowed Class 4 Convenience Class Claim (the "Convenience Claim Recovery").  The Convenience Claim Recovery will be paid in full and final satisfaction of Class 6 Parent Unsecured Claims who make the Convenience Claim Election.  Holders of Class 4 Allowed Convenience Claims and Holders making the Convenience Claim Election will not be entitled to additional distributions under the Plan, if any.

**IF YOU MAKE THE CONVENIENCE CLAIM ELECTION, YOUR CLAIM WILL BE CONSIDERED A CLASS 4 CONVENIENCE CLASS CLAIM AND YOUR CLAIM SHALL NOT BE ENTITLED TO ANY OTHER DISTRIBUTION OTHER THAN THE CONVENIENCE CLAIM RECOVERY AMOUNT.  YOU MAY NOT REVOKE YOUR CONVENIENCE CLAIM ELECTION.**

| |
|---|
| **HOLDERS OF CLASS 6 PARENT UNSECURED CLAIMS WHO CHECK THE BOX UNDER THE CONVENIENCE CLAIM ELECTION WILL BE DEEMED TO ACCEPT THE PLAN** |

**The Nominee holding your Class 6 Parent Unsecured Claim must tender your notes into the Convenience Claim Election account established at The Depository Trust Company ("DTC") to assist in processing the election.  The Class 6 Parent Unsecured Claim may not be withdrawn from the Convenience Claim Election account after your Nominee has tendered them at DTC.  Once the Class 6 Parent Unsecured Claim has been tendered to the Convenience Claim Election account, no further trading will be permitted in your Class 6 Parent Unsecured Claim held in the Convenience Claim Election account.  If the Plan is not confirmed, DTC will, in accordance with its customary practices and procedures, return your Class 6 Parent Unsecured Claim held in the Convenience Claim Election account to the applicable Nominee for credit to your account.**

The Holder of the Claims against the Debtors, elects as follows:

| |
|---|
| ☐  **ACCEPTS** the Convenience Claim Election including, if applicable, the reduction of their Claim(s) to the Convenience Claim Threshold of $250,000 and **ACCEPTS (VOTES FOR) THE PLAN**.[7] |

---

[7]    The Nominee holding your Class 6 Parent Unsecured Claims must tender your notes into the Convenience Class account (the "Contra CUSIPs") established at The Depository Trust Company ("DTC") to assist in processing the election.  Class 6 Parent Unsecured Claims may be withdrawn from the Contra CUSIPs after your Nominee has tendered them at DTC only upon written approval by the agent (e-mail being sufficient).  Once Class 6 Parent

**Item 6.** **Beneficial Holder Information and Signature.**

Name of Beneficial Holder: _____

*(print or type)*

Signature: _____

Name of Signatory: _____

*(if other than Beneficial Holder)*

Title: _____

Address: _____

_____

_____

Date Completed: _____

Email Address: _____

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON JULY 15, 2024.**

**IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE, PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT IN THE ENVELOPE PROVIDED OR OTHERWISE IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE. PLEASE ALLOW SUFFICIENT TIME FOR YOUR BALLOT TO BE INCLUDED ON A MASTER BALLOT COMPLETED BY YOUR NOMINEE. THE MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE CLAIMS AND NOTICING AGENT ON OR BEFORE THE VOTING DEADLINE.**

**IF YOU HAVE ANY QUESTIONS REGARDING COMPLETION OR SUBMISSION OF THIS BALLOT, THESE VOTING INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CONTACT YOUR NOMINEE.  IF YOU HAVE GENERAL QUESTIONS ABOUT THE SOLICITATION PROCESS OR SOLICITATION MATERIALS, OR IF YOU REQUIRE ADDITIONAL OR REPLACEMENT SOLICITATION DOCUMENTS CALL THE CLAIMS AND NOTICING AGENT AT (866) 967-0263 (USA OR CANADA) OR +1 (310) 751-2663 (INTERNATIONAL) OR EMAIL INVITAEINFO@KCCLLC.COM AND REFERENCE "IN RE INVITAE CORPORATION - SOLICITATION INQUIRY" IN THE SUBJECT LINE.  ANY BALLOT RECEIVED AFTER THE VOTING DEADLINE OR OTHERWISE NOT IN COMPLIANCE WITH THE DISCLOSURE STATEMENT ORDER WILL NOT BE COUNTED.**

---

Unsecured Claims have been tendered into the Contra CUSIPs, no further trading will be permitted in your Class 6 Parent Unsecured Claims held in the Contra CUSIPs.  If the Plan is not confirmed, DTC will, in accordance with its customary practices and procedures, return all Class 6 Parent Unsecured Claims held in the Contra CUSIPs to the applicable Nominee for credit to the account of the applicable Beneficial Holder.

## VOTING INSTRUCTIONS

1.  As described in the Disclosure Statement, the Debtors are soliciting the votes of Beneficial Holders of Class 6 Parent Unsecured Claims with respect to the Plan referred to in the Disclosure Statement. The Plan and the Disclosure Statement are included in the Solicitation Package you received with the Ballot. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.** You may wish to seek legal advice concerning the Plan and the treatment of your Claim under the Plan.

2.  The Plan may be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in the Voting Class and if the Plan otherwise satisfies the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code.

3.  To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in <u>Item 1</u> of the Ballot; (c) indicate your decision either to opt out of Third-Party Release in <u>Item 3</u> of the Ballot; (d) indicate your decision whether to make the Convenience Claim Election in <u>Item 5</u>; and (e) **sign and return the Ballot in accordance with the instructions received, so that a Master Ballot cast on your behalf is actually received by the Claims and Noticing Agent by the Voting Deadline**. If you are returning your Ballot to the Nominee that provided you with this Ballot, your completed Ballot must be sent to your Nominee, allowing sufficient time for your Nominee to receive your Ballot, complete a Master Ballot, and transmit the Master Ballot to the Claims and Noticing Agent so that it is <u>actually received</u> by the Voting Deadline. Your Nominee is authorized to disseminate the Solicitation Packages and voting instructions to, and collect voting information from, Beneficial Holders according to its customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.

4.  The time by which a Ballot or Master Ballot including your vote is **actually received** by the Claims and Noticing Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline. **The Voting Deadline is July 15, 2024, at 4:00 p.m., prevailing Eastern Time**.

5.  If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by applicable law or court order. In all cases, Beneficial Holders should allow sufficient time to ensure timely delivery. No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors. A Ballot will not be counted unless received by the Claims and Noticing Agent.

6.  The Beneficial Holder understands and acknowledges that if multiple Ballots are submitted voting the Claim set forth in <u>Item 1</u>, only the last properly completed Ballot or Master Ballot voting the Claim and received by the Claims and Noticing Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Claims and Noticing Agent.

7.  If a Holder holds a Claim or Interest, as applicable, in the Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Holder or Nominee has a Claim or Interest, as applicable.

8.  The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications and elections with respect thereto. Accordingly,

at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

9.    The Ballot does not constitute and shall not be deemed to be:  (a) a Proof of Claim; or (b) an assertion or admission with respect to any Claim.

10.    Please be sure to sign and date your Ballot.  If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

11.    You must vote your entire Claim in Class 6 either to accept or reject the Plan and may not split your vote.  Accordingly, a Ballot that partially rejects and partially accepts the Plan as to Class 6 will not be counted as a vote to accept or reject the Plan.

12.    Any Ballot that is properly completed, executed, and timely returned to the Debtors that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

13.    The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim in the Voting Class; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan;  and/or (e) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

14.    In the event a Ballot is returned marked to accept a Convenience Claim Election, such Ballot will be deemed to accept the Plan.

15.    If you hold different Claims within the Voting Class, you may receive more than one Ballot.  Each Ballot votes only your Claims or Interests indicated on that Ballot.  Please complete and return each Ballot you receive.

16.    For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class may be aggregated and treated as if such creditor held one Claim in such Class, and all votes related to such Claim may be treated as a single vote to accept or reject the Plan; *provided*, that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

---

**If you have any questions regarding this Ballot, or if you did not receive a copy of the Disclosure Statement or Plan, or if you need additional copies of the enclosed materials, please call the Claims and Noticing Agent at (866) 967-0263 (USA or Canada) or +1 (310) 751-2663 (International) or email InvitaeInfo@kccllc.com and reference "In re Invitae Corporation - Solicitation Inquiry" in the subject line.**

**<u>PLEASE SUBMIT YOUR BALLOT PROMPTLY</u>**

**Exhibit A**

***Please check one box below to indicate the CUSIP Number/ISIN to which this Beneficial Ballot pertains.  If you check more than one box below you risk having your vote invalidated.***

|  | NOTE DESCRIPTION | CUSIP NUMBER/ ISIN |
|---|---|---|
| **Class 6 Parent Unsecured Claims** | | |
| ☐ | 2.000% Convertible Senior Unsecured Notes | 46185L AB 9 / US46185LAB99 |
| ☐ | 1.500% Convertible Senior Unsecured Notes | 46185L AF 0 / US46185LAF04 |

## Exhibit 3E

**Ballot—Class 4 (Convenience Class Claims)**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| INVITAE CORPORATION, *et al.*, | Case No. 24-11362 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**BALLOT FOR VOTING ON THE AMENDED
JOINT PLAN OF INVITAE CORPORATION AND
ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 4 – CONVENIENCE CLASS CLAIMS**

**PLEASE READ – IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE
COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE
NOTICE AND CLAIMS AGENT BY JULY 15, 2024 at 4:00 P.M. (PREVAILING EASTERN TIME)
(THE "<u>VOTING DEADLINE</u>") IN ACCORDANCE WITH THE FOLLOWING:**

- PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT RELATING TO THE AMENDED JOINT PLAN OF INVITAE CORPORATION AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE (AS MAY BE AMENDED, SUPPLEMENTED, OR OTHERWISE MODIFIED FROM TIME TO TIME, THE "<u>PLAN</u>" AND THIS BALLOT, THE "<u>BALLOT</u>")[2] INCLUDED WITH THIS BALLOT <u>BEFORE</u> COMPLETING THIS BALLOT.

- THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS **ACTUALLY RECEIVED** BY KURTZMAN CARSON CONSULTANTS LLC (THE "<u>CLAIMS AND NOTICING AGENT</u>") BEFORE **4:00 P.M., PREVAILING EASTERN TIME, ON JULY 15, 2024**.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS AND NOTICING AGENT AT (866) 967-0263 (TOLL-FREE) OR (310) 751-2663 (INTERNATIONAL) OR EMAIL <u>INVITAEINFO@KCCLLC.COM</u> AND REFERENCE "IN RE INVITAE CORPORATION – SOLICITATION INQUIRY" IN THE SUBJECT LINE.

---

[1]   The last four digits of Debtor Invitae Corporation's tax identification number are 1898. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at <u>www.kccllc.net/invitae</u>. The Debtors' service address in these chapter 11 cases is 1400 16th Street, San Francisco, California 94103.

[2]   Capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

- IF THE COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the *Amended Joint Plan of Invitae Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* and all exhibits related thereto (collectively, and as each may be modified, amended, or supplemented from time to time, the "Plan"), attached as Exhibit A to the *Disclosure Statement Relating to the Amended Joint Plan of Invitae Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* and all exhibits related thereto (collectively, and as each may be modified, amended, or supplemented from time to time, the "Disclosure Statement") from Holders of Claims in Class 4 Convenience Class Claims (the "Voting Class").

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.[3]  The Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims votes to accept the Plan in each respective class.  The Bankruptcy Court may confirm the Plan if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Class, among others.  **For additional discussion of your treatment and rights under the Plan, please read the Disclosure Statement and the Plan.**

You are receiving this Ballot because you are the Holder of a Claim in Class 4 Convenience Class Claims as of **June 6, 2024** (the "Voting Record Date").  Accordingly, you have the right to vote to accept or reject the Plan.

The Disclosure Statement describes the rights and treatment for each Class.  The Disclosure Statement, the Plan, and certain other materials are also included in the packet you are receiving with this Ballot (the "Solicitation Package").  This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect thereto.  Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.

**YOUR VOTE ON THIS BALLOT WILL BE APPLIED TO EACH DEBTOR AGAINST WHICH YOU HAVE SUCH CLAIM(S).**

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.  Your Claim has been placed in Class 4 under the Plan.*

---

[3]     The Debtors believe that Classes 4 and 5 are Unimpaired and are therefore presumed to accept the Plan.  The Debtors also have determined that Classes 6 and 11 may or may not receive a recovery under the Plan and are therefore deemed to reject.  In response and to resolve the Committee's objection to the Disclosure Statement, the Debtors shall provide Ballots to Holders of Claims in Classes 4, 5, 6, and 11 and permit such Holders to submit votes on the Plan.  The Claims and Noticing Agent will tabulate the Ballots cast by Holders of Claims in Class 4, Class 5, Class 6, and Class 11.

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON JULY 15, 2024.**

<u>Item 1</u>. **Voting - Complete This Section.**

| **ITEM 1**: **PRINCIPAL AMOUNT OF CLAIMS** | The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder (or authorized signatory for a Holder), of Claim(s) in Class 4 Convenience Class Claims as set forth below (your "<u>Claims</u>").  You may vote to accept or reject the Plan.  You must check the applicable box in the right-hand column below to "accept" or "reject" the Plan for the Voting Class in order to have your vote in the Voting Class counted. |
|---|---|
| | Please note that you are voting all of your Claims either to accept or reject the Plan.  You may not split your vote.  If you do not indicate that you either accept or reject the Plan by checking the applicable box below, your vote will not be counted.  If you indicate that you both accept and reject the Plan by checking both boxes below, your vote in will not be counted. |
| | The Holder of the Claim(s) set forth below votes to (*please check <u>one and only one box</u> per applicable Voting Claim or Interest*): |

| Voting Class | Description | Amount | Vote to Accept or Reject Plan |
|---|---|---|---|
| Class 4 | Convenience Class Claims | $_____ | ☐ ACCEPT (VOTE FOR) THE PLAN<br>☐ REJECT (VOTE AGAINST) THE PLAN |

<u>Item 2</u>. **Optional Third-Party Release.**

AS A HOLDER OF A CLAIM OR INTEREST, YOU ARE A "RELEASING PARTY" UNDER THE PLAN AND ARE DEEMED TO PROVIDE THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH BELOW.  YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN.  YOU WILL NOT BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN <u>ONLY IF</u> (I) THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE RELEASES AND (II) YOU (A) CHECK THE BOX BELOW AND SUBMIT THIS OPT OUT FORM TO THE NOTICE AND CLAIMS AGENT SO AS TO BE ACTUALLY RECEIVED BY THE VOTING DEADLINE OR (B) TIMELY OBJECT TO THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION.  THE ELECTION TO WITHHOLD CONSENT TO GRANT THE THIRD-PARTY RELEASE IS AT YOUR OPTION.

