| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>In re:<br><br>INVITAE CORPORATION, *et al.*,<br><br>                                        Debtors. [1] | Order Filed on May 1, 2025<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey<br><br>Chapter 11<br><br>Case No. 24-11362 (MBK) (Jointly Administered) |

## JOINT STIPULATION AND AGREED ORDER RESOLVING FCA CLAIMS OF THE UNITED STATES OF AMERICA AND IFPA CLAIMS OF THE STATE OF CALIFORNIA

The relief set forth on the following pages, numbered three (3) through eleven (11) is **ORDERED.**

**DATED: May 1, 2025**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Nicole L. Greenblatt, P.C. (admitted *pro hac vice*)
Francis Petrie (admitted *pro hac vice*)
Jeffrey Goldfine (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
nicole.greenblatt@kirkland.com
francis.petrie@kirkland.com
jeffrey.goldfine@kirkland.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Spencer A. Winters, P.C. (admitted *pro hac vice*)
William E. Arnault, P.C. (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
spencer.winters@kirkland.com
william.arnault@kirkland.com


**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Daniel J. Harris, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Co-Counsel to the Plan Administrator and Wind-Down Debtors*

| | |
|---|---|
| Debtors: | INVITAE CORPORATION, *et al*. |
| Case No. | 24-11362 (MBK) |
| Caption of Order: | JOINT STIPULATION AND AGREED ORDER RESOLVING FCA CLAIMS OF THE UNITED STATES OF AMERICA AND IFPA CLAIMS OF THE STATE OF CALIFORNIA |

This joint stipulation and agreed order (this "Stipulation and Agreed Order") is made this 23rd day of April, 2025, by Andrew Spirito as the Plan Administrator (the "Plan Administrator") to the above-captioned wind-down debtors (collectively, the "Debtors"), Red Cord, LLC, as relator (the "Relator"), Whistleblower Partners as Counsel to the Relator ("Relator's Counsel"), the California Insurance Commissioner, Ricardo Lara, on behalf of the State of California, through the California Department of Insurance ("CDI"), and the United States of America ("USA" and together with the Plan Administrator, the Relator, Relator's Counsel and CDI, the "Parties"), each as signatory hereto. The Parties hereby stipulate as follows:

### RECITALS

**WHEREAS**, on February 13, 2024 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), and such cases are being jointly administered pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure [Docket No. 54].

**WHEREAS**, on August 2, 2024, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Third Amended Joint Plan of Invitae Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 913] confirming the *Third Amended Joint Plan of Invitae Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 913, Exhibit A] (the "Plan").[4]

---

[4] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

(Page | 4)

| | |
|---|---|
| Debtors: | INVITAE CORPORATION, *et al.* |
| Case No. | 24-11362 (MBK) |
| Caption of Order: | JOINT STIPULATION AND AGREED ORDER RESOLVING FCA CLAIMS OF THE UNITED STATES OF AMERICA AND IFPA CLAIMS OF THE STATE OF CALIFORNIA |

**WHEREAS**, on August 7, 2024, the Effective Date occurred and the Plan Administrator was appointed. *See Notice of (A) Entry of the Order Confirming the Third Amended Joint Plan of Invitae Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 932].

**WHEREAS**, prior to the Petition Date, on November 15, 2022 the Relator commenced a *qui tam* action by filing a complaint styled as *United States of America and the State of California, ex rel. Red Cord, LLC vs. Invitae Corp.*, (the "FCA Action") that included causes of action under the Federal False Claims Act. 31 U.S.C. § 3729, et seq. ("FCA"), and the California Insurance Frauds Prevention Act ("IFPA"), California Insurance Code § 1871.7, amongst others, against Debtor, Invitae Corporation ("Invitae").

**WHEREAS**, on May 31, 2023, the United States served a Civil Investigation Demand for documents on Invitae to investigate the assertions contained in the FCA Action.

**WHEREAS**, on August 9, 2024, the CDI filed Claim No. 1301 asserting a claim against Invitae on behalf of the State of California in an unliquidated amount for the IFPA claims asserted in the FCA Action (the "CDI Claim").