☐  **By checking this box, you elect to <u>opt out</u> of the Third-Party Release set forth below.**

<u>Article VIII.D of the Plan provides for the following</u> ("**Third-Party Release**"):

**Except as otherwise specifically provided in the Plan or the Confirmation Order, as of the Effective Date, each Releasing Party, in each case on behalf of themselves and their respective successors,**

assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, is deemed to have, hereby conclusively, absolutely, unconditionally, irrevocably and forever released and discharged each Debtor, Wind-Down Debtor, and Released Party from any and all Claims and Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, including any derivative claims asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates (as applicable), that such Entity would have been legally entitled to assert in its own right (whether individually or collectively or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof or otherwise), the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, entry into, or filing of the TSA, the Disclosure Statement, the Plan, the Sale Transaction, the Asset Purchase Agreement, the Definitive Documents, or any transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the TSA, the Disclosure Statement, the Sale Transaction, the Definitive Documents, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or Entity under the Plan, any transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or (ii) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in Article VIII.D of the Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (i) consensual; (ii) essential to the confirmation of the Plan; (iii) given in exchange for good and valuable consideration provided by the Released Parties; (iv) a good faith settlement and compromise of the Claims released by the Third-Party Release; (v) in the best interests of the Debtors and their Estates; (vi) fair, equitable, and reasonable; (vii) a sound exercise of the Debtors' business judgment; (viii) given and made after due notice and opportunity for hearing; and (ix) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the Third-Party Release.

Without limiting the foregoing, from and after the Effective Date, any Entity that is given the opportunity to opt out of the releases contained in Article VIII.D of the Plan and does not exercise such opt out is a Releasing Party and may not assert any Claim or other Cause of Action against any Released Party based on or relating to, or in any manner arising from, in whole or in part, the Debtors. From and after the Effective Date, any Entity (i) that opted out of the releases contained in Article VIII.D of the Plan or (ii) was deemed to reject the Plan may not assert any Claim or other Cause of Action against any Released Party for which it is asserted or implied that such Claim or Cause of Action is not subject to the releases contained in Article VIII.C of the Plan without first obtaining a Final Order from the Bankruptcy Court (a) determining, after notice and a hearing, that such Claim or Cause of Action is not subject to the releases contained in Article VIII.C of the Plan, and (b) specifically authorizing such Person or Entity to bring such Claim or Cause of Action against any such Released Party. The Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a Claim or Cause of Action constitutes a direct or derivative claim, is colorable

**and, only to the extent legally permissible and as provided for in Article XI of the Plan, the Bankruptcy Court shall have jurisdiction to adjudicate the underlying Claim or Cause of Action.**

<u>Definitions related to the Third-Party Release</u>:

UNDER THE PLAN, "***RELATED PARTY***" MEANS, COLLECTIVELY, CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), AFFILIATED INVESTMENT FUNDS OR INVESTMENT VEHICLES, PREDECESSORS, PARTICIPANTS, SUCCESSORS, ASSIGNS (WHETHER BY OPERATION OF LAW OR OTHERWISE), SUBSIDIARIES, CURRENT, FORMER, AND FUTURE ASSOCIATED ENTITIES, MANAGED OR ADVISED ENTITIES, ACCOUNTS OR FUNDS, PARTNERS, LIMITED PARTNERS, GENERAL PARTNERS, PRINCIPALS, MEMBERS, MANAGEMENT COMPANIES, FUND ADVISORS, MANAGERS, FIDUCIARIES, TRUSTEES, EMPLOYEES, AGENTS (INCLUDING THE DISBURSING AGENT), ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, REPRESENTATIVES ADVISORS, PREDECESSORS, SUCCESSORS, AND ASSIGNS, EACH SOLELY IN THEIR CAPACITY AS SUCH (INCLUDING ANY ATTORNEYS OR PROFESSIONALS RETAINED BY ANY CURRENT OR FORMER DIRECTOR OR MANAGER IN HIS OR HER CAPACITY AS DIRECTOR OR MANAGER OF AN ENTITY), AND THE RESPECTIVE HEIRS, EXECUTORS, ESTATES, SERVANTS AND NOMINEES OF THE FOREGOING.

UNDER THE PLAN, "***RELEASED PARTY***" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) EACH DEBTOR; (B) EACH WIND-DOWN DEBTOR; (C) THE CONSENTING STAKEHOLDERS; (D) THE 2028 SENIOR SECURED NOTES TRUSTEE; (E) THE 2028 SENIOR SECURED NOTES COLLATERAL AGENT; (F) THE PLAN ADMINISTRATOR; (G) EACH COMPANY PARTY; (H) THE PURCHASER; (I) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (J); AND (J) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH THIS CLAUSE (J); PROVIDED, HOWEVER, THAT EACH ENTITY THAT (X) ELECTS TO OPT OUT OF THE RELEASES DESCRIBED IN ARTICLE VIII.D OF THE PLAN OR (Y) TIMELY OBJECTS TO THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION SHALL NOT BE A RELEASED PARTY.

UNDER THE PLAN, "***RELEASING PARTY***" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) EACH DEBTOR; (B) EACH WIND-DOWN DEBTOR; (C) THE CONSENTING STAKEHOLDERS; (D) THE TRUSTEES; (E) THE PLAN ADMINISTRATOR; (F) EACH COMPANY PARTY; (G) THE PURCHASER; (H) ALL HOLDERS OF CLAIMS WHO VOTE TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (I) ALL HOLDERS OF CLAIMS THAT ARE DEEMED TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (J) ALL HOLDERS OF CLAIMS WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (K) ALL HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (L) ALL HOLDERS OF INTERESTS; (M) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (N); AND (N) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH THIS CLAUSE (N); *PROVIDED, HOWEVER*, THAT EACH ENTITY THAT (X) ELECTS TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN OR (Y) TIMELY OBJECTS TO THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION SHALL

NOT BE A RELEASING PARTY; *PROVIDED, FURTHER, HOWEVER*, THAT ANY HOLDER OF INTERESTS WHO ACQUIRED SUCH INTERESTS AFTER THE VOTING RECORD DATE (AS SUCH TERM IS DEFINED IN THE DISCLOSURE STATEMENT ORDER) AND DID NOT RECEIVE AN OPT OUT ELECTION FORM SHALL NOT BE A RELEASING PARTY.

**Item 3. Certifications.**

By signing this Ballot the undersigned certifies that:

1.   the undersigned is (a) the Holder of Claim(s) being voted, or (b) the authorized signatory for the entity that is the Holder of such Claim(s);

2.   the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;

3.   the undersigned has cast the same vote with respect to all of its Claim(s) in connection with the Plan; and

4.   (a) no other Ballot with respect to the same class Claim(s) identified in Item 1 has been cast or (b) if any other Ballot has been cast with respect to such class Claim(s), then any such earlier Ballots are hereby revoked and deemed to be null and void.

Name of Holder: _____

(Print or Type)

Signature: _____

Name of Signatory: _____

(If other than holder)

Title: _____

Address: _____

_____

_____

Email: _____

Date Completed: _____

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON JULY 15, 2024.**

**THE CLAIMS, NOTICING AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

**PLEASE COMPLETE AND DATE THIS BALLOT AND RETURN IT PROMPTLY VIA ONE OF THE METHODS BELOW SO THAT IT IS ACTUALLY RECEIVED BY THE CLAIMS AND NOTICING AGENT BY THE VOTING DEADLINE.**

**PLEASE SUBMIT YOUR BALLOT BY ONE OF THE FOLLOWING TWO METHODS:**

**Via E-Ballot Portal (Preferred Method of Delivery). Submit your Ballot via the Claims and Noticing Agent's online portal, by visiting https://www.kccllc.net/invitae (the "E-Ballot Portal"). Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: YOU WILL NEED THE FOLLOWING INFORMATION TO RETRIEVE YOUR CUSTOMIZED ELECTRONIC OPT OUT FORM.**

**UNIQUE ID#:_____**

**PIN#:_____**

**Via Paper Form. Complete, sign, and date this Ballot and return it promptly via first-class mail (or in the reply envelope provided), overnight courier, or hand delivery to:**

> Invitae Ballot Processing Center
> c/o KCC
> 222 N. Pacific Coast Highway, Suite 300
> El Segundo, CA 90245
>
> If you have any questions on the procedures for
> voting on the Plan, please call the Claims and
> Noticing Agent at: (866) 967-0263 (USA or
> Canada) or (310) 751-2663 (International).

Parties that submit their Ballot via E-Ballot do NOT also need to submit a paper Ballot.

**BALLOTS WILL NOT BE ACCEPTED BY TELECOPY, FACSIMILE, E-MAIL, OR OTHER ELECTRONIC MEANS OF TRANSMISSION.**

**THE BALLOT SHOULD NOT BE SENT TO THE DEBTORS, THE BANKRUPTCY COURT, OR THE DEBTORS' FINANCIAL OR LEGAL ADVISORS.**

---

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON JULY 15, 2024.**

**THE CLAIMS, NOTICING AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

## <u>INSTRUCTIONS FOR COMPLETING THIS BALLOT</u>

This Ballot contains voting options with respect to the Plan.

1.  To ensure that your vote is counted, you must:  (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in <u>Item 1</u> of the Ballot; (c) indicate your decision either to opt out of Third-Party Release in <u>Item 2</u> of the Ballot; and (d) sign and return the Ballot via (a) first-class mail, overnight courier, or hand delivery to Invitae Ballot Processing Center, c/o KCC 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245 or (b)  the Claims and Noticing Agent's E-Ballot Portal at www.kccllc.net/invitae, so that this Ballot is actually received by the Claims and Noticing Agent on or before the Voting Deadline, 4:00 p.m. prevailing Eastern Time on **July 15, 2024**.

2.  Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan or is improperly signed and returned will <u>NOT</u> be counted unless the Company otherwise determines.

3.  To vote, you <u>MUST</u> deliver your completed Ballot (whether via first-class mail, hand delivery, or E-Ballot Portal to the Claims and Noticing Agent ) so that it is <u>ACTUALLY RECEIVED</u> by the Claims and Noticing Agent on or before the Voting Deadline by one of the methods described above.  **The Voting Deadline is 4:00 p.m. prevailing Eastern Time on July 15, 2024.**

4.  Any Ballot received by the Claims and Noticing Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Company determines otherwise.  No Ballot may be withdrawn or modified after the Voting Deadline without the Company's prior written consent.

5.  Delivery of a Ballot reflecting your vote to the Claims and Noticing Agent will be deemed to have occurred only when the Claims and Noticing Agent actually receives your paper Ballot or E-Ballot.  In all cases, you should allow sufficient time to assure timely delivery.

6.  If you deliver multiple Ballots to the Claims and Noticing Agent, <u>ONLY</u> the last properly executed Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior Ballot(s).

7.  You must vote all of your Claims in the Voting Class either to accept or reject the Plan and may not split your vote.  Further, if a Holder has multiple Claims in the Voting Class, the Company may direct the Claims and Noticing Agent to aggregate those Claims for the purpose of counting votes.

8.  This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim, in the Company's Chapter 11 Cases.

9.  You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

10.  <u>SIGN AND DATE</u> your Ballot.[1]  In addition, please provide your name and mailing address if it is different from that set forth on the Ballot or if no address is preprinted on the Ballot.  Any unsigned Ballot will not be valid; however, for the avoidance of doubt, the scanned signature or e-signature included on an E-Ballot will be deemed immediately legally valid and effective.

---

[1]    If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims and Noticing Agent, the Company, the Company's proposed counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such Holder.

11.    If your Claim or Interest is held in multiple accounts, you may receive more than one Ballot coded for each such account for which your Claims are held.  Each Ballot votes only your Claims indicated on that Ballot. Accordingly, complete and return each Ballot you receive.

**PLEASE RETURN YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE email THE CLAIMS, NOTICING AND SOLICITATION AGENT AT INVITAEinfo@kccllc.com AND REFERENCE "IN RE: INVITAE - SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

---

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON JULY 15, 2024.**

**THE CLAIMS, NOTICING AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

**<u>Exhibit 3F</u>**

**Ballot—Class 5 (Subsidiary Unsecured Claims)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| INVITAE CORPORATION, *et al.*, | Case No. 24-11362 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**BALLOT FOR VOTING ON THE AMENDED**
**JOINT PLAN OF INVITAE CORPORATION AND**
**ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 5 – SUBSIDIARY UNSECURED CLAIMS**

---

**PLEASE READ – IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE NOTICE AND CLAIMS AGENT BY JULY 15, 2024 at 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE") IN ACCORDANCE WITH THE FOLLOWING:**

---

- PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT RELATING TO THE AMENDED JOINT PLAN OF INVITAE CORPORATION AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE (AS MAY BE AMENDED, SUPPLEMENTED, OR OTHERWISE MODIFIED FROM TIME TO TIME, THE "PLAN" AND THIS BALLOT, THE "BALLOT")[2] INCLUDED WITH THIS BALLOT BEFORE COMPLETING THIS BALLOT.

- THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS **ACTUALLY RECEIVED** BY KURTZMAN CARSON CONSULTANTS LLC (THE "CLAIMS AND NOTICING AGENT") BEFORE **4:00 P.M., PREVAILING EASTERN TIME, ON JULY 15, 2024**.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS AND NOTICING AGENT AT (866) 967-0263 (TOLL-FREE) OR (310) 751-2663 (INTERNATIONAL) OR EMAIL INVITAEINFO@KCCLLC.COM AND REFERENCE "IN RE INVITAE CORPORATION – SOLICITATION INQUIRY" IN THE SUBJECT LINE.

---

[1] The last four digits of Debtor Invitae Corporation's tax identification number are 1898. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/invitae. The Debtors' service address in these chapter 11 cases is 1400 16th Street, San Francisco, California 94103.

[2] Capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

- IF THE COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the *Amended Joint Plan of Invitae Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* and all exhibits related thereto (collectively, and as each may be modified, amended, or supplemented from time to time, the "Plan"), attached as Exhibit A to the *Disclosure Statement Relating to the Amended Joint Plan of Invitae Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* and all exhibits related thereto (collectively, and as each may be modified, amended, or supplemented from time to time, the "Disclosure Statement") from Holders of Claims in Class 5 Subsidiary Unsecured Claims (the "Voting Class").

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.[3]   The Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims votes to accept the Plan in each respective class.  The Bankruptcy Court may confirm the Plan if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Class, among others.  **For additional discussion of your treatment and rights under the Plan, please read the Disclosure Statement and the Plan.**

You are receiving this Ballot because you are the Holder of a Claim in Class 5 Subsidiary Unsecured Claims as of **June 6, 2024** (the "Voting Record Date").  Accordingly, you have the right to vote to accept or reject the Plan.

The Disclosure Statement describes the rights and treatment for each Class.  The Disclosure Statement, the Plan, and certain other materials are also included in the packet you are receiving with this Ballot (the "Solicitation Package").  This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect thereto.  Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.

**YOUR VOTE ON THIS BALLOT WILL BE APPLIED TO EACH DEBTOR AGAINST WHICH YOU HAVE SUCH CLAIM(S).**

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.  Your Claim has been placed in Class 5 under the Plan.*

---

[3]    The Debtors believe that Classes 4 and 5 are Unimpaired and are therefore presumed to accept the Plan.  The Debtors also have determined that Classes 6 and 11 may or may not receive a recovery under the Plan and are therefore deemed to reject.  In response and to resolve the Committee's objection to the Disclosure Statement, the Debtors shall provide Ballots to Holders of Claims in Classes 4, 5, 6, and 11 and permit such Holders to submit votes on the Plan.  The Claims and Noticing Agent will tabulate the Ballots cast by Holders of Claims in Class 4, Class 5, Class 6, and Class 11.