**WHEREAS**, on August 10, 2024, the United States filed Claim No. 1302 asserting a claim against Invitae in the amount of $6,589,580.67 for, *inter alia*, claims asserted in the FCA Action (the "United States Claim", together with the CDI Claim, the "FCA Claims").

(Page | 5)

| | |
|---|---|
| Debtors: | INVITAE CORPORATION, *et al.* |
| Case No. | 24-11362 (MBK) |
| Caption of Order: | JOINT STIPULATION AND AGREED ORDER RESOLVING FCA CLAIMS OF THE UNITED STATES OF AMERICA AND IFPA CLAIMS OF THE STATE OF CALIFORNIA |

**WHEREAS**, the Debtors and Plan Administrator specifically deny and disclaim any liability with respect to the FCA Action and FCA Claims and contend that the allegations contained therein are wholly without merit.

**WHEREAS**, since the Petition Date, the United States and CDI have continued their investigations.

**WHEREAS**, the Parties desire to resolve the United States Claim, the CDI Claim and the FCA Action in full.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE BANKRUPTCY COURT OF THIS STIPULATION, THE FOLLOWING IS SO ORDERED:**

1. This Stipulation and Agreed Order shall only be effective and enforceable upon its approval and entry by the Bankruptcy Court on the docket for these chapter 11 cases, and then it shall be immediately effective and enforceable (the "Effective Date").

2. The foregoing recitals are hereby incorporated by reference into this Stipulation and Agreed Order.

3. In exchange for the releases set forth in Paragraph 6 below, the Debtors shall issue a one-time payment in the amount of $60,000.00 (the "Settlement Amount") to be sent in the amounts set forth in paragraph 4 below within ten (10) business days of the date upon which both conditions have been met (i) the entry of this Stipulation and Agreed Order by the Bankruptcy Court, and (ii) the receipt by the Plan Administrator of wire instructions from each of the, CDI and the United States.

67217/0001-49100267

Case 24-11362-MBK    Doc 1188    Filed 05/01/25    Entered 05/01/25 11:18:47    Desc Main
Document    Page 6 of 12

| | |
|---|---|
| (Page \| 6) | |
| Debtors: | INVITAE CORPORATION, *et al.* |
| Case No. | 24-11362 (MBK) |
| Caption of Order: | JOINT STIPULATION AND AGREED ORDER RESOLVING FCA CLAIMS OF THE UNITED STATES OF AMERICA AND IFPA CLAIMS OF THE STATE OF CALIFORNIA |

4. The Settlement Amount shall be issued as follows:

   i. $40,000.00 to the United States; and

   ii. $20,000.00 to CDI.

   iii. Conditioned upon the United States and CDI receiving the Settlement Amount from Debtors and as soon as feasible after receipt, the United States shall pay $9,000.00 and CDI shall pay $10,000 to Relator by check or electronic funds transfer (collectively the "Relator's Share"). Relator will cooperate with respect to any forms or information needed by the United States or CDI in order to effectuate the payments to Relator.

   iv. All of the Settlement Amount is restitution to the United States.

5. Upon the issuance of the Settlement Amount, the Plan Administrator and Debtors shall be authorized to mark the FCA Claims as satisfied in full and withdrawn from the Claims Register. For the avoidance of doubt, notwithstanding the United States' and CDI's obligation to remit the Relator's Share, upon the Effective Date, the Releasees (defined below) shall be entitled to the full benefits of this Stipulation and Agreed Order, including the releases set forth in Paragraph 6, below.