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON JULY 15, 2024.**

<u>Item 1</u>. **Voting - Complete This Section.**

| **ITEM 1**: **PRINCIPAL AMOUNT OF CLAIMS** | The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder (or authorized signatory for a Holder), of Claim(s) in Class 5 Subsidiary Unsecured Claims as set forth below (your "<u>Claims</u>").  You may vote to accept or reject the Plan.  You must check the applicable box in the right-hand column below to "accept" or "reject" the Plan for the Voting Class in order to have your vote in the Voting Class counted. |
|---|---|
| | Please note that you are voting all of your Claims either to accept or reject the Plan.  You may not split your vote.  If you do not indicate that you either accept or reject the Plan by checking the applicable box below, your vote will not be counted.  If you indicate that you both accept and reject the Plan by checking both boxes below, your vote in will not be counted. |
| | The Holder of the Claim(s) set forth below votes to (*please check <u>one and only one box</u> per applicable Voting Claim or Interest*): |

| Voting Class | Description | Amount | Vote to Accept or Reject Plan |
|---|---|---|---|
| Class 5 | Subsidiary Unsecured Claims | $_____ | ☐ ACCEPT (VOTE FOR) THE PLAN<br>☐ REJECT (VOTE AGAINST) THE PLAN |

<u>Item 2</u>. **Optional Third-Party Release.**

AS A HOLDER OF A CLAIM OR INTEREST, YOU ARE A "RELEASING PARTY" UNDER THE PLAN AND ARE DEEMED TO PROVIDE THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH BELOW.  YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN.  YOU WILL NOT BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN <u>ONLY IF</u> (I) THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE RELEASES AND (II) YOU (A) CHECK THE BOX BELOW AND SUBMIT THIS OPT OUT FORM TO THE NOTICE AND CLAIMS AGENT SO AS TO BE ACTUALLY RECEIVED BY THE VOTING DEADLINE OR (B) TIMELY OBJECT TO THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION.  THE ELECTION TO WITHHOLD CONSENT TO GRANT THE THIRD-PARTY RELEASE IS AT YOUR OPTION.

☐   **By checking this box, you elect to <u>opt out</u> of the Third-Party Release set forth below.**

<u>Article VIII.D of the Plan provides for the following ("**Third-Party Release**"):</u>

**Except as otherwise specifically provided in the Plan or the Confirmation Order, as of the Effective Date, each Releasing Party, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, is deemed to have, hereby conclusively, absolutely, unconditionally, irrevocably and forever released and discharged each Debtor, Wind-Down Debtor, and Released Party from any and all Claims and Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, including any derivative claims asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates (as applicable), that such Entity would have been legally entitled to assert in its own right (whether individually or collectively or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof or otherwise), the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, entry into, or filing of the TSA, the Disclosure Statement, the Plan, the Sale Transaction, the Asset Purchase Agreement, the Definitive Documents, or any transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the TSA, the Disclosure Statement, the Sale Transaction, the Definitive Documents, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or Entity under the Plan, any transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or (ii) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in Article VIII.D of the Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (i) consensual; (ii) essential to the confirmation of the Plan; (iii) given in exchange for good and valuable consideration provided by the Released Parties; (iv) a good faith settlement and compromise of the Claims released by the Third-Party Release; (v) in the best interests of the Debtors and their Estates; (vi) fair, equitable, and reasonable; (vii) a sound exercise of the Debtors' business judgment; (viii) given and made after due notice and opportunity for hearing; and (ix) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the Third-Party Release.**

**Without limiting the foregoing, from and after the Effective Date, any Entity that is given the opportunity to opt out of the releases contained in Article VIII.D of the Plan and does not exercise such opt out is a Releasing Party and may not assert any Claim or other Cause of Action against any Released Party based on or relating to, or in any manner arising from, in whole or in part, the Debtors. From and after the Effective Date, any Entity (i) that opted out of the releases contained in Article VIII.D of the Plan or (ii) was deemed to reject the Plan may not assert any Claim or other Cause of Action against any Released Party for which it is asserted or implied that such Claim or Cause of Action is not subject to the releases contained in Article VIII.C of the Plan without first obtaining a Final Order from the Bankruptcy Court (a) determining, after notice and a hearing, that such Claim or Cause of Action is not subject to the releases contained in Article VIII.C of the Plan, and (b) specifically authorizing such Person or Entity to bring such Claim or Cause of Action against any such Released Party. The Bankruptcy Court will have sole and exclusive jurisdiction to**

**determine whether a Claim or Cause of Action constitutes a direct or derivative claim, is colorable and, only to the extent legally permissible and as provided for in Article XI of the Plan, the Bankruptcy Court shall have jurisdiction to adjudicate the underlying Claim or Cause of Action.**

Definitions related to the Third-Party Release:

UNDER THE PLAN, "***RELATED PARTY***" MEANS, COLLECTIVELY, CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), AFFILIATED INVESTMENT FUNDS OR INVESTMENT VEHICLES, PREDECESSORS, PARTICIPANTS, SUCCESSORS, ASSIGNS (WHETHER BY OPERATION OF LAW OR OTHERWISE), SUBSIDIARIES, CURRENT, FORMER, AND FUTURE ASSOCIATED ENTITIES, MANAGED OR ADVISED ENTITIES, ACCOUNTS OR FUNDS, PARTNERS, LIMITED PARTNERS, GENERAL PARTNERS, PRINCIPALS, MEMBERS, MANAGEMENT COMPANIES, FUND ADVISORS, MANAGERS, FIDUCIARIES, TRUSTEES, EMPLOYEES, AGENTS (INCLUDING THE DISBURSING AGENT), ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, REPRESENTATIVES ADVISORS, PREDECESSORS, SUCCESSORS, AND ASSIGNS, EACH SOLELY IN THEIR CAPACITY AS SUCH (INCLUDING ANY ATTORNEYS OR PROFESSIONALS RETAINED BY ANY CURRENT OR FORMER DIRECTOR OR MANAGER IN HIS OR HER CAPACITY AS DIRECTOR OR MANAGER OF AN ENTITY), AND THE RESPECTIVE HEIRS, EXECUTORS, ESTATES, SERVANTS AND NOMINEES OF THE FOREGOING.

UNDER THE PLAN, "***RELEASED PARTY***" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) EACH DEBTOR; (B) EACH WIND-DOWN DEBTOR; (C) THE CONSENTING STAKEHOLDERS; (D) THE 2028 SENIOR SECURED NOTES TRUSTEE; (E) THE 2028 SENIOR SECURED NOTES COLLATERAL AGENT; (F) THE PLAN ADMINISTRATOR; (G) EACH COMPANY PARTY; (H) THE PURCHASER; (I) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (J); AND (J) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH THIS CLAUSE (J); PROVIDED, HOWEVER, THAT EACH ENTITY THAT (X) ELECTS TO OPT OUT OF THE RELEASES DESCRIBED IN ARTICLE VIII.D OF THE PLAN OR (Y) TIMELY OBJECTS TO THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION SHALL NOT BE A RELEASED PARTY.

UNDER THE PLAN, "***RELEASING PARTY***" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) EACH DEBTOR; (B) EACH WIND-DOWN DEBTOR; (C) THE CONSENTING STAKEHOLDERS; (D) THE TRUSTEES; (E) THE PLAN ADMINISTRATOR; (F) EACH COMPANY PARTY; (G) THE PURCHASER; (H) ALL HOLDERS OF CLAIMS THAT VOTE TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (I) ALL HOLDERS OF CLAIMS THAT ARE DEEMED TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (J) ALL HOLDERS OF CLAIMS WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (K) ALL HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (L) ALL HOLDERS OF INTERESTS; (M) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (N); AND (N) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH THIS CLAUSE (N); *PROVIDED, HOWEVER*, THAT EACH ENTITY THAT (X) ELECTS TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN OR (Y) TIMELY OBJECTS TO THE RELEASES CONTAINED IN ARTICLE VIII.D

OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION SHALL NOT BE A RELEASING PARTY; *PROVIDED, FURTHER, HOWEVER*, THAT ANY HOLDER OF INTERESTS WHO ACQUIRED SUCH INTERESTS AFTER THE VOTING RECORD DATE (AS SUCH TERM IS DEFINED IN THE DISCLOSURE STATEMENT ORDER) AND DID NOT RECEIVE AN OPT OUT ELECTION FORM SHALL NOT BE A RELEASING PARTY.

**Item 3. Certifications.**

By signing this Ballot the undersigned certifies that:

1.   the undersigned is (a) the Holder of Claim(s) being voted, or (b) the authorized signatory for the entity that is the Holder of such Claim(s);

2.   the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;

3.   the undersigned has cast the same vote with respect to all of its Claim(s) in connection with the Plan; and

4.   (a) no other Ballot with respect to the same class Claim(s) identified in Item 1 has been cast or (b) if any other Ballot has been cast with respect to such class Claim(s), then any such earlier Ballots are hereby revoked and deemed to be null and void.

Name of Holder: _____

(Print or Type)

Signature: _____

Name of Signatory: _____

(If other than holder)

Title: _____

Address: _____

_____

_____

Email: _____

Date Completed: _____

---

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON JULY 15, 2024.**

**THE CLAIMS, NOTICING AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

**PLEASE COMPLETE AND DATE THIS BALLOT AND RETURN IT PROMPTLY VIA ONE OF THE METHODS BELOW SO THAT IT IS ACTUALLY RECEIVED BY THE CLAIMS AND NOTICING AGENT BY THE VOTING DEADLINE.**

**PLEASE SUBMIT YOUR BALLOT BY ONE OF THE FOLLOWING TWO METHODS:**

**Via E-Ballot Portal (Preferred Method of Delivery). Submit your Ballot via the Claims and Noticing Agent's online portal, by visiting https://www.kccllc.net/invitae (the "E-Ballot Portal"). Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: YOU WILL NEED THE FOLLOWING INFORMATION TO RETRIEVE YOUR CUSTOMIZED ELECTRONIC OPT OUT FORM.**

**UNIQUE ID#:_____**

**PIN#:_____**

**Via Paper Form. Complete, sign, and date this Ballot and return it promptly via first-class mail (or in the reply envelope provided), overnight courier, or hand delivery to:**

Invitae Ballot Processing Center
c/o KCC
222 N. Pacific Coast Highway, Suite 300
El Segundo, CA 90245

If you have any questions on the procedures for
voting on the Plan, please call the Claims and
Noticing Agent at: (866) 967-0263 (USA or
Canada) or (310) 751-2663 (International).

Parties that submit their Ballot via E-Ballot do NOT also need to submit a paper Ballot.

**BALLOTS WILL NOT BE ACCEPTED BY TELECOPY, FACSIMILE, E-MAIL, OR OTHER ELECTRONIC MEANS OF TRANSMISSION.**

**THE BALLOT SHOULD NOT BE SENT TO THE DEBTORS, THE BANKRUPTCY COURT, OR THE DEBTORS' FINANCIAL OR LEGAL ADVISORS.**

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON JULY 15, 2024.**

**THE CLAIMS, NOTICING AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

This Ballot contains voting options with respect to the Plan.

1.  To ensure that your vote is counted, you must:  (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 1 of the Ballot; (c) indicate your decision either to opt out of Third-Party Release in Item 2 of the Ballot; and (d) sign and return the Ballot via (a) first-class mail, overnight courier, or hand delivery to Invitae Ballot Processing Center, c/o KCC 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245 or (b)  the Claims and Noticing Agent's E-Ballot Portal at www.kccllc.net/invitae, so that this Ballot is actually received by the Claims and Noticing Agent on or before the Voting Deadline, 4:00 p.m. prevailing Eastern Time on **July 15, 2024**.

2.  Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan or is improperly signed and returned will NOT be counted unless the Company otherwise determines.

3.  To vote, you MUST deliver your completed Ballot (whether via first-class mail, hand delivery, or E-Ballot Portal to the Claims and Noticing Agent ) so that it is ACTUALLY RECEIVED by the Claims and Noticing Agent on or before the Voting Deadline by one of the methods described above.  **The Voting Deadline is 4:00 p.m. prevailing Eastern Time on July 15, 2024.**

4.  Any Ballot received by the Claims and Noticing Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Company determines otherwise.  No Ballot may be withdrawn or modified after the Voting Deadline without the Company's prior written consent.

5.  Delivery of a Ballot reflecting your vote to the Claims and Noticing Agent will be deemed to have occurred only when the Claims and Noticing Agent actually receives your paper Ballot or E-Ballot.  In all cases, you should allow sufficient time to assure timely delivery.

6.  If you deliver multiple Ballots to the Claims and Noticing Agent, ONLY the last properly executed Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior Ballot(s).

7.  You must vote all of your Claims in the Voting Class either to accept or reject the Plan and may not split your vote.  Further, if a Holder has multiple Claims in the Voting Class, the Company may direct the Claims and Noticing Agent to aggregate those Claims for the purpose of counting votes.

8.  This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim, in the Company's Chapter 11 Cases.

9.  You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

10.  SIGN AND DATE your Ballot.[1]  In addition, please provide your name and mailing address if it is different from that set forth on the Ballot or if no address is preprinted on the Ballot.  Any unsigned Ballot will not be valid; however, for the avoidance of doubt, the scanned signature or e-signature included on an E-Ballot will be deemed immediately legally valid and effective.

---

[1]  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims and Noticing Agent, the Company, the Company's proposed counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such Holder.

11.     If your Claim or Interest is held in multiple accounts, you may receive more than one Ballot coded for each such account for which your Claims are held.  Each Ballot votes only your Claims indicated on that Ballot. Accordingly, complete and return each Ballot you receive.

**<u>PLEASE RETURN YOUR BALLOT PROMPTLY</u>**

**<u>IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE email THE CLAIMS, NOTICING AND SOLICITATION AGENT AT INVITAEinfo@kccllc.com AND REFERENCE "IN RE: INVITAE - SOLICITATION INQUIRY" IN THE SUBJECT LINE.</u>**

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON JULY 15, 2024.**

**THE CLAIMS, NOTICING AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

## **Exhibit 3G**

**Ballot—Class 6 Parent Unsecured Claims (General)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| INVITAE CORPORATION, *et al.*, | Case No. 24-11362 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**BALLOT FOR VOTING ON THE AMENDED**
**JOINT PLAN OF INVITAE CORPORATION AND**
**ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 6 –PARENT UNSECURED CLAIMS**

> **PLEASE READ – IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE NOTICE AND CLAIMS AGENT BY JULY 15, 2024 at 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE") IN ACCORDANCE WITH THE FOLLOWING:**

- PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT RELATING TO THE AMENDED JOINT PLAN OF INVITAE CORPORATION AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE (AS MAY BE AMENDED, SUPPLEMENTED, OR OTHERWISE MODIFIED FROM TIME TO TIME, THE "PLAN" AND THIS BALLOT, THE "BALLOT")[2] INCLUDED WITH THIS BALLOT BEFORE COMPLETING THIS BALLOT.

- THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS **ACTUALLY RECEIVED** BY KURTZMAN CARSON CONSULTANTS LLC (THE "CLAIMS AND NOTICING AGENT") BEFORE **4:00 P.M., PREVAILING EASTERN TIME, ON JULY 15, 2024**.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS AND NOTICING AGENT AT (866) 967-0263 (TOLL-FREE) OR (310) 751-2663 (INTERNATIONAL) OR EMAIL INVITAEINFO@KCCLLC.COM AND REFERENCE "IN RE INVITAE CORPORATION – SOLICITATION INQUIRY" IN THE SUBJECT LINE.