6. Release of Claims:

   i. Relator's and Relator's Counsel's Release of Claims: Upon the Effective Date, the Relator's Counsel and the Relator, for itself and for its affiliates, principals, transferees, executors, representatives, successors, employees, non-attorney agents, assigns and all other persons, firms, partnerships or corporations with whom Relator has been, is now, or may later be affiliated (collectively, "Relator Releasors"), shall release the Debtors and Plan administrator acting on behalf of the Debtors (the "Releasees") from any and all claims, rights, demands, suits, matters, issues, actions, causes of

Case 24-11362-MBK    Doc 1188    Filed 05/01/25    Entered 05/01/25 11:18:47    Desc Main
Document    Page 7 of 12

(Page | 7)
Debtors: INVITAE CORPORATION, *et al*.
Case No. 24-11362 (MBK)
Caption of Order: JOINT STIPULATION AND AGREED ORDER RESOLVING FCA CLAIMS OF THE UNITED STATES OF AMERICA AND IFPA CLAIMS OF THE STATE OF CALIFORNIA

action, liabilities, damages, losses, obligations, sanctions, costs, loss of services, loss of earnings compensation of any nature whatsoever, and judgments of any kind or nature whatsoever from the beginning of time through the Effective Date of this Stipulation and Agreed Order, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, matured or unmatured, for damages (compensatory or punitive), injunctive relief or any other remedy, whether for violation of any federal, state, or local law, contract (expressed, implied or otherwise), duty, standard of care, tort, right, common law, or other source of obligation or theory of recovery that Relator and Relator Releasors may have, may gain, or may assert against any or all the Releasees, including but not limited to: (i) any and all federal and state claims, whether disclosed or undisclosed, which Relator and Relator Releasors have asserted, could have asserted, or may assert now or in the future against any or all the Releasees related to the FCA Action, the FCA Claims, and the Relator's investigation and prosecution thereof, including but not limited to any civil monetary claim the Relator, for itself and Relator Releasors or on behalf of the United States or CDI, has or may have under the False Claims Act, 31 U.S.C. §§ 3729-3733, the California Insurance Frauds Prevention Act, California Ins. Code § 1871.7, common law or any other statute creating civil causes of action for relief for conduct alleged in the FCA Action; (ii) any claims with respect to Relator's employment with the Debtors, including but limited to any claim for retaliation under 31 U.S.C. § 3730(h); and (iii) any claim for attorney's fees and costs on any statutory or other basis. For the avoidance of doubt, this paragraph shall apply to any claim that Relator may assert for attorney's fees, expenses and costs under 31 U.S.C. § 3730(d) or any parallel state law provision. On behalf of itself and Relator Releasors, Relator represents that they know of no cause of action that they currently possess, against any or all the Releasees, and Relator and Relator Releasors do not presently harbor any intent to file any legal actions or other type of claims against any or all the Releasees. In connection with this release, Relator, for itself and Relator Releasors, hereby waives all rights or benefits which they have or in the future may have under Section 1542 of the Civil Code of California, which reads as follows: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH, IF KNOWN, BY HIM OR HER, MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH DEBTOR". Relator, for itself and Relator Releasors, expressly waives any rights they may have under other statutes or common law principles of similar effect. Relator and Relator Releasors represent and warrant that they are the exclusive owner of the rights, claims, and causes of action herein

| | |
|---|---|
| (Page \| 8) | |
| Debtors: | INVITAE CORPORATION, *et al*. |
| Case No. | 24-11362 (MBK) |
| Caption of Order: | JOINT STIPULATION AND AGREED ORDER RESOLVING FCA CLAIMS OF THE UNITED STATES OF AMERICA AND IFPA CLAIMS OF THE STATE OF CALIFORNIA |

released and none of them have previously assigned, reassigned, or transferred or purported to assign, reassign or transfer, any or any portion of any claim, demand, action, cause of action, or other right released or discharged under this Stipulation and Agreed Order. Relator, on behalf of itself and Relator Releasors, covenants not to sue or pursue, promote, finance, initiate, commence, maintain, or prosecute any claim, action, cause of action, demand, suit, matter, or proceeding of any kind or nature whatsoever against any or all the Releasees, except that this covenant shall not apply to any breach of this Stipulation and Agreed Order. Relator and Relator Releasors shall indemnify and hold harmless any or all the Releasees from and against any claim, demand, damage, debt, liability (including payment of attorneys' fees and costs actually incurred whether or not litigation is commenced) based on or arising out of a breach of this covenant.