---

[1]   The last four digits of Debtor Invitae Corporation's tax identification number are 1898.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/invitae.  The Debtors' service address in these chapter 11 cases is 1400 16th Street, San Francisco, California 94103.

[2]   Capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

- IF THE COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the *Amended Joint Plan of Invitae Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* and all exhibits related thereto (collectively, and as each may be modified, amended, or supplemented from time to time, the "Plan"), attached as Exhibit A to the *Disclosure Statement Relating to the Amended Joint Plan of Invitae Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* and all exhibits related thereto (collectively, and as each may be modified, amended, or supplemented from time to time, the "Disclosure Statement") from Holders of Claims in Class 6 Parent Unsecured Claims (the "Voting Class").[3]

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.  The Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims votes to accept the Plan in each respective class.  The Bankruptcy Court may confirm the Plan if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Class, among others.  **For additional discussion of your treatment and rights under the Plan, please read the Disclosure Statement and the Plan.**

You are receiving this Ballot because you are the Holder of a Claim in Class 6 Parent Unsecured Claims as of **June 6, 2024** (the "Voting Record Date").  Accordingly, you have the right to vote to accept or reject the Plan.

The Disclosure Statement describes the rights and treatment for each Class.  The Disclosure Statement, the Plan, and certain other materials are also included in the packet you are receiving with this Ballot (the "Solicitation Package").  This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications and elections with respect thereto.  Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.

**YOUR VOTE ON THIS BALLOT WILL BE APPLIED TO EACH DEBTOR AGAINST WHICH YOU HAVE SUCH CLAIM(S).**

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.  Your Claim has been placed in Class 6 under the Plan.*

---

[3]    The Debtors believe that Classes 4 and 5 are Unimpaired and are therefore presumed to accept the Plan.  The Debtors also have determined that Classes 6 and 11 may or may not receive a recovery under the Plan and are therefore deemed to reject.  In response and to resolve the Committee's objection to the Disclosure Statement, the Debtors shall provide Ballots to Holders of Claims in Classes 4, 5, 6, and 11 and permit such Holders to submit votes on the Plan.  The Claims and Noticing Agent will tabulate the Ballots cast by Holders of Claims in Class 4, Class 5, Class 6, and Class 11.

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON JULY 15, 2024.**

<u>Item 1</u>. **Voting - Complete This Section.**

| <u>ITEM 1</u>:<br>**PRINCIPAL AMOUNT OF CLAIMS** | The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder (or authorized signatory for a Holder), of Claim(s) in Class 6 Parent Unsecured Claims as set forth below (your "<u>Claims</u>").  You may vote to accept or reject the Plan. You must check the applicable box in the right-hand column below to "accept" or "reject" the Plan for the Voting Class in order to have your vote in the Voting Class counted.<br><br>Please note that you are voting all of your Claims either to accept or reject the Plan.  You may not split your vote.  If you do not indicate that you either accept or reject the Plan by checking the applicable box below, your vote will not be counted.  If you indicate that you both accept and reject the Plan by checking both boxes below, your vote in will not be counted.<br><br>The Holder of the Claim(s) set forth below votes to (*please check <u>one and only one box per applicable Voting Claim or Interest</u>*): |
|---|---|

| Voting Class | Description | Amount | Vote to Accept or Reject Plan |
|---|---|---|---|
| Class 6 | Parent Unsecured Claims | $_____ | ☐ ACCEPT (VOTE FOR) THE PLAN<br>☐ REJECT (VOTE AGAINST) THE PLAN |

<u>Item 2</u>. **Optional Third-Party Release.**

AS A HOLDER OF A CLAIM OR INTEREST, YOU ARE A "RELEASING PARTY" UNDER THE PLAN AND ARE DEEMED TO PROVIDE THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH BELOW.  YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN.  YOU WILL NOT BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN <u>ONLY IF</u> (I) THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE RELEASES AND (II) YOU (A) CHECK THE BOX BELOW AND SUBMIT THIS OPT OUT FORM TO THE NOTICE AND CLAIMS AGENT SO AS TO BE ACTUALLY RECEIVED BY THE VOTING DEADLINE OR (B) TIMELY OBJECT TO THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION.  THE ELECTION TO WITHHOLD CONSENT TO GRANT THE THIRD-PARTY RELEASE IS AT YOUR OPTION.

| ☐      **By checking this box, you elect to <u>opt out</u> of the Third-Party Release set forth below.** |
|---|

<u>Article VIII.D of the Plan provides for the following</u> ("**Third-Party Release**"):

Except as otherwise specifically provided in the Plan or the Confirmation Order, as of the Effective Date, each Releasing Party, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, is deemed to have, hereby conclusively, absolutely, unconditionally, irrevocably and forever released and discharged each Debtor, Wind-Down Debtor, and Released Party from any and all Claims and Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, including any derivative claims asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates (as applicable), that such Entity would have been legally entitled to assert in its own right (whether individually or collectively or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof or otherwise), the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, entry into, or filing of the TSA, the Disclosure Statement, the Plan, the Sale Transaction, the Asset Purchase Agreement, the Definitive Documents, or any transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the TSA, the Disclosure Statement, the Sale Transaction, the Definitive Documents, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or Entity under the Plan, any transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or (ii) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in Article VIII.D of the Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is:  (i) consensual; (ii) essential to the confirmation of the Plan; (iii) given in exchange for good and valuable consideration provided by the Released Parties; (iv) a good faith settlement and compromise of the Claims released by the Third-Party Release; (v) in the best interests of the Debtors and their Estates; (vi) fair, equitable, and reasonable; (vii) a sound exercise of the Debtors' business judgment; (viii) given and made after due notice and opportunity for hearing; and (ix) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the Third-Party Release.

Without limiting the foregoing, from and after the Effective Date, any Entity that is given the opportunity to opt out of the releases contained in Article VIII.D of the Plan and does not exercise such opt out is a Releasing Party and may not assert any Claim or other Cause of Action against any Released Party based on or relating to, or in any manner arising from, in whole or in part, the Debtors.  From and after the Effective Date, any Entity (i) that opted out of the releases contained in Article VIII.D of the Plan or (ii) was deemed to reject the Plan may not assert any Claim or other Cause of Action against any Released Party for which it is asserted or implied that such Claim or Cause of Action is not subject to the releases contained in Article VIII.C of the Plan without first obtaining a Final Order from the Bankruptcy Court (a) determining, after notice and a hearing, that such Claim or Cause of Action is not subject to the releases contained in Article VIII.C of the Plan, and (b) specifically authorizing such Person or Entity to bring such Claim or Cause of Action against

**any such Released Party.  The Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a Claim or Cause of Action constitutes a direct or derivative claim, is colorable and, only to the extent legally permissible and as provided for in Article XI of the Plan, the Bankruptcy Court shall have jurisdiction to adjudicate the underlying Claim or Cause of Action.**

Definitions related to the Third-Party Release:

UNDER THE PLAN, "***RELATED PARTY***" MEANS, COLLECTIVELY, CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), AFFILIATED INVESTMENT FUNDS OR INVESTMENT VEHICLES, PREDECESSORS, PARTICIPANTS, SUCCESSORS, ASSIGNS (WHETHER BY OPERATION OF LAW OR OTHERWISE), SUBSIDIARIES, CURRENT, FORMER, AND FUTURE ASSOCIATED ENTITIES, MANAGED OR ADVISED ENTITIES, ACCOUNTS OR FUNDS, PARTNERS, LIMITED PARTNERS, GENERAL PARTNERS, PRINCIPALS, MEMBERS, MANAGEMENT COMPANIES, FUND ADVISORS, MANAGERS, FIDUCIARIES, TRUSTEES, EMPLOYEES, AGENTS (INCLUDING THE DISBURSING AGENT), ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, REPRESENTATIVES ADVISORS, PREDECESSORS, SUCCESSORS, AND ASSIGNS, EACH SOLELY IN THEIR CAPACITY AS SUCH (INCLUDING ANY ATTORNEYS OR PROFESSIONALS RETAINED BY ANY CURRENT OR FORMER DIRECTOR OR MANAGER IN HIS OR HER CAPACITY AS DIRECTOR OR MANAGER OF AN ENTITY), AND THE RESPECTIVE HEIRS, EXECUTORS, ESTATES, SERVANTS AND NOMINEES OF THE FOREGOING.

UNDER THE PLAN, "***RELEASED PARTY***" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) EACH DEBTOR; (B) EACH WIND-DOWN DEBTOR; (C) THE CONSENTING STAKEHOLDERS; (D) THE 2028 SENIOR SECURED NOTES TRUSTEE; (E) THE 2028 SENIOR SECURED NOTES COLLATERAL AGENT; (F) THE PLAN ADMINISTRATOR; (G) EACH COMPANY PARTY; (H) THE PURCHASER; (I) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (J); AND (J) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH THIS CLAUSE (J); PROVIDED, HOWEVER, THAT EACH ENTITY THAT (X) ELECTS TO OPT OUT OF THE RELEASES DESCRIBED IN ARTICLE VIII.D OF THE PLAN OR (Y) TIMELY OBJECTS TO THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION SHALL NOT BE A RELEASED PARTY.

UNDER THE PLAN, "***RELEASING PARTY***" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) EACH DEBTOR; (B) EACH WIND-DOWN DEBTOR; (C) THE CONSENTING STAKEHOLDERS; (D) THE TRUSTEES; (E) THE PLAN ADMINISTRATOR; (F) EACH COMPANY PARTY; (G) THE PURCHASER; (H) ALL HOLDERS OF CLAIMS THAT VOTE TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (I) ALL HOLDERS OF CLAIMS THAT ARE DEEMED TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (J) ALL HOLDERS OF CLAIMS WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (K) ALL HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (L) ALL HOLDERS OF INTERESTS; (M) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (N); AND (N) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH THIS CLAUSE (N); *PROVIDED, HOWEVER*, THAT EACH

ENTITY THAT (X) ELECTS TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN OR (Y) TIMELY OBJECTS TO THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION SHALL NOT BE A RELEASING PARTY; *PROVIDED, FURTHER, HOWEVER*, THAT ANY HOLDER OF INTERESTS WHO ACQUIRED SUCH INTERESTS AFTER THE VOTING RECORD DATE (AS SUCH TERM IS DEFINED IN THE DISCLOSURE STATEMENT ORDER) AND DID NOT RECEIVE AN OPT OUT ELECTION FORM SHALL NOT BE A RELEASING PARTY.

**Item 3**.  **Optional Convenience Claim Election.**

Holders of Class 6 Parent Unsecured Claims may irrevocably elect to have their Claims treated as a Class 4 Convenience Class Claim and, if applicable, have such Claims reduced to the Convenience Claim Threshold (*i.e.*, $250,000) and be treated as a Class 4 Convenience Class Claim (the "Convenience Claim Election").

Holders of Contingent Subsidiary Unsecured Claims that would like to make the **optional** Convenience Claim Election and elect to have their Class 6 Parent Unsecured Claims treated as a Class 4 Convenience Class Claim, including, as applicable, reducing such claim to the Convenience Claim Threshold, should check the box below.

Holders of Class 4 Convenience Class Claims are entitled to a one-time Cash payment in full of their Allowed Class 4 Convenience Class Claim (the "Convenience Claim Recovery").  The Convenience Claim Recovery will be paid in full and final satisfaction of Class 6 Parent Unsecured Claims who make the Convenience Claim Election.  Holders of Class 4 Allowed Convenience Claims and Holders making the Convenience Claim Election will not be entitled to additional distributions under the Plan, if any.

**IF YOU MAKE THE CONVENIENCE CLAIM ELECTION, YOUR CLAIM WILL BE CONSIDERED A CLASS 4 CONVENIENCE CLASS CLAIM AND YOUR CLAIM SHALL NOT BE ENTITLED TO ANY OTHER DISTRIBUTION OTHER THAN THE CONVENIENCE CLAIM RECOVERY AMOUNT.  YOU MAY NOT REVOKE YOUR CONVENIENCE CLAIM ELECTION.**

| |
|---|
| **HOLDERS OF CLASS 6 PARENT UNSECURED CLAIMS WHO CHECK THE BOX UNDER THE CONVENIENCE CLAIM ELECTION WILL BE DEEMED TO ACCEPT THE PLAN** |

The Holder of the Claims against the Debtors, elects as follows:

| |
|---|
| ☐   **ACCEPTS** the Convenience Claim Election including, if applicable, the reduction of their Claim(s) to the Convenience Claim Threshold of $250,000 and **ACCEPTS (VOTES FOR) THE PLAN**. |

**Item 4**.  **Certifications.**

By signing this Ballot the undersigned certifies that:

1.  the undersigned is (a) the Holder of Claim(s) being voted, or (b) the authorized signatory for the entity that is the Holder of such Claim(s);

2.  the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;

3.  the undersigned has cast the same vote with respect to all of its Claim(s) in connection with the Plan; and

4.  (a) no other Ballot with respect to the same class Claim(s) identified in Item 1 has been cast or (b) if any other Ballot has been cast with respect to such class Claim(s), then any such earlier Ballots are hereby revoked and deemed to be null and void.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than the holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON JULY 15, 2024.**

**THE CLAIMS, NOTICING AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

**PLEASE COMPLETE AND DATE THIS BALLOT AND RETURN IT PROMPTLY VIA ONE OF THE METHODS BELOW SO THAT IT IS ACTUALLY RECEIVED BY THE CLAIMS AND NOTICING AGENT BY THE VOTING DEADLINE.**

**PLEASE SUBMIT YOUR BALLOT BY ONE OF THE FOLLOWING TWO METHODS:**

**Via E-Ballot Portal (Preferred Method of Delivery).** **Submit your Ballot via the Claims and Noticing Agent's online portal, by visiting https://www.kccllc.net/invitae (the "E-Ballot Portal"). Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: YOU WILL NEED THE FOLLOWING INFORMATION TO RETRIEVE YOUR CUSTOMIZED ELECTRONIC OPT OUT FORM.**

   **UNIQUE ID#:**_____

   **PIN#:**_____

**Via Paper Form.** **Complete, sign, and date this Ballot and return it promptly via first-class mail (or in the reply envelope provided), overnight courier, or hand delivery to:**

> Invitae Ballot Processing Center
> c/o KCC
> 222 N. Pacific Coast Highway, Suite 300
> El Segundo, CA 90245
>
> If you have any questions on the procedures for voting on the Plan, please call the Claims and Noticing Agent at: (866) 967-0263 (USA or Canada) or (310) 751-2663 (International).

Parties that submit their Ballot via E-Ballot do NOT also need to submit a paper Ballot.

**BALLOTS WILL NOT BE ACCEPTED BY TELECOPY, FACSIMILE, E-MAIL, OR OTHER ELECTRONIC MEANS OF TRANSMISSION.**

**THE BALLOT SHOULD NOT BE SENT TO THE DEBTORS, THE BANKRUPTCY COURT, OR THE DEBTORS' FINANCIAL OR LEGAL ADVISORS.**

> **THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON JULY 15, 2024.**
>
> **THE CLAIMS, NOTICING AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

## <u>INSTRUCTIONS FOR COMPLETING THIS BALLOT</u>

This Ballot contains voting options with respect to the Plan.