ii. <u>Release of Claims by the United States</u>: The United States contends that Debtor Invitae Corporation violated the False Claims Act from January 1, 2017 through January 1, 2024 as set forth in the FCA Action and FCA Claim of the United States. This conduct, including allegations included in the FCA Action and/or FCA Claims, is referred to below as the "Covered Conduct". Subject to the exceptions below (concerning reserved claims), and upon the United States' receipt of the Settlement Amount, the United States releases Invitae Corporation, together with its current and former parent corporations; direct and indirect subsidiaries; brother or sister corporations; divisions; current or former corporate owners; the Plan Administrator; and the corporate successors and assigns of any of them, from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733. Notwithstanding the releases given above by the United States, or any other term of this Stipulation and Agreed Order, the following claims and rights of the United States are specifically reserved and are not released:

1. Any liability arising under Title 26, U.S. Code (Internal Revenue Code);
2. Any criminal liability;
3. Except as explicitly stated in this Stipulation and Agreed Order, any administrative liability or enforcement right, or any administrative remedy, including the suspension and debarment rights of any federal agency;
4. Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;
5. Any liability based upon obligations created by this Stipulation and Agreed Order;

Case 24-11362-MBK    Doc 1188    Filed 05/01/25    Entered 05/01/25 11:18:47    Desc Main
Document    Page 9 of 12

(Page | 9)
Debtors: INVITAE CORPORATION, *et al*.
Case No. 24-11362 (MBK)
Caption of Order: JOINT STIPULATION AND AGREED ORDER RESOLVING FCA CLAIMS OF THE UNITED STATES OF AMERICA AND IFPA CLAIMS OF THE STATE OF CALIFORNIA

6. Any liability of individuals.

iii. <u>Release of Claims by the CDI</u>: The CDI contends that Debtor Invitae Corporation violated the Insurance Frauds Prevention Act from January 1, 2017 through January 1, 2024, as set forth in the FCA Action and FCA Claim of the CDI. This conduct, including allegations included in the FCA Action and/or FCA Claims, is referred to below as the "CDI Covered Conduct". Subject to the exceptions below (concerning reserved claims), and upon the CDI's receipt of its allocation of the Settlement Amount, the CDI releases Invitae Corporation, together with its current and former parent corporations; direct and indirect subsidiaries; brother or sister corporations; divisions; current or former corporate owners; the Plan Administrator; and the corporate successors and assigns of any of them, from any civil or administrative monetary claim the CDI has for the CDI Covered Conduct under the Insurance Frauds Prevention Act, California Insurance Code § 1871.7. Notwithstanding the releases given above by the CDI, or any other term of this Stipulation and Agreed Order, the following claims and rights of the CDI are specifically reserved and are not released:

1. Any criminal liability;
2. Except as explicitly stated in this Stipulation and Agreed Order, any administrative liability or enforcement right, or any administrative remedy, including the suspension and debarment rights of any State of California agency;
3. Any liability to the State of California (or its agencies) for any conduct other than the CDI Covered Conduct;
4. Any liability based upon obligations created by this Stipulation and Agreed Order;
5. Any liability of individuals.

7. Within fourteen (14) business days of receipt of the Settlement Payment, the United States would intervene in the FCA action for purposes of settlement, and the United States, CDI, and Relator shall dismiss the FCA Action. The dismissal shall be (a) with prejudice as to Relator; and (b) with prejudice as to the United States and CDI concerning the Covered Conduct and CDI Covered Conduct; and (iii) without prejudice as to the United States and CDI concerning any other matters. Furthermore, each of the Relator Releasors, the United States and CDI shall provide reasonable assistance to effectuate such dismissal.

| | |
|---|---|
| (Page \| 10) | |
| Debtors: | INVITAE CORPORATION, *et al*. |
| Case No. | 24-11362 (MBK) |
| Caption of Order: | JOINT STIPULATION AND AGREED ORDER RESOLVING FCA CLAIMS OF THE UNITED STATES OF AMERICA AND IFPA CLAIMS OF THE STATE OF CALIFORNIA |

8. Neither this Stipulation and Agreed Order nor any actions taken pursuant hereto shall constitute evidence admissible against the Parties in any action or proceeding other than one to enforce the terms of this Stipulation and Agreed Order.