1.  To ensure that your vote is counted, you must:  (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in <u>Item 1</u> of the Ballot; (c) indicate your decision either to opt out of Third-Party Release in <u>Item 2</u> of the Ballot; (d) indicate your decision whether to make the Convenience Claim Election in <u>Item 3</u>; and (e) sign and return the Ballot via (a) first-class mail, overnight courier, or hand delivery to Invitae Ballot Processing Center, c/o KCC 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245 or (b)  the Claims and Noticing Agent's E-Ballot Portal at www.kccllc.net/invitae, so that this Ballot is actually received by the Claims and Noticing Agent on or before the Voting Deadline, 4:00 p.m. prevailing Eastern Time on **July 15, 2024**.

2.  Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan or is improperly signed and returned will <u>NOT</u> be counted unless the Company otherwise determines.

3.  To vote, you <u>MUST</u> deliver your completed Ballot (whether via first-class mail, hand delivery, or E-Ballot Portal to the Claims and Noticing Agent) so that it is <u>ACTUALLY RECEIVED</u> by the Claims and Noticing Agent on or before the Voting Deadline by one of the methods described above.  **The Voting Deadline is 4:00 p.m. prevailing Eastern Time on July 15, 2024.**

4.  Any Ballot received by the Claims and Noticing Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Company determines otherwise.  No Ballot may be withdrawn or modified after the Voting Deadline without the Company's prior written consent.

5.  Delivery of a Ballot reflecting your vote to the Claims and Noticing Agent will be deemed to have occurred only when the Claims and Noticing Agent actually receives your paper Ballot or E-Ballot.  In all cases, you should allow sufficient time to assure timely delivery.

6.  If you deliver multiple Ballots to the Claims and Noticing Agent, <u>ONLY</u> the last properly executed Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior Ballot(s).

7.  You must vote all of your Claims in the Voting Class either to accept or reject the Plan and may not split your vote.  Further, if a Holder has multiple Claims in the Voting Class, the Company may direct the Claims and Noticing Agent to aggregate those Claims for the purpose of counting votes.

8.  This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim, in the Company's Chapter 11 Cases.

9.  You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

10.  <u>SIGN AND DATE</u> your Ballot.[1]  In addition, please provide your name and mailing address if it is different from that set forth on the Ballot or if no address is preprinted on the Ballot.  Any unsigned Ballot will not

---

[1]  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims and Noticing Agent, the Company, the Company's proposed counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such Holder.

be valid; however, for the avoidance of doubt, the scanned signature or e-signature included on an E-Ballot will be deemed immediately legally valid and effective.

11. If your Claim or Interest is held in multiple accounts, you may receive more than one Ballot coded for each such account for which your Claims are held. Each Ballot votes only your Claims indicated on that Ballot. Accordingly, complete and return each Ballot you receive.

**PLEASE RETURN YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE EMAIL THE CLAIMS, NOTICING AND SOLICITATION AGENT AT INVITAEINFO@KCCLLC.COM AND REFERENCE "IN RE: INVITAE - SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

---

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON JULY 15, 2024.**

**THE CLAIMS, NOTICING AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

**<u>Exhibit 3H</u>**

**Ballot—Class 11 (Contingent Subsidiary Unsecured Claims)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| INVITAE CORPORATION, *et al.*, | Case No. 24-11362 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**BALLOT FOR VOTING ON THE AMENDED**
**JOINT PLAN OF INVITAE CORPORATION AND**
**ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 11 –CONTINGENT SUBSIDIARY UNSECURED CLAIMS**

> **PLEASE READ – IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE NOTICE AND CLAIMS AGENT BY JULY 15, 2024 at 4:00 P.M. (PREVAILING EASTERN TIME) (THE "<u>VOTING DEADLINE</u>") IN ACCORDANCE WITH THE FOLLOWING:**

- PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT RELATING TO THE AMENDED JOINT PLAN OF INVITAE CORPORATION AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE (AS MAY BE AMENDED, SUPPLEMENTED, OR OTHERWISE MODIFIED FROM TIME TO TIME, THE "<u>PLAN</u>" AND THIS BALLOT, THE "<u>BALLOT</u>")[2] INCLUDED WITH THIS BALLOT <u>BEFORE</u> COMPLETING THIS BALLOT.

- THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS **ACTUALLY RECEIVED** BY KURTZMAN CARSON CONSULTANTS LLC (THE "<u>CLAIMS AND NOTICING AGENT</u>") BEFORE **4:00 P.M., PREVAILING EASTERN TIME, ON JULY 15, 2024**.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS AND NOTICING AGENT AT (866) 967-0263 (TOLL-FREE) OR (310) 751-2663 (INTERNATIONAL) OR EMAIL <u>INVITAEINFO@KCCLLC.COM</u> AND REFERENCE "IN RE INVITAE CORPORATION – SOLICITATION INQUIRY" IN THE SUBJECT LINE.

---

[1]   The last four digits of Debtor Invitae Corporation's tax identification number are 1898. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at <u>www.kccllc.net/invitae</u>. The Debtors' service address in these chapter 11 cases is 1400 16th Street, San Francisco, California 94103.

[2]   Capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

- IF THE COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the *Amended Joint Plan of Invitae Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* and all exhibits related thereto (collectively, and as each may be modified, amended, or supplemented from time to time, the "Plan"), attached as Exhibit A to the *Disclosure Statement Relating to the Amended Joint Plan of Invitae Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* and all exhibits related thereto (collectively, and as each may be modified, amended, or supplemented from time to time, the "Disclosure Statement") from Holders of Claims in Class 11 Contingent Subsidiary Unsecured Claims (the "Voting Class").[3]

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.  The Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims votes to accept the Plan in each respective class.  The Bankruptcy Court may confirm the Plan if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Class, among others.  **For additional discussion of your treatment and rights under the Plan, please read the Disclosure Statement and the Plan.**

You are receiving this Ballot because you are the Holder of a Claim in Class 11 Contingent Subsidiary Unsecured Claims as of **June 6, 2024** (the "Voting Record Date").  Accordingly, you have the right to vote to accept or reject the Plan.

The Disclosure Statement describes the rights and treatment for each Class.  The Disclosure Statement, the Plan, and certain other materials are also included in the packet you are receiving with this Ballot (the "Solicitation Package").  This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications and elections with respect thereto.  Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.

**YOUR VOTE ON THIS BALLOT WILL BE APPLIED TO EACH DEBTOR AGAINST WHICH YOU HAVE SUCH CLAIM(S).**

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.  Your Claim has been placed in Class 11 under the Plan.*

---

[3]    The Debtors believe that Classes 4 and 5 are Unimpaired and are therefore presumed to accept the Plan.  The Debtors also have determined that Classes 6 and 11 may or may not receive a recovery under the Plan and are therefore deemed to reject.  In response and to resolve the Committee's objection to the Disclosure Statement, the Debtors shall provide Ballots to Holders of Claims in Classes 4, 5, 6, and 11 and permit such Holders to submit votes on the Plan.  The Claims and Noticing Agent will tabulate the Ballots cast by Holders of Claims in Class 4, Class 5, Class 6, and Class 11.

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON JULY 15, 2024.**

<u>Item 1</u>.– **Voting - Complete This Section.**

| **ITEM 1**: **PRINCIPAL AMOUNT OF CLAIMS** | The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder (or authorized signatory for a Holder), of Claim(s) in Class 11 Contingent Subsidiary Unsecured Claims as set forth below (your "<u>Claims</u>"). You may vote to accept or reject the Plan. You must check the applicable box in the right-hand column below to "accept" or "reject" the Plan for the Voting Class in order to have your vote in the Voting Class counted. <br><br> Please note that you are voting all of your Claims either to accept or reject the Plan. You may not split your vote. If you do not indicate that you either accept or reject the Plan by checking the applicable box below, your vote will not be counted. If you indicate that you both accept and reject the Plan by checking both boxes below, your vote in will not be counted. <br><br> The Holder of the Claim(s) set forth below votes to (*please check <u>one and only one box per applicable Voting Claim or Interest</u>*): |
|---|---|

| Voting Class | Description | Amount | Vote to Accept or Reject Plan |
|---|---|---|---|
| Class 11 | Contingent Subsidiary Unsecured Claims | $_____ | ☐ ACCEPT (VOTE FOR) THE PLAN <br> ☐ REJECT (VOTE AGAINST) THE PLAN |

<u>Item 2</u>. **Optional Third-Party Release.**

AS A HOLDER OF A CLAIM OR INTEREST, YOU ARE A "RELEASING PARTY" UNDER THE PLAN AND ARE DEEMED TO PROVIDE THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH BELOW. YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN. YOU WILL NOT BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN <u>ONLY IF</u> (I) THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE RELEASES AND (II) YOU (A) CHECK THE BOX BELOW AND SUBMIT THIS OPT OUT FORM TO THE NOTICE AND CLAIMS AGENT SO AS TO BE ACTUALLY RECEIVED BY THE VOTING DEADLINE OR (B) TIMELY OBJECT TO THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION. THE ELECTION TO WITHHOLD CONSENT TO GRANT THE THIRD-PARTY RELEASE IS AT YOUR OPTION.

| ☐      **By checking this box, you elect to <u>opt out</u> of the Third-Party Release set forth below.** |
|---|

<u>Article VIII.D of the Plan provides for the following</u> ("**Third-Party Release**"):

Except as otherwise specifically provided in the Plan or the Confirmation Order, as of the Effective Date, each Releasing Party, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, is deemed to have, hereby conclusively, absolutely, unconditionally, irrevocably and forever released and discharged each Debtor, Wind-Down Debtor, and Released Party from any and all Claims and Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, including any derivative claims asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates (as applicable), that such Entity would have been legally entitled to assert in its own right (whether individually or collectively or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof or otherwise), the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, entry into, or filing of the TSA, the Disclosure Statement, the Plan, the Sale Transaction, the Asset Purchase Agreement, the Definitive Documents, or any transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the TSA, the Disclosure Statement, the Sale Transaction, the Definitive Documents, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or Entity under the Plan, any transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or (ii) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in Article VIII.D of the Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is:  (i) consensual; (ii) essential to the confirmation of the Plan; (iii) given in exchange for good and valuable consideration provided by the Released Parties; (iv) a good faith settlement and compromise of the Claims released by the Third-Party Release; (v) in the best interests of the Debtors and their Estates; (vi) fair, equitable, and reasonable; (vii) a sound exercise of the Debtors' business judgment; (viii) given and made after due notice and opportunity for hearing; and (ix) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the Third-Party Release.

Without limiting the foregoing, from and after the Effective Date, any Entity that is given the opportunity to opt out of the releases contained in Article VIII.D of the Plan and does not exercise such opt out is a Releasing Party and may not assert any Claim or other Cause of Action against any Released Party based on or relating to, or in any manner arising from, in whole or in part, the Debtors.  From and after the Effective Date, any Entity (i) that opted out of the releases contained in Article VIII.D of the Plan or (ii) was deemed to reject the Plan may not assert any Claim or other Cause of Action against any Released Party for which it is asserted or implied that such Claim or Cause of Action is not subject to the releases contained in Article VIII.C of the Plan without first obtaining a Final Order from the Bankruptcy Court (a) determining, after notice and a hearing, that such Claim or Cause of Action is not subject to the releases contained in Article VIII.C of the Plan, and (b) specifically authorizing such Person or Entity to bring such Claim or Cause of Action against

**any such Released Party.  The Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a Claim or Cause of Action constitutes a direct or derivative claim, is colorable and, only to the extent legally permissible and as provided for in Article XI of the Plan, the Bankruptcy Court shall have jurisdiction to adjudicate the underlying Claim or Cause of Action.**

Definitions related to the Third-Party Release:

UNDER THE PLAN, "***RELATED PARTY***" MEANS, COLLECTIVELY, CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), AFFILIATED INVESTMENT FUNDS OR INVESTMENT VEHICLES, PREDECESSORS, PARTICIPANTS, SUCCESSORS, ASSIGNS (WHETHER BY OPERATION OF LAW OR OTHERWISE), SUBSIDIARIES, CURRENT, FORMER, AND FUTURE ASSOCIATED ENTITIES, MANAGED OR ADVISED ENTITIES, ACCOUNTS OR FUNDS, PARTNERS, LIMITED PARTNERS, GENERAL PARTNERS, PRINCIPALS, MEMBERS, MANAGEMENT COMPANIES, FUND ADVISORS, MANAGERS, FIDUCIARIES, TRUSTEES, EMPLOYEES, AGENTS (INCLUDING THE DISBURSING AGENT), ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, REPRESENTATIVES ADVISORS, PREDECESSORS, SUCCESSORS, AND ASSIGNS, EACH SOLELY IN THEIR CAPACITY AS SUCH (INCLUDING ANY ATTORNEYS OR PROFESSIONALS RETAINED BY ANY CURRENT OR FORMER DIRECTOR OR MANAGER IN HIS OR HER CAPACITY AS DIRECTOR OR MANAGER OF AN ENTITY), AND THE RESPECTIVE HEIRS, EXECUTORS, ESTATES, SERVANTS AND NOMINEES OF THE FOREGOING.

UNDER THE PLAN, "***RELEASED PARTY***" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) EACH DEBTOR; (B) EACH WIND-DOWN DEBTOR; (C) THE CONSENTING STAKEHOLDERS; (D) THE 2028 SENIOR SECURED NOTES TRUSTEE; (E) THE 2028 SENIOR SECURED NOTES COLLATERAL AGENT; (F) THE PLAN ADMINISTRATOR; (G) EACH COMPANY PARTY; (H) THE PURCHASER; (I) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (J); AND (J) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH THIS CLAUSE (J); PROVIDED, HOWEVER, THAT EACH ENTITY THAT (X) ELECTS TO OPT OUT OF THE RELEASES DESCRIBED IN ARTICLE VIII.D OF THE PLAN OR (Y) TIMELY OBJECTS TO THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION SHALL NOT BE A RELEASED PARTY.

UNDER THE PLAN, "***RELEASING PARTY***" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) EACH DEBTOR; (B) EACH WIND-DOWN DEBTOR; (C) THE CONSENTING STAKEHOLDERS; (D) THE TRUSTEES; (E) THE PLAN ADMINISTRATOR; (F) EACH COMPANY PARTY; (G) THE PURCHASER; (H) ALL HOLDERS OF CLAIMS THAT VOTE TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (I) ALL HOLDERS OF CLAIMS THAT ARE DEEMED TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (J) ALL HOLDERS OF CLAIMS WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (K) ALL HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (L) ALL HOLDERS OF INTERESTS; (M) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (N); AND (N) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH THIS CLAUSE (N); *PROVIDED, HOWEVER*, THAT EACH

ENTITY THAT (X) ELECTS TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN OR (Y) TIMELY OBJECTS TO THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION SHALL NOT BE A RELEASING PARTY; *PROVIDED, FURTHER, HOWEVER*, THAT ANY HOLDER OF INTERESTS WHO ACQUIRED SUCH INTERESTS AFTER THE VOTING RECORD DATE (AS SUCH TERM IS DEFINED IN THE DISCLOSURE STATEMENT ORDER) AND DID NOT RECEIVE AN OPT OUT ELECTION FORM SHALL NOT BE A RELEASING PARTY.

**Item 3.  Optional Convenience Claim Election.**

Holders of Class 11 Contingent Subsidiary Unsecured Claims may irrevocably elect to have their Claims treated as a Class 4 Convenience Class Claim and, if applicable, have such Claims reduced to the Convenience Claim Threshold (*i.e.*, $250,000) and be treated as a Class 4 Convenience Class Claim (the "Convenience Claim Election").