9. This Stipulation and Agreed Order is not and shall not in any way be construed as an admission by any of the Debtors or the Releasees of any acts of liability or fault whatsoever with respect to the FCA Action or FCA Claims, or that any Releasee violated any federal, state, or local law, or that any Releasee's actions were unwarranted or otherwise unlawful, and instead constitutes the good faith settlement of disputed and unresolved claims. The Plan Administrator and the Debtors specifically deny and disclaim any liability with respect to the FCA Action and FCA Claims and contend that the allegations contained therein are wholly without merit. The United States, CDI, and Relators contend that the FCA Action and FCA claims are well founded.

10. The Parties intend for this Stipulation and Agreed Order to be binding upon their successors, agents, assigns, including bankruptcy trustees and estate representatives and any parent, subsidiary, or affiliated entity of the Parties.

11. The undersigned hereby represent and warrant that they have full authority to execute this Stipulation and Agreed Order on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation and Agreed Order.

12. The Parties agree that each of them, through their respective counsel, has had a full opportunity to participate in the drafting of this Stipulation and Agreed Order, and, accordingly, any claimed ambiguity shall be construed neither for nor against either of the Parties.

| | |
|---|---|
| (Page \| 11) | |
| Debtors: | INVITAE CORPORATION, *et al.* |
| Case No. | 24-11362 (MBK) |
| Caption of Order: | JOINT STIPULATION AND AGREED ORDER RESOLVING FCA CLAIMS OF THE UNITED STATES OF AMERICA AND IFPA CLAIMS OF THE STATE OF CALIFORNIA |

13. This Stipulation and Agreed Order constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior discussions, agreements, and understandings, both written and oral, among the Parties with respect thereto.

14. Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Stipulation and Agreed Order.

15. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Agreed Order.

*[Remainder of Page Intentionally Left Blank]*

Dated: April 23, 2025

| | |
|---|---|
| /s/ *Hallie Noecker* | /s/ *Michael D. Sirota* |
| **WHISTLEBLOWER PARTNERS** | **COLE SCHOTZ P.C.** |
| Hallie Noecker | Michael D. Sirota, Esq. |
| 4 Embarcadero Center | Warren A. Usatine, Esq. |
| Suite 1400 | Felice R. Yudkin, Esq. |
| San Francisco, CA 94111 | Daniel J. Harris, Esq. |
| Telephone: (415) 707-6855 | Court Plaza North, 25 Main Street |
| Email: Hallie@whistleblower.law | Hackensack, New Jersey 07601 |
| *On behalf of Whistleblower Partners and as Attorney for the Relator* | Telephone: (201) 489-3000 |
| | Email:   msirota@coleschotz.com |
| | wusatine@coleschotz.com |
| | fyudkin@coleschotz.com |
| | dharris@coleschotz.com |

/s/ *Michael Pyle*
Michael Pyle
Assistant United States Attorney
Northern District of California
60 South Market, Suite 1200
San Jose, CA 95113
Tel.: (408) 535-5087
Email: michael.t.pyle@usdoj.gov
*Counsel for the United States*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Nicole L. Greenblatt, P.C. (admitted *pro hac vice*)
Francis Petrie (admitted *pro hac vice*)
Jeffrey Goldfine (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:   (212) 446-4900
Email:   joshua.sussberg@kirkland.com
   nicole.greenblatt@kirkland.com
   francis.petrie@kirkland.com
   jeffrey.goldfine@kirkland.com

-and-

/s/ *Heather B. Hoesterey*
Heather B. Hoesterey
Deputy General Counsel for Ricardo Lara in his Capacity as Insurance Commissioner for the California Department of Insurance
1901 Harrison Street, 6th Floor
Oakland, CA 94612
Email: heather.hoesterey@insurance.ca.gov
*Counsel for the California Department of Insurance*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Spencer A. Winters, P.C. (admitted *pro hac vice*)
William E. Arnault, P.C. (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
spencer.winters@kirkland.com
william.arnault@kirkland.com

*Co-Counsel to the Plan Administrator and Wind-Down Debtors*