Holders of Contingent Subsidiary Unsecured Claims that would like to make the **optional** Convenience Claim Election and elect to have their Class 11 Contingent Subsidiary Unsecured Claims treated as a Class 4 Convenience Class Claim, including, as applicable, reducing such claim to the Convenience Claim Threshold, should check the box below.

Holders of Class 4 Convenience Class Claims are entitled to a one-time Cash payment in full of their Allowed Class 4 Convenience Class Claim (the "Convenience Claim Recovery"). The Convenience Claim Recovery will be paid in full and final satisfaction of Class 11 Contingent Subsidiary Unsecured Claims who make the Convenience Claim Election. Holders of Class 4 Allowed Convenience Claims and Holders making the Convenience Claim Election will not be entitled to additional distributions under the Plan, if any.

**IF YOU MAKE THE CONVENIENCE CLAIM ELECTION, YOUR CLAIM WILL BE CONSIDERED A CLASS 4 CONVENIENCE CLASS CLAIM AND YOUR CLAIM SHALL NOT BE ENTITLED TO ANY OTHER DISTRIBUTION OTHER THAN THE CONVENIENCE CLAIM RECOVERY AMOUNT. YOU MAY NOT REVOKE YOUR CONVENIENCE CLAIM ELECTION.**

---

**HOLDERS OF CLASS 11 CONTINGENT SUBSIDIARY UNSECURED CLAIMS WHO CHECK THE BOX UNDER THE CONVENIENCE CLAIM ELECTION MUST ALSO ACCEPT THE PLAN OTHERWISE SUCH CONVENIENCE CLAIM ELECTION WILL BE INVALID.**

---

The Holder of the Claims against the Debtors, elects as follows:

---

☐ **ACCEPTS** the Convenience Claim Election including, if applicable, the reduction of their Claim(s) to the Convenience Claim Threshold of $250,000 and **ACCEPTS (VOTES FOR) THE PLAN**.

---

**Item 4**.  **Certifications.**

By signing this Ballot the undersigned certifies that:

1.  the undersigned is (a) the Holder of Claim(s) being voted, or (b) the authorized signatory for the entity that is the Holder of such Claim(s);

2.  the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;

3.  the undersigned has cast the same vote with respect to all of its Claim(s) in connection with the Plan; and

4.  (a) no other Ballot with respect to the same class Claim(s) identified in Item 1 has been cast or (b) if any other Ballot has been cast with respect to such class Claim(s), then any such earlier Ballots are hereby revoked and deemed to be null and void.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than the holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | |

---

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON JULY 15, 2024.**

**THE CLAIMS, NOTICING AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

**PLEASE COMPLETE AND DATE THIS BALLOT AND RETURN IT PROMPTLY VIA ONE OF THE METHODS BELOW SO THAT IT IS ACTUALLY RECEIVED BY THE CLAIMS AND NOTICING AGENT BY THE VOTING DEADLINE.**

**PLEASE SUBMIT YOUR BALLOT BY ONE OF THE FOLLOWING TWO METHODS:**

**Via E-Ballot Portal (Preferred Method of Delivery).  Submit your Ballot via the Claims and Noticing Agent's online portal, by visiting https://www.kccllc.net/invitae (the "E-Ballot Portal").  Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: YOU WILL NEED THE FOLLOWING INFORMATION TO RETRIEVE YOUR CUSTOMIZED ELECTRONIC OPT OUT FORM.**

**UNIQUE ID#:**_____

**PIN#:**_____

**Via Paper Form.  Complete, sign, and date this Ballot and return it promptly via first-class mail (or in the reply envelope provided), overnight courier, or hand delivery to:**

| |
|---|
| Invitae Ballot Processing Center |
| c/o KCC |
| 222 N. Pacific Coast Highway, Suite 300 |
| El Segundo, CA 90245 |
| |
| If you have any questions on the procedures for voting on the Plan, please call the Claims and Noticing Agent at: (866) 967-0263 (USA or Canada) or (310) 751-2663 (International). |

Parties that submit their Ballot via E-Ballot do NOT also need to submit a paper Ballot.

**BALLOTS WILL NOT BE ACCEPTED BY TELECOPY, FACSIMILE, E-MAIL, OR OTHER ELECTRONIC MEANS OF TRANSMISSION.**

**THE BALLOT SHOULD NOT BE SENT TO THE DEBTORS, THE BANKRUPTCY COURT, OR THE DEBTORS' FINANCIAL OR LEGAL ADVISORS.**

| |
|---|
| **THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON JULY 15, 2024.** |
| **THE CLAIMS, NOTICING AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.** |

## <u>INSTRUCTIONS FOR COMPLETING THIS BALLOT</u>

This Ballot contains voting options with respect to the Plan.

1. To ensure that your vote is counted, you must:  (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in <u>Item 1</u> of the Ballot; (c) indicate your decision either to opt out of Third-Party Release in <u>Item 2</u> of the Ballot; (d) indicate your decision whether to make the Convenience Claim Election in <u>Item 3</u>; and (e) sign and return the Ballot via (a) first-class mail, overnight courier, or hand delivery to Invitae Ballot Processing Center, c/o KCC 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245 or (b)  the Claims and Noticing Agent's E-Ballot Portal at www.kccllc.net/invitae, so that this Ballot is actually received by the Claims and Noticing Agent on or before the Voting Deadline, 4:00 p.m. prevailing Eastern Time on <u>July 15, 2024</u>.

2. Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan or is improperly signed and returned will <u>NOT</u> be counted unless the Company otherwise determines.

3. To vote, you <u>MUST</u> deliver your completed Ballot (whether via first-class mail, hand delivery, or E-Ballot Portal to the Claims and Noticing Agent) so that it is <u>ACTUALLY RECEIVED</u> by the Claims and Noticing Agent on or before the Voting Deadline by one of the methods described above.  **The Voting Deadline is 4:00 p.m. prevailing Eastern Time on July 15, 2024.**

4. Any Ballot received by the Claims and Noticing Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Company determines otherwise. No Ballot may be withdrawn or modified after the Voting Deadline without the Company's prior written consent.

5. Delivery of a Ballot reflecting your vote to the Claims and Noticing Agent will be deemed to have occurred only when the Claims and Noticing Agent actually receives your paper Ballot or E-Ballot.  In all cases, you should allow sufficient time to assure timely delivery.

6. If you deliver multiple Ballots to the Claims and Noticing Agent, <u>ONLY</u> the last properly executed Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior Ballot(s).

7. You must vote all of your Claims in the Voting Class either to accept or reject the Plan and may not split your vote.  Further, if a Holder has multiple Claims in the Voting Class, the Company may direct the Claims and Noticing Agent to aggregate those Claims for the purpose of counting votes.

8. This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim, in the Company's Chapter 11 Cases.

9. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

10. <u>SIGN AND DATE</u> your Ballot.[1]  In addition, please provide your name and mailing address if it is different from that set forth on the Ballot or if no address is preprinted on the Ballot.  Any unsigned Ballot will not

---

[1] If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims and Noticing Agent, the Company, the Company's proposed counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such Holder.

be valid; however, for the avoidance of doubt, the scanned signature or e-signature included on an E-Ballot will be deemed immediately legally valid and effective.

11.  If your Claim or Interest is held in multiple accounts, you may receive more than one Ballot coded for each such account for which your Claims are held.  Each Ballot votes only your Claims indicated on that Ballot.  Accordingly, complete and return each Ballot you receive.

**PLEASE RETURN YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE EMAIL THE CLAIMS, NOTICING AND SOLICITATION AGENT AT INVITAEINFO@KCCLLC.COM AND REFERENCE "IN RE: INVITAE - SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

---

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON JULY 15, 2024.**

**THE CLAIMS, NOTICING AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

# <u>Exhibit 4</u>

**Cover Letter**



[__], 2024

<u>Via First-Class Mail</u>

**RE: Invitae Corporation, *et al.*,**
**Chapter 11 Case No. 24-11362 (MBK) (Jointly Administered)**

Dear Holders of Claims entitled to vote on the Plan,

You have received this letter and the enclosed materials because you are entitled to vote on the *Amended Joint Plan of Invitae Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 630] (as modified, amended, or supplemented from time to time, the "<u>Plan</u>").[1]

Invitae Corporation and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of New Jersey (the "<u>Bankruptcy Court</u>") on February 13, 2024.

On June 13, 2024, the United States Bankruptcy Court for the District of New Jersey (the "<u>Bankruptcy Court</u>") entered an order [Docket No. [●]] (the "<u>Disclosure Statement Order</u>") (a) authorizing Invitae Corporation and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>") to solicit acceptances for the Plan; (b) approving the *Disclosure Statement Relating to the Amended Joint Plan of Invitae Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 631] (as modified, amended, or supplemented from time to time, the "<u>Disclosure Statement</u>") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "<u>Solicitation Packages</u>"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

> **YOU ARE RECEIVING THIS LETTER BECAUSE YOU ARE ENTITLED TO VOTE ON THE PLAN. THEREFORE, YOU SHOULD READ THIS LETTER CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

In addition to this cover letter, the enclosed materials comprise your Solicitation Package, and were approved by the Bankruptcy Court for distribution to Holders of Claims in connection with the solicitation of votes to accept the Plan. The Solicitation Package consists of the following, as applicable:

1.  a copy of the Solicitation and Voting Procedures;

2.  a Ballot, together with detailed voting instructions, instructions on how to submit the Ballot, and a pre-addressed, postage prepaid return envelope[2];

---

[1]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

[2]    The Debtors will provide pre-addressed, postage pre-paid reply envelopes only to those holders who receive a Ballot directly from the Debtors and shall not be responsible for ensuring individual Beneficial Holders receive pre-addressed, postage pre-paid reply envelopes from their respective Nominees.

3.   this letter;

4.   the Confirmation Hearing Notice;

5.   the Disclosure Statement as approved by the Bankruptcy Court (and exhibits thereto, including the Plan);

6.   Disclosure Statement Order (without exhibits); and

8.   any additional documents that the Bankruptcy Court has ordered to be made available to the Voting Class.

The Debtors have approved the filing of the Plan and the solicitation of votes to accept the Plan.  The Debtors believe that the acceptance of the Plan is in the best interests of their estates, Holders of Claims, and all other parties-in-interest. Moreover, the Debtors believe that any alternative other than Confirmation of the Plan could result in extensive delays and increased administrative expenses, which, in turn, likely would result in smaller distributions (or no distributions) on account of Claims asserted in the Chapter 11 Cases.

> **THE DEBTORS STRONGLY URGE YOU TO PROPERLY AND TIMELY SUBMIT YOUR BALLOT CASTING A VOTE TO ACCEPT THE PLAN IN ACCORDANCE WITH THE INSTRUCTIONS IN YOUR BALLOT.**
>
> **THE VOTING DEADLINE IS JULY 15, 2024, AT 4:00 P.M. (PREVAILING EASTERN TIME).**

The materials in the Solicitation Package are intended to be self-explanatory.  If you should have any questions, however, please feel free to contact Kurtzman Carson Consultants LLC, the Claims and Noticing Agent retained by the Debtors in the Chapter 11 Cases ("KCC"), by: (a) calling (866) 967-0263 (domestic) or +1(310) 751-2663 (international) and asking for a member of the solicitation team; (b) submitting an inquiry to http://www.kccllc.net/invitae/inquiry; (c) writing to Invitae Ballot Processing Center, c/o KCC 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245; or (d) e-mailing invitaeinfo@kccllc.com and referencing "Invitae" in the subject line.  You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER on the Bankruptcy Court's website at: https://www.njb.uscourts.gov/.

Please be advised that KCC is authorized to answer questions about, and provide additional copies of, the Solicitation Packages, but may **not** advise you as to whether you should vote to accept or reject the Plan or provide any legal advice.

Sincerely,

Invitae Corporation, on its own behalf and for each of the Debtors

/s/ DRAFT
Ana Schrank
Chief Financial Officer

**<u>Exhibit 5</u>**

**Confirmation Hearing Notice**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Nicole L. Greenblatt, P.C. (admitted *pro hac vice*)
Francis Petrie (admitted *pro hac vice*)
Jeffrey Goldfine (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
nicole.greenblatt@kirkland.com
francis.petrie@kirkland.com
jeffrey.goldfine@kirkland.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Spencer A. Winters, P.C. (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
spencer.winters@kirkland.com

*Co-Counsel to the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Daniel J. Harris, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Co-Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| INVITAE CORPORATION, *et al.*, | Case No. 24-11362 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF HEARING TO CONSIDER CONFIRMATION OF THE CHAPTER 11**
**PLAN FILED BY THE DEBTORS AND RELATED VOTING AND OBJECTION DEADLINE**

     **PLEASE TAKE NOTICE THAT** on June 13, 2024, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order") (a) authorizing Invitae Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *Amended Joint Plan of Invitae Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 630] (as modified, amended, or supplemented from time to time,

---

[1]    The last four digits of Debtor Invitae Corporation's tax identification number are 1898.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/invitae.  The Debtors' service address in these chapter 11 cases is 1400 16th Street, San Francisco, California 94103.

the "Plan");[2] (b) approving the *Disclosure Statement Relating to the Amended Joint Plan of Invitae Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 631] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Bankruptcy Court will consider Confirmation of the Plan will commence on **July 22, 2024,** or as soon thereafter as counsel may be heard (the "Confirmation Hearing") before the Honorable Chief Judge Michael B. Kaplan, Clarkson S. Fisher United States Courthouse, 402 East State Street, Second Floor, Courtroom 8, Trenton, NJ 08608.

**Voting Record Date**. The voting record date (the "Voting Record Date") for purposes of determining (a) which Holders of Claims are entitled to vote on the Plan and (b) whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001 such that the assignee can vote as the Holder of the Claim is **June 6, 2024**.

| *Debtors* | |
|---|---|
| **Invitae Corporation**<br>1400 16th Street<br>San Francisco, California 94103 | |
| *Counsel for the Debtors* | *Counsel for the Debtors* |
| **Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attention:  Joshua A. Sussberg, P.C.; Nicole L. Greenblatt, P.C.; Francis Petrie; Jeffrey Goldfine<br>-and-<br>**Kirkland & Ellis LLP**<br>333 West Wolf Point Plaza<br>Chicago, Illinois 60654<br>Attention:  Spencer A. Winters, P.C. | **Cole Schotz P.C.**<br>Court Plaza, 25 Main Street<br>Hackensack, New Jersey 10112<br>Attention:  Michael D. Sirota; Warren A. Usatine; Felice R. Yudkin; Daniel J. Harris |

---

[2]   Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

| *Counsel for the Committee* |
|---|
| **White & Case LLP** |
| 1221 Avenue of the Americas |
| New York, New York 10020 |
| Attention: J. Christopher Shore, Harrison Denman, Andrew Zatz, Samuel P. Hershey, Ashley Chase, and Brett Bakemeyer |
| |
| -and- |
| |
| **Porzio, Bromberg & Newman, P.C.** |
| 100 Southgate Parkway |
| P.O. Box 1997 |
| Morristown, New Jersey 07962 |
| Attention: Warren J. Martin Jr., John S. Mairo, and Christopher P. Mazza |
| *United States Trustee* |
| **Office of the United States Trustee** |
| **United States Trustee, Region 3** |
| One Newark Center, Suite 2100 |
| Newark, New Jersey 07102 |
| Attention: Jeffrey M. Sponder, Lauren Bielskie |
| *Counsel to the Consenting Stakeholders* |
| **Wollmuth Maher & Deutsch LLP** |
| 500 Fifth Avenue |
| New York, New York 10110 |
| Attention: James N. Lawlor, Joseph F. Pacelli, and Nicholas A. Servider |
| |
| -and- |
| |
| **Sullivan & Cromwell LLP** |
| 125 Broad Street |
| New York, New York |
| Attention: James L. Bromley, Ari B. Blaut, and David M. Rosenthal |

**Voting Deadline**.  If you held a Claim against the Debtors as of the Voting Record Date and are entitled to vote on the Plan, you have received a Ballot and voting instructions appropriate for your Claim(s).  For your vote to be counted in connection with Confirmation of the Plan, you must follow the appropriate voting instructions, complete all required information on the Ballot, as applicable, and execute and return the completed Ballot so that it is actually received by Kurtzman Carson Consultants LLC (the "Claims and Noticing Agent") in accordance with the voting instructions by **July 15, 2024, at 4:00 p.m. (prevailing Eastern Time)** (the "Voting Deadline").  Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote on the Plan.

**Objection Deadline**.  The court has established **July 15, 2024, at 4:00 p.m. (prevailing Eastern Time)**, as the deadline for filing and serving objections to the Confirmation of the Plan (the "Plan Objection Deadline").  Any objection to the Plan must:  (a) be in writing; (b) state with particularity the basis of the objection; and (c) be filed with the Clerk of the Bankruptcy Court electronically by (i) attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, (ii) by all other parties-in-interest, if not otherwise filed with the Clerk of the Bankruptcy Court electronically, via hard copy, and shall be served in accordance with the General Order and the Supplemental Commentary upon the following parties so as to be **actually received** on or before the Plan Objection Deadline.

**Plan Supplement**.  The Debtors intend to file a Plan Supplement on or before the later of (i) <u>July 8, 2024</u> or (ii) the date that is no later than seven (7) days prior to the Voting Deadline.  The Debtors do not intend to serve copies of the Plan Supplement on all parties-in-interest in these Chapter 11 Cases; the Plan Supplement, however, may be obtained from the Claims and Noticing Agent.

**Assumption Notice**.  The Debtors intend to file **on or before the later of (i) July 8, 2024 or (ii) the date that is no later than seven (7) days prior to the Voting Deadline,** the list of Executory Contracts and Unexpired Leases to be assumed consistent with <u>Article V</u> of the Plan.  The Debtors do not intend to serve copies of the list of Executory Contracts and Unexpired Leases to be assumed on all parties-in-interest in these Chapter 11 Cases; the list, however, may be obtained from the Claims and Noticing Agent.  The Debtors will send a separate notice advising applicable counterparties to Executory Contracts and Unexpired Leases that their respective contracts or leases are being assumed, assumed and assigned under the Plan, and if assumed or assumed and assigned, the proposed amount of Cure costs.  Any objection by a counterparty to an Executory Contract or Unexpired Lease to a proposed assumption and assignment, or the related amount of the Cure costs, must be Filed, served, and actually received by the Debtors **on or before July 22, 2024, at 4:00 p.m. (prevailing Eastern Time)** (the "Assumption <u>Objection Deadline</u>"); or seven (7) days after receiving notice of any amendment, modification or supplement to the Cure cost.

**Obtaining Solicitation Materials**.  Holders of Claims that are entitled to vote on the Plan will receive a Solicitation Package.  Further copies of the Solicitation Package may be obtained by:  (a) calling (866) 967-0263 (domestic) or +1(310) 751-2663 (international) and asking for a member of the solicitation team; (b) submitting an inquiry to http://www.kccllc.net/invitae/inquiry; or (c) writing to Invitae Ballot Processing Center, c/o KCC 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245.  You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, http://www.kccllc.net/invitae, or the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.  Please be advised that the Claims and Noticing Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may **not** advise you as to whether you should vote to accept or reject the Plan.

<u>**CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN**</u>

<u>ARTICLE VIII</u> OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND RELEASES OF LIENS AND GUARANTEES, ATTACHED HERETO AS <u>ANNEX I</u>, AND <u>ARTICLE VIII.D CONTAINS A THIRD-PARTY RELEASE</u>.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

ALL HOLDERS OF CLAIMS OR INTERESTS WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED PARTIES <u>UNLESS</u> SUCH HOLDERS:  (X) ELECT TO OPT OUT OF THE RELEASES CONTAINED IN <u>ARTICLE VIII.D</u> OF THE PLAN; OR (Y) TIMELY OBJECT TO THE RELEASES CONTAINED IN <u>ARTICLE VIII.D</u> OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTICE,**

**PLEASE CALL (866) 967-0263 (DOMESTIC) OR +1(310) 751-2663 (INTERNATIONAL),**

**OR SUBMIT AN INQUIRY VIA WWW.KCCLLC.NET/INVITAE/INQUIRY.**

*[Remainder of page intentionally left blank]*

Dated: [●], 2024

/s/ DRAFT

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Daniel J. Harris, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:    msirota@coleschotz.com
          wusatine@coleschotz.com
          fyudkin@coleschotz.com
          dharris@coleschotz.com


**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Nicole L. Greenblatt, P.C. (admitted *pro hac vice*)
Francis Petrie (admitted *pro hac vice*)
Jeffrey Goldfine (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:   (212) 446-4900
Email:    joshua.sussberg@kirkland.com
          nicole.greenblatt@kirkland.com
          francis.petrie@kirkland.com
          jeffrey.goldfine@kirkland.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Spencer A. Winters, P.C. (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email:    spencer.winters@kirkland.com


*Co-Counsel to the Debtors and*
*Debtors in Possession*

**Annex I**

**Injunctions, Exculpation, and Releases**

Please be advised that <u>Article VIII</u> of the Plan contains certain release, exculpation, and injunction provisions as follows:

**Relevant Definitions.**

(1) "**Exculpated Parties**" means, collectively:  (a) the Debtors; (b) the Wind-Down Debtors, (c) the Plan Administrator; and (d) with respect to each of the foregoing Entities in clauses (a) through (c), each such Entity's current and former control persons, directors, members of any committees of any Entity's board of directors or managers, equity holders (regardless of whether such interests are held directly or indirectly), principals, members, employees, agents, advisory board members, financial advisors, attorneys (including any attorneys or other professionals retained by any current or former director or manager in his or her capacity as director or manager of an Entity), accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such.

(2) "**Related Party**"  means, collectively, current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, predecessors, participants, successors, assigns (whether by operation of law or otherwise), subsidiaries, current, former, and future associated entities, managed or advised entities, accounts or funds, partners, limited partners, general partners, principals, members, management companies, fund advisors, managers, fiduciaries, trustees, employees, agents (including the Disbursing Agent), advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, representatives advisors, predecessors, successors, and assigns, each solely in their capacity as such (including any attorneys or professionals retained by any current or former director or manager in his or her capacity as director or manager of an Entity), and the respective heirs, executors, estates, servants and nominees of the foregoing.

(3) "**Released Party**" means, collectively, and in each case in its capacity as such:  (a) each Debtor; (b) each Wind-Down Debtor; (c) the Consenting Stakeholders; (d) the 2028 Senior Secured Notes Trustee; (e) the 2028 Senior Secured Notes Collateral Agent; (f) the Plan Administrator; (g) each Company Party; (h) the Purchaser; (i) each current and former Affiliate of each Entity in clause (a) through the following clause (j); and (j) each Related Party of each Entity in clauses (a) through this clause (j); *provided, however*, that each Entity that (x) elects to  opt out of the releases described in Article VIII.D of the Plan or (y) timely objects to the releases contained in Article VIII.D of the Plan and such objection is not resolved before Confirmation shall not be a Released Party.

(4) "**Releasing Party**" means, collectively, and in each case in its capacity as such:  (a) each Debtor; (b) each Wind-Down Debtor; (c) the Consenting Stakeholders; (d) the Trustees; (e) the Plan Administrator; (f) each Company Party; (g) the Purchaser; (h) all Holders of Claims that vote to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan; (i) all Holders of Claims that are deemed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan; (j) all Holders of Claims who abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan; (k) all Holders of Claims who vote to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan; (l) all holders of Interests; (m) each current and former Affiliate of each Entity in clause (a) through the following clause (n); and (n) each Related Party of each Entity in clauses (a) through this clause (n); *provided, however*, that each Entity that (x) elects to opt out of the releases contained in Article VIII.D of the Plan or (y) timely objects to the releases contained in Article VIII.D of the Plan and such objection is not resolved before Confirmation shall not be a Releasing Party; *provided, further, however*, that any Holder of Interests who acquired such Interests after the Voting Record Date (as such term is defined in the Disclosure Statement Order) and did not receive an opt out election form shall not be a Releasing Party.

**Debtor Release.**

**Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, as of the Effective Date, each Released Party is deemed, hereby conclusively, absolutely, unconditionally, irrevocably and forever released and discharged by the Debtors, the Wind-Down Debtors, and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of, the foregoing Entities, from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates (as applicable), whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, that the Debtors, the Wind-Down Debtors, or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, or that any Holder of any Claim against or Interest in a Debtor or other Entity could have asserted on behalf of the Debtors, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof or otherwise), the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, entry into, or filing of the TSA, the Disclosure Statement, the Plan, the Sale Transaction, the Asset Purchase Agreement, the Definitive Documents, or any transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the TSA, the Disclosure Statement, the Sale Transaction, the Asset Purchase Agreement, the Definitive Documents, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or Entity under the Plan, any transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or (ii) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan and, further, shall constitute the Bankruptcy Court's finding that the Debtor Release is: (i) in exchange for the good and valuable consideration provided by the Released Parties, including, without limitation, the Released Parties' contributions to facilitating the Wind-Down Transactions and implementing the Plan; (ii) a good faith settlement and compromise of the Claims released by the Debtor Release; (iii) in the best interests of the Debtors and all Holders of Claims and Interests; (iv) fair, equitable, and reasonable; (v) given and made after due notice and opportunity for hearing; (vi) a sound exercise of the Debtors' business judgment; and (vii) a bar to any of the Debtors or Wind-Down Debtors or their respective Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.**

**Release by Holders of Claims and Interests.**

**Except as otherwise specifically provided in the Plan or the Confirmation Order, as of the Effective Date, each Releasing Party, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, is deemed to have, hereby conclusively, absolutely, unconditionally, irrevocably and forever released and discharged each Debtor, Wind-Down Debtor, and Released Party from any and all Claims and Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, including any derivative claims asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates (as applicable), that such Entity would have been legally entitled to assert in its own right (whether individually or collectively or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof or otherwise), the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between or among the Debtors or between the Debtors**

and their non-Debtor Affiliates, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, entry into, or filing of the TSA, the Disclosure Statement, the Plan, the Sale Transaction, the Asset Purchase Agreement, the Definitive Documents, or any transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the TSA, the Disclosure Statement, the Sale Transaction, the Definitive Documents, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or Entity under the Plan, any transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or (ii) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in Article VIII.D of the Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (i) consensual; (ii) essential to the confirmation of the Plan; (iii) given in exchange for good and valuable consideration provided by the Released Parties; (iv) a good faith settlement and compromise of the Claims released by the Third-Party Release; (v) in the best interests of the Debtors and their Estates; (vi) fair, equitable, and reasonable; (vii) a sound exercise of the Debtors' business judgment; (viii) given and made after due notice and opportunity for hearing; and (ix) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the Third-Party Release.

Without limiting the foregoing, from and after the Effective Date, any Entity that is given the opportunity to opt out of the releases contained in Article VIII.D of the Plan and does not exercise such opt out is a Releasing Party and may not assert any Claim or other Cause of Action against any Released Party based on or relating to, or in any manner arising from, in whole or in part, the Debtors. From and after the Effective Date, any Entity (i) that opted out of the releases contained in Article VIII.D of the Plan or (ii) was deemed to reject the Plan may not assert any Claim or other Cause of Action against any Released Party for which it is asserted or implied that such Claim or Cause of Action is not subject to the releases contained in Article VIII.C of the Plan without first obtaining a Final Order from the Bankruptcy Court (a) determining, after notice and a hearing, that such Claim or Cause of Action is not subject to the releases contained in Article VIII.C of the Plan, and (b) specifically authorizing such Person or Entity to bring such Claim or Cause of Action against any such Released Party. The Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a Claim or Cause of Action constitutes a direct or derivative claim, is colorable and, only to the extent legally permissible and as provided for in Article XI of the Plan, the Bankruptcy Court shall have jurisdiction to adjudicate the underlying Claim or Cause of Action.

Exculpation.

Except as otherwise expressly provided in the Plan or the Confirmation Order, to the fullest extent permitted by applicable law, no Exculpated Party shall have or incur, and each Exculpated Party is released and exculpated from any Cause of Action for any claim related to any act or omission arising on or after the Petition Date and through the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, the Plan, the Sale Transaction, the Definitive Documents, or any transaction, contract, instrument, release or other agreement or document created or entered into in connection with the Disclosure Statement, the Sale Transaction, the Definitive Documents, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, or the distribution of property under the Plan or any other related agreement, except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Exculpated Parties have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on

9

account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

**Injunction.**

Except as otherwise specifically provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims or Interests that have been released, compromised, settled, or are subject to exculpation are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Related Parties, or the Released Parties:  (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (c) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the Estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests unless such holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released, compromised, or settled pursuant to the Plan.

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, principals, and direct and indirect affiliates shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan.  Except as otherwise set forth in the Confirmation Order, each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in Article VIII.F of the Plan.

## Exhibit 6

**Plan Supplement Notice**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Nicole L. Greenblatt, P.C. (admitted *pro hac vice*)
Francis Petrie (admitted *pro hac vice*)
Jeffrey Goldfine (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
nicole.greenblatt@kirkland.com
francis.petrie@kirkland.com
jeffrey.goldfine@kirkland.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Spencer A. Winters, P.C. (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
spencer.winters@kirkland.com

*Co-Counsel to the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Daniel J. Harris, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Co-Counsel to the Debtors and*
*Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| INVITAE CORPORATION, *et al.*, | Case No. 24-11362 (MBK) |
| Debtors.[1] | (Jointly Administered) |

## NOTICE OF FILING OF PLAN SUPPLEMENT

    **PLEASE TAKE NOTICE THAT** on June 13, 2024, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order") (a) authorizing Invitae Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *Amended Joint Plan of Invitae Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 630] (as modified, amended, or supplemented from time to time,

---

[1]    The last four digits of Debtor Invitae Corporation's tax identification number are 1898.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/invitae.  The Debtors' service address in these chapter 11 cases is 1400 16th Street, San Francisco, California 94103.

the "<u>Plan</u>");[2] (b) approving the *Disclosure Statement Relating to the Amended Joint Plan of Invitae Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 631] (as modified, amended, or supplemented from time to time, the "<u>Disclosure Statement</u>") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "<u>Solicitation Packages</u>"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** as contemplated by the Plan and the Disclosure Statement Order, the Debtors filed the Plan Supplement with the Bankruptcy Court on **July 8, 2024** [Docket No. [●]].  The Plan Supplement contains the following documents each as defined in the Plan:  (a) the Schedule of Retained Causes of Action; (b) the Schedule of Assumed Executory Contracts and Unexpired Leases; (c) the Schedule of Rejected Executory Contracts and Unexpired Leases; (d) the Plan Administrator Agreement and the identity of the Plan Administrator; (e) the Asset Purchase Agreement; (f) the Wind-Down Budget; and (g) additional documents Filed with the Bankruptcy Court prior to the Effective Date as amendments to the Plan Supplement, in each case in form and substance reasonably acceptable to the Required Consenting Stakeholders.

**PLEASE TAKE FURTHER NOTICE** that these documents remain subject to continuing negotiations in accordance with the terms of the Plan and the final versions may contain material differences from the versions filed herewith.  To the extent material amendments or modifications are made to any of these documents, the Debtors will file a redline version with the Court prior to the hearing to consider confirmation of the Plan.

**PLEASE TAKE FURTHER NOTICE** that the Plan Supplement is integral to, part of, and incorporated by reference into the Plan. Please note, however, these documents have not yet been approved by the Court.  If the Plan is confirmed, the documents contained in the Plan Supplement (including any amendments, modifications, or supplements thereto) will be approved by the Court pursuant to the order confirming the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Bankruptcy Court will consider Confirmation of the Plan will commence on **July 22, 2024**, or as soon thereafter as counsel may be heard (the "<u>Confirmation Hearing</u>") before the Honorable Chief Judge Michael B. Kaplan, Clarkson S. Fisher United States Courthouse, 402 East State Street, Second Floor, Courtroom 8, Trenton, NJ 08608.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **July 15, 2024, at 4:00 p.m. (prevailing Eastern Time)** (the "<u>Plan Objection Deadline</u>").  Any objection to the Plan **must**:  (a) be in writing; (b) state with particularity the basis of the objection; and (c) be filed with the Clerk of the Bankruptcy Court electronically by (i) attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "<u>General Order</u>") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "<u>Supplemental Commentary</u>") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, (ii) by all other parties-in-interest, if not otherwise filed with the Clerk of the Bankruptcy Court electronically, via hard copy, and shall be served in accordance with the General Order and the Supplemental Commentary upon the following parties so as to be **actually received** on or before the Plan Objection Deadline:

---

[2]   Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

| Debtors |
| --- |
| **Invitae Corporation**<br>1400 16th Street<br>San Francisco, California 94103 |

| Counsel for the Debtors | Counsel for the Debtors |
| --- | --- |
| **Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attention:  Joshua A. Sussberg, P.C.; Nicole L. Greenblatt, P.C.; Francis Petrie; Jeffrey Goldfine<br><br>-and-<br><br>**Kirkland & Ellis LLP**<br>333 West Wolf Point Plaza<br>Chicago, Illinois 60654<br>Attention:  Spencer A. Winters, P.C. | **Cole Schotz P.C.**<br>Court Plaza, 25 Main Street<br>Hackensack, New Jersey 10112<br>Attention:  Michael D. Sirota; Warren A. Usatine; Felice R. Yudkin; Daniel J. Harris |

| Counsel for the Committee |
| --- |
| **White & Case LLP**<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Attention: J. Christopher Shore, Harrison Denman, Andrew Zatz, Samuel P. Hershey, Ashley Chase, and Brett Bakemeyer<br><br>-and-<br><br>**Porzio, Bromberg & Newman, P.C.**<br>100 Southgate Parkway<br>P.O. Box 1997<br>Morristown, New Jersey 07962<br>Attention: Warren J. Martin Jr., John S. Mairo, and Christopher P. Mazza |

| United States Trustee |
| --- |
| **Office of the United States Trustee**<br>**United States Trustee, Region 3**<br>One Newark Center, Suite 2100<br>Newark, New Jersey 07102<br>Attention:  Jeffrey M. Sponder, Lauren Bielskie |

| Counsel to the Consenting Stakeholders |
| --- |
| **Wollmuth Maher & Deutsch LLP**<br>500 Fifth Avenue<br>New York, New York 10110<br>Attention: James N. Lawlor, Joseph F. Pacelli, and Nicholas A. Servider<br><br>-and-<br><br>**Sullivan & Cromwell LLP**<br>125 Broad Street<br>New York, New York<br>Attention: James L. Bromley, Ari B. Blaut, and David M. Rosenthal |

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to **obtain a copy of the Disclosure Statement, the Plan, or related documents at no additional cost**, you should contact Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent in the chapter 11 cases (the "Claims and Noticing Agent"), by: (a) calling (866) 967-0263 (domestic) or +1(310) 751-2663 (international) and asking for a member of the solicitation team; (b) submitting an inquiry to http://www.kccllc.net/invitae/inquiry; (c) writing to Invitae Ballot Processing Center, c/o KCC 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245; or (d) e-mailing invitaeinfo@kccllc.com and referencing "Invitae" in the subject line.  You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, http://www.kccllc.net/invitae, or the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

---

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE VIII.D CONTAINS A THIRD-PARTY RELEASE.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.  IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS AND NOTICING AGENT.

---

IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTICE,

PLEASE CALL (866) 967-0263 (DOMESTIC) OR +1(310) 751-2663 (INTERNATIONAL),

OR SUBMIT AN INQUIRY VIA WWW.KCCLLC.NET/INVITAE/INQUIRY.

---

*[Remainder of page intentionally left blank]*

Dated: [●] , 2024

/s/ DRAFT

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Daniel J. Harris, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:   msirota@coleschotz.com
         wusatine@coleschotz.com
         fyudkin@coleschotz.com
         dharris@coleschotz.com


**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Nicole L. Greenblatt, P.C. (admitted *pro hac vice*)
Francis Petrie (admitted *pro hac vice*)
Jeffrey Goldfine (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email:   joshua.sussberg@kirkland.com
         nicole.greenblatt@kirkland.com
         francis.petrie@kirkland.com
         jeffrey.goldfine@kirkland.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Spencer A. Winters, P.C. (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email:   spencer.winters@kirkland.com


*Co-Counsel to the Debtors and*
*Debtors in Possession*

## **Exhibit 7**

**Notice of Assumption of Executory Contracts and Unexpired Leases**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Nicole L. Greenblatt, P.C. (admitted *pro hac vice*)
Francis Petrie (admitted *pro hac vice*)
Jeffrey Goldfine (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
nicole.greenblatt@kirkland.com
francis.petrie@kirkland.com
jeffrey.goldfine@kirkland.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Spencer A. Winters, P.C. (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
spencer.winters@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Daniel J. Harris, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Co-Counsel to the Debtors and*
*Debtors in Possession*

*Co-Counsel to the Debtors and*
*Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| INVITAE CORPORATION, *et al.*, | Case No. 24-11362 (MBK) |
| Debtors.[1] | (Jointly Administered) |

## NOTICE TO CONTRACT PARTIES
## TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS

    **PLEASE TAKE NOTICE THAT** on June 13, 2024, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order") (a) authorizing Invitae Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *Amended Joint Plan of Invitae Corporation and Its Debtor Affiliates Pursuant*

---

[1]    The last four digits of Debtor Invitae Corporation's tax identification number are 1898. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/invitae. The Debtors' service address in these chapter 11 cases is 1400 16th Street, San Francisco, California 94103.

*to Chapter 11 of the Bankruptcy Code* [Docket No. 630] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement Relating to the Amended Joint Plan of Invitae Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 631] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

PLEASE TAKE FURTHER NOTICE THAT, on **July 8, 2024**, the Debtors filed the *Schedule of Assumed Executory Contracts and Unexpired Leases* [Docket No. [●]] (the "Assumed Contract Schedule") with the Bankruptcy Court as part of the *Plan Supplement for the Amended Joint Plan of Invitae Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code,* as contemplated under the Plan.

PLEASE TAKE FURTHER NOTICE THAT the hearing at which the Bankruptcy Court will consider Confirmation of the Plan will commence on **July 22, 2024**, or as soon thereafter as counsel may be heard (the "Confirmation Hearing") before the Honorable Chief Judge Michael B. Kaplan, Clarkson S. Fisher United States Courthouse, 402 East State Street, Second Floor, Courtroom 8, Trenton, NJ 08608.

PLEASE TAKE FURTHER NOTICE THAT you are receiving this notice because the Debtors' records reflect that you are a party to a contract that is listed on the Assumed Contract Schedule. Therefore, you are advised to carefully review the information contained in this notice and the related provisions of the Plan, including the Assumed Contract Schedule.

PLEASE TAKE FURTHER NOTICE THAT, on the Effective Date, the Debtors will assume the contracts (the "Assumed Contracts") listed on the Assumed Contract Schedule, attached hereto as **Schedule A**, one of more of which you are a counterparty. The Assumed Contract Schedule can also be viewed on the Debtors' case website, http://www.kccllc.net/invitae.

PLEASE TAKE FURTHER NOTICE THAT section 365(b)(1) of the Bankruptcy Code requires a chapter 11 debtor to cure, or provide adequate assurance that it will promptly cure, any defaults under executory contracts and unexpired leases at the time of assumption. Accordingly, the Debtors have conducted a thorough review of their books and records and have determined the amounts required to cure defaults, if any, under the Executory Contract(s) and Unexpired Lease(s), which amounts are listed in **Schedule A**. Please note that if no amount is stated for a particular Executory Contract or Unexpired Lease, the Debtors believe that there is no cure amount outstanding for such contract or lease.

---

[2]   Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** if you disagree with the proposed assumption or related proposed Cure amounts, your objection (a "Assumption Objection") must: (i) be in writing; (ii) state with particularity the basis of the objection and, if the objection pertains to the proposed Cure amounts, state the correct Cure amount alleged to be owed to the objecting contract counterparty, together with any applicable and appropriate documentation in support thereof; and (iii) be filed with the Clerk of the United States Bankruptcy Court electronically (a) by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, (b) by all other parties-in-interest, if not otherwise filed with the Clerk of the Bankruptcy Court electronically, via hard copy, and shall be served in accordance with the General Order and the Supplemental Commentary upon the following parties so as to be **actually received** on or before **July 22, 2024 at 4:00 p.m. (prevailing Eastern Time)** (the "Assumption Objection Deadline"); or seven (7) days after receiving notice of any amendment, modification or supplement to the Cure cost.:

| *Debtors* | |
|---|---|
| **Invitae Corporation**<br>1400 16th Street<br>San Francisco, California 94103 | |
| *Counsel for the Debtors* | *Counsel for the Debtors* |
| **Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attention:  Joshua A. Sussberg, P.C.; Nicole L. Greenblatt, P.C.; Francis Petrie; Jeffrey Goldfine<br><br>-and-<br><br>**Kirkland & Ellis LLP**<br>333 West Wolf Point Plaza<br>Chicago, Illinois 60654<br>Attention:  Spencer A. Winters, P.C. | **Cole Schotz P.C.**<br>Court Plaza, 25 Main Street<br>Hackensack, New Jersey 10112<br>Attention:  Michael D. Sirota; Warren A. Usatine;<br>Felice R. Yudkin; Daniel J. Harris |
| *Counsel for the Committee* | |
| **White & Case LLP**<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Attention: J. Christopher Shore, Harrison Denman, Andrew Zatz, Samuel P. Hershey, Ashley Chase, and Brett Bakemeyer<br><br>-and-<br><br>**Porzio, Bromberg & Newman, P.C.**<br>100 Southgate Parkway<br>P.O. Box 1997<br>Morristown, New Jersey 07962<br>Attention: Warren J. Martin Jr., John S. Mairo, and Christopher P. Mazza | |
| *United States Trustee* | |
| **Office of the United States Trustee**<br>**United States Trustee, Region 3**<br>One Newark Center, Suite 2100<br>Newark, New Jersey 07102<br>Attention:  Jeffrey M. Sponder, Lauren Bielskie | |

| *Counsel to the Consenting Stakeholders* |
| --- |
| **Wollmuth Maher & Deutsch LLP**<br>500 Fifth Avenue<br>New York, New York 10110<br>Attention: James N. Lawlor, Joseph F. Pacelli, and Nicholas A. Servider<br><br>-and-<br><br>**Sullivan & Cromwell LLP**<br>125 Broad Street<br>New York, New York<br>Attention: James L. Bromley, Ari B. Blaut, and David M. Rosenthal |

**PLEASE TAKE FURTHER NOTICE THAT** if no objection is filed by the Assumption Objection Deadline, then: **(i) you will be deemed to have stipulated that the Cure amounts as determined by the Debtors are correct; (ii) you will be forever barred, estopped, and enjoined from asserting any additional cure amount under the proposed Assumed Contract; and (iii) you will be forever barred, estopped, and enjoined from objecting to such proposed assumption**.

**PLEASE TAKE FURTHER NOTICE THAT** any Assumption Objection that otherwise complies with these procedures yet remains unresolved as of the commencement of the Confirmation Hearing shall be heard at the Confirmation Hearing or a later date to be fixed by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE THAT** notwithstanding anything herein, the mere listing of any Assumed Contract on the Assumed Contract Schedule does not require or guarantee that such Assumed Contract will be assumed by the Debtors at any time or assumed and assigned, and all rights of the Debtors with respect to such Assumed Contract are reserved.  Moreover, the Debtors explicitly reserve their rights, in their reasonable discretion, to seek to reject or assume each Assumed Contract pursuant to section 365(a) of the Bankruptcy Code and in accordance with the procedures allowing the Debtors to designate any Assumed Contract as either rejected or assumed on a post-closing basis.

**PLEASE TAKE FURTHER NOTICE THAT** nothing herein:  (i) alters in any way the prepetition nature of the Assumed Contracts or the validity, priority, or amount of any claims of a counterparty to any Assumed Contract against the Debtors that may arise under such Assumed Contract; (ii) creates a postpetition contract or agreement, or (iii) elevates to administrative expense priority any claims of a counterparty to any Assumed Contract against the Debtors that may arise under such Assumed Contract.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Disclosure Statement Order, the Plan, the Plan Supplement, or related documents, you should contact Kurtzman Carson Consultants LLC, the Debtors' proposed claims and noticing agent in the chapter 11 cases (the "Claims and Noticing Agent") by:  (a) calling (866) 967-0263 (domestic) or +1(310) 751-2663 (international) and asking for a member of the solicitation team; (b) submitting an inquiry to http://www.kccllc.net/invitae/inquiry; (c) writing to Invitae Ballot Processing Center, c/o KCC 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245; or (d) e-mailing invitaeinfo@kccllc.com and referencing "Invitae" in the subject line.  You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, http://www.kccllc.net/invitae, or the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

**ARTICLE VIII** OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.D CONTAINS A THIRD-PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.  IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS AND NOTICING AGENT.

IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTICE,

PLEASE CALL (866) 967-0263 (DOMESTIC) OR +1(310) 751-2663 (INTERNATIONAL),

OR SUBMIT AN INQUIRY VIA WWW.KCCLLC.NET/INVITE/INQUIRY.

*[Remainder of page intentionally left blank]*

Dated: [●], 2024

*/s/ DRAFT*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Daniel J. Harris, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:    msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com
            dharris@coleschotz.com


**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Nicole L. Greenblatt, P.C. (admitted *pro hac vice*)
Francis Petrie (admitted *pro hac vice*)
Jeffrey Goldfine (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email:    joshua.sussberg@kirkland.com
            nicole.greenblatt@kirkland.com
            francis.petrie@kirkland.com
            jeffrey.goldfine@kirkland.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Spencer A. Winters, P.C. (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email:    spencer.winters@kirkland.com


*Co-Counsel to the Debtors and*
*Debtors in Possession*